UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARC OPPERMAN, et al., <br>    for themselves and all others <br>    similarly situated, <br><br>      Plaintiffs, <br><br> vs. <br><br> PATH, INC., et al., <br><br>      Defendants. | § <br> § <br> § <br> §   Case No. 1:12-00219-SS <br> § <br> §   Mobile App Privacy Class Action <br> § <br> § <br> § <br> § <br> § |

**FACEBOOK, INC.'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**I.      INTRODUCTION.**

Facebook, Inc.'s ("Facebook") Motion to Dismiss (Dkt. No. 142 ("Motion" or "Mot.")) established that Plaintiffs' claims for aiding and abetting and successor liability are both legally and factually untenable.  Plaintiffs' late-filed Opposition (Dkt. No. 198 ("Opposition" or "Opp")) reinforces this conclusion.  The Opposition does not even attempt to refute Facebook's contention that Plaintiffs have failed to allege that Facebook is Gowalla Inc.'s ("Gowalla") "successor in interest," and Plaintiffs' bid to salvage their "aiding-and-abetting" claim rests on a misinterpretation of the only authority they cite.  That authority acknowledges that "Texas has refused to expressly create a cause of action based on concert of action."  *C.W. v. Zirus*, Case No. SA-10-CV-1044-XR, 2012 WL 3776978, at *8 (W.D. Tex. Aug. 29, 2012).  It also reinforces that Plaintiffs' failure to plead with any factual specificity either a common design or substantial assistance in a highly dangerous activity is fatal to their aiding-and-abetting claim.  Accordingly, Facebook respectfully requests that the Court dismiss Plaintiffs' claims against Facebook with prejudice.

**II.     PLAINTIFFS' OPPOSITION FAILS TO RESUSCITATE THEIR CLAIM THAT FACEBOOK IS LIABLE AS GOWALLA'S SUCCESSOR IN INTEREST.**

Reinforcing the concession in the SAC, Plaintiffs still do not dispute the December 2011 transaction between Facebook and Gowalla may have been an employee hire or an asset purchase— and that such transactions would *not* render Facebook liable as Gowalla's successor in interest.  (*See* Mot. at 11–19.)  Indeed, the relevant transactional document on which Plaintiffs' claims rely demonstrates that Facebook did not "acquire" (or start "running") Gowalla at all.  (*See* Declaration of Sandeep Solanki in Support of Facebook's Motion to Seal Documents Under L.R. CV-5.2, Dkt. No. 143, at Ex. 1 (Release and Waiver Agreement); *see also* Mot. at 18–19.)[1]  Plaintiffs also

---

[1] Plaintiffs do not dispute that the Court can consider this agreement in deciding the motion to dismiss because their claims necessarily rely on it.  (*See* Mot. at 3, fn. 2.)  In fact, Plaintiffs cite to that same agreement in their Opposition.  (*See* Opp. at 41, fn. 86).

Case 3:13-cv-00453-JST   Document 209   Filed 11/15/12   Page 3 of 8

continue to admit that Facebook might have merely "raid[ed] key employees and IP" rather than have "acquir[ed]" Gowalla. (Opp. at 41.) Finally, Plaintiffs do not dispute Facebook's contention that Plaintiffs failed to plead a violation of the Uniform Fraudulent Transfer Act, and that any such violation is in any event irrelevant to the question of successor liability. (*See* Mot. at 16–18.) Because Plaintiffs have effectively abandoned this claim, the Court should dismiss it with prejudice.

