IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



MARK OPPERMAN, RACHELLE KING, CLAIRE MOSES, GENTRY HOFFMAN, STEVE DEAN, ALICIA MEDLOCK, ALAN BEUESHASEN, SCOTT MEDLOCK, GREG VARNER, JUDY LONG, GUILI BIONDI, JASON GREEN, and NIRALI MANDAYWALA, on behalf of themselves and all others similarly situated,
     Plaintiffs,

-vs-

PATH, INC.; TWITTER, INC.; APPLE, INC.; FACEBOOK, INC.; BELUGA, INC.; YELP! INC.; BURBN, INC.; INSTAGRAM, INC.; FORESQUARE LABS, INC.; GOWALLA INCORPORATED; FOODSPOTTING, INC.; HIPSTER, INC.; LINKEDIN CORPORATION; ROVIO MOBILE OY; ZEPTOLAB UK LIMITED a/k/a ZeptoLab; CHILLINGO LTD.; ELECTRONIC ARTS INC.; and KIK INTERACTIVE, INC.,
     Defendants.

Case No. A-12-CA-219-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the unremitting barrage of motions, responses, and replies which the parties have leveled at the Court. These are as follows: Defendant ZeptoLab UK Limited's Motion to Dismiss [#110], Plaintiffs Marc Opperman et al.'s Motion to Strike ZeptoLab's Motion to Dismiss [#191], Defendant Rovio Mobil Oy's Motion to Sever [#122], Defendants Path, Inc. et al.'s Motion to Dismiss or Transfer [#124], Defendant Twitter, Inc.'s Motion to Sever [#135], Twitter's Motion to Dismiss

[#136], Plaintiffs' Motion for Extension of Time to Respond [#196] to the same, Defendant Kik Interactive, Inc.'s Motion to Dismiss [#141], Defendant Facebook, Inc.'s Motion to Dismiss [#142], Defendants Chillingo, Ltd. et al.'s Motion to Dismiss [#145], and, last but not least, Defendant Apple, Inc.'s Motion to Dismiss or Transfer [#147].[1] Having considered the documents, the file as a whole—particularly the bloated Second Amended Complaint—and the governing law, the Court now enters the following opinion and orders, transferring this case to the Northern District of California.

## Background

This is an aspiring class action, brought by iPhone users against Defendant Apple, Inc., as well as approximately fifteen software companies[2] which develop and sell "apps" on Apple's app store. Plaintiffs allege these apps steal their personal address book information, and distribute the information to Defendants without Plaintiffs' permission. While the Court suspects there may be a legitimate claim here, it is difficult to discern from Plaintiffs' live Second Amended Complaint, which weighs in at a hefty eighty-three pages. Of course, Plaintiffs' Original Complaint was worse, at 152 pages (not counting attached exhibits), and the First Amended Complaint was a stupefying 343 pages long, again not counting exhibits.

The Court previously dismissed the Original and First Amended Complaints, explaining to Plaintiffs their Complaints were in violation of the Federal Rules. Order [#99] at 2–4. The Court

---

[1] Due to the numerosity of motions, the Court departs from its normal practice of listing responses and replies to motions; suffice to say, the motions are ripe.

[2] The number seems to vary with every pleading, due to mergers and complicated corporate relationships. In any event, there are quite a few corporate defendants.

granted leave to amend, but warned Plaintiffs they might be subject to dismissal with prejudice if they again failed to comply with Rule 8. *Id.* at 4.

Presently, in addition to complaining about lack of personal jurisdiction, and seeking severance, the various Defendants have moved to dismiss, arguing Plaintiffs have failed to comply with the Court's order, and have failed to state a claim under Rule 12. They also seek, in the alternative, to transfer this case to the Northern District of California, where two similar class actions are already pending, based on a mandatory forum selection clause Plaintiffs allegedly agreed to when using Apple's app store. While the Court is sorely tempted to grant dismissal, the Court is reluctant to so drastically penalize Plaintiffs for the failings of their counsel. Instead, the Court will risk the ire of the no-doubt busy federal judiciary of Northern California by transferring this matter there.

## Discussion

All allegations in this matter run through Apple and its app store. As the Court understands matters, all Plaintiffs would have "clicked through" the Terms and Conditions of the app store in order to purchase and download the other Defendants' apps. The Apple Terms and Conditions include a mandatory forum selection clause, designating venue in California.

### I. Legal Standard for Transfer under 28 U.S.C. § 1404

Defendants argue transfer to the Northern District of California is proper under 28 U.S.C. § 1404(a). And, there being no suggestion the Western District of Texas is an improper venue, the Court will proceed under § 1404(a). *In re Atl. Marine Constr. Co.*, 701 F.3d 736, 739–740 (5th Cir. 2012). Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) "is intended to place discretion in the

district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer'" under § 1404(a). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313–15 (5th Cir. 2008) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

The preliminary question in a motion for transfer of venue is whether the suit could have been filed originally in the destination venue. *Id.* at 312. After determining the suit could have been filed in the destination venue, the Court must next focus on whether the party requesting the transfer has demonstrated the "convenience of parties and witnesses" requires transfer of the action, considering various private and public interests. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974).[3]

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

---

[3] Although *Gilbert* dealt with *forum non conveniens*, the Fifth Circuit applies the "*Gilbert* factors" derived from it to the § 1404(a) setting. *See In re Volkswagen of Am.*, 545 F.3d at 314 n.9.

