Timothy L. Alger (SBN 160303)
TAlger@perkinscoie.com
Julie E. Schwartz (SBN 260624)
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Amanda J. Beane (admitted *pro hac vice*)
ABeane@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendant
Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>PATH, INC., *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:13-CV-00453-JST<br><br>**TWITTER, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO SEVER**<br><br>Hearing:　　　April 4, 2013<br>Time:　　　　2:00 p.m.<br>Courtroom:　 9, 19th Floor<br>Before:　　　Hon. John S. Tigar |

## I.　INTRODUCTION

Plaintiffs' opposition [Dkt. 268] to Twitter, Inc.'s ("Twitter") Renewed Motion to Sever ("Motion") [Dkt. Nos. 236, 237] attempts to avoid the merits of the Motion by arguing that it has been decided already by the transferor Court.  The transferor Court merely denied the Motion *without prejudice* when it granted the motions to transfer, however.  It did not reach the merits of the Motion and nothing precludes Twitter from bringing it before the transferee Court.

Plaintiffs also attempt to avoid severance by asserting that it would be more appropriate for the Court to decide after discovery whether Twitter is properly joined. But the Court needs nothing other than the Second Amended Complaint ("SAC") to conclude that Plaintiffs have attempted to improperly join Twitter in a case against multiple defendants who developed a variety of mobile apps, all with different consent processes and different disclosures.

Plaintiffs' primary remaining argument against joinder focuses only on the fact that the Twitter app was made available through the Apple App Store the same way as the other apps at issue in this litigation. If this is sufficient for joinder, courts will become increasingly burdened with unnecessarily complex lawsuits against unrelated defendants, with unrelated products and services, simply because the defendants used a common distributor. The standards for joinder cannot be loosened simply for the convenience of class-action lawyers who want to bring one action against a host of defendants. The Court should grant Twitter's Motion.

## II. ARGUMENT

### A. Twitter's Motion to Sever Was Not Decided by the Transferor Court, and this Court is Free to Determine Whether the Defendants are Properly Joined.

Based on the fact that Plaintiffs have attempted to tie together 15 different defendants in this action, all of whom (with the exception of Apple) developed and offer different apps with different disclosures, Twitter moved to sever the claims against it while this action was pending in the Western District of Texas. [Dkt. 135.] Judge Sam Sparks in the Western District of Texas did not decide Twitter's motion such that Twitter is precluded from bringing it in the transferee Court. Instead, the Court only decided the motions to transfer, stating that all other motions were dismissed "without prejudice." [Dkt. 218.] In other words, they had not been ruled upon and could be brought again in the transferee court. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice' … is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."); *Ford v. Piller*, 590 F.3d 782, 788 (9th Cir. 2009) (citing Black's Law Dictionary 502 (8th Ed. 2004) (defining "without prejudice" as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit without the applicable limitations period.")).

Courts regularly adopt this approach with regard to motions that are pending at the time a matter is transferred – the motions are dismissed without prejudice to being refiled following transfer of the case. *See, e.g., D&P Design, LLC v. Med-1 Partners, LLC*, 2009 WL 3248114 (S.D. Cal. Oct. 7, 2009) (denying motion to dismiss without prejudice to refile in transferee court); *Merit v. United States,* 1992 WL 58728 (D. Or. Mar. 11, 1992) (denial without prejudice to renew it after transfer).

Accordingly, the doctrine of the "law of the case" does not apply, because that doctrine only precludes a court "from reconsidering *an issue that has already been decided* by the same court, or a higher court in the identical case." (*See* Opp. at 9, n.11 citing *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (emphasis added).)

**B.  Additional Discovery Is Not Needed To Determine Whether Defendants Are Properly Joined.**

Plaintiffs argue that severance should be decided after discovery. The allegations in the SAC establish that the requirements for joinder are not satisfied, however.[1] Plaintiffs make only seven paragraphs of allegations against Twitter (out of 439) and these allegations do not plausibly allege any connection among the defendants relating to the asserted wrongdoing and, indeed, they actually underscore that Twitter's consent process was *different* than any other defendant. (SAC ¶¶ 231-237.)

Plaintiffs do not identify what difference discovery will make to this Motion, and it is difficult to imagine how discovery would materially change the fact that Plaintiffs cannot articulate how their privacy-based claims against Twitter and multiple different defendants who just happen to be in the same business (mobile apps) and use the same distributor arise from the

---

[1] As part of this argument, Plaintiffs assert that Twitter has not timely responded to the SAC. (Opp. at 10:4-10:12.) The timing of defendants' responses to the SAC were the subject of negotiations that resulted in an impasse, and Twitter and the other defendants have separately filed their Administrative Motion to Set Time for Response to Second Amended Complaint or, Alternatively, to Schedule a Case Management Conference, Pursuant to Local Rule 7-11. [Dkt. No. 269; *see also* Dkt. Nos. 275, 276 (Objections and Request to Strike Opposition to Administrative Motion, and Declaration of Ashlie Beringer, filed March 11, 2013).] But, even still, the response date is irrelevant here, because under Fed. R. Civ. Pro. 21, "the court may at any time, on just terms, add or drop a party [and] may also sever any claims against a party."

same transaction or occurrence. Instead, discovery will simply add to the inconvenience and prejudice Twitter will suffer absent severance.[2]

**C.     Plaintiffs Do Not Meet the Legal Standard for Joinder.**

     **1.     Plaintiffs Have Not Alleged Conduct Arising from the Same Transaction or Occurrence.**

Plaintiffs' opposition primarily relies on the argument that the different defendants who made or distributed different products (mobile apps) that all acted differently and came with different disclosures and terms of use belong in the same suit because they were all sold through the Apple store. They assert that the fact that the apps were sold through the same venue is enough to create a "factual commonality' that justifies joinder.

As an initial matter, Plaintiffs collapse the "same transaction or occurrence" and "factual commonality" tests into one, contrary to Rule 20(b), which allows joinder when both the "same transaction" test is met *and* when there are questions of law or fact common to all defendants. *See San Francisco Technology, Inc. v. Adobe Sys. Inc.*, 2010 WL 1640397, at *1 (N.D. Cal. Apr. 19, 2010) (requirements of Rule 20(b)(2)(A) and (B) for joinder of defendants are conjunctive, not disjunctive, and "both must be satisfied").

Regardless, the substance of Plaintiffs' argument is inadequate to justify joinder under either prong of Rule 20(b). The SAC makes claims against 11 different mobile apps, all of which behaved differently, had different disclosures, and were subject to different terms of use. The only connection articulated by Plaintiffs is that the apps are distributed through Apple. The means of distribution of the defendants' apps is not at issue in this lawsuit; rather, Plaintiffs contend that defendants violated the law by allegedly accessing and using without consent Plaintiffs' mobile address books. (SAC ¶¶ 5, 7, 79.) Plaintiffs' inability to allege that their *claims* arise from the same transaction or occurrence should result in severance.

---

[2] Plaintiffs misrepresent the outcome of *Anticancer, Inc. v. Pfizer Inc.*, 2012 WL 1019796 (S.D. Cal. Mar. 26, 2012). The *Anticancer* court denied without prejudice a motion to bifurcate and allowed the party to renew this motion after discovery, claim construction, and pretrial motion practice. *Id.* * 4. With regard to the motion to sever brought at the same time by the same party, the court simply denied it and did not provide that it could be renewed after discovery, claim construction, and pretrial motion practice. *Id.*

To join these claims together is akin to saying that allegations of injuries involving a variety of sporting goods purchased at a Wal-Mart store – a fishing rod, a basketball, a camping tent, a yoga mat and a baseball bat – should be joined in one lawsuit, even though the nature of the items is entirely different and the items were manufactured by different companies, used in different ways at different times, and involved injuries to different people. That all of the Plaintiffs purchased the items at the same store, and they have a common theory of liability such as failure to warn, does not support joinder because there is no factual commonality as to the claims, and the claims do not involve the same transaction or occurrence. Courts have denied attempts to tie separate products and conduct together in one case. *See, e.g.*, *EIT Holdings v. Yelp!, Inc.*, 2011 WL 2192820, at *1-2 (N.D. Cal. May 12, 2011) (holding that, even though defendants engaged in similar activity, they had been "thrown into a mass pit with others to suit plaintiff's convenience" where proving patent infringement would be specific to each defendant and its website, and defenses, damages, and discovery would vary by defendant); *San Francisco Technology, Inc.*, 2010 WL 1640397, at *1-2 (severing 14 defendants and holding that companies that allegedly mismarked their separate products were improperly joined because "each defendant acted in a separate place and time" and there was nothing but "separate alleged violations of the same statute"); *Bias v. Wells Fargo & Co.*, 2012 WL 2906664, at *2 (N.D. Cal. July 13, 2012) (severing defendants even though claims against them were "based upon the same basic scenario and same legal theories").

The extent to which Plaintiff cannot support joinder is underscored by the fact that they have backtracked from their earlier claim of an industry-wide conspiracy, and have instead shifted to asserting that "cross-pollination" of apps on Plaintiffs' devices makes the 15 defendants "inextricably cross-linked." (Opp. at 7:12-8:4.) Such vague and unsupported (and fanciful) allegations cannot support joinder, and, even if they had merit, they have nothing to do with the core allegations of wrongdoing in this litigation – the alleged uploading and use of Plaintiffs' address book data without consent – all of which involved separate dealings between Plaintiffs and the various app defendants. *See Rappaport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 497 (D.N.J. 1998) (holding that a "far-fetched allegation" that defendants were part of a "strategic

1  umbrella collusion" did not justify joinder under Rule 20 because plaintiff did not plead "facts
2  which demonstrate the Defendants were part of a 'single common plan'"); *AF Holdings LLC v.*
3  *Does 1-97*, 2011 WL 2912909 (N.D. Cal. July 20, 2011) (holding that allegations regarding
4  separate copyright infringers who committed the same violation of law in the same way did not
5  support joinder, even where the complaint alleged that defendants participated in a civil
6  conspiracy); *IO Group, Inc. v. Does 1-19*, 2010 WL 5071605, at *3 (N.D. Cal. Dec. 7, 2010)
7  (granting motion to sever despite an allegation of a conspiracy among defendants because that
8  allegation was "wholly conclusory and lack[ed] any facts to support an allegation that defendants
9  worked in concert").

### 2. Joinder Would Prejudice Twitter and Burden Judicial Resources.

11  By naming so many unrelated defendants in this matter, Plaintiffs obviously are trying to
12  lessen their own burden in pursuing multiple actions. Plaintiffs argue that "any severance would
13  complicate matters and prejudice numerous parties" (Opp. at 8:4), but any supposed complication
14  would accrue only to the lawyers representing Plaintiffs, who would have to bring separate
15  lawsuits against separate defendants (as they should have in the first place), and would lose what
16  they might think is settlement leverage. Severing Twitter would not prejudice any of the
17  Plaintiffs in pursuing any valid claims they think they might have involving alleged wrongdoing
18  by Twitter.

19  In contrast, if Twitter is not severed, it will be prejudiced by being forced to participate in
20  overly complex litigation – and possibly a trial – alongside defendants who had different consent
21  processes and disclosures, such that Twitter's robust disclosures and consent processes would be
22  in serious danger of being overlooked. *See Bias*, 2012 WL 2906664, at *1 (citing *On The Cheap,*
23  *LLC v. Does 1–5011*, 280 F.R.D. 500, 502 (N.D. Cal. 2011)) ("Even if the[] conditions [for
24  joinder] are met, joinder is not mandatory and the Court may order separate trials to protect any
25  party against embarrassment, delay, expense, or other prejudice.").

26  Moreover, without severance, there is a real risk of wasted judicial resources and
27  inefficiencies. The SAC is not only unwieldy, it purports to create an extremely broad,
28  nationwide class of all Apple Device owners who downloaded apps from the Apple App Store

that "initiated an unauthorized [Apple Device] call," followed by a series of possible acts asserted in the alternative—that address books were "copied" *or* "uploaded" *or* "transmitted," *or* "disclosed to others" *or* "remotely stored," *or* "otherwise remotely used by others." (SAC ¶ 46.) It is difficult to imagine how such allegations, involving a variety of technologies, would even be managed during discovery, dispositive motions, or class certification, much less trial. *See, e.g., Tompkins v. Able Planet, Inc.*, 2011 WL 7718756, at *2 (E.D. Tex. Feb. 17, 2011) (severance necessary to "ensure principles of fundamental fairness, to ease the logistical challenges of trying all Plaintiff's claims together, and to promote judicial economy"); *Norwood v. Raytheon*, 237 F.R.D. 581, 589-605 (W.D. Tex. 2006) (denying class certification because factual variations among defendants and their different products, variations in warnings Plaintiffs received and their injuries, and choice-of-law issues meant that common issues did not predominate and a class action was not a superior means for adjudication) and *Norwood v. Raytheon*, 2007 WL 2408480, at *3 (W.D. Tex. May 1, 2007) (later severing claims in the same matter); *Advamtel, LLC v. AT&T Corp.*, 105 F. Supp. 2d 507, 515 (E.D. Va. 2000) (holding joinder of defendants inappropriate because dealings with one were different and cases against each would be different, which would not "streamline the resolution of the case" and "indeed may lead to confusion at trial"); *Interscope Records v. Does 1-25*, 2004 WL 6065737, at *6 (M.D. Fla. Apr. 1, 2004) (severance can be necessary to avoid inconvenience and reduce costs).

### III. CONCLUSION

For these reasons and those in its Motion, Twitter respectfully requests that the Court sever it and the claims against it from this matter pursuant to Rule 21.

DATED: March 12, 2013           **PERKINS COIE LLP**

*/s/ Timothy L. Alger*
Timothy L. Alger

Attorneys for Defendant
Twitter, Inc.