Michele D. Floyd (SBN 163031)
michele@zwillgen.com
ZWILLGEN LAW LLP
915 Battery Street, Second Floor
Suite 3
San Francisco, CA 94111
Telephone: (415) 590-2340
Facsimile: (415) 590-2339

Marc J. Zwillinger (admitted *pro hac vice*)
marc@zwillgen.com
Jacob A. Sommer (admitted *pro hac vice*)
jake@zwillgen.com
ZWILLGEN PLLC
1705 N St NW
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

**Attorneys for Defendants**
ELECTRONIC ARTS, INC. AND CHILLINGO LTD.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br> v.<br><br>PATH INC., et al.,<br><br>Defendant. | Case No. 3:13-cv-00453-JST<br><br>**ELECTRONIC ARTS, INC. AND CHILLINGO LTD.'S REPLY IN SUPPORT OF THEIR MOTION TO SEVER PURSUANT TO FED. R. CIV. PROC. 21**<br><br>Date: April 4, 2013<br>Time: 2:00 p.m.<br>Place: Courtroom: 9, 19th Floor<br><br>**Hon. Jon S. Tigar** |

## I. INTRODUCTION

In their improper response filed by counsel who is not admitted to practice in this Court, Plaintiffs ignore overwhelming case law supporting severance and focus instead on irrelevant procedural arguments. Setting aside the irrelevant, Plaintiffs' argument boils down to a single

1    point: joinder is proper because each App Defendant allegedly distributed their app through the

2    Apple Store.  (Opposition to Motion to Sever ("Opp.") at 8).  If this weak link supports joinder,

3    claims against any number of software developers with software developed for any common

4    platform and sold by a single retailer could be joined because every platform sets guidelines for

5    application developers and every retailer chooses products to sell.[1]

6         The key "transaction or occurrence" in this case is not how the apps were distributed, but

7    when and how Plaintiffs' address book contacts were allegedly uploaded.  The alleged uploading

8    did not arise out of the same transaction or occurrence, but separately within each app, after each

9    was sold, and under each app's unique disclosures, terms and conditions.  Each app also served a

10   different function and employed different technology.  Contrary to this Court's prior decisions,

11   Plaintiffs offer nothing more than a similar basic scenario for each app with similar legal theories

12   to support joinder.  *Bias v. Wells Fargo & Co.*, No. 12-CV-664 YGR, 2012 WL 2906664, at *2

13   (N.D. Cal. July 13, 2012).  EA and Chillingo should be severed.

14   **II.   ARGUMENT**

15        **A.    PLAINTIFFS' OPPOSITION SHOULD BE STRICKEN BECAUSE
16              COUNSEL IS NOT ADMITTED TO PRACTICE IN CALIFORNIA OR
              THE NORTHERN DISTRICT**

17        Only attorneys admitted to the bar of the Northern District of California may practice

18   before this Court.  N.D. Cal. Local Rule 11-1(a).  Plaintiffs' counsel, Jeff Edwards and Carl F.

19   Schwenker, are not admitted, and no order allows them to appear *pro hac vice*.  No member of the

20   bar of this Court has appeared on Plaintiffs' behalf.[2]  In every pleading filed after transfer, counsel

21   state they are "to be admitted *pro hac vice*," but neither has filed an application under Local Rule

22   11-3.  This conduct is subject to discipline, including striking Plaintiffs' improperly filed response.

23   *See* Local Rule 11-8 ("A person who exercises, or pretends to be entitled to exercise, any of the

24   privileges of membership in the bar of this Court, when that person is not entitled to exercise such

25

26   [1] *See,* Android Developer Components, http://developer.android.com/guide/components/index.html;
     Windows Mobile Developer Center, http://msdn.microsoft.com/en-us/windowsmobile/bb264318.aspx;
27   Windows Dev Center Windows Store Apps, http://msdn.microsoft.com/library/windows/apps/.
     [2] California-barred counsel appeared in the Western District of Texas, but withdrew on August 23, 2012.
28   *See* Dkt. 77 (Motion to Withdraw as Associate Counsel for Plaintiffs, August 10, 2012) and Dkt 99, Order,
     August 23, 2012 (granting motion to withdraw).

membership privileges, may be referred to the Standing Committee in addition to any action authorized by applicable law.")  Plaintiffs' response should be stricken.

### B. THE WESTERN DISTRICT OF TEXAS'S ORDER DOES NOT PRECLUDE FILING A MOTION TO SEVER OR ANY OTHER MOTION

#### i. Law of the Case Does Not Apply

Contrary to Plaintiffs' argument, the "law of the case" doctrine does not bar Electronic Arts, Inc. ("EA") and Chillingo Ltd.'s ("Chillingo") motion to sever.  The "law of the case" doctrine only prevents a court "from reconsidering an issue that *has already been decided* by the same court, or a higher court in the identical case." (See Opp. at 9, n.13 *citing United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)) (emphasis added).  EA and Chillingo did not file a motion to sever before Judge Sparks and his order did not, and could not, have decided whether EA and Chillingo were properly joined.  This motion thus does not "reopen issues decided in earlier stages of the same litigation" and the law of the case doctrine does not apply.  *Agostini v. Felton*, 521 U.S. 203, 236 (1997).

Judge Sparks's order expressly allows EA and Chillingo's motion.  Judge Sparks only ruled on defendants' motions to transfer and dismissed all others "without prejudice," which allows those motions to be filed again after transfer.  (Dkt. 217 at 8); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."); *Ford v. Pliler*, 590 F.3d 782, 788 (9th Cir. 2009) (citing Black's Law Dictionary 502 (8th Ed. 2004) (defining "without prejudice" as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period.")  The Ninth Circuit has stated that dismissal without prejudice does not create "law of the case" and does not have preclusive effect.  *Los Angeles Trust Deed & Mortg. Exch. v. SEC*, 285 F.2d 162, 165 (9th Cir. 1960) (court's prior dismissal "without prejudice" was intended to avoid establishing "law of the case"); *Weinberg v. Whatcom County*, 241 F.3d 746, 750 (9th Cir. 2001) ("a dismissal without prejudice is not a decision on the merits and thus lacks preclusive effect.")

///

1    Further, at the time Judge Sparks decided the motion to transfer, the case included two

2    defendants, Path and Apple, who were also defendants in similar class actions pending against

3    them in this Court.  Rather than ruling that joinder of all defendants was proper, the court ruled

4    transfer was proper, in part, because the risk of inconsistent rulings by two different tribunals in

5    two different jurisdictions would waste resources and risk inconsistent rulings.  The court's ruling

6    is understandable because cases already pending in this Court concerned the same transactions and

7    occurrences as to Path, and overlapping transactions and occurrences as to Apple.

8                    **ii.  Defendants' Time to Respond Has Not Elapsed**

9    Plaintiffs' argument that defendants have not filed a timely answer is misleading and

10   unfounded.  First, Fed. R. Civ. P. 21 allows this Court "[o]n motion or on its own … at any time,

11   on just terms, add or drop a party.  The court may also sever any claim against a party."  Severance

12   is thus proper anytime, even without a motion to sever.  Second, Defendants did not act as though

13   they had unlimited time to respond to the Second Amended Complaint ("the Complaint" or

14   "SAC").  Defendants actively engaged Plaintiffs on scheduling issues almost immediately after the

15   motions to transfer were granted and Plaintiffs' statements to the contrary are demonstrably false.[3]

16   Defendants' counsel have repeatedly tried to reach an agreement with Plaintiffs' counsel through

17   multiple avenues. Plaintiffs' counsel suggested that they would agree to a scheduling stipulation,

18   only to argue now that Defendants response to the SAC was due on January 29, 2013, which is

19   before the case was even docketed in this district.  (Dkt. 219).

20          **C.       PLAINTIFFS' ARGUMENTS AGAINST SEVERANCE FAIL**

21                    **i.  Plaintiffs' Argument that Discovery is Necessary Fails**

22   Plaintiffs argue that EA and Chillingo's motion is premature because discovery is

23   necessary to determine whether severance is proper.  This argument is based on Plaintiffs'

24   assertion that there is an issue of fact regarding consumer consent that warrants discovery.  Opp. at

25

26   [3] *See* Declarations of Timothy L. Alger (Dkt. 269-1) and Marc J. Zwillinger (Dkt 269-2)
     in Support of Defendants' Administrative Motion to Set Time for Response to Second Amended
27   Complaint or, Alternatively, to Schedule a Case Management Conference, Pursuant to Local Rule
     7-11, filed on March 6, 2013, and Declaration of S. Ashlie Beringer in Support of Defendants'
28   Administrative Motion to Set Time for Response to Second Amended Complaint or, Alternatively, to
     Schedule a Case Management Conference, Pursuant to Local Rule 7-11( Dkt. 275).

9-10 (citing SAC ¶¶250-54, 262-65.)  The problem with this argument is apparent on the face of the SAC: the general and conclusory paragraphs stating that the apps' uploading of address book information was "non-consensual" are inconsistent with the SAC's specific factual allegations explaining that the apps incorporating the Crystal social network ("Crystal") obtained consent. More specifically, the SAC alleges Crystal did *not* act surreptitiously.  Address book information was uploaded to Crystal only *after* each Plaintiff voluntarily took action to find contacts also using Crystal.  (SAC ¶¶ 247, 261).  The SAC further alleges that Plaintiffs who downloaded Angry Birds Classic or Cut the Rope had a choice to connect their contacts to Crystal to play games.  *Id.*  The SAC clearly alleges that after signing up with Crystal, Plaintiffs had to "press a button bar" to invite or find friends.  *See id.*  Plaintiffs' only claim is that despite being told that pushing the button would result in finding friends also using Crystal from their contacts, they did not know how it would work. [4]  But Plaintiffs do not explain in their Opposition why this disclosure was inadequate other than it lacked the magic word "upload."  Indeed, the SAC alleges that Plaintiffs were satisfied when a few more words were added, including "upload," to the existing disclosure language.  (SAC ¶¶ 255, 270).

Plaintiffs also fail to explain what discovery will disclose that is relevant to the severance issue.  Discovery will produce information about eleven different applications, allegedly made by fifteen different defendants and sold to thousands of different users and will not change the fact that each defendant is unique.  Rather than resolve the severance issue, discovery will only prejudice EA and Chillingo.

### ii.   Common Distribution Does Not Constitute "the Same Transaction or Occurrence"

Plaintiffs' primary argument in opposition is that common distribution through Apple constitutes "the same transaction or occurrence."  Plaintiffs overlook, however, the simple fact that their claims against EA and Chillingo are based on use, not distribution.  Instead, Plaintiffs challenge the collection of address book information, alleging that defendants accessed and used Plaintiffs' mobile address books without consent.  (SAC ¶¶ 5, 7, 79.)

///

---

[4] The complaint does not allege what Plaintiffs thought "find my friends via contacts" meant.

Plaintiffs' argument that using the same distributor creates a "factual commonality" that justifies joinder collapses the "same transaction or occurrence" and "factual commonality" tests into one. Rule 20(b), however, allows joinder only when *both* the "same transaction" test is met *and* the common question of law or fact tests are met. *See S. F. Tech., Inc. v. Adobe Sys. Inc.*, Nos. CV 10-01652 RS, C 09-6083 RS, 2010 WL 1640397, at *1 (N.D. Cal. Apr. 19, 2010) (both Rule 20(b)(2)(A) and (B) "must be satisfied"). Plaintiffs cannot satisfy that test here and make no argument in their Opposition to the contrary. As noted in the opening brief, the SAC makes claims against 11 separate and distinct mobile apps, all of which utilized different disclosures and different terms of use. Any alleged uploading occurred pursuant to each app's own process and pursuant to each app's unique disclosures, terms and conditions.

Plaintiffs do not distinguish any of the cases EA and Chillingo cited, all of which conclude that a connection as weak as a common distribution outlet cannot support joinder. Instead, they avoid the issue, including case law from this district, because the case law makes clear that joinder based on such a weak connection is improper. *See, e.g.*, *EIT Holdings LLC v. Yelp!, Inc.*, No. C 10-05623 WHA, 2011 WL 2192820, at *1-2 (N.D. Cal. May 12, 2011); *S.F. Tech., Inc*., 2010 WL 1640397, at *1-2; *Bias*, 2012 WL 2906664, at *2 (severing defendants even when claims against them were "based upon the same basic scenario and same legal theories….") This Court should not depart from its prior decisions, and EA and Chillingo should be severed.

### iii. Joinder Would Prejudice EA and Chillingo and Burden Judicial Resources

By naming so many unrelated defendants, Plaintiffs' counsel is trying to reduce their burden in pursuing multiple actions for multiple Plaintiffs. Plaintiffs argue "severance would complicate matters and prejudice numerous parties" (Opp. at 7 n. 10), but only Plaintiffs' counsel would be burdened by bringing separate lawsuits against separate defendants. Severing EA and Chillingo would not prejudice any of the Plaintiffs in pursuing any valid claims they think they might have. Instead, if the Court does not sever EA and Chillingo, participation in an excessively complex litigation with defendants who had different processes and disclosures could result in their disclosures and consent processes being overlooked. *See Bias*, 2012 WL 2906664, at *1

1   (citing *On The Cheap, LLC v. Does 1–5011*, 280 F.R.D. 500, 502 (N.D. Cal. 2011)) ("Even if the[]

2   conditions [for joinder] are met, joinder is not mandatory and the Court may order separate trials

3   to protect any party against embarrassment, delay, expense, or other prejudice.").

4         Trying this case with fifteen defendants and eleven different applications at issue would

5   waste judicial resources and create inefficiencies. The SAC alleges an expansive, nationwide class

6   of all Apple Device owners who downloaded apps from the Apple App Store that "initiated an

7   unauthorized [Apple Device] call," followed by a series of possible acts asserted in the

8   alternative—that address books were "copied" *or* "uploaded" *or* "transmitted," *or* "disclosed to

9   others" *or* "remotely stored," *or* "otherwise remotely used by others." (SAC ¶ 46.) It is hard to

10  imagine how the parties, Court, and jury could manage such allegations, involving various

11  technologies, during discovery, dispositive motions, or class certification, much less trial. *See,*

12  *e.g., Norwood v. Raytheon Co.*, 237 F.R.D. 581, 589-605 (W.D. Tex. 2006) and *Norwood v.*

13  *Raytheon Co.*, No. EP-04-CA-127-PRM, 2007 WL 2408480, at *3 (W.D. Tex. May 1, 2007)

14  (denying class certification and later severing claims because of factual differences among

15  defendants and their products, variations in warnings Plaintiffs received and their injuries, and

16  choice-of-law issues); *Advamtel, LLC v. AT&T Corp.*, 105 F. Supp. 2d 507, 515 (E.D. Va. 2000)

17  (holding joinder of defendants inappropriate because of differences in dealings with each would

18  not "streamline the resolution of the case" and "indeed may lead to confusion at trial").

19                   **D.  EA AND CHILLINGO ARE NOT ESTOPPED FROM MOVING TO SEVER**

20        Plaintiffs' opposition avoids mentioning the standard for judicial estoppel in the Ninth

21  Circuit, because EA and Chillingo's positions do not even approach that high standard.  "[J]udicial

22  estoppel generally prevents a party from prevailing in one phase of a case on an argument and then

23  relying on a contradictory argument to prevail in another phase." *Zedner v. United States*, 547 U.S.

24  489, 504 (2006) (internal citations and quotations omitted).  Before applying judicial estoppel,

25  however, courts in the Ninth Circuit must determine: (1) whether a party's positions are "clearly

26  inconsistent," (2) whether a party "has succeeded persuading a court to accept that party's earlier

27  position, so that judicial acceptance of an inconsistent position in a later proceeding would create

28  the perception that either the first or the second court was misled," (3) whether the party would

---

1  gain an unfair advantage by advancing inconsistent positions, and (4) whether the party's position

2  is "tantamount to a knowing misrepresentation or even fraud on the court." *Milton H. Greene*

3  *Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 994 (9th Cir. 2012) (internal citations and

4  quotations omitted).

5        EA and Chillingo's positions do not even satisfy the first factor, because they are

6  consistent.  Plaintiffs' argue that EA and Chillingo are judicially estopped from bringing this

7  motion because in moving to transfer, they "incorporated by reference" Apple's previous

8  argument that these cases were "substantially similar." This characterization of the previous

9  motion is wrong.  EA and Chillingo joined Apple's motion to transfer based on an enforceable and

10  applicable venue selection clause:  "downloads" of their apps "were all subject to Apple's terms

11  and conditions," which provided for venue in this Court.  Defs.' Mot. to Dismiss, or in the

12  Alternative Transfer, Oct. 12, 2012, Dkt. 124 at 1.  EA and Chillingo did not incorporate by

13  reference Apple's argument that two similar cases were already pending in this district. Opp. at 9.

14  Instead, they simply referred the Court to a section of Apple's brief that provided details about

15  those two cases.  Dkt. 124 at 17.  Further, even if EA and Chillingo had incorporated Apple's

16  argument in their motion to dismiss or transfer, EA and Chillingo moved to transfer, not to

17  consolidate the present case with the case against Apple already pending in this district.  EA and

18  Chillingo made it clear to Judge Sparks in their previously filed motion to dismiss the case against

19  them was distinct from the case against other app defendants.  Indeed, EA and Chillingo drew

20  precisely the same distinctions in their motion to dismiss as they draw here.  Defs.' Chillingo and

21  Electronic Arts' Reply In Supp. of Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6), Dkt. 213.

22  EA and Chillingo have advanced consistent positions throughout this litigation and are not

23  estopped from seeking severance.

24  ///

25  ///

26  ///

27  ///

28  ///

1    **III.    CONCLUSION**

2          For the reasons set forth above and in their motion, EA and Chillingo respectfully request

3    the Court sever claims against them from this matter under Rule 21.

4                                          Michele Floyd
5                                          michele@zwillgen.com
                                           ZwillGen Law LLP
6                                          915 Battery Street, 2nd Floor, Suite 3
                                           San Francisco, CA 94111
7                                          Tel: (415) 590-2340
                                           Fax: (415)590-2339
8

9

10   DATED:  March 18, 2013                      **ZWILLGEN LAW LLP**

11                                    By:  /s/ Michele Floyd
                                          _____
12                                        Michele Floyd
                                          Attorneys for Defendants
13                                        ELECTRONIC ARTS INC. AND
                                          CHILLINGO LTD.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28