COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

COOLEY LLP
MAZDA K. ANTIA (214963) (mantia@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
INSTAGRAM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, *et al.*, for themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>PATH, INC., *et al.*,<br><br>  Defendants. | Case No. 13-cv-00453-JST<br><br>**DEFENDANT INSTAGRAM, INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEVER PURSUANT TO FED. R. CIV. P. 21**<br><br>Hearing Date: April 18, 2013<br>Hearing Time: 2:00 p.m.<br>Courtroom: 9 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

INSTAGRAM'S REPLY I/S/O
MOTION TO SEVER
CASE NO. 13-CV-00453-JST

## I. INTRODUCTION

Instagram Inc.'s Motion to Sever Pursuant to Fed. R. Civ. P. 21 ("Motion" or "Mot.") (dkt. no. 272) established that Instagram is improperly joined as a defendant because Plaintiffs' claims against Instagram do not arise out of the same transaction or occurrence as the claims against 11 other mobile-app developers. In their overheated Opposition ("Opp.") (dkt. no. 298), Plaintiffs do not deny that their claims against Instagram arise *solely* out of their use of the Instagram App. Instead, Plaintiffs indignantly demand that the Court adopt an expansive interpretation of Rule 20 that would lead to judicial inefficiency and risk unfair prejudice. In Plaintiffs' view, joining Instagram with 11 unrelated companies (collectively, the "App-Developer Defendants") in a single action is proper simply because each defendant's independently-developed and distinct product was distributed through Apple Inc.'s ("Apple") App Store. Even if this allegation were sufficient to join Apple and Instagram in a single action, a common distribution channel is far too superficial an allegation to join Instagram with the 11 other different App Developer Defendants under Rules 20 and 21.

Plaintiffs' remaining procedural arguments are meritless. First, the "law of the case" doctrine does not preclude Instagram from moving to sever because the Transfer Order (dkt. 217) addressed only whether to transfer the action pursuant to 28 U.S.C. § 1404. Second, Instagram is not judicially estopped from moving to sever because it has never argued that this action should be consolidated with, or related to, two actions currently pending before Judge Yvonne Gonzalez Rogers: *Pirozzi v. Apple Inc.*, No. 12-cv-01529-YGR, and *Hernandez v. Path, Inc.*, No. 12-cv-01515-YGR. Finally, Instagram's Motion to Sever is not premature, as the plain language of Rule 21 expressly permits the Court to sever a party "at any time." FED. R. CIV. P. 21.

Because Plaintiffs have failed to establish that joinder of Instagram is proper, Instagram respectfully requests that the Court sever Plaintiffs' claims against Instagram pursuant to Rule 21. In addition, severing the claims in this case will allow for consolidation or other form of coordination with the similar claims in *Gutierrez v. Instagram, Inc.*, No. 12-cv-06550-JST.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

INSTAGRAM'S REPLY I/S/O
MOTION TO SEVER
CASE NO. 13-CV-00453-JST

## II. ARGUMENT

### A. Instagram Is Not Properly Joined as a Defendant under Rule 20.

#### 1. Instagram alone designed and developed the Instagram App.

Plaintiffs appear to have abandoned an alleged RICO conspiracy as a basis for joinder,[1] and now argue that joinder is proper because Instagram and Apple are "joint tortfeasors" by virtue of "co-manufactur[ing]" the Instagram App. (Opp. at 2; *see also id*. at 3 n.3.) But nowhere in the SAC do Plaintiffs allege that Apple and Instagram worked together to "manufacture" the Instagram app. In fact, throughout the SAC Plaintiffs allege that Apple's conduct was distinct from the actions of the App Developer Defendants. (*See, e.g.*, SAC, ¶¶ 326–29 (asserting separate negligence claims against App Developer Defendants and Apple).) Plaintiffs correctly allege that the Instagram App was "authored" by Instagram alone. (*See id*. at ¶ 215.) Plaintiffs further allege that Apple "oversee[s] App content and functionality" and provided approval for the Instagram App to be sold in Apple's App Store (*id.* at ¶¶ 98, 109–16, 364), but these allegations fall short of rendering Instagram and Apple "joint tortfeasors" (Opp. at 9).

More importantly, Instagram's alleged business relationship with Apple provides no basis to join Instagram with 11 other defendants that developed and marketed their own distinct apps. (*See* Mot. at 6–7.) It is not enough to argue that each of the App Developer Defendants "are inseparably tied to Apple in the same way via the apps in suit" (Opp. at 3); as stated in Instagram's Motion, Apple is not a hub from which Plaintiffs can properly join 12 different App-Developer Defendants as spokes (*see* Mot. at 7).

#### 2. Plaintiffs' claims against Instagram do not arise out of the same transactions or occurrences as their claims against other defendants.

Similarly, Plaintiffs assert that their claims against Instagram "relate to and intertwine with" the claims against the other defendants because their individual apps were approved by Apple and sold through Apple's App Store. (*See* Opp. at 9.) In doing so, Plaintiffs advance an incredibly broad interpretation of Rule 20—that joinder is proper whenever plaintiffs allege

---

[1] (*See* Pltfs.' Response to Twitter's and Rovio's Rule 21 Motions to Sever (dkt. no. 194) at 18.)

Cooley LLP
Attorneys At Law
San Francisco

3.

Instagram's Reply i/s/o
Motion to Sever
Case No. 13-cv-00453-JST

injury by products sold through a common distributor. Under Plaintiffs' theory, it is immaterial that the products are unrelated, were developed and manufactured by different companies, and allegedly caused injuries to different people. Because this interpretation would lead to unwieldy mass-defendant litigation, the federal courts have repeatedly rejected this argument. (*See* Mot. at 6 (citing *EIT Holdings LLC v. Yelp!, Inc.*, No. 10-cv-05623-WHA, 2011 WL 2192820, at *1 (N.D. Cal. May 12, 2011); and *Wynn v. NBC, Inc.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002).)

Simply put, Plaintiffs' claims against Instagram and the factual allegations supporting those claims are specific *to Instagram*. (*See* Mot. at 5–7.) Generalized allegations of a common distribution platform do not establish that Plaintiffs' claims against Instagram arise out of the same transactions or occurrences as their allegations against the other App Developer Defendants. (*See id.* at 6 (citing *Kellogg v. California*, No. 10-cv-05802-SBA (PR), 2011 WL 768691, at *5 (N.D. Cal. Feb. 28, 2011); and *EIT Holdings*, 2011 WL 2192820, at *1–2).)  This alone merits severing Plaintiffs' claims against Instagram. (*See* Mot. at 7–8.)

**3.   There are no common questions of law or fact sufficient to justify joining Instagram with 11 different App Developer Defendants.**

According to Plaintiffs, Apple's approval of the defendants' apps and their distribution through Apple's App Store also satisfies the "commonality" requirement. (*See* Opp. at 9–10.) Not so. At the outset, Plaintiffs incorrectly state that joinder is proper if "[j]ust one common issue of fact or law" exists. (*Id*. at 10.) But Rule 20 imposes *two* requirements for joinder: (1) all claims arise out of the same transactions or occurrences, *and* (2) there are common questions of law or fact. *See San Francisco Tech., Inc. v. Adobe Sys. Inc.*, Nos. 10-cv-01652-RS, 09-cv-6083-RS, 2010 WL 1640397, at *1 (N.D. Cal. Apr. 19, 2010).

Even if Rule 20 required nothing more than commonality, the allegation that the defendants' apps were distributed through Apple's App Store would be insufficient. *See Wynn*, 234 F. Supp. 2d at 1081 ("[A]lleg[ing] claims against Defendants based on the same general theory of law . . . is not sufficient ground to find that their claims raise common legal or factual questions."). Plaintiffs do not (and cannot) dispute that each app is alleged to have its own unique

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

INSTAGRAM'S REPLY I/S/O
MOTION TO SEVER
CASE NO. 13-CV-00453-JST

1  sign-up process, menu screen, and set of disclosures.  (*See* SAC, ¶¶ 179–80, 206–08, 232, 247,
2  261–62.)  And the "page worth's of applicable common inquiries in this case" that Plaintiffs rely
3  on show only that each App Developer Defendant had its own business relationship with Apple.
4  (*See* Opp. at 9–10; SAC, ¶ 48.)  Those allegations do nothing to salve the intractable differences
5  in proof required to support Plaintiffs' claims against the various defendants.[2]  (*See* Transfer
6  Order at 7 ("[U]ltimate resolution of this case . . . will hinge on (1) what disclosures were made to
7  Plaintiffs, (2) what they agreed to, (3) what was done with their personal information, and how,
8  and (4) the legal ramifications, if any, of the foregoing."));  (*see also* Mot. at 8–9).

### 4. Joinder is inefficient and unfairly prejudices Instagram.

Plaintiffs are wrong in stating that severance would create an "unmanageable array of prohibitively-expensive, overlapping lawsuits that would necessarily require the Court and the parties to address identical issues over and over again." (Opp. at 3.)  Although properly severed cases may involve similar legal issues, Plaintiffs cannot argue their way out of the unavoidable differences in evidence relevant to their claims against Instagram as compared to the other 11 App Developer Defendants.  *See Slep-Tone Entm't Corp. v. Ellis Island Casino & Brewery*, No. 12-cv-00239, 2013 WL 530905, at *3 (D. Nev. Feb. 11, 2013) ("'[T]he mere fact that all claims arise under the same general law does not necessarily establish a common question of law or fact.'" (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997)).  For several reasons, severance of Plaintiffs' claims against Instagram would *simplify* this litigation.

First, severance would streamline motion practice by avoiding what Judge Sparks characterized as "the unremitting barrage of motions, responses, and replies" that resulted from all defendants filing their joint and individual responsive pleadings in a single action.  (Transfer Order at 1; *see also* Mot. at 9–10).

---

[2] Plaintiffs again overreach by arguing that "[s]everance of any developer, such as Instagram, from Apple would likely violate Rule 19's compulsory joinder rules."  (Opp. at 9 n.14.)  Even assuming, *arguendo*, that the few named plaintiffs with claims against Instagram would require Apple to be a party to obtain complete relief, this would not justify joining Plaintiffs' claims against the other defendants.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

INSTAGRAM'S REPLY I/S/O
MOTION TO SEVER
CASE NO. 13-CV-00453-JST

Second, severance would necessarily reduce the complexity of discovery by limiting the scope of discovery to Plaintiffs' claims against Instagram alone. *See EIT Holdings*, 2011 WL 2192820, at *1–2 (granting severance where factual differences between defendants would require "separate discovery, evidence, and proof").

Third, severance would be more efficient because the Court would not have to conduct a series of mini-trials to apply the law to the evidence relevant to each defendant's unique app. *See Wynn*, 234 F. Supp. 2d at 1089 (granting severance because "single trial would present the jury with the hopeless task of trying to discern who did and said what to whom and for what reason").

For all of these reasons, it is not severance, but joinder, that would be "unmanageable" and "prohibitively-expensive" (Opp. at 3).

### 5. Severing Plaintiffs' claims against Instagram will allow for coordination or consolidation with the closely related *Gutierrez* case.

Notably, Plaintiffs do not dispute that severance is appropriate because it will allow for coordination or consolidation of Plaintiffs' claims in this case with the claims against Instagram in *Gutierrez v. Instagram*, No. 12-cv-06550-JST. (*See* Mot. at 4–5.) As stated in Instagram's Motion, the *Opperman* Plaintiffs and Gutierrez each seek to represent a class of Instagram users and assert many of the same causes of action based on Instagram's alleged misuse of address-book information. (*Id.* at 4.) Nor do Plaintiffs dispute that it would be more efficient to litigate their and Gutierrez's claims against Instagram in a single coordinated or consolidated action.

### B. The Transfer Order Does Not Preclude Severance.

Plaintiffs' argument that the Transfer Order somehow precludes severance of Instagram based on the "law of the case" doctrine does not survive the slightest scrutiny. (*See* Opp. at 10.) The "law of the case" doctrine precludes a court only from "reconsidering an issue that has *already been decided* by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (emphasis added; internal quotations omitted). Judge Sparks never addressed—let alone decided—whether Instagram is properly joined as a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

INSTAGRAM'S REPLY I/S/O
MOTION TO SEVER
CASE NO. 13-CV-00453-JST

1 defendant. Rather, all that Judge Sparks decided was whether the action should be transferred to
2 this district pursuant to 28 U.S.C. § 1404(a). (*See* Transfer Order at 8.)

3       Moreover, the fact that Judge Sparks dismissed without prejudice *other* defendants'
4 motions to sever is immaterial to Instagram's motion. (*See* Opp. at 10.) A dismissal without
5 prejudice does not create "law of the case" and does not have preclusive effect. *Weinberg v.*
6 *Whatcom Cnty.*, 241 F.3d 746, 750 (9th Cir. 2001).

7       In short, it is a complete mischaracterization to assert that Judge Sparks already concluded
8 that severing Instagram would waste judicial resources and risk inconsistent rulings. Nothing in
9 the Transfer Order precludes Instagram from seeking severance via this Motion.

10       **C.    Instagram Is Not Judicially Estopped from Bringing Its Motion to Sever.**

11       Equally unfounded is Plaintiffs' argument that Instagram is judicially estopped from
12 bringing this motion based on the App Developer Defendants' joint Motion to Transfer (dkt.
13 no. 124). In the Ninth Circuit, courts will find judicial estoppel applicable when (1) "a party's
14 later position is clearly inconsistent with its original position," (2) "the party has successfully
15 persuaded the court of the earlier position," and (3) "allowing the inconsistent position would
16 allow the party to derive an unfair advantage or impose an unfair detriment on the opposing
17 party." *In re Hoopai*, 581 F.3d 1090, 1097 (9th Cir. 2009) (internal quotations omitted). None of
18 these factors support the application of judicial estoppel to preclude Instagram's Motion to Sever.

19       To start, Instagram has never previously asserted—much less persuaded any court—that
20 severing Plaintiffs' claims against it would be improper. In their Transfer Motion, the App
21 Developer Defendants argued that the action should be transferred because (among other reasons)
22 this district is familiar with Plaintiffs' claims and the applicable law based on the existence of two
23 pending cases against Apple and Path, Inc., respectively: *Pirozzi v. Apple Inc.*, No. 12-cv-01529-
24 YGR, and *Hernandez v. Path, Inc.*, No. 12-cv-01515-YGR. (*See* Mot. to Transfer at 16–17.)
25 Contrary to Plaintiffs mischaracterization (*see* Opp. at 10–11), the App Developer Defendants did
26 *not* argue for transfer on the basis that this case should be coordinated or consolidated with
27 *Pirozzi* and *Hernandez*. (*See* Mot. to Transfer at 16–17.) Indeed, Instagram has opposed Apple's
28 motion to relate this case to *Hernandez*. (*See* Case No. 12-cv-01515-YGR, dkt. no. 57.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

INSTAGRAM'S REPLY I/S/O
MOTION TO SEVER
CASE NO. 13-CV-00453-JST

Plaintiffs fare no better in asserting that the App Developer Defendants' joinder in Apple's motion to dismiss (dkt. no. 147) judicially estops Instagram from moving for severance. (*See* Opp. at 3–4, 9–10.) A fair reading of the Transfer Motion indicates, at most, that the App Developer Defendants incorporated by reference Apple's arguments (1) regarding its mandatory Northern California venue provision (*see* Mot. to Transfer at 1, 3); and (2) that this case should be transferred based in part on this Court's familiarity with the applicable law and claims against Apple and Path, Inc. in *Pirozzi* and *Hernandez*, respectively (*see id.* at 17). However, there is no statement, argument, or inference in the Transfer Motion that Instagram is now "taking the opposite side of . . . to seek severance." (Opp. at 3.)

In sum, the App Developer Defendants' Motion to Transfer provides no basis to apply judicial estoppel. Because this Motion and the Motion to Transfer address entirely distinct issues, Instagram is not taking a position that is "clearly inconsistent" with the Motion to Transfer and will not "derive an unfair advantage or impose an unfair detriment" by moving to sever. *In re Hoopai*, 581 F.3d at 1097.

### D. Instagram's Motion to Sever Is Not Premature.

Finally, the fact that discovery has not yet commenced is irrelevant to this Motion. (Opp. at 4.) Plaintiffs' argument that Instagram's motion is "premature" ignores the plain language of Rule 21: "the court may *at any time*, on just terms, add or drop a party." FED. R. CIV. P. 21 (emphasis added). Indeed, courts in this district routinely grant motions to sever before discovery has taken place. *See EIT Holdings*, 2011 WL 2192820, at *1–2 (granting severance before discovery where "[f]actual differences among the accused websites will require separate discovery"); *Hard Drive Prods. Inc., v. Does 1–58*, No. 11-cv-02537-LB, 2011 WL 3443548, at *4 (N.D. Cal. Aug. 15, 2011) (severing defendants prior to discovery); (*see also* Transfer Order at 2 n.1 (stating that motions to sever were "ripe" for adjudication)).[3]

---

[3] *Anticancer, Inc. v. Pfizer Inc.*, No. 11-cv-107-JLS (RBB), 2012 WL 1019796 (S.D. Cal. Mar. 26, 2012), does not support Plaintiffs' argument that Instagram's Motion is premature. (*See* Opp. at 4 n.6.) Unlike this case, the claims in *Anticancer* were not "so disparate that conducting discovery and litigating the claims together would lead to added difficulty or confusion," and "much of the same testimony and documentary evidence" would be relevant to all claims. 2012 WL 1019796, at *3.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

INSTAGRAM'S REPLY I/S/O
MOTION TO SEVER
CASE NO. 13-CV-00453-JST

Tellingly, Plaintiffs fail to state what facts discovery would uncover that would alter the Court's analysis. No amount of discovery would alter the fact that Plaintiffs have asserted an amalgam of claims against different defendants, who created different apps, which contain different consent procedures, and were downloaded by different users. As such, discovery would result only in needless delay and discovery-related costs. *See Bias v. Wells Fargo & Co.*, No. 12-cv-664-YGR, 2012 WL 2906664, at *1 (N.D. Cal. July 13, 2012) (court may sever to prevent "delay, expense, or other prejudice"). Instagram's Motion can and should be granted before this sprawling case proceeds any further.

### III. CONCLUSION

For the reasons herein, as well as those in Instagram's Motion to Sever, Instagram respectfully requests that the Court sever Plaintiffs' claims against Instagram pursuant to Rule 21.

Dated: March 29, 2013                COOLEY LLP

                                                 */s/ Mazda K. Antia*
                                                 Mazda K. Antia
                                                 Attorneys for INSTAGRAM, INC.

813914/SD

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

INSTAGRAM'S REPLY I/S/O
MOTION TO SEVER
CASE NO. 13-CV-00453-JST