TIMOTHY L. ALGER (SBN 160303)
TAlger@perkinscoie.com
JULIE E. SCHWARTZ (SBN 260624)
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

AMANDA J. BEANE (admitted *pro hac vice*)
ABeane@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>PATH, INC., *et al.*,<br><br>                    Defendants. | Case No. 3:13-CV-00453-JST<br><br>**TWITTER, INC.'S OPPOSITION TO ADMINISTRATIVE MOTION AND ORDER OF REFERRAL TO DETERMINE WHETHER *PIROZZI* AND *HERNANDEZ* CASES SHOULD BE RELATED TO THE *OPPERMAN* CASE**<br><br>[Submitted Pursuant to Order Setting Schedule, Dkt. No. 307, and Civil L.R. 3-12(e)] |

## I. INTRODUCTION

Pursuant to this Court's Order, [Dkt. 307], and Civil Local Rule 3-12(e), defendant Twitter, Inc. ("Twitter"), a non-party to the *Pirozzi* and *Hernandez* actions (previously related to each other), opposes relation of *Pirozzi* and *Hernandez* to *Opperman*, pursuant to Apple Inc.'s Administrative Motion to Consider Whether the Transferred *Opperman* Case Should Be Related ("Motion") [Dkt. 52], and in response to Judge Rodgers' Order of Referral to Determine Whether Cases Are Related, [Dkt. 306]. The *Opperman* action – and in particular the claims against Twitter – does not concern "substantially the same parties, property, transactions, or events" as the *Pirozzi* and *Hernandez* actions, and relating them to *Opperman* would increase the complexity in an already complicated case and create an unnecessary burden on the Court and the parties.

Apple, Inc. ("Apple") and Path, Inc. ("Path") are defendants in *Pirozzi* and *Hernandez*, respectively, as well as in *Opperman*. However, *Opperman* includes 14 additional defendants; 10 more services and mobile applications; allegations by 14 plaintiffs about their individual interactions with the additional defendants, services, and applications; and numerous causes of action not asserted in *Pirozzi* and *Hernandez*, including under the federal Computer Fraud and Abuse Act, the federal Wiretap Act, RICO, and for state invasion of privacy, theft, conversion, trespass to chattels, common law and trade secret misappropriation, and wiretapping.

While there might be some limited common questions of law in the three cases, the claims plaintiffs have brought against the defendants involve different facts, different discovery, a variety of theories of liability, and possibly different remedies. Indeed, in supporting Apple's Motion, Path highlighted how individualized the claims are: failure to relate will result in "wasteful duplication of fact discovery on the contacts allegations as they relate to the *Path App*, including: facts concerning *Path's* alleged collection of users' address book data; the technical means of collection of that information by the *Path App* from Apple devices; and any notifications or disclosures provided to *users of the Path App* running on Apple devices." (Path Response at 3, [Dkt. 53], Case No. 12-cv-1515 (YGR) (N.D. Cal. Feb. 15, 2012) (emphasis added).) These matters do not involve Twitter or other defendants, and drawing the *Pirozzi* and *Hernandez* matters into the *Opperman* action makes no sense.

1

TWITTER'S OPP. TO ADMIN. MTN. & ORDER OF REFERRAL
TO CONSIDER WHETHER PIROZZI & HERNANDEZ CASES
SHOULD BE RELATED TO THE OPPERMAN CASE
CASE NO. 3:13-CV-00453-JST

The convenience of two defendants, one of which (Path) has briefed a motion to dismiss and now answered a Second Amended Complaint in *Hernandez,* and the other (Apple) which has already obtained a dismissal in *Pirozzi* and has a new motion to dismiss pending, cannot overcome the prejudice that Twitter and other defendants would face if the cases are related. Twitter therefore requests that the Court deny the Motion and decline to relate the cases.

## II. BACKGROUND

The *Opperman* action, recently transferred to this Court from the Western District of Texas [Dkt. 218], is currently on its Second Amended Complaint ("SAC") [Dkt. 103], after the first two complaints were summarily dismissed by Judge Sam Sparks as violating Rule 8(a)(2) of the Federal Rules of Civil Procedure. [Dkt. 99 (Aug. 23, 2012 Order).] The SAC is 83 pages (439 paragraphs) long, containing allegations by 14 plaintiffs against 16 defendants.

Except for Apple, each *Opperman* defendant is alleged to be, or own, a developer that makes an app for use on mobile Apple devices known as iPads, iPhones, and iPod Touches (collectively, "Apple Devices"). (SAC ¶¶ 1-2.) Plaintiffs allege each app "stole" their "address books" by "surreptitiously initiating unnoticeable Internet calls with Plaintiffs' [Apple Devices]." (SAC ¶¶ 2, 56-57.) Plaintiffs allege that the defendants violated the law by not obtaining express consent before their apps uploaded data from users' address books to defendants' computer servers. Twitter, however, has a consent process in which a user asks Twitter to determine whether his contacts are also Twitter users. (SAC ¶¶ 232-33.) Twitter makes disclosures about this review in its Terms of Service. (*See* Declaration of Sung Hu Kim ("Kim Decl."), attached as Exhibit A to the Declaration of Timothy L. Alger, ¶¶ 9, 11, Exs. D-I, K-O, [Dkt. 237].)

The mere seven paragraphs that the *Opperman* plaintiffs commit to allegations against Twitter describe a service, feature, and consent process that is different from any other defendant. Plaintiffs allege they signed up for Twitter's service and later used a feature that allowed them to "Find Your Friends." (SAC ¶¶ 232-34.) They elected to use this feature, and Twitter told them before they did so that it would scan their "address book data." (SAC ¶¶ 232, 237.) Plaintiffs do not mention that Twitter's Terms of Service inform users that it will scan their contacts to help them find their friends among Twitter's users. (Kim Decl., ¶¶ 9, 11, Exs. D-I, K-O [Dkt. 237].)

The *Opperman* plaintiffs allege that other app developers did not ask for consent before reviewing a user's address book and did not disclose this review in their terms of service. (SAC ¶¶ 177-80, 198-99, 206-07, 217-18, 226-27, 238, 247, 261.) Even where the plaintiffs do allege a different defendant obtained consent, the language and process differ from Twitter's. The *Opperman* plaintiffs attempt to tie all defendants together in a supposed racketeering "enterprise" and a "conspiracy" to make money illegally (SAC ¶ 363), but their allegations are conclusory at best and fail to meet even the most basic pleading standards for RICO.

*Pirozzi* is a putative class action against Apple only. *Pirozzi, et al. v. Apple, Inc.*, Case No. 12-CV-01529 YGR (N.D. Cal.). It alleges violations of Cal. Bus. & Prof. Code §§ 17200, *et seq*. 17500, *et seq*., and 1750, *et seq*., and claims for unjust enrichment and negligence arising out of Apple's representations to its customers. Apple has moved to dismiss the Second Amended Complaint and Plaintiffs have responded.

*Hernandez* is a putative class action against only Path. *Hernandez, et al. v. Path, Inc.*, Case No. 12-cv-1515 (YGR) (N.D. Cal.). It alleges violations of Cal. Penal Code § 502, Cal. Bus. & Prof. Code § 17200, *et seq*., and claims for negligence and unjust enrichment, arising out of Path's conduct and representations. Path has answered the Second Amended Complaint.

### III.    ARGUMENT

**A.    The *Opperman* Matter is Not Substantially the Same as *Hernandez* and *Pirozzi*—It Includes Numerous Additional Parties and Arises from Separate Transactions and Events Unrelated to the Allegations and Claims Against Only Apple and Path**

Civil Local Rule 3-12(a) first requires that, to relate cases, they "concern substantially the same parties, property, transaction, or event." By its plain language, this requires *substantial* similarity, which requires virtually identical parties and claims and allows for only immaterial differences. *See McGee v. Ross Stores, Inc.*, 2007 WL 2900507, at *1-2 (N.D. Cal. Oct. 1, 2007) (relating cases where the sole defendant in both actions was the same and the plaintiffs (although different people) brought the same claims on behalf of the same class seeking the same damages); *In re Leapfrog Enterprises, Inc. Securities Litigation*, 2005 WL 5327777, at *1 (N.D. Cal. July 5, 2005) (relating cases where the amended complaint "completely overlapped" with an existing

-3-

TWITTER'S OPP. TO ADMIN. MTN. & ORDER OF REFERRAL
TO CONSIDER WHETHER PIROZZI & HERNANDEZ CASES
SHOULD BE RELATED TO THE OPPERMAN CASE
CASE NO. 3:13-CV-00453-JST

matter, named the same defendants, made similar factual allegations, sought redress for the same subsections of law, and proposed a class period that encompassed that in the other matter); *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, 2003 WL 22397598, at *5 (N.D. Cal. Oct. 14, 2003) (holding cases related where the complaints were only "immaterially different" than another matter and "nearly all the claims were copied verbatim").[1]

The only overlap in claims among *Opperman* and the previously related *Hernandez* and *Pirozzi* matters are the allegations and causes of action against Apple and Path, which have already been briefed or answered. Otherwise, the matters are substantially *not* the same. *Opperman* does not involve the same parties—it lumps together 14 additional defendants and services, and ten more apps. The *Opperman* complaint also does not involve the same events. It asserts that defendants engaged in similar and parallel conduct, and it tries to tie all defendants together by alleging that the apps at issue were distributed by Apple. But the alleged *wrongdoing* (the alleged uploading of address book information without consent) involves individual interactions between each plaintiff and the various separate services and apps they used.

These matters are so different, and the *Opperman* complaint sweeps in such disparate parties and events, that Apple's Motion to Relate should be denied and Twitter's pending Motion to Sever, [Dkt. No. 236], should be granted. *See EIT Holdings, Inc. v. Yelp!, Inc.*, 2011 WL 2192820, at *1-2 (N.D. Cal. May 12, 2011) (severing defendants, finding that the resulting separate cases would not be related under Local Civil Rule 3-12, and holding that, even though defendants engaged in similar activity, they had been "thrown into a mass pit with others to suit plaintiff's convenience" where proving patent infringement would be specific to each defendant and its website, and defenses, damages, and discovery would vary by defendant).

---

[1] The *Ervin* case cited by Apple does not stretch Local Rule 3-12(a) as broadly as Apple suggests—there, a single plaintiff first sued his insurance company, and then sued the court staff because of that case's outcome, and then sued the same parties in a third matter. *See Ervin v. Judicial Council of California*, 2007 WL 1489165, at * (N.D. Cal. May 18, 2007). That is a far cry from *Opperman*'s relationship (or lack thereof) to *Hernandez* and *Pirozzi*.

-4-

TWITTER'S OPP. TO ADMIN. MTN. & ORDER OF REFERRAL
TO CONSIDER WHETHER PIROZZI & HERNANDEZ CASES
SHOULD BE RELATED TO THE OPPERMAN CASE
CASE NO. 3:13-CV-00453-JST

B. **Relating *Opperman*, Which is Already Unmanageable, to *Hernandez* and *Pirozzi* Will Create Wasteful, Inefficient, and Burdensome Litigation**

The second prong of Local Rule 3-12(a) also is not met here. The rule requires that "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Relating these cases would add additional complexity to a case that already involves 14 additional defendants, each with separate services, apps, documents, and witnesses, and that is in an entirely different procedural posture. Apple has been dismissed from *Pirozzi* once and, although a second amended complaint has been filed, Apple has moved to dismiss and may soon find that it is only a defendant in *Opperman*. Path is but one of the numerous app developer defendants in *Opperman*, and the *Hernandez* case is much further along, procedurally, than *Opperman*. Relating the matters, especially where the issues differ among the cases and the defendants, will increase the burden on the Court and all parties. *Cf. Hard Drive Productions, Inc. v. Does 1-58*, 2011 WL 3443458, at *4 (N.D. Cal. Aug. 15, 2011) (rejecting joinder of defendants, even where they allegedly engaged in similar and parallel behavior, because of their differing defenses).

Twitter's unique service, app, consent process, and defenses differentiate it from Apple, Path, and the other defendants, and Twitter would be prejudiced by having to defend itself in an unnecessarily complex case where such questions as user consent (an individualized question) involve a variety of facts and will necessarily predominate – and will separately determine the outcome of the case against Twitter. *Cf. Tompkins v. Able Planet, Inc.,* 2011 WL 7718756, at *2 (E.D. Tex. Feb. 17, 2011) (severance was necessary for "fundamental fairness, to ease the logistical challenges of trying all Plaintiff's claims together, and to promote judicial economy").

## IV.   CONCLUSION

For these reasons, Twitter respectfully requests that the Court decline to relate the *Hernandez* and *Pirozzi* cases to the *Opperman* case.

-5-

TWITTER'S OPP. TO ADMIN. MTN. & ORDER OF REFERRAL
TO CONSIDER WHETHER PIROZZI & HERNANDEZ CASES
SHOULD BE RELATED TO THE OPPERMAN CASE
CASE NO. 3:13-CV-00453-JST

1  DATED: April 16, 2013              **PERKINS COIE LLP**

2                                      <u>s/ Timothy L. Alger</u>
3                                      Timothy L. Alger

4                                      *Attorneys for Defendant Twitter, Inc.*