GARDY & NOTIS, LLP
JENNIFER SARNELLI (242510)
jsarnelli@gardylaw.com
KIRA GERMAN (*pro hac vice*)
kgerman@gardylaw.com
501 Fifth Avenue, Suite 1408
New York, NY 10017
Telephone: 212.905.0509
Facsimile: 212.905.0508

*Counsel for Maria Pirozzi*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OSCAR HERNANDEZ, individually and on behalf of all others similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PATH, INC.,<br><br>Defendant. | Case No.: 12-cv-01515 YGR<br><br>**MARIA PIROZZI'S OPPOSITION TO *SUA SPONTE* JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |
| MARIA PIROZZI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.: 12-cv-01529 YGR<br><br>**MARIA PIROZZI'S OPPOSITION TO *SUA SPONTE* JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

[additional caption on next page]

MARIA PIROZZI'S OPPOSITION TO *SUA SPONTE* MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MARC OPPERMAN, et al., for themselves and all others similarly situated individuals,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PATH, INC. et al.,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 12-cv-00453 JST<br><br>**MARIA PIROZZI'S OPPOSITION TO *SUA SPONTE* JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**<br><br>Judge: Hon. Jon S. Tigar |

Pursuant to Civil Local Rule 3-12(c), Maria Pirozzi ("Pirozzi"), a plaintiff in *Pirozzi v. Apple Inc.*, 4:12-cv-01529-YGR (N.D. Cal.) (the "*Pirozzi* Action"), opposes relation of the *Pirozzi* Action with *Opperman v. Path*, No. 4:13-cv-00453-JST (N.D. Cal.) (the "*Opperman* Action").[1] As provided further below, the *Pirozzi* Action is not appropriate for relation with the *Opperman* Action because the two actions do not have any common claims and, except for Apple Inc. ("Apple"), defendants in the *Opperman* Action are not common with the *Pirozzi* Action. Furthermore, given the fact that the *Pirozzi* Action is now further along than the *Opperman* Action, judicial economy will not be served by relating the actions.

Judge Gonzalez Rogers is familiar with the *Pirozzi* Action having met with counsel for the parties for an initial scheduling conference[2] and issuing and opinion and order granting Apple's first motion to dismiss with leave to amend. In accordance with the Court's Order, Pirozzi filed her Second Amended Class Action Complaint (the "SAC")[3] on January 22, 2013. Apple filed a motion to dismiss the SAC which has been fully briefed and a hearing on the motion to dismiss is set for May 7, 2013. *See* D.I. 31 and 38. The *Hernandez* Action is even further along, with the parties beginning to brief class certification.[4] Given the significant progress that has taken place in the two related cases, and for the reasons set out below, Pirozzi respectfully requests that the Court not relate the *Pirozzi* and *Hernandez* Actions with the *Opperman* Action.

---

[1] The *Pirozzi* Action was related to *Hernandez v. Path, Inc.*, 4:12-cv-01515-YGR (N.D. Cal.) (the "*Hernandez* Action") in July 2012. Pirozzi did not oppose the relation of the actions, but has consistently opposed consolidation or coordination of the Actions, which involve different defendants.

[2] *See* docket index in the *Pirozzi* Action ("D.I.") 39.

[3] The SAC is D.I. 29 in the *Pirozzi* Action. Unless otherwise indicated, all citations to "¶__" refers to the SAC.

[4] *See* docket index 51, 62 in the *Hernandez* Action.

1
MARIA PIROZZI'S OPPOSITION TO *SUA SPONTE* JUDICIAL REFERRAL TO CONSIDER WHETHER CASES SHOULD BE RELATED.

# STATEMENT OF FACTS

### A. The *Pirozzi* Action

Maria Pirozzi brought an action on behalf of herself and other purchasers of the iPhone, iPod touch and/or iPad mobile devices (collectively, the "Apple Device")[5] who downloaded mobile software applications ("apps") from Apple through an Apple-controlled digital distribution platform that makes software available to the Apple Devices – the App Store. Pirozzi alleges that she, and other consumers, were mislead into believing that Apple designed Apple Devices to be secure, when in actuality apps operating on these devices can download private user data without the user's consent. *See* SAC ¶¶9, 61, 81-84. Pirozzi alleges that she and other purchasers would not have purchased Apple Devices and/or would not have paid as much for the devices if they knew the true nature of the Apple Devices. As a result, Pirozzi alleges that Apple (1) violated the Consumers Legal Remedies Act (Cal. Civ. Code §1750, *et seq.*); (2) violated the False and Misleading Advertising Act (Cal. Bus. & Prof. Code §17500, *et seq.*); (3) violated the Unfair Competition Law (Cal. Bus. & Prof. Code §17200, *et seq.*); (4) made negligent misrepresentations; and (5) was unjustly enriched thereby. With respect to Pirozzi's unjust enrichment claim, the SAC sets out that Apple has been enriched as a result of its misrepresentations concerning Apple Devices because its revenue is based on consumer demand for its Apple Devices. ¶¶27, 38-40, 43-45, 124. In turn, the popularity of Apple Devices depends on the availability of third-party apps and, had Apple disclosed the true nature of the Apple Devices, consumers would not have purchased Apple Devices or would have paid less for these devices. ¶¶10, 84, 123-126.

As provided above, significant developments have occurred in the *Pirozzi* Action with Judge Gonzalez Rogers having considered one substantive motion to dismiss and a second motion to dismiss is fully briefed, with a hearing scheduled for May 7, 2013.

---

[5] Pirozzi seeks to represent a class consisting of all persons who purchased an Apple Device between June 15, 2010 and the present and who downloaded apps on these devices. ¶14.

B.    **The *Opperman* Action**

In contrast to the *Pirozzi* Action, which involves claims against Apple only, the *Opperman* Action involves claims by fourteen plaintiffs against fourteen additional defendants.[6] The *Opperman* Action seeks relief on behalf of a class[7] based on 16 separate causes of action *none* of which it shares in common with the *Pirozzi* Action[8] and include: (1) Invasion of Privacy; (2) Common Law Misappropriation; (3) Conversion; (4) Trespass to Personal Property and/or Chattels; (5) Misappropriation of Trade Secrets and Propriety Information; (6) Negligence; (7) Interception of Electronic Communication Under the Electronic Communication Privacy Act; (8) Fraud in Connection with Computers under 18 U.S.C. §1030(G); (9) claims under Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §1961-1964, (including predicate acts of wire fraud and transportation of stolen property); (10) Theft of Property (Tex. Penal Code §31.03); (11) violation of the Texas Theft Liability Act (Tex Civ. P & Rem. Code §134.001); (12) violation of California Penal Code §502; (13) violation of the Texas Wiretap Acts; (14) violation of California Penal Code §630; (15) Aiding and Abetting; and (16) Unjust Enrichment.

---

[6]  In addition to Apple, plaintiffs in the *Opperman* Action bring claims against manufacturers of certain malicious apps: (1) Burbn, Inc., (2) Chillingo Ltd., (3) Electronic Arts Inc., (4) Facebook, Inc., (5) Foodspotting, Inc., (6) Foursquare Labs, Inc. (7) Gowalla Incorporated, (8) Hipster, Inc., (9) Instagram, Inc., (10) Kik Interactive, Inc., (11) Path, Inc., (12) Rovio Mobile Oy, (13) Twitter, Inc., (14) Yelp! Inc. and (15) ZeptoLab UK Limited. *See* complaint in the *Opperman* Action, docket 103 ("*Opperman* Action complaint").

[7]  The *Opperman* Action defines the proposed class as "Plaintiffs and all owners of iDevices who obtained Apps from Apple's App Store that without requesting the iDevice owner's prior consent initiated an unauthorized iDevice call following which the owner's address book materials were copied, uploaded, transmitted, and/or disclosed to others and/or remotely stored and/or otherwise remotely used by others, including any of the following Apps: *Angry Birds Classic, Crystal, Cut the Rope, Foursquare, Foodspotting, Gowalla, Hipster, Kik Messenger, Instagram, Path, Twitter*, or *Yelp!* (the "Class") and who were damaged thereby." *Opperman* Action complaint (D.I. 103) at ¶46.

[8]  While both *Pirozzi* Action and the *Opperman* Action allege that Apple was unjustly enriched, the two claims are different. Pirozzi's theory of unjust enrichment arises out allegations that she and members of the Class overpaid for the Apple Devices. *See* ¶¶123-126. In contrast, the *Opperman* plaintiffs' theory of unjust enrichment arises out of benefit derived from acquisition of purchasers' private information and distribution and/or sale of the malicious apps. *See Opperman* Action complaint ¶¶417-422.

3

The *Opperman* Action also seeks the imposition of a constructive trust as well as declaratory judgment.

## ARGUMENT

### A. Local Civil Rule 3-12(a) Does Not Require the Two Cases to Be Consolidated

Local Civil Rule 3-12(a) provides that actions are related when "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." While the *Opperman* and *Pirozzi* Actions pertain to the same general subject matter – collection of consumer data through software applications – these cases otherwise are not suitable for coordination or consolidation. *See e.g., Hodges v. Akeena Solar, Inc.*, Nos. CV 09-2147 JW, 10-2735 JF, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) (finding that two actions are not related where claims, named defendants and procedural postures of the actions differed).

Except for Apple, the *Opperman* and *Pirozzi* Actions do not share any other common defendants and do not have a single common cause of action or theory of recovery. While the *Pirozzi* Action seeks to hold Apple accountable for its misleading representations to consumers regarding the Apple Devices, the *Opperman* Action seeks to hold Apple and various app manufacturers responsible for improper data collection. Indeed, the only conceivable common claim – unjust enrichment – involves different basis for relief because Pirozzi's theory of unjust enrichment arises out of allegations that she and members of the Class overpaid for the Apple Devices, while *Opperman* plaintiffs' theory of unjust enrichment arises out of the benefit derived from acquisition of private information as well as the "distribution and/or sales of the non-conforming malicious [a]pps…." *Compare* ¶¶123-126 with *Opperman* Action complaint ¶¶417-422. In addition, the two actions seek to represent different classes as Pirozzi seeks to represent a class of those individuals who overpaid for their Apple Device, while the *Opperman* Action seeks to represent those individuals who were harmed by unauthorized data collection.

4

MARIA PIROZZI'S OPPOSITION TO *SUA SPONTE* JUDICIAL REFERRAL TO CONSIDER WHETHER CASES SHOULD BE RELATED.

### B. Judicial Economy Does Not Mandate Relation of *Opperman*

Similarly, judicial economy does not mandate relation before this Court because the *Pirozzi* Action is now further along than the *Opperman* Action. Judge Gonzalez Rogers has already made a substantive ruling on Apple's motion to dismiss Pirozzi's First Amended Class Action Complaint. *See* D.I. 28. The parties in the *Pirozzi* Action have fully briefed papers in connection with Apple's motion to dismiss the SAC. Relating the *Pirozzi* Action with *Opperman* Action before a different judge during this phase of the litigation risks conflicting results since Judge Gonzalez Rogers has already set out her views of Pirozzi's claims in her order (D.I. 28). If Pirozzi's claims withstand Apple's motion to dismiss, Pirozzi is prepared to immediately commence discovery.[9]

Nor will prosecution of actions before different judges likely to lead to burdensome duplication of labor because the two actions contain different claims, a vast majority of different defendants, and theories of recovery – the *Pirozzi* Action arises out of misrepresentation while the *Opperman* Action arises out of misappropriation. As a result of these differences, the two actions are not appropriate for coordination and will need to engage in different fact discovery and timing. Indeed, given that no court has yet to address the various substantive motions filed by defendants in the *Opperman* Action, the *Opperman* and *Pirozzi* Actions will have to proceed on different tracks even if related before the same judge. As a result, judicial economy does not call for these actions to be related in this Court.

DATED: April 16, 2013

Respectfully submitted,

*/s/ Jennifer Sarnelli*

GARDY & NOTIS, LLP
JENNIFER SARNELLI (242510)

---

[9] In contrast, there appears to be uncertainty whether the parties in the *Opperman* Action will be required to re-brief their motion to dismiss papers and oppositions and no hearing date has yet been set. *See Opperman* D.I. 273. In any case, no judge has yet to address defendants' in the *Opperman* Action various motions to dismiss and sever.

5
MARIA PIROZZI'S OPPOSITION TO *SUA SPONTE* JUDICIAL REFERRAL TO CONSIDER WHETHER CASES SHOULD BE RELATED.

jsarnelli@gardylaw.com
KIRA GERMAN (*pro hac vice*)
kgerman@gardylaw.com
501 Fifth Avenue, Suite 1408
New York, NY 10017
Telephone: 212.905.0509
Facsimile: 212.905.0508

*Counsel for Maria Pirozzi*

MARIA PIROZZI'S OPPOSITION TO *SUA SPONTE* JUDICIAL REFERRAL TO CONSIDER WHETHER CASES SHOULD BE RELATED.

# DECLARATION OF SERVICE

I, Jennifer Sarnelli, declare as follows:

I am over the age of eighteen years and am not a party to this action. My business address is 501 Fifth Avenue, Suite 1408, New York, NY 10017. On April 16, 2013, I served the within **MARIA PIROZZI'S OPPOSITION TO *SUA SPONTE* JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP** to all named counsel of record in *Hernandez v. Path, Inc.*, 4:12-cv-01515-YGR (N.D. Cal.), *Pirozzi v. Apple Inc*., 4:12-cv-01529-YGR (N.D. Cal.), and *Opperman v. Path*, No. 4:13-cv-00453-JST (N.D. Cal.) as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on April 16, 2013. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Jennifer Sarnelli*
JENNIFER SARNELLI