COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

COOLEY LLP
MAZDA K. ANTIA (214963) (mantia@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for INSTAGRAM, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>PATH, INC., et al.,<br><br>    Defendants | Case No. 13-cv-00453-JST<br><br>**DEFENDANT INSTAGRAM, LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12 & 7-11)**<br><br>This Document Relates to Case No. 13-cv-00453-JST Only |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 13-CV-00453-JST

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Instagram, LLC ("Instagram"), by and through its undersigned counsel, hereby submits this administrative motion seeking an order relating the putative class action captioned *Gutierrez v. Instagram, Inc.*,[1] Case No. 12-cv-06550-JST ("*Gutierrez*"), to the earlier-filed putative class action *Opperman v. Path, Inc. et al.*, Case No. 13-cv-00453-JST ("*Opperman*"), pursuant to Civil Local Rules 3-12 and 7-11, and the Court's May 17, 2013 Case Management Order ("Order"). For the Court's convenience, the *Opperman* Second Amended Class Action Complaint is attached as Exhibit A to the Declaration of Mazda K. Antia i/s/o Instagram LLC's Administrative Motion to Consider Whether the Cases Should Be Related ("Antia Decl."), and the *Gutierrez* First Amended Class Action Complaint is attached as Exhibit B to the Antia Decl.

## I.  INTRODUCTION

Instagram develops and markets a popular photo-sharing social-media application (the "Instagram App") for mobile devices. On March 12, 2012, plaintiffs in *Opperman* filed a putative class action complaint alleging a nationwide class of mobile device users who downloaded certain applications ("app(s)"), including the Instagram App. The *Opperman* plaintiffs allege that after installation and sign-in, the Instagram App unlawfully accessed data in their devices' address book. Plaintiffs seek to certify a class of all persons who downloaded the Instagram App (among others) to their Apple device. On May 3, 2013 plaintiffs in *Gutierrez* filed a First Amended Class Action Complaint against Instagram, alleging similar improper accessing of address book data stored in plaintiffs' mobile devices. The *Gutierrez* plaintiffs also seek certification of a similar nationwide class of mobile device users who downloaded the Instagram App from October 2010 to February 28, 2012. Pursuant to the Court's May 17, 2013 Order, Instagram is filing this administrative motion to relate the *Gutierrez* and *Opperman* actions, which concern substantially the same parties, transactions, and events, and pose the

---

[1] On August 31, 2012 Instagram, Inc. ceased to exist in connection with Facebook, Inc.'s acquisition of the company. Instagram now does business as Instagram, LLC. (*See* Dkt. No. 119.)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 13-CV-00453-JST

potential for unduly burdensome duplication of labor and expense if the cases are not related.[2] Specifically, both actions: (1) arise from the same core allegation that the Instagram App misappropriated users' contact data from their mobile devices' address book; (2) seek certification of overlapping classes; and (3) allege overlapping legal claims. Thus, judicial economy and the Civil Local Rules dictate that the two cases should be related. Defendant has contacted counsel for plaintiffs in *Gutierrez*, as well as counsel for plaintiffs and counsel for its co-defendants in *Opperman*. Counsel for the *Gutierrez* and *Opperman* plaintiffs have agreed that *Gutierrez* should be related to *Opperman*. *See* Antia Decl. ¶ 3. Counsel for the defendants in *Opperman* have not expressed any opposition to relation. *Id*.

## II.   THE *OPPERMAN* AND *GUTIERREZ* ACTIONS SHOULD BE RELATED

Under Civil Local Rule 3-12, actions are related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." All of these factors are met here.

***Same parties:*** Instagram is a named defendant in both the *Opperman*[3] and *Gutierrez* actions. The named plaintiffs seek to represent similar putative classes of Instagram users who allegedly downloaded the Instagram App to their mobile phones. Specifically, plaintiffs in *Opperman* propose a class of all persons who downloaded the Instagram App (among others) to their Apple device. (Ex. A, ¶ 46.) Similarly, plaintiffs in *Gutierrez* propose a class of all persons in the United States who downloaded the Instagram App to their mobile computing device. (Ex. B, ¶ 109.)

***Same "transaction" or "event" at issue:*** The *Opperman* and *Gutierrez* actions each arise out of Instagram's alleged download, copying, and transmission of users' contact address book information from users' mobile phones, without notice or consent. (Ex. A ¶¶ 2, 5, 215-224; Ex. B ¶¶ 3-4, 16-23). Both allege that they downloaded the Instagram App through the App Store

---

[2] Instagram believes the cases are not only related, but that they should also be consolidated and will be prepared to address this issue if the Court relates the cases and/or at the June 21, 2013 Case Management Conference.

[3] *Opperman* also names Apple, Inc., and Facebook, Inc. as defendants.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 13-CV-00453-JST

operated by Apple, Inc. ("Apple") and that Apple made representations that it would protect their personal information from misuse. (Ex. A ¶¶ 1, 3; Ex. B ¶¶ 52-53). Both actions allege that the relevant downloads occurred prior to February 2012. (Ex. A ¶ 1; Ex. B ¶ 39). Moreover, both actions also allege the following overlapping federal and state causes of action: invasion of privacy (Ex. A ¶¶ 202-212; Ex. B ¶¶ 293-297); conversion (Ex. A ¶¶ 305-308; Ex. B ¶¶ 196-201); trespass to property/chattels (Ex. A ¶¶ 152-171; Ex. B ¶¶ 309-313); unjust enrichment (Ex. A ¶¶ 417-422; Ex. B ¶¶ 213-227); the Computer Fraud and Abuse Act 18 U.S.C. § 1030 (Ex. A ¶¶ 344-354; Ex. B ¶¶ 120-130); and California Penal Code § 502 (Ex. A ¶¶ 379-390; Ex. B ¶¶ 131-151). Further, both actions raise similar questions of law, including whether plaintiffs suffered a concrete and particularized injury as required by Article III and certain of plaintiffs' claims; and whether the claims can be proven through common proof, or will raise individualized issues that will prevent certification of the class.

*Potential for duplication of labor and conflicting results:* If the *Opperman* and *Gutierrez* actions are not related and are instead conducted separately, the actions will potentially result in unduly burdensome duplication of labor, cause Instagram great expense, and waste judicial resources. For instance, two separate, unrelated actions would resolve the same or similar issues relating to the putative class actions, discovery, class certification, dispositive motions, and trial, but without any coordination between those endeavors. In contrast, if *Gutierrez* is related to the *Opperman* action, the Court can coordinate motions, briefing schedules, case management hearings, and discovery between the actions. This more efficient approach is apparently envisioned by the Court itself, as its May 17, 2013 Order directs the parties in *Opperman*, and the parties in the two other actions already related to it, to meet and confer and attempt to reach consensus on these issues. (*See Opperman* Dkt No. 327 at p.3-4.) The *Gutierrez* action would benefit from similar synchronization, and thereby preserve both Court and party resources.

/ / /

/ / /

/ / /

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 13-CV-00453-JST

### III. CONCLUSION

For these reasons, Instagram respectfully requests that the Court grant this unopposed administrative motion and order that the *Gutierrez* action be related to the *Opperman* action.

Dated: May 29, 2013  COOLEY LLP

*/s/ Mazda K. Antia*
Mazda K. Antia

Attorney for Defendant INSTAGRAM, LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 13-CV-00453-JST