**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MARC OPPERMAN, et al.,

Plaintiffs,

v.

PATH, INC., et al.,

Defendants.

Case No.: 13-cv-00453-JST

CLASS ACTION

**JOINT CASE MANAGEMENT STATEMENT**

**THIS DOCUMENT RELATES TO ALL CASES:**

*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST
*Pirozzi v. Apple, Inc.*, No. 12-cv-1529-JST
*Gutierrez v. Instagram, Inc.*, No. 12-cv-6550-JST

DATE: August 1, 2013
TIME: 10:00 a.m.
COURTROOM: 9
JUDGE: Hon. Jon S. Tigar

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Court's docket entry Order dated July 1, 2013 (*Opperman* Dkt. No. 345), the undersigned counsel for Plaintiffs and Defendants in the above-captioned Related Actions hereby submit this Joint Case Management Statement. In addition, pursuant to this Court's instruction during the June 21, 2013 Case Management Conference, the Parties may appear for the August 1, 2013 Case Management Conference and all future Case Management Conferences telephonically without additional leave of Court.

## I. BRIEFING SCHEDULE AND PAGE LIMITS

### A. <u>The Parties' Position on Briefing Schedule for Responding to Plaintiffs' Consolidated Amended Complaint</u>

The Parties propose the following alteration to Civil Local Rule 7-3: (a) the time to respond to Plaintiffs' consolidated amended complaint will be extended to 45 days from filing and service; (b) the time to oppose any motion to dismiss the consolidated amended complaint will be extended to 45 days from filing and service; and (c) the time to file a reply to any motion to dismiss the consolidated amended complaint will be extended to 30 days from filing and service. Because Defendants have not provided Plaintiffs with proposed page limits for their respective motions, Plaintiffs cannot provide the Court with proposed page limits, but request any page limits be commensurate with Defendants'.

### B. <u>Defendants' Position on Revised Page Limits for Responding to Plaintiffs' Consolidated Amended Complaint</u>

Without knowing what claims Plaintiffs intend to assert in their Consolidated Amended Complaint or the identities of the Defendants against whom those claims are asserted, Defendants are unable to estimate page limits for consolidated briefing on motions to dismiss. Upon being served with the Consolidated Amended Complaint, Defendants will meet and confer with Plaintiffs to attempt to agree on proposed page limitations with the objective of submitting a stipulation to the Court. If the parties are unable to reach agreement on page limits within seven days of the filing of the Consolidated Amended Complaint, Defendants will file a

miscellaneous administrative request to set briefing page limits. Defendants anticipate the following defendants (the "Application Developer Defendants") will file a consolidated brief in support of their motions to dismiss: Gowalla, Inc., ZeptoLab UK Limited, Path, Inc., Twitter, Inc., Instagram, Inc., Kik Interactive, Inc., Foursquare Labs, Inc., Electronic Arts, Inc., Chillingo, Inc., Rovio Entertainment Ltd., Foodspotting, and Yelp!. Several Defendants, including Electronic Arts, Chillingo, ZeptoLab, Rovio, and Gowalla, also anticipate filing a joint supplemental brief that seeks dismissal on the ground that plaintiffs consented to any alleged accessing of their address book data. To the extent Apple remains a defendant in the case, it anticipates filing a separate brief to address allegations that are unique to it. To the extent the Consolidated Amended Complaint continues to assert successor-liability and/or aiding-and-abetting theories of liability against Facebook, Facebook will submit a separate brief addressing those allegations. In addition, Kik Interactive, Inc. anticipates filing a motion to dismiss for lack of personal jurisdiction.

## II. LEADERSHIP PROPOSALS

### A. Plaintiffs' Position

Counsel for Plaintiffs in each of the above-captioned Related Actions have agreed to coordinate their efforts under a unified leadership structure in order to efficiently prosecute the Related Actions. Plaintiffs submitted a proposed stipulation to the Court on July 25, 2013 (*Opperman* Dkt. No. 352) with said proposed leadership structure.

### B. Defendants' Positions

The Application Developer Defendants (all of whom are parties to the *Opperman* matter) do not believe there is need for the appointment of lead defense counsel. Defense counsel have been working together effectively for over sixteen months without a designated leader. For each substantive motion, one firm takes the lead on briefing, and one attorney argues the motion without repetitive argument from others. For any given motion, however, the identity of that lead firm changes, as Defendants attempt to share fairly the burden of defense, both financial and logistical.

Unlike Plaintiffs' counsel, who jointly seek to represent the interests of the entire class, each defense firm represents only its own client or clients, and thus there is no need for a leadership structure to make decisions or "break ties" as to each client's interests.

Moreover, the logistical burden of coordinating over a dozen firms and clients is significant, and it would be unfair to place that burden and cost on a single firm throughout the litigation. We therefore propose that, until and unless the Court perceives a problem with the existing structure, there is no need to designate a "lead" defense firm.

To the extent the Court is concerned that communicating with multiple defense counsel would burden Court personnel, each of the undersigned defense counsel undertakes to serve as a "point person" whenever contacted by the Court.

Finally, Apple does not support a formal defense structure as to the claims against Apple, which are distinct from the claims against the Application Developer Defendants.

## III. DISCOVERY ISSUES

### A. Plaintiffs' Position

Plaintiffs in the *Hernandez* action previously entered into a stipulated protective order with Defendant Path, Inc. (*Hernandez* Dkt. No. 40). The Court approved the stipulated protective order on November 27, 2012. Plaintiffs in all Related Actions are agreeable to the terms of the *Hernandez* stipulated protective order and have notified all Defendants of their willingness to stipulate to the same. The parties have not yet come to an agreement on Plaintiffs' proposal.

Plaintiffs have begun discussions regarding a proposed ESI protocol for all Related Actions and will continue to work on finding consensus on the same.

### B. *Opperman* Plaintiffs Additional Position—Necessary Discovery If Defendant(s) Raise Consent Defenses Via Preliminary Motions

Should any Defendant seek dismissal on the ground that Plaintiffs consented to any manipulation of their mobile device address book, Plaintiffs believe that commensurate discovery will be appropriate under the Court's Order dated July 1, 2013, and that Plaintiffs

further will be entitled to assert cross-motions for denial of that affirmative defense as a matter of law.

**C. Defendants' Positions**

Defendants are prepared to meet and confer with Plaintiffs on a suitable protective order and a proposed ESI protocol but believe such discussions should take place (if at all) only after the Court has ruled on Defendants' motions to dismiss Plaintiffs' forthcoming Consolidated Amended Complaint, which the Court ordered Plaintiffs to file within 10 days of the Court's ruling on Apple's Motion to Dismiss with prejudice the Second Amended Complaint in the *Pirozzi* action. Once those discussions take place, Defendants will meet and confer with Plaintiffs to modify the *Hernandez* protective order (if appropriate) to, inter alia, add a designation for "Plaintiff counsels' eyes only" that would restrict commercially sensitive information produced by one defendant from being shared with counsel for other defendants. Defendants also believe a Rule 26(f) conference is premature until after the Court has ruled on Defendants' anticipated motions to dismiss.

**IV. CONSOLIDATED AMENDED COMPLAINT**

Pursuant to this Court's July 1, 2013 Order (*Opperman* Dkt. No. 345), Plaintiffs will be prepared to file a Consolidated Amended Complaint within ten (10) days following the Court's issuance of a decision on Apple, Inc.'s motion to dismiss the *Pirozzi* action.

DATED: July 25, 2013

Respectfully submitted,

STRANGE & CARPENTER

By: */s/ Brian R. Strange*
BRIAN R. STRANGE

STRANGE & CARPENTER
Brian R. Strange (Cal. Bar No. 103252)
LACounsel@earthlink.net
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone: (310) 207-5055
Facsimile: (310) 826-3210

*Attorneys for Plaintiffs Oscar Hernandez and Lauren Carter*

PHILLIPS, ERLEWINE & GIVEN LLP

By: */s/ David M. Given*
DAVID M. GIVEN

PHILLIPS, ERLEWINE & GIVEN LLP
David M. Given (Cal. Bar No. 142375)
dmg@phillaw.com
Nicholas A. Carlin (Cal. Bar No. 112532)
nac@phillaw.com
50 California Street, 35th Floor
San Francisco, CA  94111
Telephone: (415) 398-0900
Facsimile: (415) 398-0911

EDWARDS LAW
Jeff Edwards (*pro hac vice*)
jeff@edwards-law.com
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Telephone: (512) 623-7727
Facsimile:  (512) 623-7729

LAW OFFICES OF CARL F. SCHWENKER
Carl F. Schwenker (*pro hac vice*)
cfslaw@swbell.net
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Telephone: (512) 480-8427
Facsimile: (512) 857-1294

*Attorneys for* Opperman *Plaintiffs Alan Beuershasen, Giuli Biondi, Steve Dean, Stephanie Dennis-Cooley, Claire Hodgins, Jason Green, Gentry Hoffman, Rachelle King, Nirali Mandaywala, Claire Moses, Marc Opperman, Judy Paul, Theda Sandiford, and Greg Varner*

GARDY & NOTIS, LLP

By: */s/ Jennifer Sarnelli*
JENNIFER SARNELLI

GARDY & NOTIS, LLP
Jennifer Sarnelli (Cal. Bar No. 242510)
jsarnelli@gardylaw.com
Kira German (*pro hac vice*)
kgerman@gardylaw.com
501 Fifth Avenue, Suite 1408
New York, NY 10017
Telephone: (212) 905-0509
Facsimile: (212) 905-0508

*Counsel for Plaintiff Maria Pirozzi*

GIBSON, DUNN & CRUTCHER LLP

By: */s/ S. Ashlie Beringer*
S. ASHLIE BERINGER

GIBSON DUNN & CRUTCHER LLP
S. Ashlie Beringer
aberinger@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94036
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*Attorneys for Defendant Apple Inc.*

DHILLON & SMITH LLP

By: */s/ Harmeet K. Dhillon*
HARMEET K. DHILLON

DHILLON & SMITH LLP
Harmeet K. Dhillon (Cal. Bar No. 207873)
harmeet@dhillonsmith.com
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

*Attorneys for Gowalla Incorporated*

MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Jeffrey M. Movit*
JEFFREY M. MOVIT

MITCHELL SILBERBERG & KNUPP LLP
Jeffrey M. Movit (*pro hac vice*)
jmm@msk.com
12 East 49th Street, 30th Floor
New York, NY 10017
Telephone: (917) 546-7708
Facsimile: (917) 546-7678
jmm@msk.com

*Attorneys for ZeptoLab UK Limited*

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*
TYLER G. NEWBY

FENWICK & WEST LLP
Tyler G. Newby (Cal. Bar No. 205790)
tnewby@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

*Attorneys for Defendant Path, Inc.*

DURIE TANGRI LLP

By: */s/ Michael H. Page*
MICHAEL H. PAGE

DURIE TANGRI LLP
Michael H. Page (Cal. Bar No. 154913)
mpage@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

*Attorneys for Defendants*
*Yelp Inc. and Foodspotting, Inc.*

PERKINS COIE, LLP

By: */s/ Timothy L. Alger*
TIMOTHY L. ALGER

PERKINS COIE, LLP
Timothy L. Alger
TAlger@perkinscoie.com
3150 Porter Dr.
Palo Alto, CA 94304-1212
Telephone: (650) 838-4334
Facsimile: (650) 838-4350

*Attorneys for Defendant Twitter, Inc.*

COOLEY LLP

By: */s/ Mazda K. Antia*
MAZDA K. ANTIA

COOLEY LLP
Mazda K. Antia
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

*Attorneys for Defendants Facebook, Inc., Instagram, Inc., and Kik Interactive, Inc.*

MORRISON & FOERSTER LLP

By: */s/ David F. McDowell*
DAVID F. MCDOWELL

MORRISON & FOERSTER LLP
David F. McDowell (Cal. Bar No. 125806)
DMcDowell@mofo.com
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

*Attorneys for Defendant Foursquare Labs, Inc.*

ZWILLGEN LAW LLP

By: */s/ Michele Floyd*
MICHELE FLOYD

ZWILLGEN LAW LLP
Michele Floyd (Cal. Bar No. 163031)
Michele@zwillgen.com
915 Battery Street, Second Floor, Suite 3
San Francisco, CA 94111
Telephone: (415) 590-2340
Facsimile: (415) 590-2335

ZWILLGEN PLLC
Marc J. Zwillinger (admitted *pro hac vice*)
marc@zwillgen.com
Jacob A. Sommer (admitted *pro hac vice*)
jake@zwillgen.com
1705 N St NW
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

*Attorneys for Defendants Electronic Arts, Inc. and Chillingo Ltd.*

HOLLAND & KNIGHT LLP

By: */s/ Christopher G. Kelly*
CHRISTOPHER G. KELLY

HOLLAND & KNIGHT LLP
Christopher G. Kelly
christopher.kelly@hklaw.com
Judith R. Nemsick
judith.nemsick@hklaw.com

31 West 52nd Street
New York, NY 10019
Telephone:  (212) 513-3200
Facsimile:  (212) 385-9010

HOLLAND & KNIGHT LLP
Shelley G. Hurwitz
shelley.hurwitz@hklaw.com
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2476
Facsimile:  (213) 896-2450

*Attorneys for Defendant Rovio Entertainment Ltd. S/H/A Rovio Mobile Oy*