David C. Parisi, Esq. (162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone: (818) 990-1299

Joseph H. Malley (not admitted)
malleylaw@gmail.com
LAW OFFICE OF JOSEPH H. MALLEY
1045 North Zang Blvd
Dallas, TX 75208
Telephone: (214) 943-6100

Alan Himmelfarb (90480)
THE LAW OFFICES OF ALAN HIMMELFARB
80 W. Sierra Madre Blvd., # 304
Sierra Madre, CA 91024
Telephone: (626) 325-3104
consumerlaw1@earthlink.net

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OPPERMAN, ET AL.,<br><br>                    Plaintiffs,<br><br>v.<br><br><br>PATH, INC., ET AL., a Delaware Corporation;<br><br>                    Defendant. | CASE No. 3:13-cv-00453-JST<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED  [CIV. L.R. 3-12(b )]**<br><br>Hon. Jon S. Tigar |

| This document also relates to: | CASE No. 3:13-cv-00432-LB |
|---|---|
| FRANCISCO ESPITIA, VANESSA ZENDEJAS, and JOE A. SANCHEZ FRAIRE, individually and on behalf of a class of similarly situated individuals, | Hon. Laurel Beeler |
| Plaintiffs, | |
| v. | |
| HIPSTER, INC., a Delaware Corporation; Defendant. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant Civil Local Rule 3-12(b) of the United States District Court of the Northern District of California non-party Plaintiffs Francisco Espitia ("Espitia"), Vanessa Zendejas ("Zendejas"), and Joe A Sanchez ("Sanchez"), collectively ("Plaintiffs") hereby respectfully submit this Administrative Motion to give notice of *Espitia, et al. v. Hipster, Inc*, Case No. 3:13-cv-00432-LB, filed in this District on January 30, 2013. Plaintiffs bring the *Espitia* filing to the Court's attention so that the Court may determine whether *Espitia* is sufficiently related to the above-captioned action, *Opperman v. Path, Inc. et al.*, Case No. 13-cv-00453-JST ("*Opperman*") and its previously related actions, *Gutierrez v. Instagram, Inc.*, Case No. 12-cv-06550-JST ("*Gutierrez*"), *Hernandez v. Path, Inc.*, No. 12-cv-01515-JST ("*Hernandez*"); and *Pirozzi v. Apple, Inc.*, No. 12-cv-01529-JST ("*Pirozzi*"), collectively ("the Related Actions") under Local Rule 3-12, such that duplication of labor and expense may be avoided if all of the cases are heard by same judge.

**ARGUMENT**

Pursuant to Civil Local Rule 3-12, an action is related to another when: "(1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely

1  that there will be an unduly burdensome duplication of labor and expense or conflicting results if
2  the cases are conducted before different Judges." Civil L.R. 3-12(a). The Related Actions and
3  *Espitia* involve significantly overlapping questions of fact and law based upon the same parties,
4  transactions, property, and events, thus the cases should be related.

5
6  Like the Related Actions, *Espitia* is a consumer class action which asserts overlapping
7  causes of action, concern substantially similar transactions or events, and call for the
8  determination of substantially similar questions of law and fact, namely the adjudication of
9  issues arising from the alleged access and/or misuse of plaintiffs' personal data by defendants *via*
10 plaintiffs' mobile devices. Indeed, *Espitia* shares Hipster, Inc. as a defendant with *Opperman*
11 and each contain allegations against Hipster, Inc., emanating from the same material facts.
12 Moreover, the *Opperman* class definition includes members of the class as defined in the *Espitia*
13 operative complaint. *See* Dkt. No. 103 and the *Espitia* complaint attached as Exh. A to the
14 Beckman Decl., ¶2. Accordingly, the similar coordination of this matter to the Related Actions
15 will likely serve to avoid conflicts, conserve resources, and promote an efficient determination of
16 the action.

17 Indeed, relating the cases will save judicial resources and avoid unduly burdensome
18 litigation as fact discovery is already under way in the Related Cases. If *Espitia* is not also
19 related there will be a wasteful duplication of discovery efforts. In addition, if the *Espitia* matter
20 is not related, there will be a risk of conflicting results as some of the relevant legal issues have
21 already been considered and addressed in motions to dismiss filed in *Opperman* and *Hernandez*.
22 Moreover, both Opperman and *Espitia* have obtained an entry of default against defendant
23 Hipster, Inc. and will further seek a default judgment. Having such default motions considered
24 before separate courts is a waste of judicial resources and risks inconsistent rulings.

25
26
27
28

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant its motion and issue an order relating *Espitia* to *Opperman* and its other related actions.

Dated: August 9, 2013                                    Respectfully submitted,

By:  s/Suzanne Havens Beckman
SUZANNE HAVENS BECKMAN
Attorneys for Plaintiffs, individually and on behalf of Class of similarly situated individuals

David C. Parisi, Esq. (162248)
dparisi@parisihavens.com
Suzanne Havens Beckman, Esq. (188814)
shavens@parisihavens.com
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone: (818) 990-1299

Alan Himmelfarb (90480)
The Law Offices of Alan Himmelfarb
80 W. Sierra Madre Blvd., # 304
Sierra Madre, CA 91024
Telephone: (626) 325-3104
consumerlaw1@earthlink.net

Joseph H. Malley (not admitted)
malleylaw@gmail.com
Law Office of Joseph H. Malley
1045 North Zang Blvd
Dallas, TX 75208
Telephone: (214) 943-6100