David C. Parisi, Esq. (162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone: (818) 990-1299

Joseph H. Malley (not admitted)
malleylaw@gmail.com
LAW OFFICE OF JOSEPH H. MALLEY
1045 North Zang Blvd
Dallas, TX 75208
Telephone: (214) 943-6100

Alan Himmelfarb (90480)
THE LAW OFFICES OF ALAN HIMMELFARB
80 W. Sierra Madre Blvd., # 304
Sierra Madre, CA 91024
Telephone: (626) 325-3104
consumerlaw1@earthlink.net

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| OPPERMAN, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> PATH, INC., ET AL., a Delaware Corporation; <br><br> Defendant. | CASE No. 3:13-cv-00453-JST <br><br> **DECLARATION OF DAVID C. PARISI IN FURTHER SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [CIV. L.R. 3-12(b)]** <br><br> Hon. Jon S. Tigar |

Declaration of David C. Parisi re Administrative Motion to Consider Whether Cases Should be Related

1

| | |
|---|---|
| This document also relates to: | CASE No. 3:13-cv-00432-LB |
| FRANCISCO ESPITIA, VANESSA ZENDEJAS, and JOE A. SANCHEZ FRAIRE, individually and on behalf of a class of similarly situated individuals, | Hon. Laurel Beeler |
| Plaintiffs, | |
| v. | |
| HIPSTER, INC., a Delaware Corporation; Defendant. | |

1. I am a partner with Parisi & Havens LLP, a member of the bar of the State of California, and one of Plaintiffs' counsel in *Espitia, et al. v. Hipster, Inc,* Case No. 3:13-cv-00432-LB. I make this declaration based on personal knowledge. I am competent to testify to the matters set forth here, and would testify if called upon to do so.

2. I have read the Response to the Administrative Motion to relate the *Epitia* action to the *Opperman v. Path, Inc. et al.*, Case No. 13-cv-00453-JST ("*Opperman*") and submit this declaration to clear up a few matters

3. The Opposition seeks to bestow *Opperman* as, essentially, a de facto lead case in MDL proceedings, and argues that counsel's conduct in *Espitia* has infringed upon the anointment of lead counsel's primacy. There have been no MDL proceeding, nor lead designation, and this Court has rejected leadership maneuvering at such an early stage in the litigation.

4. The Motion to Relate the *Espitia* and *Opperman* actions had nothing whatsoever to do with any leadership issues. The parties have already filed a stipulation regarding the organization of plaintiffs' counsel in the various related cases. (Dkt. No. 352.)

5. By the Administrative Motion to Relate, we do not intend to take any different position on leadership than we have in the past. Had Plaintiffs' counsel in *Opperman* simply called me or any of my co-counsel to ask about his, we would have stated so.

6. The *Opperman* Opposition further presumes that this Court has endorsed the *Opperman* engulfment of all claims / all parties (to the exclusion of all other cases) without having passed any challenge other than being first on file. Bigger is not necessarily better, as the uncertifiability of the *Opperman* class definition so readily demonstrates.

7. *Espitia* was treated differently from *Gutierrez* in that the Defendant in *Espitia* made no appearance in the action, and plaintiff's counsels' evaluation and judgment over how (and whether) the case should proceed – that's all. No subterfuge, conspiracy, or stratagems. .

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 20, 2013 at Sherman Oaks, California.

> s/David C. Parisi
> David C. Parisi