1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  101 California Street, 5th Floor
   San Francisco, CA 94111-5800
3  Telephone: (415) 693-2000
   Facsimile: (415) 693-2222
4
   COOLEY LLP
5  MAZDA K. ANTIA (214963) (mantia@cooley.com)
   4401 Eastgate Mall
6  San Diego, CA 92121-1909
   Telephone: (858) 550-6000
7  Facsimile: (858) 550-6420

8  Attorneys for KIK INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PATH, INC., *et al.*,<br><br>Defendants. | Case No. 13-cv-00453-JST<br><br>CLASS ACTION<br><br>**KIK INTERACTIVE, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**<br><br>**THIS DOCUMENT RELATES ONLY TO:** *OPPERMAN, ET AL. V. PATH, INC., ET AL.*, **NO. 13-CV-00453-JST**<br><br>DATE: November 13, 2013<br>TIME: 9:30 a.m.<br>COURTROOM: 9<br>JUDGE: Hon. Jon S. Tigar |
| OSCAR HERNANDEZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PATH, INC.,<br><br>Defendant. | Case No. 12-cv-01515-JST<br><br>CLASS ACTION |
| MARIA PIROZZI,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 12-cv-01529-JST<br><br>CLASS ACTION |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

**TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| NOTICE OF MOTION AND MOTION TO DISMISS | 1 |
| STATEMENT OF RELIEF SOUGHT | 1 |
| STATEMENT OF ISSUE TO BE DECIDED | 1 |
| I. INTRODUCTION | 2 |
| II. STATEMENT OF FACTS | 3 |
| III. APPLICABLE LEGAL STANDARDS | 5 |
| IV. ARGUMENT | 6 |
|     A. Kik Is Not Subject to General Personal Jurisdiction in California | 6 |
|     B. Kik Is Not Subject to Specific Personal Jurisdiction in California | 7 |
|         1. Kik has not performed some act or consummated a transaction in California sufficient to support personal jurisdiction | 8 |
|         2. Kik has not "purposely availed" itself of this forum | 9 |
|         3. Plaintiffs' claims do not "arise from" Kik's forum-related activities | 10 |
|         4. Exercising personal jurisdiction over Kik would offend traditional notions of fair play and substantial justice | 12 |
|     C. Kik Is Not Subject to Jurisdiction Under the Federal Long-Arm Statute | 14 |
|     D. Kik's Jurisdictional Arguments Have Not Previously Been Addressed or Decided in this Action | 14 |
| V. CONCLUSION | 16 |

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Asahi Metal Industry Co., Ltd. v. Superior Court*,
   480 U.S. 102 (1987) .................................................................................................... 12, 13

*Attachmate Corp. v. Celcom Axiata Berhad*,
   No. 10-cv-0526-RSM, 2010 WL 4856793 (W.D. Wash. Nov. 22, 2010) ............................ 8

*Avilis v. Kuckle*,
   978 F.2d 201 (5th Cir. 1992) ............................................................................................ 11

*Bancroft & Masters, Inc. v. Augusta National Inc.*,
   223 F.3d 1082 (9th Cir. 2000) ................................................................................. 7, 9, 10

*Berdux v. Project Time & Cost, Inc.*,
   669 F. Supp. 2d 1094 (N.D. Cal. 2009) ........................................................................ 5, 8

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ............................................................................................ 6

*Callaway Golf Corp. v. Royal Canadian Golf Association*,
   125 F. Supp. 2d 1194 (C.D. Cal. 2000) .......................................................................... 12, 13

*Core-Vent Corp. v. Nobel Indus AB.*,
   11 F.3d 1482 (9th Cir. 1993) ............................................................................................ 12

*eMag Solutions, LLC v. Toda Kogyo Corporation*,
   No. 02-cv-1611-PJH, 2006 WL 3783548 (N.D. Cal. Dec. 21, 2006) .................................. 16

*Farmers Insurance Exchange v. Portage La Prairie Mutual Insurance Co.*,
   907 F.2d 911 (9th Cir. 1990) .............................................................................................. 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846 (2011) .................................................................................................. 6, 7

*Gray & Co. v. Firstenberg Machinery Co. Inc.*,
   913 F.2d 758 (9th Cir. 1990) .............................................................................................. 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) .................................................................................................. 5, 7, 11

*Intercarrier Communications, LLC v. Kik Interactive, Inc.*,
   No. 12-cv-00771-JAG, 2013 WL 4061259 (E.D. Va. Aug. 9, 2013) ................. 2, 9, 10, 13, 14

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ............................................................................................................ 5

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

**KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
**CASE NO. 13-CV-00453-JST**

# TABLE OF AUTHORITIES (cont.)

**PAGE(S)**

*Kawamoto v. CB Richard Ellis, Inc.*,
   225 F. Supp. 2d 1209 (D. Haw. 2002) .................................................................................. 15

*Matthews v. Brookstone Stores, Inc.*,
   469 F. Supp. 2d 1056 (S.D. Ala. 2007) ................................................................................. 11

*Panavision International, L.P. v. Toeppen*,
   141 F.3d 1316 (9th Cir. 1998) ............................................................................................... 12

*Panthera Railcar LLC v. Kasgro Rail Corp.*,
   No. 12-cv-06458-SI, 2013 WL 1996318 (N.D. Cal. May 13, 2013) ................................ 6, 15

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ...................................................................................... 5, 6, 14

*Rocke v. Canadian Automobile Sport Club*,
   660 F.2d 395 (9th Cir. 1981) ........................................................................................... 12, 13

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................................................... 6

*Steel v. United States*,
   813 F.2d 1545 (9th Cir. 1987) ................................................................................................. 5

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ................................................................................................................ 8

**STATUTES**

28 U.S.C. § 1404(a) ................................................................................................... 7, 15, 16

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure
   4(k)(2) ............................................................................................................................... 6, 14
   12(b)(2) ......................................................................................................................... *passim*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 13, 2013 at 9:30 a.m., or as soon thereafter as this motion may be heard in the above-referenced court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 9, 19th Floor, Kik Interactive, Inc. ("Kik") will and hereby does move to dismiss the Consolidated Amended Class Action Complaint ("Complaint" or "CAC" (Dkt. No. 362)). This motion is made under Federal Rule of Civil Procedure 12(b)(2) and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Peter Heinke, pleadings on file, oral argument of counsel, and such other materials and argument as may be presented and appropriately considered in connection with this motion.

**STATEMENT OF RELIEF SOUGHT**

Kik seeks an order dismissing with prejudice Plaintiffs' CAC and each of the claims alleged therein for lack of personal jurisdiction.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether Kik has sufficient contacts with California or the United States to support the exercise of personal jurisdiction in this forum, and whether doing so would be reasonable and consistent with Kik's right to due process.

## I. INTRODUCTION

Kik moves to dismiss the CAC for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Kik has insufficient contacts with California or the United States to subject it to personal jurisdiction, and the exercise of personal jurisdiction over Kik in this forum would be constitutionally unreasonable.

This is a putative class action in which two plaintiffs residing in Virginia and Arkansas allegedly downloaded and installed a free mobile-messaging application ("app") developed by a foreign corporation with its headquarters, principal place of business, and sole office located in Ontario, Canada. Neither of these plaintiffs downloaded or used the app in California, nor do they allege that they suffered any harm in California. Kik has no bank accounts, employees, or property in California, does not direct advertising toward consumers in California, does not derive any revenue from the downloading or installation of its app from any consumers in California, and pays no taxes in California.

Despite these undisputed facts, Plaintiffs assert that Kik is subject to personal jurisdiction in this forum based solely on Kik's contractual relationship with California-based Apple, Inc. That contract, a standard-form click-through agreement that Kik executed electronically from Canada, allows Kik to distribute its free app to iDevice users *worldwide* via Apple's iTunes or App Store programs. Neither Kik's contract with Apple, nor the fact that Kik's app has been downloaded by millions of users worldwide, provide a sufficient basis to exercise personal jurisdiction over Kik in this forum.

This Court would not be the first to conclude that Kik's electronic distribution of its free app around the globe was insufficient to support the exercise of personal jurisdiction. The Eastern District of Virginia recently considered and rejected jurisdictional arguments very similar to those asserted by Plaintiffs in this case. *See Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*, No. 12-cv-00771-JAG, 2013 WL 4061259 (E.D. Va. Aug. 9, 2013). In that case, the court relied on many of the same facts relevant to this motion in concluding that the worldwide electronic availability of Kik's app via Apple's App Store did not support the exercise of general or specific personal jurisdiction: "A company does not 'consciously' or 'deliberately' target a

forum if a user unilaterally downloads and uses its software within that forum." *Id.* at *4. Here too, Plaintiffs' jurisdictional arguments are based on "flawed logic" that assumes Kik has established minimum contacts with the forum "simply because [its] product is popular and widely-used." *Id.*

In sum, Plaintiffs have not made even a prima facie showing that Kik has sufficient contacts with California or the United States to support the exercise of personal jurisdiction over Kik. Consequently, Kik respectfully requests that the Court dismiss Plaintiffs' claims against Kik in the CAC pursuant to Rule 12(b)(2).

## II. STATEMENT OF FACTS

Kik is a Canadian start-up company that developed and offers for download a popular and free instant-messaging application for smart phones called Kik Messenger (the "App"). The App was developed in Canada, where Kik is headquartered and has its sole office and principal place of business. (CAC ¶ 42; *see also* Declaration of Peter Heinke ("Heinke Decl.," filed herewith), ¶¶ 3–4.) Kik's headquarters in Waterloo, Ontario, is also where its corporate policies, such as its privacy policy and other policies related to users and user data, are set. (Heinke Decl., ¶ 5.) All of Kik's approximately 35 employees are located in Ontario, Canada. (*Id*. at ¶ 6.)

Kik does not have bank accounts, pay taxes, own any property, or have an agent for service of process in California or the United States. (*Id*. at ¶¶ 8–10.) Kik has no relevant documents located in California and no Kik witnesses with knowledge of Plaintiffs' allegations regarding the operation and implementation of the App are located in California. (*Id*. at ¶ 17.)

Kik does not conduct any advertising directed specifically toward California or the United States, does not derive any revenue from the downloading or installation of Kik Messenger from any consumers in California or the United States, and does not specifically target any consumers in California or the United States. (*Id*. at ¶¶ 11–12.) Rather than directly marketing or offering its App to consumers, Kik allows Kik Messenger to be downloaded *for free* from Apple's App Store. (*Id*. at ¶ 13.)

Apple's App Store is available to consumers around the world and allows those consumers to, among other things, view, download, and/or purchase a large variety of apps

including Kik Messenger. Kik does not require its users to provide their full names, addresses, telephone numbers, or any other geographic or demographic data during download, installation, or use of the App. (*Id.* at ¶ 16.) Accordingly, Kik has no reliable or accurate means of determining how many California residents downloaded Kik Messenger during the time period relevant to Plaintiffs' CAC.[1] (*Id.*)

In the CAC, the *Opperman* Plaintiffs assert claims against on behalf of a putative class of persons who downloaded Kik Messenger on their Apple-produced iDevices between July 10, 2008 to the present. (CAC, ¶ 48.) Two of the named plaintiffs, Stephanie Dennis-Cooley and Jason Green, allegedly downloaded and installed Kik Messenger at some point prior to February 2012. (*Id.* at ¶¶ 21, 22.)

Plaintiffs' assert that their "claims against Kik Interactive arise, in whole or in part, out of the business Kik Interactive conducted in California." (*Id.* at ¶ 42.[2]) Plaintiffs do not, however, assert that either of the two named plaintiffs who allegedly downloaded Kik Messenger are residents of California. Those plaintiffs, Stephanie Dennis-Cooley and Jason Green, allegedly downloaded the App in Virginia and Arkansas, respectively. (*Id.* at ¶¶ 21, 22.)

Plaintiffs further allege that Kik—like each of the non-Apple defendants—"regularly conducts business in this judicial district" and "appoint[ed] Apple as [its] agent to market and deploy [its app] to Plaintiffs' iDevices." (*Id*. at ¶ 14.) With respect to Kik specifically, Plaintiffs allege that:

> Kik Interactive has done substantial business in California with Apple since 2010 and with Plaintiffs directly related to the Kik Messenger iDevice app at issue in this case. For instance, Kik Interactive appointed Apple as its agent on the *Kik Messenger* iDevice App. Apple, operating from California and in furtherance of its role as Kik Interactive's agent, marketed the *Kik Messenger* iDevice app to

---

[1] Pursuant to the Court's instructions during the August 1st case-management conference (*see* Transcript of Proceedings (Aug. 1, 2013) at 35:20–36:1), Kik requested in writing on August 21st that Plaintiffs provide the emails and user IDs for the two named plaintiffs who allegedly downloaded Kik Messenger. To date, Kik has received no response from Plaintiffs. Kik thus cannot confirm whether or when the named plaintiffs downloaded the App.

[2] Plaintiffs added these California-specific jurisdictional allegations in the CAC despite their counsel's representations to the Court during the August 1st case-management conference that the CAC would assert no new or additional jurisdictional facts relevant to Kik's motion to dismiss. (*See* Transcript of Proceedings (Aug. 1, 2013) at 37:24–38:4, 38:24–39:12.)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

Plaintiffs and deployed the *Kik Messenger* app on the designated Plaintiffs' iDevices.

(*Id.* at ¶ 42.)

Finally, Plaintiffs allege that the Western District of Texas "previously determined in its transfer order (ECF No. 217) that all Defendants are subject to personal jurisdiction in the Northern District of California." (*Id.* at ¶ 14.)

## III. APPLICABLE LEGAL STANDARDS

A court may exercise personal jurisdiction over a non-resident defendant if: (1) the defendant has a continuous and systematic presence in the state (*general* jurisdiction); or (2) the defendant has "minimum contacts" with the forum state such that the exercise of jurisdiction "'does not offend traditional notions of fair play and substantial justice'" (*specific* jurisdiction). *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).

In the Ninth Circuit, courts undertake a three-part inquiry to determine whether the non-resident defendant has sufficient minimum contacts with the forum to justify the exercise of personal jurisdiction.[3] *First*, the plaintiff must make a prima facie showing that the defendant (a) purposefully availed itself of the privilege of conducting activities in the forum, or (b) purposefully directed its activities toward the forum. *Second*, the plaintiff's claims must arise out of or result from the defendant's forum-related activities. *Third*, the exercise of personal

---

[3] Due process also requires that the forum court "examine the defendant's contacts with the forum *at the time of the events underlying the dispute* when determining whether they have jurisdiction." *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) (emphasis added) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984)). Accordingly, Kik's contacts with California are relevant to the personal-jurisdiction inquiry only to the extent those contacts existed at the time that the named plaintiffs allegedly downloaded Kik Messenger—*i.e.*, at some point prior to February 2012. *See id.* ("[T]he fair warning that due process requires arises not at the time of the suit, but when the events that gave rise to the suit occurred."); *see also Berdux v. Project Time & Cost, Inc.*, 669 F. Supp. 2d 1094, 1099–1100 (N.D. Cal. 2009) ("When a court assesses minimal contacts for the purpose to asserting specific jurisdiction, 'only *contacts occurring prior to the event causing the litigation* may be considered.'") (emphasis added) (quoting *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990)).

1 jurisdiction over the defendant must be "reasonable"—*i.e.*, consistent with the non-resident defendant's right to due process. *Pebble Beach Co.*, 453 F.3d at 1155.

The plaintiff bears the burden of proving the first two conditions. *See id.* If the plaintiff carries this burden, the defendant must make a compelling showing that the exercise of jurisdiction would be unreasonable. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

If the plaintiff asserts that the defendant is subject to personal jurisdiction under a state's long-arm statute, a district court should apply the law of the state where the court sits. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Here, California's long-arm statute requires only that the exercise of personal jurisdiction comply with federal due process requirements. *Id.* at 800–01.

If the plaintiff asserts jurisdiction under Federal Rule of Civil Procedure 4(k)(2), commonly referred to as the "federal long-arm statute," the court must find that (1) the plaintiff's claim against the defendant arises under federal law, (2) the defendant is *not* subject to the personal jurisdiction of any state court of general jurisdiction, and (3) the court's exercise of personal jurisdiction comports with due process. *Pebble Beach Co.*, 453 F.3d at 1159.

In the context of a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff's version of the facts is taken as true. *See Panthera Railcar LLC v. Kasgro Rail Corp.*, No. 12-cv-06458-SI, 2013 WL 1996318, at *3 (N.D. Cal. May 13, 2013).

## IV. ARGUMENT

### A. Kik Is Not Subject to *General* Personal Jurisdiction in California.

To the extent that Plaintiffs assert that Kik is subject to general personal jurisdiction in California,[4] the allegations in the CAC fail to make the required prima facie showing. Kik's alleged contacts with California are not nearly "so continuous and systematic as to render [Kik] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (internal quotations omitted). Kik maintains no offices and has no

---

[4] In their opposition to Kik's previous Rule 12(b)(2) motion, Plaintiffs asserted that Kik was subject to general personal jurisdiction in *Texas*. (*See* Dkt. No. 203 ("Pltfs.' Opp'n") at 7–8.)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-cv-00453-JST

employees, properties, or bank accounts in California; engages in no advertising directed at California consumers; and derives no revenue from consumers in California from the download or installation of its App. (Heinke Decl., ¶¶ 3, 6, 8, 11, 12.)

As a foreign non-resident defendant, even if Kik conducted "continuous activity of some sorts within [California]," this would not be enough "to support the demand that the corporation be amenable to suits unrelated to that activity." *Goodyear*, 131 S. Ct. at 2856 (internal quotations omitted). Although Plaintiffs make much of Kik's contractual relationship with Apple—asserting that Kik "has done substantial business in California with Apple since 2010," (CAC, ¶ 42)—neither that relationship nor the worldwide availability of Kik Messenger via Apple's App Store (and the internet) are contacts with California "of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *see also Helicopteros*, 466 U.S. at 418 (no general jurisdiction over company that purchased 80% of its helicopters, spare parts, and accessories from Texas).

### B. Kik Is Not Subject to *Specific* Personal Jurisdiction in California.

Plaintiffs also fail to make a prima facie showing that Kik is subject to specific personal jurisdiction in California. To do so, Plaintiffs would have to show that Kik (1) "has performed some act or consummated some transaction within the forum or otherwise purposely availed [it]self of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft*, 223 F.3d at 1086.

In fact, as Plaintiffs previously conceded, the uncontested evidence shows that Kik is *not* subject to personal jurisdiction in this district:

> [M]ovants fail to provide evidence to show that even they would all be properly subject to jurisdiction in California's Northern District. To the contrary, declarations from Chillingo and *Kik* instead show them to be *international corporations* and *do not state any jurisdictional California contacts*.

(Pltfs.' Response to Certain Defs.' Motion to Transfer under 28 U.S.C. § 1404(a) (Dkt. No. 193) at 3 ("Pltfs.' Opp'n to Transfer") (emphasis added).) Even if Plaintiffs had not conceded the point, Kik's relevant contacts with California would not support a conclusion that Kik's "conduct

and connection with the forum State [is] such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### 1. Kik has not performed some act or consummated a transaction in California sufficient to support personal jurisdiction.

Plaintiffs' jurisdictional theory rests entirely on a click-through agreement entered into between Kik and Apple known as the iPhone Developer Program License Agreement ("IDPLA"). (CAC, ¶¶ 186–87.) This contract, however, was not negotiated between the parties, nor was it executed by either party in California—Kik executed it electronically from its headquarters in Ontario, Canada (Heinke Decl., ¶¶ 14–15), and Plaintiffs previously asserted that Kik's counterparty to the IDPLA was "Apple's *Austin, Texas* licensing office" (Pltfs.' Opp'n, at 1 (emphasis added)).

Plaintiffs describe Kik's relationship with Apple in the broadest possible terms by alleging that Kik "appointed Apple as its agent on the *Kik Messenger* iDevice App" and authorizing Apple to "market[] the *Kik Messenger* iDevice app to Plaintiffs and deploy[] the *Kik Messenger* app on the designated Plaintiffs' iDevices." (CAC, ¶ 42.) Regardless how Plaintiffs characterize the terms of the IDPLA, the agreement is simply a take-it-or-leave-it contract.[5] The purpose of the contract is to enable Kik to distribute its App electronically to iDevice users worldwide (*see* CAC, ¶ 186); the fact that Apple happens to be based in California does not provide a basis to assert personal jurisdiction over Kik in this case. *See Berdux*, 669 F. Supp. 2d at 1101 ("That a forum resident be a party to the contract is neither a necessary nor a sufficient condition for establishing jurisdiction.").

Plaintiffs' position appears to be that Kik, like the hundreds of thousands of other app developers worldwide whose apps are distributed through Apple's App Store, are subject to personal jurisdiction in California based on their execution of IDPLA. The relevant authorities do support such a broad theory of personal jurisdiction. *See, e.g.*, *Attachmate Corp. v. Celcom*

---

[5] (IDPLA (Dkt. 134-6), ¶ 1.1 ("You accept and agree to the terms of this License Agreement . . . by doing either of the following: (a) checking the box displayed at the end of this Agreement if You are reading this on an Apple website; or (b) clicking an "Agree" or similar button, where this option is provided by Apple.").)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

*Axiata Berhad*, No. 10-cv-0526-RSM, 2010 WL 4856793, at *2 (W.D. Wash. Nov. 22, 2010) ("'[C]lick-through agreements' [are] insufficient to establish the contacts necessary for the exercise of personal jurisdiction. The [agreements] themselves constitute contracts entered into by Defendant from afar, and without more, cannot satisfy minimum contacts."); *see also Gray & Co. v. Firstenberg Mach. Co. Inc.*, 913 F.2d 758, 760 (9th Cir. 1990) ("A contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction.").

Notably, the Eastern District of Virginia recently rejected jurisdictional arguments very similar to those asserted by Plaintiffs in this case. In *Intercarrier Communications, LLC v. Kik Interactive, Inc.*, the court ruled that Kik lacked sufficient minimum contacts with Virginia to justify the exercise of either general or specific personal jurisdiction. No. 12-cv-00771-JAG, 2013 WL 4061259, at *3–5 (E.D. Va. Aug. 9, 2013). In support of that conclusion, the court identified many of the same facts relevant to this motion: "Kik's sole office is located in Ontario, Canada"; "Kik offers Kik Messenger free-of-charge"; "Kik has had no revenue from software sales as of March 2013"; "Kik primarily uses third-party app stores to distribute its software product"; "Kik does not ask users for their mailing addresses"; Kik's App is available "generally and worldwide"; Kik's App contains no "geo-location facilities"; and "Kik has not marketed Kik Messenger in Virginia." *Id.* at *1. Although the court was not called upon to address Kik's execution of the IDPLA with Apple in either Texas or California, the court's factual findings and its conclusion that Kik is not subject to personal jurisdiction are otherwise on point in this case.

**2.     Kik has not "purposely availed" itself of this forum.**

Plaintiffs also fail to make a prima facie showing that Kik has purposely availed itself of the benefits of conducting business in California in a manner sufficient to support the exercise of personal jurisdiction in this case. To do so, Plaintiffs would have to show that Kik "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft*, 223 F.3d at 1087. Foreseeable effects in the forum are not

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

enough; there must be "something more"—*i.e.*, an "express aiming . . . targeted at a plaintiff *whom the defendant knows to be a resident of the forum state*." *Id.* (emphasis added).

The uncontested facts preclude Plaintiffs from meeting this standard. Neither of the named plaintiffs who allegedly downloaded the App are residents of California. (CAC, ¶¶ 21, 22.) Nor is there is any allegation that Kik "even knew of the existence of the plaintiffs, let alone targeted them individually." *Bancroft*, 223 F.3d at 1088. In fact, because Kik does not require users to provide their full name or location information, Kik would not know of any plaintiffs' location even after they downloaded the App. (Heinke Decl., ¶ 16.) Plaintiffs also concede that "none of these Plaintiffs travelled to or were in California's Northern District when they bought their iDevices or the defendants' harmful add-on apps, *nor were they injured there*." (Pltfs.' Opp'n to Transfer at 9 (emphasis added).) Because Plaintiffs cannot show that they suffered harm in California—let alone that Kik knew harm was "likely to be suffered in" California—there is no support for a finding that Kik is subject to personal jurisdiction in California by virtue of "purposely availing" itself of the benefits of the forum state.

The Eastern District of Virginia's order granting Kik's Rule 12(b)(2) motion in *Intercarrier Communications* rejected the same "purposeful availment" arguments that Plaintiffs assert in this case. Specifically, the court held that Kik Messenger's worldwide availability via Apple's App Store did not constitute "deliberately targeting" the forum state: "A company does not 'consciously' or 'deliberately' target a forum if a user unilaterally downloads and uses its software within that forum." 2013 WL 4061259, at *4. The court also rejected the idea that promoting the App in ways that "obviously reach directly into Virginia" constitutes purposeful availment. *Id.* Here, as in the *Intercarrier Communications* case, Plaintiffs' jurisdictional arguments are based on "flawed logic" that assumes purposeful availment "simply because a product is popular and widely-used." *Id.*

**3.   Plaintiffs' claims do not "arise from" Kik's forum-related activities.**

Even if Kik's execution of the IDPLA or the online availability of its App constituted "purposeful availment" of the laws of California, Plaintiffs' claims do not "arise from" those contacts with California. First, the CAC is silent on this issue. Second, Kik anticipates that

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

Plaintiffs will resurrect their previous contention that, "but for" executing the IDPLA, Kik could not have developed its App and therefore could not have committed the alleged wrongful acts. (Pltfs.' Opp'n, at 13.) This misconstrues the "arising from" test. Plaintiffs are not asserting a claim for breach of the IDPLA; Plaintiffs allege that Kik surreptitiously harvested contact information from users at the time they downloaded and installed the App. (CAC, ¶ 245.) Plaintiffs' claims therefore "arise from" the alleged functionalities of Kik Messenger, not from Kik's agreements with Apple. *See Avilis v. Kuckle*, 978 F.2d 201, 204–05 & n.4 (5th Cir. 1992) (no specific jurisdiction arising from forum-based contract because "plaintiffs' cause of action is not based upon any contract . . . but upon the alleged violation of two federal statutes. . . .").

Further, as previously detailed, neither of the named plaintiffs who allegedly downloaded the App resides in California nor alleges that they downloaded the App in California. Because these named plaintiffs do not have a connection to California, their claims do not arise out of or relate to Kik's alleged contacts with California. *See, e.g.*, *Matthews v. Brookstone Stores, Inc.*, 469 F. Supp. 2d 1056, 1067 n.17 (S.D. Ala. 2007) (finding lack of personal jurisdiction where named plaintiff was not resident of forum state and did not purchase allegedly defective product in forum state: "[A] plaintiff cannot rely on acts allegedly perpetrated against other putative class members to establish personal jurisdiction over defendants for her claims.").

Finally, even if one of the named plaintiffs *did* allege that he or she downloaded the App in California, this still would not establish personal jurisdiction over Kik. A plaintiff's unilateral act—such as a California resident choosing to download an App—is insufficient to establish specific personal jurisdiction. *See Helicopteros*, 466 U.S. at 416–17 (holding that "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State"). That some users (other than Plaintiffs) who downloaded the App may reside in California is the very definition of "random" or "fortuitous" contact. Because Plaintiffs do not allege that Kik specifically targeted the named Plaintiffs or any other individual in California, Kik's alleged contacts with California do not support the exercise of personal jurisdiction in this case.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

**4. Exercising personal jurisdiction over Kik would offend traditional notions of fair play and substantial justice.**

Even if the Court concludes that Kik has minimum contacts with California sufficient to support the exercise of personal jurisdiction, doing so would offend traditional notions of fair play and substantial justice. This due process inquiry is a test of "reasonableness" based on the following factors: "(1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). Applied here, these factors demonstrate that asserting personal jurisdiction over Kik in this case would not comport with due process.

At the outset, "[t]he fact that [Kik] is 'unquestionably [a] resident [ ] of Canada . . . tends to undermine the reasonableness of personal jurisdiction.'" *Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1206 (C.D. Cal. 2000) (quoting *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 399 (9th Cir. 1981). Indeed, the extent of Kik's alleged "purposeful interjection" in California is attenuated at best. Kik is party to an online agreement with a California corporation (Apple), but engages in no advertising directed at California and has no offices, properties, employees, or bank accounts in California. (Heinke Decl., ¶¶ 3, 6, 8, 11); *see also Callaway*, 125 F. Supp. 2d at 1206 ("'The foreign-acts-with-forum-effects jurisdictional principle must be applied with caution, particularly in an international context.'") (quoting *Core-Vent Corp. v. Nobel Indus AB.*, 11 F.3d 1482, 1486 (9th Cir. 1993)).

Turning to the second factor, a substantial burden would be imposed on Kik if it were forced to defend the suit in this forum. Kik is a foreign entity with its headquarters, principal place of business, and sole office located in Ontario, Canada. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 114 (1987). Indeed, the Ninth

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

Circuit has held that the burden on a Canadian company litigating in California would be "substantial." *Rocke*, 660 F.2d at 399. Here too, the financial and logistical burdens of litigating in this forum will be substantial for Kik. *See Intercarrier Commc'ns*, 2013 WL 4061259, at *5 ("Adjudication of this claim in Virginia would significantly burden Kik. All of Kik's employees and officers are located in [Ontario] Canada."); *see also id.* (noting that "Kik has limited resources to defend itself in a distant, and foreign, forum"); *see also Callaway*, 125 F. Supp. 2d at 1205–06 (noting that proportionally greater burden of litigating in California fell "on defendant, whose employee witnesses are located in Canada, including the [decision makers] who made the critical decision at issue in this litigation.").

Because Kik is a Canadian company, there also is a significant conflict with the sovereignty of Kik's home forum. "Where the defendant is a resident of a foreign nation rather than a resident of another state within our federal system, the sovereignty barrier is higher." *Rocke*, 660 F.2d at 399 (internal quotation omitted); *see also Asahi*, 480 U.S. at 115 ("Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.") (internal quotations omitted).

The remaining factors also support the conclusion that exercising personal jurisdiction over Kik in this forum would be unreasonable. California has little to no interest in adjudicating a suit between a Canadian company and plaintiffs from Virginia and Arkansas. *See Intercarrier Commc'ns*, 2013 WL 4061259, at *6 (noting lack of evidence that forum-state "residents use [Kik Messenger] proportionately more than residents of any other state"). And although Plaintiffs have little interest in maintaining their claims against Kik in California (*see* Pltfs.' Opp'n to Transfer (Dkt. No. 193) at 6–11), they do have an adequate alternate forum: Canada. The courts of Canada are fully capable of adjudicating Plaintiffs' claims against Kik fairly and efficiently.[6]

Finally, the fact that Plaintiffs' claims against Kik are procedurally consolidated with their claims against several other defendants in this district does not trump the constitutional mandate

---

[6] Canada has adopted a law entitled the Personal Information Protection and Electronic Documents Act, S.C. 2000, c.5 (Can.), and has created a governmental office, the Office of the Privacy Commissioner to enforce privacy laws and protect the public. *See* http://www.priv.gc.ca/leg_c/index_e.asp.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

of due process for non-resident defendants. In the case against Kik in the Eastern District of Virginia, multiple related suits by the same plaintiff were pending in that court; nonetheless, the court held that "[a] desire for efficiency, however, cannot supersede the basic requirement in any lawsuit, personal jurisdiction." *Intercarrier Commc'ns*, 2013 WL 4061259, at *6. There, as here, the exercise of personal jurisdiction over Kik would be "inconsistent with due process." *See id.*

### C. Kik Is Not Subject to Jurisdiction Under the Federal Long-Arm Statute.

Plaintiffs do not cite Rule 4(k)(2) in the CAC—commonly referred to as the "federal long-arm statute"—but do assert that jurisdiction exists under "the nationwide reach of the RICO statutes." (CAC ¶ 14.) To the extent that Plaintiffs' reference to the "nationwide reach of the RICO statues" is an implicit assertion of federal long-arm jurisdiction, Plaintiffs cannot meet their burden under Rule 4(k)(2).

First, Plaintiffs have expressly repudiated a necessary element of Rule 4(k)(2) jurisdiction: that the defendant is *not* subject to jurisdiction in any state court of general jurisdiction. *See Pebble Beach Co.*, 453 F.3d at 1159. Plaintiffs have asserted that Kik *is* subject to jurisdiction in at least two states' courts of general jurisdiction: Texas (SAC ¶ 43) and California (CAC ¶ 14).

Second, and more importantly, exercising jurisdiction over Kik pursuant to Rule 4(k)(2) would not comport with due process. Kik has no bank accounts, pays no taxes, has no employees, and owns no property in the United States, and does not conduct any advertising specifically targeting United States consumers. (Heinke Decl., ¶¶ 6–11.) Although federal long-arm jurisdiction turns on *nationwide* contacts rather than *state-specific* contacts, exercising Rule 4(k)(2) jurisdiction over Kik would be unreasonable for the same reasons discussed above (*see* section IV.B.4, *supra*). *See Pebble Beach Co.*, 453 F.3d at 1159 ("The due process analysis is identical to the one [under California's long-arm statute], except here the relevant forum is the entire United States.").

### D. Kik's Jurisdictional Arguments Have Not Previously Been Addressed or Decided in this Action.

In the CAC, Plaintiffs assert that the Western District of Texas determined "that all Defendants are subject to personal jurisdiction in the Northern District of California." (CAC,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

¶ 14.) In fact, the order that Plaintiffs rely on neither addressed nor ruled on Kik's then-pending motion to dismiss for lack of personal jurisdiction. (*See* Dkt. No. 217 ("Transfer Order").)

Kik's Rule 12(b)(2) motion was fully briefed prior to transfer (*see* Dkt. Nos. 141, 203, 212), but the only reference to Kik's motion in the Transfer Order was in a list of several then-pending motions. (*See* Transfer Order at 2.) The Transfer Order expressly states that the court decided only whether "transfer to the Northern District of California is proper under 28 U.S.C. § 1404(a)." (*Id.* at 3.) The court granted the motions to transfer by certain app-developer defendants[7] and Apple (Dkt. Nos. 124, 147) based on its conclusion that "this matter could have been brought in the Northern District of California." (*Id.* at 6 (citing fact that "Apple is headquartered there, and conducts the heart of its business from California").) "[A]ll other pending motions"—including Kik's Rule 12(b)(2) motion—were "dismissed" (*i.e.*, denied) without prejudice. (*Id.* at 8.)

Plaintiffs are simply wrong in asserting that the transferor court considered Kik's personal-jurisdiction arguments on the merits, much less determined that Kik is "subject to personal jurisdiction in the Northern District of California." (CAC, ¶14.) Plaintiffs may attempt to rely on the court's statement that "all [defendants] sold apps through the Apple app store, which is the nexus of the allegations in this case." (Transfer Order at 6) But this language was part of the court's discussion of transfer—*not* jurisdiction. Indeed, the court was not required to address whether it had personal jurisdiction over Kik before ordering transfer. *See Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1211 (D. Haw. 2002) ("[T]his court need not decide the issue of personal jurisdiction before deciding to transfer venue."); *accord Panthera*, 2013 WL 1996318, at *6.

---

[7] The first page of the non-Apple defendants' motion to transfer (Dkt. No. 124) states that "Kik has separately filed a motion to dismiss for lack of personal jurisdiction. Kik joins this motion *only* in the event that the Court denies its motion to dismiss for lack of personal jurisdiction" (emphasis added). Because the court did not consider the merits of Kik's motion, but instead denied the motion without prejudice, the condition precedent to Kik's joinder in the motion to transfer did not occur.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST

Finally, this Court has already rejected arguments almost identical to those asserted by Plaintiffs in this case. In *eMag Solutions, LLC v. Toda Kogyo Corporation*, No. 02-cv-1611-PJH, 2006 WL 3783548 (N.D. Cal. Dec. 21, 2006), the case was transferred from the Southern District of Illinois to this district pursuant to § 1404(a). The Court rejected plaintiff's contention that by transferring under 1404(a), the Illinois court had necessarily made an implicit finding that this Court had personal jurisdiction over the non-resident defendant:

> [T]he Illinois district court's order transferring the case to this district does not constitute a finding that this court has personal jurisdiction over Titan, because *the order did not address the individual defendants' contacts with the United States*. The court simply found that "*both venue and jurisdiction would be proper in the Northern District of California*," as "[s]everal of the defendants have offices or headquarters in California, and the remaining defendants conduct a substantial portion of their business in California."

*Id*. at *1 (emphasis added). The language of the Transfer Order in this case is virtually identical to the language quoted by the *eMag* court. Here too, the transferor court "did not address the individual defendants' contacts," but simply noted that all the defendants sold apps through the App Store. The court then found that "this matter could have been brought in the Northern District of California," but neither addressed nor decided the personal-jurisdiction arguments raised in Kik's Rule 12(b)(2) motion. (*See* Transfer Order at 6.) Plaintiffs' contention that the transferor court implicitly rejected Kik's jurisdictional arguments is without merit.

## V. CONCLUSION

For the reasons discussed above, Kik respectfully requests that the Court dismiss Plaintiffs' claims against it for lack of personal jurisdiction pursuant to Rule 12(b)(2).

Dated: September 10, 2013                                COOLEY LLP

*/s/ Mazda K. Antia*
Mazda K. Antia

Attorneys for Defendant KIK INTERACTIVE, INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

KIK INTERACTIVE'S RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
CASE NO. 13-CV-00453-JST