September 27, 2013

<u>VIA ECF</u>

The Honorable Jon S. Tigar
United States District Court
San Francisco Courthouse
Courtroom 9 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

   Re: *Opperman v. Path, Inc.*, No. 4:13-cv-00453-JST
     *Hernandez v. Path, Inc.*, 4:12-cv-01515-JST
     *Pirozzi v. Apple Inc.*, 4:12-cv-01529-JST
     <u>*Gutierrez v. Instagram, Inc.*, 4: 12-cv-6550-JST</u>

Dear Judge Tigar:

   In accordance with the Court's August 1, 2013 Order (*Opperman* Dkt. No. 361 (the "Order")), Plaintiffs in the above-captioned actions jointly file this letter brief in support of their proposed Protective Order which is attached hereto as **Attachment A**.  All Parties have reached an agreement with respect to a majority, but not the entirety, of a proposed protective order. Specifically, Plaintiffs oppose Defendants' unreasonable insistence that the protective order include a multi-year patent prosecution bar not commonly applicable to consumer actions, not included in co-pending actions involving these Defendants, iDevices, and iDevice apps, and that is likely to inequitably impede Plaintiffs' retention of industry experts and prosecution of this action.  Irrespective of whether a patent prosecution bar should apply amongst Defendants, no such provision should be imposed upon Plaintiffs, their counsel, or their experts.

I.  **FACTS**

   A.  **The Parties' Attempts to Reach an Agreement**

   Plaintiffs have made every attempt to reach an agreement with Defendants regarding an appropriate protective order for these actions.  Plaintiffs first notified Defendants on July 22, 2013 that Plaintiffs were amenable to stipulating to the terms of the Stipulated Protective Order previously agreed to by Defendant Path, Inc. and entered by Judge Rogers in *Hernandez v. Path* (*Hernandez* Dkt. No. 40).  Plaintiffs again notified Defendants and this Court of their willingness to stipulate to the terms of the *Hernandez* Stipulated Protective Order in the July 25, 2013 Joint Case Management Statement.  (*Opperman* Dkt. No. 353, at 3.)  Following the August 1, 2013 Case Management Conference, Plaintiffs reached out to all Defendants on September 9, 2013, again indicating their willingness to stipulate to the *Hernandez* Stipulated Protective Order and

The Honorable Jon S. Tigar
September 27, 2013
Page 2

inviting Defendants to propose modest modifications to ameliorate Defendants' stated concerns regarding multi-Defendant litigation involving competitors.

Hearing nothing from Defendants, Plaintiffs' counsel emailed Defendants' counsel on September 23, 2013 about the status of Defendants' proposed edits to the *Hernandez* Stipulated Protective Order.  Defendants responded that a draft protective order would be forthcoming. Plaintiffs again contacted Defendants' counsel on September 24, 2013 and expressed their desire to have adequate time to review Defendants' proposed edits before the September 27, 2013 filing deadline.  Defendants again responded that a draft would be forthcoming.  Finally, on September 25, 2013—more than two months after Plaintiffs first contacted Defendants regarding a protective order—Defendants sent Plaintiffs a drastically altered protective order that did not resemble the *Hernandez* Stipulated Protective Order.

Due to Defendants' delay, Plaintiffs have had little time to review, evaluate, and edit Defendants' numerous substantive edits and changes.  Nonetheless, Plaintiffs sent Defendants their redlined draft of the protective order on September 26, 2013.  Defendants responded that night with additional comments and edits.  The Parties made final attempts to meet and confer on September 27, 2013, but Defendants insisted on including a patent prosecution bar provision in the proposed protective order.  This provision (typically reserved for patent cases) is not included in the *Hernandez* Stipulated Protective Order nor is it typical for consumer actions such as this. Accordingly, as Defendants insisted on including their unreasonable prosecution bar provision in any stipulated protective order, Plaintiffs seek Court intervention.

**B.      Competing Proposals**

The Parties were not able to reach an agreement with respect to one provision that Defendants insisted be in the protective order—a patent prosecution bar.  Otherwise, Defendants have stipulated (*Opperman* Dkt No. 375) to all provisions in Plaintiffs attached proposed protective order.

This is a consumer case, not a patent case between business competitors.  Though Plaintiffs' proposed protective order already bars use or disclosure outside of this litigation of any disclosing party's confidential materials, Defendants nevertheless propose to include an additional "Prosecution Bar" within the terms of the protective order that is not present in this Court's model protective order for standard litigation.  The provision sought by Defendants is instead drawn from (but actually broader in scope and time than) an "Optional" term listed in this Court's model stipulated protective order for litigation involving patents, highly sensitive confidential information, and trade secrets.  In negotiations, Defendants sought to further expand the scope of the optional provision to increase the prosecution bar's termination date to three years from the final termination of this action.

Plaintiffs questioned the need for such a bar within this protective order.  Defendants stated: "Defendants need the prosecution bar because many co-defendants are competitors and their outside counsel have patent prosecution practices.  Defendants don't see how this should affect plaintiffs."  Plaintiffs subsequently informed Defendants that they were agreeable to allowing Defendants to agree to the terms of the prosecution bar among themselves, but that

The Honorable Jon S. Tigar
September 27, 2013
Page 3

Plaintiffs should not be bound by the non-applicable, "optional" prosecution bar impeding their ability to obtain appropriate industry experts. Defendants refused to agree with Plaintiffs, leaving Plaintiffs with no alternative but to seek the Court's determination on this matter.

## II.    ARGUMENT

A party seeking a protective order has the burden of showing good cause for its issuance, Fed. R. Civ. P. 26(c), and demonstrating the legitimate risk of a "clearly defined and serious injury" in the absence of requested provisions. *L.G. Philips LCD Co. v. Tatung Co.*, No. C 07 80073WHA, 2007 WL 869256, at *2 (N.D. Cal. Mar. 20, 2007). The same is true for a party seeking to include in a protective order a provision effecting a prosecution bar. *In re Deutsch Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Here, Defendants have no basis to argue that good cause exists for the issuance of a prosecution bar in this consumer action.

Protective orders in consumer actions—even in cases in this District involving mobile devices, apps, and some of these same Defendants—customarily do not including patent prosecution bars. For example, the *Hernandez* Stipulated Protective Order (*Hernandez* Dkt. No. 40) agreed to by Defendant Path, Inc. <u>does not</u> include a patent prosecution bar provision. Similarly, the protective order previously agreed to by Defendant Apple Inc. and entered by a court in this District in the concurrently pending iDevice and app-related consumer action entitled *In re iPhone Application Litigation*, No. 11-md-02250-LHK (San Jose Div.) (Dkt. No. 89) <u>does not</u> include a patent prosecution bar provision. Those cases involve the same iDevices at issue here, similar iDevice apps, and similar fields of discovery, yet no patent prosecution bar was warranted in the protective order in either of those suits either by the court, Apple, or any defendant associated with any app at issue in those suits.

Defendants' proposed prosecution bar is also significantly overbroad and vague and requires Plaintiffs to agree to "optional" terms that Defendants agree "should [not] affect plaintiffs." First, Defendants' proposed prosecution bar applies to any person "involved" in the future "prosecution" (including "indirectly," "advising," etc.) as to the scope or maintenance of patents "relating to" the subject matter of any material designated confidential by any Defendant. Many, if not most, persons owning, operating, working, or consulting for technology companies are arguably "involved" in some manner in patent-related activities—for example, engineers typically assist patent counsel in helping to draft patent claims and are routinely consulted. Additionally, the "subject matter" of the purported confidential material is vaguely described, at best, and over the course of the litigation could mutate to be construed to include anything relating to, for example, iPhones, mobile devices, apps, or even entire fields of computer hardware and software. This would severely limit the universe of potential experts and consultants and, potentially, attorneys that Plaintiffs could utilize in this case. Inclusion of such a clause would also present opportunities for Defendants to selectively disclose particular materials in the course of the litigation in an effort to force knowledgeable industry experts retained by Plaintiffs to withdraw. Moreover, Plaintiffs agreed, in separate provisions of the proposed protective order, to allow Defendants to review and object to experts before they could examine highly confidential materials. Likewise, Plaintiffs agreed to not use any disclosed confidential material outside of this litigation. Thus, this vague and overbroad prosecution bar provision is unnecessary and inequitable.

The Honorable Jon S. Tigar
September 27, 2013
Page 4

Second, courts examining prosecution bars substantially similar to the prosecution bar Defendants propose here routinely find them unnecessary and refuse to include them within protective orders even in suits between businesses in the same industries. For example, the court in *Iconfind, Inc. v. Google, Inc.* refused Google's request to institute a protective order with substantially similar terms to those proposed by Defendants here because "[t]here is no reason for the court to believe that [Plaintiff's] counsel will not strictly follow the protective order and refrain from using, either inadvertently or intentionally, Google's confidential information." *Iconfind, Inc. v. Google, Inc.*, No. CIV S:2:11-cv-0319-GEB-JFM, 2011 WL 3501348, at \*4 (E.D. Cal. Aug. 9, 2011). The court further noted that "barring [Plaintiff's] counsel from prosecuting similar patents for any period of time following this suit or from the time they viewed the confidential information, without some tangible reason or good cause other than the general threat of inadvertent misuse of discovered materials, is the exact type of overly broad and generalized fear rejected by the Federal Circuit in *U.S. Steel*, *In re Sibia* and *Deutsche Bank*." *Id.* Other courts have made similar determinations. *See, e.g.*, *Nexedge, LLC v. Freescale Semiconductor, Inc.*, 820 F. Supp. 2d 1040, 1044 (D. Ariz. 2011) (refusing to include a prosecution bar within a protective order where "Plaintiff is not a competitor of Defendants . . . and it is not in the business of developing or patenting new products. . . . [thereby ameliorating] many of the concerns recognized in the prosecution bar cases"); *Clayton Corp. v. Momentive Performance, Materials, Inc.*, No. 4:12CV1349 AGF, 2013 WL 2099437, at \*1, 4 (E.D. Mo. May 14, 2013) (rejecting defendant's proposed prosecution bar where defendant offered only "vague and generalized threat[s] of future inadvertent misuse of discovered materials" and finding that protective orders including "provisions specifying that designated confidential information may be used only for purposes of the current litigation . . . [are] an effective way of protecting sensitive information while granting trial counsel limited access to it for purposes of the litigation").

Accordingly, Defendants' proposed prosecution bar is inapplicable, unnecessary, overbroad, inequitable, and fails to comport with applicable case law. Therefore, Plaintiffs request that this Court adopt Plaintiffs' proposed protective order which includes no such provision. If Defendants agree to a similar provision among themselves, Plaintiffs obviously have no objection.

For the reasons stated above, Plaintiffs respectfully request that the Court adopt their attached proposed protective order and deny any Defendants' request to include a prosecution bar.

///

///

///

///

///

The Honorable Jon S. Tigar
September 27, 2013
Page 5

DATED:  September 27, 2013

Respectfully submitted,

**STRANGE & CARPENTER**

By: */s/ Brian R. Strange*
    Brian R. Strange

**STRANGE & CARPENTER**
Brian R. Strange (CBN 103252)
LACounsel@earthlink.net
John T. Ceglia (CBN 287147)
jceglia@strangeandcarpenter.com
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone: (310) 207-5055
Facsimile: (310) 826-3210

*Attorneys for Plaintiffs Haig Arabian and
Lauren Carter*

**GARDY & NOTIS, LLP**

By: */s/ Jennifer Sarnelli*
    Jennifer Sarnelli

**GARDY & NOTIS, LLP**
Jennifer Sarnelli (CBN 242510)
jsarnelli@gardylaw.com
Kira German (*pro hac vice*)
kgerman@gardylaw.com
501 Fifth Avenue, Suite 1408
New York, NY 10017
Telephone: (212) 905-0509
Facsimile: (212) 905-0508

*Attorneys for Plaintiff Maria Pirozzi*

**PHILLIPS, ERLEWINE & GIVEN LLP**

By: */s/ David M. Given*
    David M. Given

David M. Given (CBN 142375)
dmg@phillaw.com
Nicholas A. Carlin (CBN 112532)
nac@phillaw.com
50 California Street, 35th Floor
San Francisco, CA  94111
Telephone: (415) 398-0900
Facsimile: (415) 398-0911

The Honorable Jon S. Tigar
September 27, 2013
Page 6

**EDWARDS LAW**
Jeff Edwards (TBN 24014406; *pro hac vice*)
jeff@edwards-law.com
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
Telephone: (512) 623-7727
Facsimile: (512) 623-7729

**LAW OFFICES OF CARL F. SCHWENKER**

Carl F. Schwenker (TBN 00788374; *pro hac vice*)
cfslaw@swbell.net
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
Telephone: (512) 480-8427
Facsimile: (512) 857-1294

*Attorneys for Plaintiffs Alan Beuershasen, Giuli Biondi, Steve Dean, Stephanie Dennis-Cooley, Claire Hodgins, Jason Green, Gentry Hoffman, Rachelle King, Nirali Mandaywala, Claire Moses, Judy Paul, Theda Sandiford, and Greg Varner*

cc:      All Counsel (via ECF)

Enclosure: Attachment A