*Opperman v. Path, Inc.*, 3:13-CV-453-JST

September 27, 2013

**VIA ECF**

Hon. Jon S. Tigar
United States District Court
Northern District of California
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   Letter Brief Regarding Protective Order Dispute
             *Opperman v. Path, Inc.*, 3:13-CV-453-JST
             This Document Relates To All Cases

Dear Judge Tigar:

**Introduction:**

In accordance with the Court's August 1, 2013 Minute Order, the parties have met and conferred regarding a stipulated protective order. Although the parties have agreed on most provisions of the protective order, they have not been able to reach agreement on Defendants' request to include a limited patent prosecution bar for persons who obtain access to Defendant's highly confidential technical data. Defendants submit this letter brief alongside the parties' stipulated protective order (Dkt. No. 375) in support of including a patent prosecution bar as Section 9 of the protective order.

**Provision at Issue:**

This dispute concerns the inclusion of a Prosecution Bar (Section 9) in the Protective Order. Defendants propose inclusion of the following patent prosecution bar language, based on the language in this Court's model *Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets*:

> Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information of the opposing party shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information he or she received before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, or *inter partes* reexamination). This Prosecution Bar shall begin when access to "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

Hon. Jon S. Tigar
*Opperman v. Path, Inc.*, 3:13-CV-453-JST
Page 2

      Plaintiffs' counsel oppose inclusion of any patent prosecution bar that applies to them, and demanded a wholesale exception for all Plaintiffs' counsel from the Patent Prosecution bar.

**Inclusion of the Prosecution Bar Is Appropriate and Necessary:**

      Under Federal Rule of Civil Procedure 26(c), a court may limit the disclosure of a party's trade secret or other confidential commercial information for good cause. *Kelora Sys., LLC v. Target Corp.*, C 11-02284 CW LB, 2011 WL 6000759, at *2 (N.D. Cal. Aug. 29, 2011). To demonstrate good cause, Defendants must show that specific prejudice or harm will result without the protection. *See Rivera v. NIBCO, Inc.*, 384 F.3d 822, 826 (9th Cir. 2004).

      Defendants anticipate that discovery in this action will concern each Defendant's highly sensitive and confidential technical information, including Defendants' software design and development, mobile application design and development, database design, and product specifications. Individuals with access to such information could use it to draft patents covering a given the disclosed subject matter. While Plaintiffs are not asserting patents against Defendants in this action, without a patent prosecution bar, persons with access to Defendants' highly confidential information could use Defendants' confidential information in the prosecution of patent applications in the same field. Plaintiffs' expert consultants, none of whom have been identified, may do the same. A person need not act maliciously to misuse Defendants' highly confidential information. Knowledge that certain technology exists or is planned may subconsciously lead a drafter to word patent claims in a way that would cover such technology because the drafter has considered that exact technology. A patent prosecution bar is necessary to guard against misuse, even inadvertent misuse, of Defendants' confidential, technical information. A two-year bar is a reasonably short time period, as reflected by this District's model protective order.

      As this Court's model protective order reflects, courts have long recognized this potential for misuse and routinely include patent prosecution bars in protective orders. "[T]he court treats the model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information." *Kelora Sys., LLC v. Target Corp.*, 2011 WL 6000759, at *2 (N.D. Cal. Aug. 29, 2011).

      Plaintiffs do not contest that a protective order is appropriate in this action. Nor do they dispute that discovery in this action will implicate each Defendant's highly sensitive and confidential information, as Plaintiffs have stipulated to a number of other terms covering confidential information. Plaintiffs' counsel have not shown that any prejudice or harm would follow from a limited, two-year patent prosecution bar. There is no indication that any of plaintiffs' counsel are members of the patent bar. Nor is there any reason to believe that Plaintiffs would be uniquely prejudiced in retaining experts or non-testifying consultants as a result of the prosecution bar. To the contrary, the bar would apply equally across all parties and their counsel. Defendants agree to bind each of their counsel and experts to the above terms. Plaintiffs' counsel and experts should not prove the exceptions.

**Conclusion:**

Good cause exists to include Defendants' proposed provision for a patent prosecution bar. Defendants respectfully request that the Court enter the Stipulated Protective Order with the Prosecution Bar in bracketed Section 9 included.

Respectfully submitted,

FENWICK & WEST LLP

By:*/s/ Tyler G. Newby*
Tyler G. Newby (CSB No. 205790)
tnewby@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350
Attorneys for Defendant PATH, INC.

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ S. Ashlie Beringer*
S. ASHLIE BERINGER

GIBSON DUNN & CRUTCHER LLP
S. Ashlie Beringer
aberinger@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94036
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*Attorneys for Defendant
Apple Inc.*

DHILLON & SMITH LLP

By: */s/ Harmeet K. Dhillion*
Harmeet K. Dhillon (#207873)
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, CA 94108
Tel.: (415) 433-1700
Email: harmeet@dhillonsmith.com

Hon. Jon S. Tigar
*Opperman v. Path, Inc.*, 3:13-CV-453-JST
Page 4

Attorneys for GOWALLA INCORPORATED

Mitchell Silberberg & Knupp LLP

By: */s/ Jeffrey M. Movit*
Jeffrey M. Movit
Mitchell Silberberg & Knupp LLP
12 East 49th Street, 30th Floor
New York, NY 10017
(917) 546-7708 (direct)
(917) 546-7678 (fax)
jmm@msk.com

ATTORNEYS FOR ZEPTOLAB UK LIMITED

DURIE TANGRI LLP

By: */s/ Michael H. Page*
MICHAEL H. PAGE (#154913)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300
mpage@durietangri.com

Attorneys for Defendants
YELP INC. and FOODSPOTTING, INC.

PERKINS COIE, LLP

By: /s/ Timothy L. Alger
Timothy L. Alger
PERKINS COIE, LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
Telephone: 650.838.4334
Facsimile: 650.838.4350
TAlger@perkinscoie.com

Attorneys for Defendant Twitter, Inc.

COOLEY LLP

By: /s/ Mazda K. Antia
Mazda K. Antia
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Phone: (858) 550-6000
Fax: (858) 550-6420

Attorneys for Defendants FACEBOOK, INC., INSTAGRAM, LLC and KIK INTERACTIVE, INC.

Morrison & Foerster LLP

By: /s/ David F. McDowell
David F. McDowell (125806)
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454
Email: DMcDowell@mofo.com

Attorneys for Defendant
FOURSQUARE LABS, INC.

ZwillGen Law LLP

By: /s/ Michele Floyd
Michele Floyd (SBN 163031)
ZWILLGEN LAW LLP
915 Battery Street, Second Floor, Suite 3
San Francisco, California 94111
Telephone: (415) 590-2340
Facsimile: (415) 590-2335
Michele@zwillgen.com

Marc J. Zwillinger (admitted *pro hac vice*)
marc@zwillgen.com
Jacob A. Sommer (admitted *pro hac vice*)
jake@zwillgen.com
ZWILLGEN PLLC

          1705 N St NW
          Washington, DC 20036
          Telephone: (202) 296-3585
          Facsimile: (202) 706-5298

          Attorneys for Defendants ELECTRONIC ARTS,
          INC. AND CHILLINGO LTD.

          HOLLAND & KNIGHT LLP

          By: */s/ Judith Nemsick*
          Christopher G. Kelly
          Judith Nemsick
          Holland & Knight LLP
          31 West 52nd Street
          New York, New York 10019
          Tel.:  (212) 513-3200
          Fax:  (212) 385-9010
          christopher.kelly@hklaw.com
          judith.nemsick@hklaw.com

          Shelley G. Hurwitz
          HOLLAND & KNIGHT LLP
          400 South Hope Street, 8th Floor
          Los Angeles, CA 90071
          Tel.: (213) 896-2476
          shelley.hurwitz@hklaw.com

          Attorneys for Defendant ROVIO
          ENTERTAINMENT LTD.
          s/h/a ROVIO MOBILE OY

## ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Tyler G. Newby, attest that concurrence in the filing of this document has been obtained from the signatories indicated by a "conformed" signature (/s/) in this e-filed document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 27th day of September, 2013 in Los Angeles, California.

DATED: September 27, 2013

Respectfully submitted,

FENWICK & WEST LLP

By:/s/ *Tyler G. Newby*
    Tyler G. Newby (CSB No. 205790)
tnewby@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Attorneys for Defendant PATH, INC.

5449361.3