UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PATH, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-00453-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART REQUEST TO INCLUDE PATENT PROSECUTION BAR IN PROTECTIVE ORDER**<br><br>Re: ECF Nos. 376, 377 |

The parties have stipulated to the entry of a protective order in these related actions. ECF No. 375. The parties disagree as to whether the stipulated protective order should contain the following patent prosecution bar ("the proposed bar"), which is based on the language used in this district's model protective order for cases involving trade secrets and highly confidential materials:

> Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information of the opposing party shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information he or she received before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, or inter partes reexamination). This Prosecution Bar shall begin when access to "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

Stipulated Protective Order ¶ 9, ECF No. 375.

//

Defendants request the inclusion of the proposed bar in the stipulated protective order on the grounds that discovery in this action will concern "Defendant's highly sensitive and confidential technical information, including Defendants' software design and development, mobile application design and development, database design, and product specifications," and that there is a risk that people with access to this information will use it to draft patents covering this subject matter. ECF No. 377.

Plaintiffs oppose the inclusion of the proposed bar to the extent that it would apply to them on the grounds that (1) the bar is overly broad; (2) patent prosecution bars are not common in consumer class actions; (3) Defendants did not seek the inclusion of a bar in the non-Opperman actions; and (4) the inclusion of the bar would "inequitably impede" their ability to retain experts and prosecute this action. ECF No. 376.

## I. LEGAL STANDARD

"[T]he determination of whether a protective order should include a patent prosecution bar is a matter governed by Federal Circuit law." In re Deutsche Bank Trust Co. Americas, 605 F.3d 1373, 1378 (Fed. Cir. 2010). A party seeking a protective order that includes a provision effecting a prosecution bar has the burden of showing good cause for its issuance. See Fed. R. Civ. P. 26(c). The determination of whether a party seeking the inclusion of a prosecution bar requires a two-step inquiry: a court first looks at the risk of inadvertent disclosure, and then it examines the potential injury from such disclosure. See Intel v. VIA, 198 F.R.D. 525, 529-31 (N.D. Cal. 2000).

The party seeking a patent prosecution bar first must show that "an unacceptable opportunity for inadvertent disclosure exists." In re Deutsche, 605 F.3d at 1378. Whether this risk for disclosure exists is determined "by the facts on a counsel-by-counsel basis." Id. "[T]he counsel-by-counsel determination should turn on the extent to which counsel is involved in 'competitive decisionmaking' with its client." Id. The Federal Circuit has described competitive decisionmaking as "a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 n. 3 (Fed. Cir. 1984).

2

If the court finds that the requesting party has shown that an unacceptable opportunity for inadvertent disclosure exists, then the court must "balance this risk against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." Id. at 380.

## II. DISCUSSION

### A. The Prosecution Bar As Applied To Defendants

As each of the Defendants is a participant in the same industry, the Court concludes that Defendants have established an unacceptable risk of inadvertent disclosure with respect to the disclosure of their confidential technical information to each other. Accordingly, the Court finds that a patent prosecution bar that applies to each of the Defendants in these related actions is appropriate.

The Court finds, however, that the language of the proposed bar is not sufficiently specific in describing the kind of information that will trigger the bar, and for this reason, the Court rejects the proposed bar as currently drafted.

"In evaluating whether to grant a patent prosecution bar in the first instance, a court must be satisfied that the kind of information that will trigger the bar is relevant to the preparation and prosecution of patent applications before the PTO." In re Deutsche, 605 F.3d at 1381. Here, the proposed bar describes the information that would trigger the bar as "the subject matter of the 'CONFIDENTIAL – OUTSIDE COUNSEL ONLY'" disclosures received by the person to whom the bar would apply. The stipulated protective order, in turn, defines the information that can be designated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as including marketing and sales data, commercially sensitive information, information relating to future business plans, future product development, commercial agreements, and trade secrets. ECF No. 375 ¶ 2.7. Because the proposed bar would be triggered by information that typically would not be relevant to the prosecution of a patent, such as confidential sales and competitive data, the bar is overly broad as currently drafted. See In re Deutsche, 605 F.3d at 1381 ("[F]inancial data and other sensitive business information, even if deemed confidential, would not normally be relevant to a patent application and thus would not normally be expected to trigger a patent prosecution bar.").

1  Accordingly, Defendants may file a new version of the patent prosecution bar no later than
2  October 31, 2013, that identifies with sufficient specificity the information that would trigger it
3  and that is tailored to apply only to information that is relevant to the preparation or prosecution of
4  patent applications.

**B.     The Prosecution Bar As Applied To Plaintiffs**

Defendants argue that the proposed bar should apply to Plaintiffs because, if the bar does not so apply, "Plaintiffs' expert consultants, none of whom have been identified," would be able to use Defendants' confidential information in connection with the prosecution of a patent. ECF No. 377 at 2.

Plaintiffs argue that the proposed bar should not apply to them because they are not Defendants' competitors and because the proposed bar would "severely limit the universe of potential experts and consultants" that Plaintiffs could use in this action. ECF No. 376 at 3. Plaintiffs also contend that the proposed bar is unnecessary because Plaintiffs already have agreed to permit Defendants to object to the disclosure of information designated as "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" to Plaintiffs' experts before any such information is so disclosed. See ECF No. 375 ¶ 7.4.

The Court concludes that Defendants have not met their burden to establish that an unacceptable risk of inadvertent disclosure exists with respect to Plaintiffs. First, it is clear from the parties' submissions that there is no danger that Plaintiffs' counsel will be involved in patent prosecution activities. Indeed, Defendants admit that "[t]here is no indication that any of plaintiffs' counsel are members of the patent bar." ECF No. 377 at 2. Second, though Defendants primarily are concerned with the disclosure of their confidential technical information to Plaintiffs' experts, Defendants offer no explanation for why the objections procedure delineated in paragraph 7.4 of the stipulated protective order would not sufficiently mitigate the risk that inadvertent disclosures of this information would occur with respect to people who are involved in competitive decisionmaking. Accordingly, Defendants' request to bind Plaintiffs to the proposed patent prosecution bar is DENIED.

/ / /

## III. CONCLUSION

Defendants' request to include a patent prosecution bar in the stipulated protective order that applies to all Defendants in these related actions is GRANTED. The Court rejects the proposed bar as currently drafted, however. Defendants may file a revised proposed patent prosecution bar that identifies with sufficient specificity the information that will trigger the bar and that narrows the scope of the bar to information that is relevant to the prosecution of a patent, as discussed above, no later than October 31, 2013.

Defendants' request to bind Plaintiffs to the patent prosecution bar is DENIED.

**IT IS SO ORDERED.**

Dated: October 15, 2013

_____
JON S. TIGAR
United States District Judge