Michele Floyd (SBN 163031)
ZWILLGEN LAW LLP
915 Battery Street, Second Floor, Suite 3
San Francisco, California 94111
Telephone: (415) 590-2340
Facsimile: (415) 590-2335
Michele@zwillgen.com

Marc J. Zwillinger (admitted *pro hac vice*)
marc@zwillgen.com
Jacob A. Sommer (admitted *pro hac vice*)
jake@zwillgen.com
ZWILLGEN PLLC
1705 N St NW
Washington, DC 20036
Telephone: (202 296-3585
Facsimile: (202) 706-5298

ATTORNEYS FOR DEFENDANTS
ELECTRONIC ARTS, INC. AND CHILLINGO LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>PATH, INC., et al.<br><br>　　　　　　　Defendants. | Case No.: 13-cv-00453-JST<br><br>**DEFENDANTS CHILLINGO, ELECTRONIC ARTS, ROVIO AND ZEPTOLAB'S MOTION TO DISMISS**<br><br>**[Fed. R. Civ. Proc. 12(b)(6)]**<br><br>DATE:　　　　January 22, 2014<br>TIME:　　　　9:30 a.m.<br>COURTROOM:　9<br>JUDGE:　　　Hon. Jon S. Tigar<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Opperman v. Path, Inc.*, No. 13-cv-00453-JST |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at 9:30 a.m. on January 22, 2014, or as soon thereafter as the matter may be heard by the Court, in the courtroom of the Honorable Jon S. Tigar, at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Chillingo Ltd. ("Chillingo"), Electronic Arts, Inc. ("EA"), Rovio Entertainment, Ltd., ("Rovio"), and ZeptoLab UK Ltd. ("ZeptoLab") (collectively "Game Defendants") will and hereby do move for an order dismissing Plaintiffs' Consolidated Amended Class Action Complaint ("CAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities that follow, the Notice of Motion, Motion and Memorandum of Points and Authorities in Support of Motion to Dismiss filed jointly by the Application Developer Defendants concurrently herewith (in which the Game Defendants join) the Court's files in this action, the arguments of counsel, and any other matter that the Court may properly consider.

## ISSUES TO BE DECIDED

1. Do Plaintiffs' express allegations that they authorized access to their address book data cause their claims to fail as a matter of law?

2. Whether nonresident Plaintiffs lack standing to bring California statutory claims against nonresident Game Defendants?

ZWILLGEN LAW LLP
915-2 BATTERY STREET, SUITE 3
SAN FRANCISCO, CALIFORNIA 94111
(415) 590-2335

## I. INTRODUCTION

The Game Defendants respectfully move to dismiss Plaintiffs' causes of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on the ground that Plaintiffs' allegations in the CAC establish, as a matter of law, that they authorized access to their address book data.[1]

## II. THE PARTIES

Defendants Rovio and ZeptoLab are creators of two game apps named in the *Opperman* case: Angry Birds Classic and Cut the Rope, respectively ("the Apps"). CAC ¶¶ 366, 383. While Rovio and ZeptoLab developed their respective Apps, Defendant Chillingo contracted with Apple to publish and distribute these Apps through the App Store. CAC ¶¶ 367, 384. Chillingo also operates the Crystal social networking platform ("Crystal") contained in the Apps. CAC ¶ 367, 385. Crystal allows players the option to connect with friends that also are registered with Crystal and play the respective games. To use Crystal, Plaintiffs must register and accept Crystal's Terms of Use and Privacy Policy. Plaintiffs allege that after accessing Crystal through the Apps and choosing the various consent prompts, the Apps accessed their address book data without their consent. CAC ¶¶ 374, 392.

This motion is directed at Plaintiffs who allegedly downloaded the Angry Birds Classic and/or Cut the Rope Apps. CAC ¶¶ 371, 388. Seven Plaintiffs are residents of Texas. CAC ¶¶ 17, 18. 20, 23, 26, 30, 31.[2] One plaintiff, Green, is a resident of Arkansas. CAC ¶ 22.[3]

## III. ARGUMENT

### A. Plaintiffs Voluntarily Consented to Access to their Address Book Data to Allow Crystal to Perform the Requested Function

Plaintiffs' claims against the Game Defendants suffer from a fundamental flaw: by choosing to register with Crystal and "invite" their friends to play or share scores, Plaintiffs undisputedly consented to access to their address book data. The CAC unambiguously sets forth the key consent language. That language makes it clear that the users of these Apps, specifically the users of

---

[1] In addition to the grounds asserted in this motion, Game Defendants join in the motion to dismiss filed on behalf of all Application Developer Defendants.
[2] Plaintiffs Beuershasen, Biondi, Dean, Hodgins, Mandaywala, Sandiford, and Varner.
[3] Although Plaintiff Pirozzi vaguely alleges she downloaded "Angry Birds games," she has sued only Apple

-1-

DEFENDANTS CHILLINGO, ELECTRONIC ARTS, ROVIO AND ZEPTOLAB'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Chillingo's Crystal social networking platform, affirmatively chose to invite their friends to play games with them and then authorized Crystal to access their contacts to do so. CAC ¶¶ 367, 385. Thus, for the Game Defendants, this is not a case of "repeatedly transmit[ting] . . . mobile address books over the Internet and to unauthorized recipients without seeking or obtaining Plaintiffs' prior authorization to do so." CAC ¶ 130. Rather, this is a case of game users *voluntarily* choosing to access Crystal's social features, *voluntarily* registering with Crystal, *voluntarily* accepting Crystal's Terms of Use and Privacy Policy, and *voluntarily* asking Crystal to "Invite [their] friends]," and to do so by "send[ing] an invite from [their] local Contacts." CAC, ¶¶ 371, 388. No matter how one parses the wording in the Crystal prompts, Plaintiffs voluntarily requested that Crystal access their address book data and connect them with other Crystal-registered users.

Plaintiffs nonetheless claim that all App Defendants either failed to obtain user consent or that they inadequately requested the consent before the various "apps" accessed their electronic address book information. For each of Plaintiffs' claims against the Game Defendants, lack of consent is either a key element of the claims asserted or it constitutes a complete defense.[4]

In their verbose and unwieldy pleading, Plaintiffs have asserted the following statutory causes of action against the Game Defendants: violations of the Electronic Communications Privacy Act (18 U.S.C. § 2510 *et seq.*), Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), California Unfair Competition Law (Cal. Bus. and Prof. Code § 17200 *et seq.*), California Computer Crimes Act ( Cal. Penal Code § 502), Texas Theft Liability Act (Tex. Civ. Prac. & Rem. Code § 134.001), Texas Wiretap Acts (Tex. Code Crim. Proc. art. 18.20 § 1(3) and Tex. Penal Code § 16.02(a)), and civil liability under RICO (18 U.S.C. §§1961-1964) with predicate acts of Wire Fraud (18 U.S.C. § 1343), transportation of stolen property (18 U.S.C. § 2314), and trespass under 18 U.S.C. § 2520. Plaintiffs also assert common law claims of invasion of privacy, conversion, trespass to personal property and/or chattels, misappropriation, and negligence. All of these allegations depend on lack

---

and is not pursuing a claim against Game Defendants. CAC ¶ 28.

[4] *See, e.g.,* Cal. Penal Code § 502(c) and 18 U.S.C. § 1030(g) (requiring access to be without permission to state a claim); Tex. Penal Code § 31.03(a), (b) & Tex. Civ. Prac. & Rem. Code § 134.002(2) (lack of consent required to state a claim), 18 U.S.C. § 1343 (requiring the defendant use fraudulent pretenses, which are inconsistent with consent), Cal. Penal Code § 631 (consent of the parties is a defense); 18 U.S.C. § 2520 (consent is a defense).

-2-

DEFENDANTS CHILLINGO, ELECTRONIC ARTS, ROVIO AND ZEPTOLAB'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

of consent and have no application to the Game Defendants because the Crystal platform only accessed user's address books at the request of the user, and with the user's authorization.

The CAC contains the precise language shown to Angry Birds Classic and Cut the Rope users and, as a matter of law, it precludes all of Plaintiffs' causes of action:

- To use Crystal, players must first download and install an app like Angry Birds Classic or Cut the Rope, that incorporates the Crystal app or platform. CAC ¶¶ 367, 385.

- Users then navigate to Crystal within the App, sign up for the Crystal service and accept the Crystal terms and conditions. CAC ¶¶ 371, 388.

- After registering, users can then connect with their friends using Crystal. In this case, Plaintiffs allege that they navigated to Crystal's "**Send an invite screen**," which contained the subheading "**Invite your friends to Angry Birds**." CAC ¶ 371.

- Plaintiffs then had to press a button bar labeled "**Invite from contacts**" which contained the subheading: "**Send an invite from your local Contacts**." *Id.*

- Only after doing so did Crystal allegedly access Plaintiffs' address books to identify potential contacts that were using Crystal or that the user could invite to use the Crystal network. CAC ¶ 374.

- Plaintiffs allege the same process for Cut the Rope, which required navigating to a "**Find friends**" screen and "tap[ping] the ['**Find friends via contacts**'] button." CAC ¶¶ 388, 392.

Plaintiffs' allegations readily acknowledge that no access to data occurred until *after* each Plaintiff took voluntary action to find contacts that were also using the Crystal social network. CAC ¶¶ 374, 388. The CAC expressly alleges that the Crystal social network offered the Plaintiffs the *choice* of connecting their contacts to the social network to play games. *Id.* The fact that Crystal presented this choice is undisputed. *See* CAC ¶¶ 374, 388, 371 (noting that Plaintiffs had to "press a button bar" to invite or find friends).

Grasping for straws, Plaintiffs make the specious claim that despite pressing the "Invite from contacts" and "Find friends via contacts" buttons, the Game Defendants "non-consensually" accessed their address books. *E.g.,* CAC ¶¶ 371, 379, 388. The CAC, however, is notably devoid of any allegations as to what the Plaintiffs thought "Send an invite from your local Contacts" or "Find friends via contacts" meant other than that Crystal would need to access their address book data to

-3-

DEFENDANTS CHILLINGO, ELECTRONIC ARTS, ROVIO AND ZEPTOLAB'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

find them.  Any other reading is absurd.  Plaintiffs do not suggest why this disclosure was inadequate other than that it lacked the magic word "upload."  The inference that "upload" would have warned Plaintiffs that Crystal would access their address book data, however, is a distinction without a difference.  *See, e.g.,* CAC ¶¶ 373, 391 (alleging the "in-app" text lacked the word "upload").  In sum, there can be no doubt that Plaintiffs authorized the Game Defendants to access their address book data, thus precluding claims against them. Accordingly, each of Plaintiffs' claims must be dismissed.[5]

### B. Plaintiffs Lack Standing to Assert California Statutory Claims Against Foreign Defendants Like Rovio and ZeptoLab

Plaintiffs are residents of Texas and Arkansas.  CAC ¶¶ 17, 18, 20, 22, 23, 26, 30, 31.  Rovio is a Finnish company with headquarters in Finland.  CAC ¶ 44.  ZeptoLab is a United Kingdom corporation with its headquarters in London.  CAC ¶47.  The relevant alleged conduct in this case is not that the Apps were distributed through the App Store; rather, it is where and how the alleged wrongful conduct by Defendants or harm to Plaintiffs occurred.   Plaintiffs already acknowledged that their California wiretap cause of action can only be brought against certain California-headquartered defendants.  CAC ¶¶ 610-612.  Defendants Rovio and ZeptoLab further challenge whether Plaintiffs have standing to assert claims against them under other California statutes, notably the California Unfair Competition Law (UCL) and California Penal Code section 502.  Plaintiffs have pleaded no connection to California that is capable of supporting these California

---

[5] *See, e.g., In re iPhone Application Litig.*, No. 11-md-02250, 2011 WL  4403963, at *12-13 (N.D. Cal. Sept. 20, 2011) (dismissing Cal. Penal Code § 502 claim where third party apps were installed voluntarily and access was not "without permission"); *AtPac, Inc. v. Aptitude Solutions, Inc.,* 730 F. Supp. 2d 1174, 1181 (E.D. Cal. 2010) (dismissing Computer Fraud Claim because the Act "simply does not apply to those who have authority to access . . . a computer"); *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1272-73 (N.D. Cal. 2001) (dismissing Wiretap Claim where pleadings alleged that Amazon was intended recipient to communication); *Hill v. NCAA*, 7 Cal. 4th 1, 26 (1994) (plaintiff in an invasion of privacy case "must not have manifested by his or her conduct a voluntary consent to the [allegedly] invasive actions of defendant"); *Jennings v. Minco Tech. Labs, Inc.*, 765 S.W.2d 497, 500 (Tex. App.1989) ("consent amounts to an absolute defense in any tort action based upon the invasion [of privacy]"); *Newhart v. Pierce*, 254 Cal. App. 2d 783, 793 (1967 ("there [can be] no conversion of the . . . [property] removed with [plaintiff's] permission"); *Gronberg v. York*, 568 S.W.2d 139, 145 (Tex. Civ. App. Tyler 1978) (rejecting appellee's claim for conversion because appellee was "held to have consented to the action of" appellant); *see also supra* n. 4 (identifying statutory claims with elements or defenses of consent).

statutory claims. In addition to the reasons stated in the Application Developer Defendants' joint motion to dismiss, these claims should not be asserted extraterritorially. *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1209 (2011); *In re Nat'l Western Life Ins. Deferred Annuities Litig.*, 467 F. Supp. 2d 1071, 1089 (S.D. Cal. 2006) (non-resident plaintiffs had no UCL claim against non-California defendants for conduct occurring outside California). Additionally, whether the Court applies Texas, California or some other law to the statutory and common law claims, Plaintiffs fail to plausibly state any claim upon which relief can be granted and thus all of the claims they attempt to assert must be dismissed with prejudice.

## IV. CONCLUSION

Because the CAC alleges on its face that Plaintiffs consented to Chillingo's accessing of their address books to "find friends" who were also using the Crystal social network, the claims against the Game Defendants should be dismissed with prejudice.

**ZWILLGEN LAW LLP**

Dated: October 18, 2013

By: /s/ Michele Floyd
Michele Floyd (SBN 163031)
ZWILLGEN LAW LLP
915 Battery Street, Second Floor, Suite 3
San Francisco, California 94111
Telephone: (415) 590-2340
Facsimile: (415) 590-2335
Michele@zwillgen.com

Marc J. Zwillinger (admitted *pro hac vice*)
marc@zwillgen.com
Jacob A. Sommer (admitted *pro hac vice*)
jake@zwillgen.com
ZWILLGEN PLLC
1705 N St NW
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298
**Attorneys for Defendants**
ELECTRONIC ARTS, INC. AND
CHILLINGO LTD.

DEFENDANTS CHILLINGO, ELECTRONIC ARTS, ROVIO AND ZEPTOLAB'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

|   |   |
|---|---|
|   | **HOLLAND & KNIGHT LLP** |
| Dated: October 18, 2013 | By: */s/ Christopher G. Kelly* |
|   | Christopher G. Kelly |
|   | Judith R. Nemsick |
|   | Holland & Knight LLP |
|   | 31 West 52nd Street |
|   | New York, New York 10019 |
|   | Tel.: (212) 513-3200 |
|   | Fax: (212) 385-9010 |
|   | christopher.kelly@hklaw.com |
|   | Judith.nemsick@hklaw.com |
|   |   |
|   | Shelley G. Hurwitz |
|   | HOLLAND & KNIGHT LLP |
|   | 400 South Hope Street, 8th Floor |
|   | Los Angeles, CA 90071 |
|   | Tel.: (213) 896-2476 |
|   | shelley.hurwitz@hklaw.com |
|   | **Attorneys for Defendant** |
|   | ROVIO ENTERTAINMENT LTD. s/h/a ROVIO MOBILE OY |
|   |   |
|   | **MITCHELL SILBERBERG & KNUPP LLP** |
| Dated: October 18, 2013 | By: */s/ Jeffrey M. Movit* |
|   | Jeffrey M. Movit |
|   | Mitchell Silberberg & Knupp LLP |
|   | 12 East 49th Street, 30th Floor |
|   | New York, NY 10017 |
|   | (917) 546-7708 (direct) |
|   | (917) 546-7678 (fax) |
|   | jmm@msk.com |
|   | **Attorneys for Defendant** |
|   | ZEPTOLAB UK LIMITED |

DEFENDANTS CHILLINGO, ELECTRONIC ARTS, ROVIO AND ZEPTOLAB'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2013, I electronically filed the foregoing with the Clerk of Court using the EM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

                               /s/ Michele Floyd
                               Michele Floyd