# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARC OPPERMAN, et al., | Case No.: 13-CV-00453-JST |
| Plaintiffs, | **[PROPOSED] PROTECTIVE ORDER** |
| v. | THIS DOCUMENT RELATES TO ALL CASES: |
| PATH, INC., et al., | *Opperman v. Path, Inc.*, No. 13-cv-00453-JST |
| Defendants. | *Hernandez v. Path, Inc.*, No. 12-cv-1515-JST |
| | *Pirozzi v. Apple, Inc.*, No. 12-cv-1529-JST |
| | *Gutierrez v. Instagram, Inc.*, No. 12-cv-6550-JST |

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties agree there is good cause for a protective order and hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 15.3, below, that this

Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

**2.     DEFINITIONS**

**2.1.     Challenging Party:**  a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2.     "CONFIDENTIAL" Information or Items:**  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.3.     Counsel (without qualifier):**  Outside Counsel of Record and In-House Counsel (as well as their support staff).

**2.4.     Defendant:**  Any Party who is a defendant in any of the following cases or any case that may hereafter be related to, or consolidated with, them:  *Opperman v. Path, Inc.*, No. C 13-0453 JST (N.D. Cal.); *Hernandez v. Path, Inc.*, No. C 12-1515 JST (N.D. Cal.); *Pirozzi v. Apple, Inc.*, No. C 12-1529 JST (N.D. Cal.); *Gutierrez v. Instagram, Inc.*, No. C 12-6550 JST (N.D. Cal.).

**2.5.     Designating Party:**  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

**2.6.     Disclosure or Discovery Material:**  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

1  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

2  responses to discovery in this matter.

3  **2.7.   Expert:**  a person with specialized knowledge or experience in a matter pertinent

4  to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness

5  or as a consultant in this action, (2) is not a past or current employee of a Party, (3) is not a

6  current employee of a Party's competitor, and (4) at the time of retention, is not anticipated to

7  become an employee of a Party or of a Party's competitor.

8  **2.8.   "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items:**

9  extremely sensitive "Confidential Information or Items" the disclosure of which to another Party

10  or Non-Party would create a risk of serious harm to the competitive position of the Designating

11  Party that could not be avoided by less restrictive means, including, but not limited to: (i)

12  extremely sensitive marketing, financial, sales, research and development, or technical data or

13  information; (ii) commercially sensitive competitive information, including, without limitation,

14  information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA");

15  (iii) information relating to future business/strategic plans, sales and financial projections, product

16  development and design, and future sales and financial projections; (iv) trade secret, or other

17  confidential research and development information; and (v) commercial agreements, confidential

18  settlement agreements, or confidential settlement communications, the disclosure of which the

19  Designating Party in good faith believes is likely to cause substantial harm to the competitive

20  position of the Producing Party.

21  **2.9.   "Source Code" Information or Items:** extremely sensitive "Confidential

22  Information or Items" representing computer code and associated comments and revision

23  histories, formulas, engineering specifications, or schematics that define or otherwise describe in

24  detail the algorithms or structure of software or hardware designs, disclosure of which to another

25  Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

26  less restrictive means.  As set forth in greater detail in Section 8, the Parties agree that this

27  Protective Order does not address the production of source code.

28

**2.10.   In-House Counsel:**  attorneys who are employees of a party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.11.   Non-Party:**  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.12.   Outside Counsel of Record:**  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.13.   Party:**  any party to this action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel and Outside Counsel of Record (and their support staffs).

**2.14.   Producing Party:**  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.15.   Professional Vendors:**  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.16.   Protected Material:**  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

**2.17.   Receiving Party:**  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production.  Notwithstanding the provisions of this Protective Order, Plaintiffs shall not disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Defendant that produced the Protected Material.  Nothing herein shall prejudice any Party's right to submit documents for filing under seal in compliance with the Civil Local Rules of this Court.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1.    Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection

1    initially asserted, that Designating Party must promptly notify all other parties that it is

2    withdrawing the mistaken designation and re-produce the information or items with the proper

3    designation.

4        **5.2.    Manner and Timing of Designations.**   Except as otherwise provided in this

5    Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered,

6    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

7    designated before the material is disclosed or produced.

8        Designation in conformity with this Order requires:

9        (a)    for information in documentary form (e.g., paper or electronic documents,

10    but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

11    Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL

12    ONLY" to the document that contains protected material.  For documents produced in native

13    format, the Producing Party shall append "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE

14    COUNSEL ONLY" to the filename if not unduly burdensome.

15        (b)    A Party or Non-Party that makes original documents or materials available

16    for inspection need not designate them for protection until after the inspecting Party has indicated

17    which material it would like copied and produced.  During the inspection and before the

18    designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL

19    – OUTSIDE COUNSEL ONLY."  After the inspecting Party has identified the documents it

20    wants copied and produced, the Producing Party must promptly determine which documents, or

21    portions thereof, qualify for protection under this Order.  Then, before producing the specified

22    documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or

23    "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" to the document that contains Protected

24    Material.

25        (c)    for testimony given in deposition or in other pretrial proceedings, that the

26    Designating Party identify on the record or up to 21 days[1] after the completion of the deposition,

27    hearing, or other proceeding, whether protection is sought and the level of protection being

28

---

[1] All references to "days" herein shall mean calendar days, unless otherwise noted.

asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  Except as otherwise provided herein, the use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(d)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**5.3.     Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

1    **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

2    **6.1.    Timing of Challenges.**  Any Party or Non-Party may challenge a designation of

3    confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

4    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

5    burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

6    challenge a confidentiality designation by electing not to mount a challenge promptly after the

7    original designation is disclosed.

8    **6.2.    Meet and Confer.**  The Challenging Party shall initiate the dispute resolution

9    process by providing written notice of each designation [including identifying Bates Number

10   designation as applicable] it is challenging and describing the basis for each challenge.  To avoid

11   ambiguity as to whether a challenge has been made, the written notice must recite that the

12   challenge to confidentiality is being made in accordance with this specific paragraph of the

13   Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin

14   the process by conferring directly (in voice to voice dialogue; other forms of communication are

15   not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging

16   Party must explain the basis for its belief that the confidentiality designation was not proper.  The

17   Designating Party must review the designated material, reconsider the circumstances, and, if no

18   change in designation is offered, explain the basis for the chosen designation.  A Challenging

19   Party may proceed to the next stage of the challenge process only if it has engaged in this meet

20   and confer process first or establishes that the Designating Party is unwilling to participate in the

21   meet and confer process in a timely manner.

22   **6.3.    Judicial Intervention.**  If the Parties cannot resolve a challenge without court

23   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

24   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

25   of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

26   process will not resolve their dispute, whichever is earlier.  It may be appropriate in certain

27   circumstances for the parties to agree to shift the burden to move on the Challenging Party after a

28   certain number of challenges are made to avoid an abuse of the process, but the burden of

persuasion would remain on the Designating Party.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1.   Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

To the extent that any one of Defendants in this litigation provides Protected Material under the terms of this Protective Order to a Plaintiff, Plaintiff shall not share that material with the other Defendants in this litigation, absent express written permission from the producing

Defendant or Court order.  This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2.   Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, and other attorneys retained by a Receiving Party, and if the Receiving Party is a Plaintiff, Counsel for any other Plaintiff in these related actions;

(b)     the Parties, if individuals, officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.3.   Disclosure of "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to:

(a)     the Receiving Party' Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, and if the Receiving Party is a Plaintiff, Counsel for any other Plaintiff in these related actions;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom no unresolved objections to such disclosure exist after the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.4.    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items to Experts.**

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of  "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in

connection with a litigation, at any time during the preceding 4 years; and (6) identifies cases (by name and number of the case, filing date and location of the court) in which, during the previous 4 years, the Expert testified as an expert at trial or by deposition or submitted a declaration or expert report.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(d)     Notwithstanding the above, Discovery Material may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel or the Parties, provided that such expert or consultant is using said Discovery Material solely in connection with this Litigation.

1 | Additionally, without the express prior written consent of the Defendant that produced the

2 | Protected Material, no expert or consultant retained by a Defendant in this matter shall have

3 | access to "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Discovery

4 | Material produced by another Defendant in this matter.

**8.      SOURCE CODE**

6 | The Parties agree that this Protective Order does not address the production of source code

7 | (including but not limited to source code and source code listings, whether in electronic or printed

8 | form) and reserve their rights to object to any such production.  Should such source code be

9 | identified or ordered for production, the party requesting the source code will provide notices to

10 | all other parties before engaging the Producing Party in negotiations regarding a source code

11 | protective order, and the Parties will negotiate a protective order governing the production of

12 | source code.

**9.      PROSECUTION BAR**

14 | This provision applies only to Defendants and individuals retained by, employed by, or

15 | affiliated with a Defendant.  Absent the written consent of the Designating Party, any individual

16 | who, pursuant to section 7.3 of this Order, receives access to "CONFIDENTIAL – OUTSIDE

17 | COUNSEL ONLY" technical information of the Designating Party shall not be involved, directly

18 | or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing,

19 | prosecuting, drafting, editing, and/or amending patent applications, specifications, claims, and/or

20 | responses to office actions, or otherwise affecting the scope of claims in patents or patent

21 | applications relating to the subject matter of the "CONFIDENTIAL – OUTSIDE COUNSEL

22 | ONLY" technical information he or she received before any foreign or domestic agency,

23 | including the United States Patent and Trademark Office; and (ii) the acquisition of patents

24 | (including patent applications), or the rights to any such patents or patent applications with the

25 | right to sublicense, relating to the subject matter of the "CONFIDENTIAL – OUTSIDE

26 | COUNSEL ONLY" technical information he or she received.  These prohibitions are not

27 | intended to and shall not preclude counsel from participating in proceedings on behalf of a Party

28 | challenging the validity of any patent, but are intended, inter alia, to preclude counsel from

participating directly or indirectly in reexamination, inter partes review, covered business method review, or reissue proceedings on behalf of a patentee.  These prohibitions shall commence when "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" technical information or items are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.  For the avoidance of doubt, "technical information" for the purposes of this section ("PROSECUTION BAR") does not include information or items comprising marketing and sales data, commercially sensitive information, information relating to future business plans, future product development information, commercial agreements, or trade secrets, except to the extent that they contain technical data of potential consequence to the above-described activities.

## 10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" that Receiving Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" before a determination by the court from which the subpoena or order issued, unless the Receiving Party

has obtained the Designating Party's permission.  The Designating Party shall bear the burden

and expense of seeking protection in that court of its confidential material—and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to

disobey a lawful directive from another court.

**11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party

before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

(a)    Pursuant to Federal Rule of Evidence 502(d), in the event that Disclosure or Discovery Material that is subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable protection from discovery is inadvertently produced or disclosed ("Inadvertent Production Material"), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other applicable protection in this case or any other federal or state proceeding.  This provision shall govern regardless of the reasonableness of any steps taken to prevent such inadvertent disclosure.

(b)    If a claim of inadvertent production is made, pursuant to this Stipulated Protective Order, with respect to Discovery Material then in the custody of another Party, that Party shall (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries, and excerpts or Inadvertant Production Materials that contain privileged markings of the Receiving Party) and certify in writing to that fact; and (iii) not sequester, disclose, or use the claimed Inadvertent Production

Material for any purpose until further order of the Court expressly authorizing such use. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

(c)     A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. While such a motion is pending, the Disclosure or Discovery Material in question shall be treated in accordance with Section 13(b) above.

## 14.     DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 14(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

**15.    MISCELLANEOUS**

**15.1.    Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**15.2.    Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order, including any right to object to the disclosure or production of information under foreign statutes or laws. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**15.3.    Filing Protected Material.**  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**16.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, or such other time to be agreed upon by the parties and ordered by the Court, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  In addition, this provision does not require the Receiving Party to search through or delete automatically generated computer backup files that are created for disaster recovery purposes (e.g., computer backup tapes), if such files are not readily accessible.

**IT IS SO ORDERED.**

DATED: _____        _____
                               THE HONORABLE JON S. TIGAR
                               United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2013 in the case _____; Case No. _____. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                     [signature]