HOLLAND & KNIGHT LLP
  Christopher G. Kelly (*admitted pro hac vice*)
  Judith R. Nemsick (*admitted pro hac vice*)
31 West 52nd Street
New York, New York  10019
Tel.:   (212) 513-3200
Fax:   (212) 385-9010
christopher.kelly@hklaw.com
judith.nemsick@hklaw.com

HOLLAND & KNIGHT LLP
  Shelley G. Hurwitz (SBN 217566)
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Telephone 213.896.2400
Facsimile  213.896.2450
shelley.hurwitz@hklaw.com

Attorneys for Defendant
Rovio Entertainment Ltd.

[Additional counsel identified on signature pages.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PATH, INC., et al.,<br><br>    Defendants. | Case No.: 13-cv-00453-JST<br><br>**APP DEVELOPER DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE AND STAY RELATED CASES**<br><br>DATE:        December 10, 2013<br>TIME:         2:00 pm<br>COURTROOM:  9<br>JUDGE:       Hon. Jon S. Tigar<br><br>**THIS DOCUMENT RELATES TO ALL CASES:**<br>*Opperman v. Path, Inc.*, No. 13-cv-00453-JST<br>*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST<br>*Pirozzi v. Apple, Inc.*, No. 12-cv-1529-JST<br>*Gutierrez v. Instagram, Inc.*, No. 12-cv-6550-JST<br>*Espitia v. Hipster, Inc.*, No. 13-cv-0432-JST |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................1

II. ARGUMENT ................................................................................................1

    A. Plaintiffs' Motion for Consolidation Should Be Denied as Premature ...........................................................................................1

    B. Formal Consolidation Is Unnecessary for Efficient Case Management and Coordinated Discovery............................................2

    C. The App Developer Defendants Opposed Consolidation of All Claims Against All Defendants From the Outset ...........................4

    D. Consolidation Would Unfairly Prejudice Defendants, Lead to Jury Confusion, Cause Needless Delay and a Waste of Judicial Resources.......................................................................................5

        1. Consolidation Is Not Appropriate When Individual Issues Predominate .................................................................5

        2. Consolidation Will Seriously Prejudice Defendants, Cause Jury Confusion and Result in a Waste of Judicial Resources ......................................................................8

III. CONCLUSION ...........................................................................................10

# TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

*CSI Electrical Contractors, Inc. v. Zimmer America Corp.*, No. 12-10876 CAS (AJWx), 2013 WL 2251631 (C.D. Cal. May 22, 2013) .................................. 3, 4, 5

*Chacanaca v. Quakers Oats Co.*, No. C 10-0502 RS, 2011 WL 441324 (N.D. Cal. Feb. 3, 2011) ................................................................................................ 2

*Huene v. United States*, 743 F.2d 703 (9th Cir.1984) .................................................. 5

*In re Consol. Parlodel Litig.*, 182 F.R.D. 441 (D.N.J.1998) ........................ 6, 8, 9, 10

*Malcolm v. National Gypsum Co.*, 995 F.2d 346 (2d Cir.1993) ............................... 8

*Rancho Agricola Santa Monica, S. de R.L. de C.V. v. Westar Seeds Int'l, Inc.*, No. 08cv1998 JM (JMA), 2009 WL 3148756 (S.D. Cal. Sept. 29, 2009) ........ 3, 9

*Safir v. BBG Communications, Inc.*, No. 10-CV-2341-H, 2011 WL 765884 (S.D. Cal. Feb. 25, 2011) .................................................................................... 6

*Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805 (N.D. Cal. 1989) ........................................................................................................ 5, 6, 9

*Tumbling v. Merced Irrigation Dist.*, No. CV F 08-1801 LJO DLB, 2010 WL 1340546 (E.D. Cal. Apr. 1, 2010) ................................................................... 5, 6

FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

Fed. Rule of Civ. Proc. 42(a) ..................................................................................... 5

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450


# I. INTRODUCTION

Defendants Chillingo Ltd., Electronic Arts, Inc., Facebook, Inc., Foodspotting, Inc., Foursquare Labs, Inc., Gowalla Inc., Instagram, Inc., Kik Interactive, Inc., Path, Inc., Rovio Entertainment Ltd. s/h/a Rovio Mobile Oy, Twitter, Inc., Yelp! Inc. and ZeptoLab UK Limited (collectively, "App Developer Defendants") respectfully oppose Plaintiffs' motion to consolidate the *Opperman, Hernandez, Pirozzi*, and *Gutierrez* actions ("Related Actions").[1] The motion seeks consolidation for all purposes, including trial, and therefore should be denied in its entirety. First, any consolidation order is premature at this juncture because the Court's rulings on defendants' motions to dismiss may completely moot the consolidation issue or dramatically alter the remaining parties and/or factual allegations and claims in the CAC. Second, consolidation is unnecessary because the Court's order relating the cases achieves the same judicial efficiency as consolidation. The Related Actions are already subject to the same scheduling and case management orders and, if the defendants' pleading motions are denied, the Court can coordinate pretrial discovery and related schedules. Third, consolidation for trial purposes is inappropriate because it would result in prejudice to defendants, cause confusion of the issues, and result in undue delay and a waste of judicial resources. To the extent that the Court deems consolidation appropriate at this juncture, such consolidation should be limited to pre-trial proceedings only.

# II. ARGUMENT

## A. Plaintiffs' Motion for Consolidation Should Be Denied as Premature

On October 18, 2013, Apple and the App Developer Defendants filed motions to dismiss all claims asserted in the CAC for lack of Article III standing and failure to

---

[1] Plaintiffs seek a stay of the *Espitia* action, which asserts claims exclusively against Hipster, Inc. *Opperman*, ECF No. 401 at 1, 11. App Developer Defendants do not take a position on plaintiffs' motion to stay *Espitia*.

1

state a claim upon which relief may be granted. The motions will be fully briefed by January 7, 2014 and argued on January 22, 2014. A favorable ruling on the motions to dismiss in their entirety or even in part could moot the consolidation inquiry entirely because it may considerably reduce the number of viable claims and parties. It is unnecessary, and likely prejudicial, to consolidate the Related Actions at this stage when rulings on the motions to dismiss could significantly change the landscape of the CAC. For example, if the Court dismissed all claims asserted against Apple, the alleged common questions of fact and law with respect to Apple's joint liability with the App Developer Defendants would disappear from the case.

Because it is not clear which, *if any*, of the parties or the alleged overlapping claims in the cases will remain following the Court's rulings on the motions to dismiss, plaintiffs' motion should be denied as premature. *Cf. Chacanaca v. Quakers Oats Co.*, No. C 10-0502 RS, 2011 WL 441324, at *2 (N.D. Cal. Feb. 3, 2011) (finding it premature to order consolidation while MDL panel was deciding motion to transfer multidistrict cases for coordinated pretrial proceedings).

## B. Formal Consolidation Is Unnecessary for Efficient Case Management and Coordinated Discovery

This Court's order relating *Hernandez* and *Pirozzi*[2] to *Opperman* was intended to avoid the risk of "inconsistent rulings, unnecessary duplication of labor and expense, [and] inefficient case management." *Opperman*, ECF No. 322 at 5.[3] Similarly, the Court found that relating the cases "will ensure that class certification proceedings are conducted pursuant to consistent rulings and efficient case management," (*id.*), and recognized that potentially similar discovery and dispositive

---

[2] Judge Gonzalez Rogers previously had ordered the *Pirozzi* action related to the earlier-filed *Hernandez* case on July 31, 2012. *Hernandez*, ECF No. 29.

[3] The Court subsequently ordered the *Gutierrez* action related to the *Opperman* action. *Opperman*, ECF No. 331.

2

APP DEVELOPER DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO
CONSOLIDATE AND STAY RELATED CASES - CASE NO. 13-cv-00453-JST

motions could be addressed by the Court to avoid "unduly burdensome duplication of labor and expense for all parties." *Id*. Treating the cases as related and coordinating pretrial scheduling has already resulted in efficient case management of the Related Actions. The Court has held several joint case management conferences and issued uniform scheduling and case management orders. An ESI protocol has been stipulated to by the parties in all cases and approved by the Court. This Court recently resolved a dispute regarding the stipulated protective order applicable in all cases. And a coordinated briefing schedule on Apple and the App Developer Defendants' various motions to dismiss is currently in place.

Given the proven effectiveness of the relation order, it is unnecessary for the Court to formally consolidate the actions. The *status quo* has worked well for the Court and the parties and should be maintained to avoid any prejudice that could result due to the different factual allegations currently pending against different defendants. *See Rancho Agricola Santa Monica, S. de R.L. de C.V. v. Westar Seeds Int'l, Inc*., No. 08cv1998 JM(JMA), 2009 WL 3148756, *2 (S.D. Cal. Sept. 29, 2009) (denying consolidation and recognizing the "substantial efficiencies" achieved by the coordinated treatment of the related actions -- i.e., having the same judge and magistrate judge hear all matters, conducting coordinated case management conferences, coordinating and sharing discovery, and subjecting the cases to the same case management and scheduling orders); *see also infra*, at 6-9 (argument discussing prejudice).

To the extent that common issues of fact or law arise and need to be addressed, omnibus motions (similar to the joint motion to dismiss) can be filed by the parties. Likewise, coordination of overlapping discovery on any surviving claims can be accomplished easily without formal consolidation through the Court's relation order. *See CSI Electrical Contractors, Inc. v. Zimmer America Corp*., No. 12-10876 CAS (AJWx), 2013 WL 2251631, at *4 (C.D. Cal. May 22, 2013) (declining to

consolidate related actions where, despite "multiple common issues of fact," the "underlying factual basis of each parties' claims are different").

In sum, plaintiffs' motion should be denied because coordinated treatment of the Related Actions by this Court already has achieved a substantial level of judicial efficiency without prejudicing defendants.

### C. The App Developer Defendants Opposed Consolidation of All Claims Against All Defendants From the Outset

Plaintiffs' motion misleadingly states that "several defendants submitted statements favoring consolidation of claims for discovery and trial purposes." *Opperman*, ECF No. 401 at 5. The June 7 Joint Case Management Conference statement ("CMC Statement"), however, expressly states that the App Developer Defendants believe that "consolidation of *all claims against all parties* would not serve the interest of judicial economy and, to the contrary, would result in substantial delay and waste." *Opperman*, ECF No. 330 at 49 (emphasis added). Defendants Path and Instagram supported consolidation *only* with respect to claims asserted *against them* in the two cases they each are named.[4] *See, e.g., id.* at 49 ("Instagram similarly believes that consolidation of the claims *against it* brought in *Opperman* and *Gutierrez* would advance the interest of judicial and party economy") (emphasis added). Defendant Twitter specifically opposed consolidation because the factual allegations against it are wholly distinct from the allegations against Path and Apple. *Id*. at 49. Likewise, Rovio and ZeptoLab specifically objected to consolidation because of factual distinctions from other app developers, including their complete lack of access to (or receipt of) any plaintiff's address book data. *Id.*

The App Developer Defendants further noted in the CMC Statement that common causes of action and issues of fact could be addressed in an omnibus motion

---

[4] Apple also only "support[ed] consolidation of the claims asserted *against Apple*…for trial, in the event that the Court permits one or more of the claims in both *Pirozzi* and *Opperman* to go forward." *Opperman,* ECF No. at 52 (emphasis added).

4

to dismiss (which has now since been filed) without the need for consolidation. *Id.* All App Developer Defendants also firmly opposed consolidation for trial purposes, stating that consolidation based on the current pleadings "would lead to unnecessary delay and juror confusion, due to the substantial differences between each defendant and the operation of each defendant's applications." *Id.* at 52.[5] Plaintiff in the *Pirozzi* action, in fact, had agreed in the CMC Statement that consolidation should be addressed following the Court's ruling on defendants' motions to dismiss and had agreed to coordinate with the plaintiffs in the other related actions for purposes of discovery. *Id.* at 48. Accordingly, the App Developer Defendants have unequivocally opposed consolidation of all claims against all defendants.

### D. Consolidation Would Unfairly Prejudice Defendants, Lead to Jury Confusion, Cause Needless Delay and a Waste of Judicial Resources

#### 1. Consolidation Is Not Appropriate When Individual Issues Predominate

A district court has broad discretion under Federal Rule of Civil Procedure 42(a) to order consolidation of two or more actions presenting a common party and common issues of fact or law. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.1984). Consolidation, however, should not be ordered where it will lead to delay, prejudice, jury confusion and judicial inefficiency. *See Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989) (court must balance the interest of judicial convenience against "the potential for delay, confusion, and prejudice caused by consolidation"). Significantly, consolidation is not proper where, as here, individual issues predominate the related cases, even though the cases may involve the same general subject matter or some common issues of fact or law. *Tumbling v. Merced Irrigation Dist.*, No. CV F 08-1801 LJO

---

[5] Defendants Twitter, Electronic Arts, Chillingo, and ZeptoLab expressly opposed consolidation of these case for trial. *Id.*

5
APP DEVELOPER DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO
CONSOLIDATE AND STAY RELATED CASES - CASE NO. 13-cv-00453-JST

DLB, 2010 WL 1340546, at *4 (E.D. Cal. Apr. 1, 2010) (citing *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J.1998)).

Plaintiffs contend that there is "substantial overlap in the parties and allegations across the cases." *Opperman*, ECF No. 401 at 8. They rely on the Court's order relating the cases, which found "similar underlying allegations" and overlapping legal issues among the cases, particularly as to Apple. *Id.* They point to four common causes of action against Apple brought by all plaintiffs, and approximately six other claims (among the 26) brought jointly by multiple plaintiffs' groups. The sharing of common causes of action, however, does not require consolidation, particularly if additional causes of action are asserted and the underlying facts supporting the claims are different. *See Sajfr v. BBG Comm'ns*, *Inc.*, No. 10-CV-2341-H (NLS), 2011 WL 765884, at *2 (S.D. Cal. Feb. 25, 2011) (consolidation denied where cases shared only two causes of action and were at different phases of the pretrial process); *In re Consol. Parlodel Litig.*, 182 F.R.D. at 444 (mere existence of common issues does not require consolidation).

While plaintiffs' consolidated pleading attempts to combine their claims and make some of them "almost identical" as to certain defendants, the CAC's underlying factual allegations against each defendant remain distinct and highly individualized. Indeed, plaintiffs' factual allegations concerning each of the App Developer Defendants span 50 pages and include almost two hundred paragraphs. *See, e.g.,* CAC ¶¶ 231-427 (describing in detail various app defendants' business models and design systems, and the different means by which each app allegedly accessed and misappropriated users' address book data). By pleading as they did, plaintiffs, in fact, acknowledge that their claims against each defendant involve completely different transactions, marketing practices, user registration processes, user agreements, privacy policies and software code. *See Tumbling*, 2010 WL 1340546, at *5 (consolidation denied where individual facts of each case varied so widely);

*Southwest Marine*, 720 F. Supp. at 806 (denying consolidation where facts necessary to claims were not in common and different contracts were at issue). Indeed, certain claims—such as the fraudulent transfer claim brought only against Gowalla and Facebook—have no relationship whatsoever to the remaining factual allegations and claims in the CAC.

Moreover, the CAC does not reflect a complete identity among the majority of claims presently asserted in the CAC. ECF No. 322 at 5. Plaintiffs filed an overly complicated 165-page pleading, consisting of 800 paragraphs asserting *26* causes of action by *either* all plaintiffs, all plaintiffs except Pirozzi, or a subgroup of plaintiffs against *either* all defendants, Apple alone, all App Developer Defendants, or subgroups of the App Developer Defendants. The CAC includes 16 named plaintiffs, who reside in Arkansas (1), California (2), New Jersey (1), Texas (11), and Virginia (1). There are 15 named defendants, including several with headquarters located outside California, namely in New York, Texas, Canada, Finland and the United Kingdom. Only Apple, Path, and Instagram appear in more than one of the Related Actions.

The list below is just a sampling of the disparate claims asserted in the CAC:

- The *Opperman* plaintiffs are the only plaintiffs asserting claims for invasion of privacy, trespass to property or chattels, and common law misappropriation and only against the App Developer Defendants.

- The *Opperman* plaintiffs alone assert claims against Apple and the App Developer Defendants based on RICO, vicarious liability and aiding and abetting theories.

- The *Opperman* plaintiffs are the only plaintiffs pursuing claims for strict liability against Apple.

- Only certain Texas plaintiffs in the *Opperman* case are asserting Texas Wiretap and Texas Theft Liability Act claims against the App Developer Defendants.

- Only the *Opperman* plaintiffs who downloaded Foodspotting, Instagram, Path, Twitter and Yelp are pursuing claims under the California Wiretap/Invasion of Privacy Act against those App Developer Defendants.

- Only the *Opperman* plaintiffs who downloaded Gowalla are suing Gowalla and Facebook for violations of the Uniform Fraudulent Transfer Act, and Facebook for aiding and abetting.

- The *Pirozzi* plaintiff is not pursuing *any* claims against the App Developer Defendants.

- Unlike the other plaintiffs, the *Pirozzi* plaintiff is not pursuing claims against Apple for violations of California's Computer Crime Law, conversion or negligence.

- The *Pirozzi* plaintiff has only four claims (all against Apple) in common with the *Opperman, Hernandez* and *Gutierrez* plaintiffs.

As noted above, the *Opperman* plaintiffs are asserting claims against more than a dozen defendants, and a vast number of their causes of action are not being asserted by the plaintiffs in *Hernandez, Gutierrez* and *Pirozzi*. This Court should reject consolidation of plaintiffs' hodgepodge of claims asserted against some, but not all defendants, in varying groupings.

### 2. Consolidation Will Seriously Prejudice Defendants, Cause Jury Confusion and Result in a Waste of Judicial Resources

Consolidation of the Related Actions for trial purposes will undoubtedly result in prejudice to the defendants and cause jury confusion. Consolidation "would require the jury not only to assimilate and analyze all of the complicated testimony in each case, but also to apply their factual findings to a host of complex legal principles within each issue and each case." *In re Consol. Parlodel Litig.*, 182 F.R.D. at 447; *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 352 (2d Cir.1993) ("the sheer breadth of the evidence made [the trial court's] precautions feckless in preventing jury confusion" and "the jury thr[ew] up its hands in the face of a torrent of evidence").

There is a real risk that a jury will confuse the evidence or legal questions regarding the individual plaintiffs and defendants because each plaintiff's claims involve wholly different factual transactions. Each defendant will have unique defenses, for example, on notice and user consent based on their respective terms of use, privacy policies, "find friends" features, and the encryption of contacts that were allegedly uploaded to different defendants' servers. This will require separate factual

8

APP DEVELOPER DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE AND STAY RELATED CASES - CASE NO. 13-cv-00453-JST

discovery into a variety of user agreements between each individual plaintiff and defendant, the manner in which different plaintiffs interacted with each App and he means by which contacts were sent from the plaintiff's mobile device to each App Developer Defendant's servers, if at all.  *See, e.g.,*CAC ¶¶ 238, 239, 244, 245, 262, 301, 302, 315, 321, 349, 350, 358, 374, 392, 409.  Because these factual issues are important to different App defendants' defenses, it is critical that jurors not confuse the evidence about them among the multitude of different Apps. A jury's simultaneous consideration of the evidence in each of the Related Actions may lead it to draw inferences based on the conduct of other plaintiffs and defendants, rather than decide each case on its own merits.[6]  *See Rancho Agricola*, 2009 WL 3148756, at *2-3 (denying consolidation of actions for damages against seller of allegedly defective onion seeds where discovery showed that seeds were from different batches and damages arising from purchase of the seeds could potentially cause jury confusion).

Any judicial economy that may result from consolidation would be significantly reduced by jury confusion, conflicts of law issues,[7] and the attendant delay in adjudicating over two dozen clams asserted haphazardly against 15 defendants.  To consolidate the other cases with *Opperman* will only add to an already confusing assortment of federal and state statutory and common law claims premised on individualized facts relating to the use of each plaintiff's iDevice and/or mobile App.  *See Southwest Marine,* 720 F. Supp. at 807 (denying consolidation because joining of two complex cases would result in jury confusion and delay); *In re*

---

[6] Defendants reserve the right to make further arguments in opposition to consolidation at the pre-trial or trial stages, and to seek severance of parties and claims, as the procedural posture of the cases continue to develop.

[7] *Opperman*, for example, will likely involve application of Texas statutory and common laws, and possibly Arkansas or Virginia law. *Hernandez and Gutierrez* on the other hand, involve only California plaintiffs and defendants, and will most likely apply California law. *Opperman* also could implicate issues of foreign law because several defendants are headquartered in foreign countries, namely Canada, Finland and the United Kingdom.  CAC ¶¶ 16-31, 33-47.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

*Consol. Parlodel Litig.*, 182 F.R.D. at 447 (finding the consolidation of 14 separate trials against a single defendant involving the laws of 11 jurisdictions would "create a nightmare of jury confusion that would be prejudicial to both sides").

Based on the foregoing, plaintiffs have not met their burden of showing consolidation is appropriate and their motion should be denied. *See In re Consol. Parlodel Litig.*, 182 F.R.D. at 444, 447 ("The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's—and defendant's—cause not be lost in the shadow of a towering mass litigation.").

### III.   CONCLUSION

Plaintiffs' motion to consolidate the Related Actions should be denied in all respects.

HOLLAND & KNIGHT LLP

By:  */s/ Christopher G. Kelly*
Christopher G. Kelly
Judith R. Nemsick
Holland & Knight LLP
31 West 52nd Street
New York, New York 10019
Tel.:  (212) 513-3200
Fax:  (212) 385-9010
christopher.kelly@hklaw.com
Judith.nemsick@hklaw.com

Shelley G. Hurwitz
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel.: (213) 896-2476
shelley.hurwitz@hklaw.com

Attorneys for Defendant ROVIO ENTERTAINMENT LTD. s/h/a ROVIO MOBILE OY

FENWICK & WEST LLP

By:*/s/ Tyler G. Newby*
Tyler G. Newby (CSB No. 205790)
tnewby@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant PATH, INC.

DURIE TANGRI LLP

By: */s/ Michael H. Page*
MICHAEL H. PAGE (#154913)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300
mpage@durietangri.com

Attorneys for Defendants
YELP INC. and FOODSPOTTING, INC.

PERKINS COIE, LLP

By: /s/ Timothy L. Alger
Timothy L. Alger
PERKINS COIE, LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
Telephone: 650.838.4334
Facsimile: 650.838.4350
TAlger@perkinscoie.com

Attorneys for Defendant TWITTER, INC.

11
APP DEVELOPERS' DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO
CONSOLIDATE AND STAY RELATED CASES - CASE NO. 13-cv-00453-JST

COOLEY LLP

By:   /s/ Mazda K. Antia
Mazda K. Antia
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Phone: (858) 550-6000
Fax: (858) 550-6420

Attorneys for Defendants FACEBOOK, INC., INSTAGRAM, LLC and KIK INTERACTIVE, INC.

MORRISON & FOERSTER LLP

By:   /s/ David F. McDowell
David F. McDowell (125806)
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454
Email: DMcDowell@mofo.com

Attorneys for Defendant FOURSQUARE LABS, INC.

DHILLON & SMITH LLP

By: */s/ Harmeet K. Dhillion*
Harmeet K. Dhillon (#207873)
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, CA 94108
Tel.: (415) 433-1700
Email: harmeet@dhillonsmith.com

Attorneys for Defendant GOWALLA INCORPORATED

MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Jeffrey M. Movit*
Jeffrey M. Movit
Mitchell Silberberg & Knupp LLP
12 East 49th Street, 30th Floor
New York, NY  10017
(917) 546-7708 (direct)
(917) 546-7678 (fax)
jmm@msk.com

Attorneys for Defendant ZEPTOLAB UK LIMITED

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

ZWILLGEN LAW LLP

By: /s/ Michele Floyd
Michele Floyd (SBN 163031)
ZWILLGEN LAW LLP
915 Battery Street, Second Floor, Suite 3
San Francisco, California 94111
Telephone: (415) 590-2340
Facsimile: (415) 590-2335
Michele@zwillgen.com

Marc J. Zwillinger (admitted *pro hac vice*)
marc@zwillgen.com
Jacob A. Sommer (admitted *pro hac vice*)
jake@zwillgen.com
ZWILLGEN PLLC
1705 N St NW
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

Attorneys for Defendants ELECTRONIC ARTS, INC. AND CHILLINGO LTD.

APP DEVELOPER DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE AND STAY RELATED CASES - CASE NO. 13-cv-00453-JST

CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2013, I electronically filed the foregoing with the Clerk of Court using the EM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

/s/ Shelley G. Hurwitz
Shelley G. Hurwitz

#26387556_v1

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450