### III. PLAINTIFFS FAIL TO SHOW THAT AIDING AND ABETTING IS A CLAIM UNDER TEXAS LAW.

As detailed in Facebook's Motion, the Texas Supreme Court has repeatedly declined to recognize a cause of action for "concert of action" or aiding-and-abetting liability. (Mot. at 6–7; *see also Juhl v. Arlington*, 936 S.W.2d 640, 643–44 (Tex. 1996); *Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 69 (Tex. 1989). In response, Plaintiffs fail to cite a single case recognizing and sustaining a claim for aiding-and-abetting or concerted-action liability under Texas law. Even the case on which Plaintiffs rely recognized that Texas courts had "refused to create a cause of action" for aiding-and-abetting or concerted-action liability, and, at best, noted that Texas is potentially "open to recognizing a claim based on concert of action," but only if a plaintiff "succeed[s] in proving the requisite elements." *Zirus*, 2012 WL 3776978, at *8.[2] Here, Plaintiffs have not done so. In addition, the Fifth Circuit "ha[s] long followed the principle that [it] will not create innovative theories of recovery or defense under local law, but will rather merely apply it as it currently exists." *Johnson v. Sawyer*, 47 F.3d 716, 729 (5th Cir. 1995) (en banc) (internal quotations omitted). Accordingly, the Texas Supreme Court's refusal to recognize a cause of action for aiding-and-abetting or concerted-action liability forecloses such a claim here.[3]

---

[2] *Zirus* dismissed the plaintiff's aiding-and-abetting claim, and none of the cases that *Zirus* relies on permits a claim for aiding-and-abetting or concerted-action liability. *See id.*
[3] A federal court's "task is to attempt to predict state law, not create or modify it." *Herrmann Holdings LTD v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002) (internal quotations

2

**IV. EVEN IF THIS COURT WERE TO RECOGNIZE A CLAIM FOR AIDING-AND-ABETTING OR CONCERTED-ACTION LIABILITY, PLAINTIFFS FAIL TO PLEAD THE REQUISITE ELEMENTS.**

Plaintiffs' cited authority makes clear that aiding-and-abetting liability could theoretically be recognized in Texas only if a plaintiff had pled either (1) a common design or (2) substantial assistance with intent to aid a dangerous activity. The SAC pleads neither of these elements (*see* Mot. at 5–11), and Plaintiffs' Opposition does not even address this deficiency.

First, Plaintiffs' Opposition does not argue that Gowalla's alleged harvesting of contact data from users' iDevices is the type of "highly dangerous activity" for which Texas courts have envisioned aiding-and-abetting or concerted-action liability might apply. (*See* Mot. at 9–10.) This defeats Plaintiffs' claim because "concert in action liability" is reserved for "highly dangerous activities, such as group assault and drag racing." *See Zirus*, 2012 WL 3776978, at *10; *see also Juhl*, 936 S.W.2d at 644–65.

Second, Plaintiffs fail to allege a "common design" because they have not alleged an *agreement* between Facebook and Gowalla to accomplish an unlawful purpose. *See III Forks Real Estate, L.P. v. Cohen*, 228 S.W.3d 810, 815 (Tex. App. 2007); *see also Juhl*, 936 S.W.2d at 643–44.

Third, Plaintiffs' claim for "substantial assistance" fails because they did not plead that Facebook had specific intent to aid Gowalla in the commission of a tort or a crime, and because they have conceded that Facebook did not "acquire" Gowalla (and so did not start "running" it). Regarding specific intent, the best Plaintiffs can allege, "on information and belief," is that Facebook "was aware of the Gowalla App's surreptitious user-address-book upload functionalities." (SAC, ¶ 277; *see also* SAC, ¶ 416.) This falls far short of alleging that Facebook knew that these functionalities were being implemented, knew or believed that their implementation

---

omitted). Thus, federal courts "defer to intermediate state appellate court decisions unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* (internal quotations omitted). There is no such "persuasive data" here: the Texas Supreme Court has had the opportunity to recognize a claim for aiding-and-abetting liability but declined to do so.

was tortious or criminal, or specifically intended to aid Gowalla in the commission of these alleged torts or crimes. *See Juhl*, 936 S.W.2d at 644; *Helena Chem. Co. v. Texell Fed. Credit Union*, No. W-05-CA-52, 2006 WL 5266765, at *6 (W.D. Tex. June 14, 2006); *see also Zirus*, 2012 WL 3776978, at *10 ("While [plaintiff's] complaint does include an allegation of gross negligence, that allegation is simply a legal conclusion, and is not supported by facts that could support a 'common design' claim.").

Not only did Plaintiffs fail to allege specific intent, but they also failed to allege that Facebook actually did offer Gowalla any "substantial assistance." Their Opposition confirms that the only factual basis for any alleged "assistance" is that Facebook acquired Gowalla and then started "running" it. (Opp. at 41.) Having failed to refute Facebook's argument that it did *not* acquire Gowalla, Plaintiffs now lack any factual basis for both their successor-liability *and* substantial-assistance claims. Additionally, Plaintiffs' contention that Facebook offered substantial assistance by "running" Gowalla, "help[ing] Gowalla produce the app and distribute the app," and "pa[ying] its officers and personnel" (*id.*) are not alleged in the SAC and thus cannot be considered. *Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826, 838 (S.D. Tex. 2011) (noting that complaint cannot be amended by briefs in opposition to a motion to dismiss and declining to consider factual assertions not alleged in complaint).[4] Rather, the SAC merely alleges that Facebook "authorized, approved, managed, and/or directed" Gowalla's distribution of the Gowalla App—a conclusory allegation that does nothing to explain which elements of which of the sixteen

---

[4] These "facts" asserted in the Opposition are also patently implausible. Plaintiffs offer no explanation for why Facebook would pay its new employees to continue to work for their former employer, which Plaintiffs admit still exists (SAC, ¶ 31), rather than paying them to work on projects for Facebook. Nor do they explain why Facebook would finance the production or distribution of an App that it never owned, or how Facebook could possibly have benefitted from the continued distribution of an App belonging to a company that Facebook did not own.

substantive claims asserted against Gowalla Facebook substantially assisted, or how. (*See* Mot. at 6–7, 9.)

Finally, Plaintiffs fail to plead that any underlying violation occurred while Facebook was allegedly "direct[ing]" Gowalla's activities.[5] No Plaintiff is alleged to have used the Gowalla App or had her address book information accessed by that App during the two-week period (December 2 to 15, 2011) when Facebook is alleged to have aided and abetted Gowalla's distribution of the App. (*See* Mot. at 10–11.) Plaintiffs respond that the SAC alleged "violations during this period." Not so. The SAC alleges only that the Gowalla App harvested Plaintiffs' contact information at some point "*[b]efore* December 15, 2011." (*See, e.g.*, SAC, ¶ 154.) As such, any alleged violations plausibly occurred long before the Facebook transaction, during the year or more prior to December 2011 during which Gowalla is alleged to have illegally harvested contact information. This warrants dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[6]

## V.  CONCLUSION.

For the foregoing reasons and those in its Motion to Dismiss, Facebook respectfully requests that the Court dismiss Plaintiffs' claims against Facebook with prejudice.

---

[5] Plaintiffs do not contest that aiding-and-abetting liability is not available for violations of the federal statutory claims they assert. (*See* Mot. at 7, fn. 4.)

[6] Despite Plaintiffs' speculative assertions to the contrary (*See* Dkt. No. 192, at 1-2, n. 2), Facebook did not formally "join" the App Developer Motion to Dismiss (Dkt. No. 145) because it is not an App Developer Defendant—*not* because it believes Plaintiffs' claims are cognizable. (*See also* Mot. at 10.)

|  |  |
|---|---|
| Dated: November 15, 2012 | Respectfully submitted,<br><br>COOLEY LLP<br><br>*/s/ Mazda K. Antia*<br>Mazda K. Antia (*Admitted pro hac vice*)<br>Michael G. Rhodes (*Admitted pro hac vice*)<br>4401 Eastgate Mall<br>San Diego, CA 92101-1909<br>Phone: (858) 550-6000<br>Fax: (858) 550-6420<br>Email: mantia@cooley.com<br>Email: mrhodes@cooley.com<br><br>Lori R. Mason (Tex. Bar No. 00791455)<br>5 Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>Phone: (650) 846-5000<br>Fax: (650) 549-7400<br>Email: lmason@cooley.com<br><br>ATTORNEYS FOR DEFENDANT<br>FACEBOOK, INC. |

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 15, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

                                                           */s/ Mazda K. Antia*_____
                                                           Mazda K. Antia