*Id.* Although the *Gilbert* factors are "appropriate for most transfer cases, they are not necessarily exhaustive or exclusive"; indeed, the Fifth Circuit has noted that "'none . . . can be said to be of dispositive weight.'" *In re Volkswagen of Am.*, 545 F.3d at 313–15 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). Despite the wide array of private and public concerns, a court must make a "flexible and individualized analysis" in ruling on a motion to transfer venue. *Ricoh Corp.*, 487 U.S. at 29.

Though the above is similar to the standard in the *forum non conveniens* context, § 1404(a) requires only a lesser showing of inconvenience. *In re Volkswagen of Am.*, 545 F.3d at 314. As such, the movant need not show the *Gilbert* factors *substantially* outweigh the plaintiff's choice of venue—it is enough to show the new venue is clearly more convenient than the original one. *See id.* Nonetheless, the Supreme Court has cautioned that while the movant's burden is lessened, the plaintiff's choice of venue is still to be considered. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Accordingly, the Fifth Circuit's rule is that while the plaintiff's choice of venue is not a factor under *Gilbert*, it places a "significant" burden of proof upon the movant to "show good cause for the transfer." *In re Volkswagen of Am.*, 545 F.3d at 314 n.10. "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315.

Finally, it has been observed that § 1404(a) is a safety valve of sorts, and serves to give corporations—which, due to their frequently pervasive contacts nation-wide, are often subject to venue virtually anywhere—some recourse from the highly permissive general venue rule found in 28 U.S.C. § 1391. *See In re Volkswagen of Am.*, 545 F.3d at 313. "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by

subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *Id.* "Thus, while a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *Id.*

## II. Analysis

The Court finds this matter could have been brought in the Northern District of California. There is no dispute Apple is headquartered there, and conducts the heart of its business from California. Plaintiffs argue there is "no evidence" Defendants Foursquare, Rovio, and Zeptolab are properly subject to jurisdiction in California, because they are variously headquartered in New York, Finland, and the United Kingdom.[4] The Court disagrees. There is no dispute all three sold apps through the Apple app store, which is the nexus of the allegations in this case. The same applies to all the other Defendants as well.

Turning to the public interest factors, the Court finds they favor a transfer. First, sources of proof will be mostly electronic, which will be equally available in either venue. Second, the availability of compulsory process to secure the attendance of witnesses strongly favors a transfer. A majority of the Defendants are headquartered in California, particularly Apple. Although current employees will be subject to the control of Defendants in either venue, there may well be former employees with relevant knowledge, and they will be more readily brought into Court in Northern California. Indeed, Apple represents all employees who review apps, and thus, those most likely to have relevant knowledge are located in California rather than Texas. The same concern indicates the cost of attendance for willing witnesses favors a transfer. Although plaintiffs themselves will be

---

[4]Plaintiffs make the same argument regarding Defendant Hipster—who has not appeared—but admit Hipster is headquartered in either Los Angeles or San Francisco. San Francisco is within the Northern District of California.

at a disadvantage, this is a class action, turning on electronic documents and electronic activity. Each individual Plaintiff's testimony will probably be unimportant to ultimate resolution of this case; rather, the case will hinge on (1) what disclosures were made to Plaintiffs, (2) what they agreed to, (3) what was done with their personal information, and how, and (4) the legal ramifications, if any, of the foregoing. All of this will be best proved by documents and electronic records under the control of Defendants, with Plaintiffs' testimony being of secondary importance, at best. Finally, "practical problems that make trial of a case easy, expeditious and inexpensive," strongly point to a transfer in this matter. Two other class actions, based on similar allegations, are already pending in the Northern District of California. To try this case separately virtually guarantees a waste of judicial resources, and risks inconsistent rulings. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).

Turning to the private factors, they also support transferring this case. This Court is currently laboring under an already heavy docket which grows heavier each year, with no relief in sight. The local interests factor favors a transfer, because, while both states have an equal interest in protecting their citizens from the type of abuses alleged in this complaint, California is the center of this type of economic activity. Finally, "the familiarity of the forum with the law that will govern the case" also favors a transfer: the Apple Terms and Conditions state "All transactions on the iTunes Service are governed by California law, without giving effect to its conflict of law provisions." Apple's Mot. to Dism. or Transfer [#147-1], Ex. A at 20. The Northern District of California is obviously more familiar with California law than is this Court.

In addition to all the above considerations, the Apple Terms and Conditions include the following forum selection clause: "You expressly agree that exclusive jurisdiction for any claim or

dispute with Apple or relating in any way to your use of the iTunes Service resides in the courts in the State of California." Apple's Mot. to Dism. or Transfer [#147-1], Ex. A at 20. The presence of such a clause is "a significant factor that figures centrally in the district court's calculus" under § 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). Here, the clause unambiguously directs venue to California, not Texas.

For the foregoing reasons, the Court GRANTS Defendants' Motions to Transfer [##124, 147], and transfers this case to the Northern District of California. All other motions are DISMISSED WITHOUT PREJUDICE.

### Conclusion

Accordingly,

IT IS ORDERED that Defendants Path, Inc. et al.'s Motion to Dismiss or Transfer [#124] is GRANTED;

IT IS FURTHER ORDERED that Defendant Apple, Inc.'s Motion to Dismiss or Transfer [#147] is GRANTED;

IT IS FURTHER ORDERED that all other pending motions are DISMISSED WITHOUT PREJUDICE;

IT IS FINALLY ORDERED that this case is hereby TRANSFERRED to the United States District Court for the Northern District of California.

SIGNED this the 15th day of January 2013.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE