David M. Given (State Bar No. 142375)
Nicholas A. Carlin (State Bar No. 112532)
PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd Floor
San Francisco, CA   94111
Tel: 415-398-0900
Fax: 415-398-0911
Email: dmg@phillaw.com
        nac@phillaw.com

James M. Wagstaffe (State Bar No. 095535
Michael K. Ng (State Bar No. 237915)
Ivo M. Labar (State Bar No. 203492
Michael J. Von Loewenfeldt (State Bar No. 178665)
KERR & WAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, CA  94105
Tel:  415-371-8500
Fax:  415-371-0500
Email: wagstaffe@kerrwagstaffe.com
        mng@kerrwagstaffe.com
        labar@kerrwagstaffe.com
        myl@kerrwagstaffe.com

Interim Lead Counsel for Plaintiffs
[ADDITIONAL COUNSEL LISTED BELOW]

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd Floor
San Francisco, CA  94111
Telephone:  (415) 398-0900

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>APPLE IDEVICE ADDRESS BOOK LITIGATION | Case No. 13-cv-00453-JST<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' REPLY ON MOTION TO CONSOLIDATE AND STAY RELATED CASES**<br><br>*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST<br>*Pirozzi v. Apple, Inc.*, No. 12-cv-1529-JST<br>*Gutierrez v. Instagram, Inc.*, No. 12-cv-6550-JST<br>*Espitia v. Hipster, Inc.*, No. 4:13-cv-432-JST<br>(collectively, the "Related Actions")<br><br>Date:          December 10, 2013<br>Time:          2:00 p.m.<br>Courtroom:      9 |

---

**PLAINTIFFS' REPLY ON MOTION TO CONSOLIDATE AND STAY CASES — Case No. 13-0453-JST**

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd Floor
San Francisco, CA 94111
Telephone: (415) 398-0900

## I. INTRODUCTION

The Court should grant Plaintiffs' motion and consolidate the *Hernandez, Pirozzi* and *Gutierrez* cases into the first-filed *Opperman* case for all purposes.

As discussed, these four cases involve common questions of law and fact. Consolidation under Rule 42 will facilitate the efficient management of this action, conserve judicial and party resources, and prevent undue prejudice, costs, and delays. *See* ECF No. 401; Fed. R. Civ. P. 42(a). Defendants' responses do not suggest otherwise. *See* ECF Nos. 408, 409. Their tactical opposition to consolidation conflicts with the Court's previous rulings and *with Defendants' own prior positions*.

Also, because no party opposed Plaintiffs' request to stay the related *Espitia* case against defendant Hipster, Inc., Plaintiffs ask the Court to stay that action pending conclusion of the *Opperman* case, including any appeals.

## II. ADDITIONAL BACKGROUND

Defendants' opposition to consolidation is a reversal of course for most if not all Defendants. Indeed, the *Opperman*, *Hernandez, Pirozzi* and *Gutierrez* cases ended up subject to this Court's joint management mainly as a result of motions and positions *Defendants initially advocated*.

For example, at Defendant Apple, Inc. and Path, Inc.'s request, *see Hernandez* ECF Nos. 23, 23-1, 52, 52-1 & 53, this Court held that the *Opperman*, *Hernandez* and *Pirozzi* cases "concern substantially the same parties, transactions, and events," contain "substantially similar" underlying allegations giving rise to similar discovery (and, potentially, discovery disputes), present legal issues that "overlap significantly," necessitate similar testimony and dispositive motions, and should be considered together to "conserve labor and expenses and ensure consistent ruling." ECF No.322 at pp. 3-5; *see also* ECF No. 306, *Hernandez* ECF No. 29. Similarly, Defendant Instagram, Inc. (with the consent of Defendants Path, Facebook, Inc., Foodspotting, Inc., Gowalla, Inc., Kik, Inc., and Yelp, Inc., and without opposition from the remaining Defendants) cited identical reasons to relate the *Gutierrez* case to the *Opperman* case.

1

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd[h] Floor
San Francisco, CA  94111
Telephone:  (415) 398-0900

1   ECF Nos. 328, 328-1; *see also* ECF No. 331 (granting Instagram's "unopposed" motion to

2   relate).[1]

3         Similarly, in response to motions to dismiss or transfer the *Opperman* case from the

4   Western District of Texas – joined in by virtually all Defendants, *see, e.g*., ECF Nos. 124, 136 &

5   147 – that Court found that the *Opperman*, *Hernandez* and *Pirozzi* cases should be tried together

6   and that separate trials would be inefficient and risky.  ECF No. 217 at p. 7 ("To try this

7   [*Opperman*] case separately [from the *Hernandez* and *Pirozzi* cases] virtually guarantees a waste

8   of judicial resources, and risks inconsistent rulings.").

9   **III.   ARGUMENT**

10        Consolidation is subject to an exceedingly low bar: cases need only involve "*a* common

11  question of law or fact."   Fed. R. Civ. P. 42(a) (emphasis added); *see also* MANUAL FOR

12  COMPLEX LITIGATION (FOURTH) §11.631 (2004) ("MCL 4th"); *Owen v. Labor Ready Inc.,* 146

13  Fed. Appx. 139, 141 (9th Cir. 2005).  Courts typically consolidate overlapping cases if the time

14  and effort to be saved outweighs any inconvenience, delay, or expense.  *Huene v. U.S.*, 743 F.2d

15  703, 704 (9th Cir. 1984).

16       **A.   The Benefits of Consolidation Outweigh any Minimal Risk**

17        Consolidation of the *Hernandez, Pirozzi* and *Gutierrez* cases into the first-filed

18  *Opperman* case for all purposes is particularly appropriate.  The four cases, already consolidated

19  into one Consolidated Amended Class Action Complaint ("CAC") pursuant to the Court's July

20  1st Order, ECF Nos. 345 & 362, involve identical issues of law and fact since the single-

21  defendant *Hernandez, Pirozzi* and *Gutierrez* cases are essentially subsets of and contain

22  allegations identical to those against the three overlapping defendants in the multi-defendant

23  *Opperman* case.  *See id*; Fed. R. Civ. P. 42(a).  Apple is sued in *Pirozzi*, Path is sued in

24

25

26

27  [1]  Notably, Instagram reversed course once already when it moved for relation *after* the Court
    denied Instagram's and Defendant Twitter, Inc., Electronic Arts, Inc. and Chillingo Ltd.'s
    motions to sever and found that the "case against each app developer will also necessarily

28  involve common questions of fact and law with respect to Apple."  ECF No. 323 at p. 7; *see also*
    ECF Nos. 235, 256 & 272 (containing the four Defendants' denied severance motions).

**PLAINTIFFS' REPLY ON MOTION TO CONSOLIDATE AND STAY CASES — Case No. 13-cv-00453-JST**

1   *Hernandez,* and Instagram is sued in *Gutierrez* for the same activities and claims that consumers

2   sued each on in the *Opperman* class action.  See ECF Nos. 362.

3          Because the four related actions are based substantially on the same facts and allegations,

4   involve the same subject matter, and are brought in a consolidated complaint, the same

5   overlapping discovery and testimony (particularly that related to Apple, mobile devices, and the

6   app industry and development process) will be highly relevant to all four lawsuits.[2]  *Levitte v.*

7   *Google, Inc.*, 2009 U.S.Dist. LEXIS 18198 at *4 (N.D. Cal. Feb. 25, 2009) (consolidating class

8   actions alleging virtually identical factual and legal issues); *Hohenberg v. Ferrero U.S.A., Inc.*,

9   No. 11-CV-205, 2011 U.S. Dist. LEXIS 38471, at *4 (S.D. Cal. Mar. 22, 2011) (consolidating

10  consumer class actions alleging economic injuries based on deceptive and misleading food

11  labeling because same discovery would be relevant to both lawsuits).  It is difficult to envision

12  any adverse impact to any party from consolidation – the practical effect is the addition of three

13  potential representative class plaintiffs to the *Opperman* class action from the three related

14  actions – whereas the benefits will be immense, since consolidation will eliminate the burdens

15  and risks of concurrently managing four separate overlapping class action lawsuits on virtually

16  identical subject matter.[3]   Therefore, consolidation is appropriate to save time and effort and

17  because it will not produce inconvenience, delay, or expense on the litigants or trial judge.  *Id.*

18

19

20

21

22  [2]  One jury, not four, should hear testimony on and assess basic factual issues underlying all four
    of these cases, like: What is an App Store? What is a mobile address book and what protectible

23  rights do consumers have in their mobile address books and mobile devices?  What is the
    iDevice Contacts feature or app? What industry and Apple standards apply to mobile apps? Did

24  Apple, Path and/or Instagram violate those standards or other laws? What roles did defendants
    play in the creation, marketing and sale of each app?

25
    [3] After arguing that California law will govern the actions,  ECF Nos. 124 at pp. 3-5 and 16, 136

26  at p. 19, n. 15 & 145 at p. 8, n. 6 ("many of Defendants' choice of law provisions require that
    Plaintiffs bring their claims under California law"), the App Defendants (and Apple) now

27  suggest that choice-of-law issues impede consolidation.  But in actuality, any need to evaluate
    what law applies (including assessment of the enforceability and legal effect of Apple's or any

28  other defendants' purported "terms of service" and any governing-law clauses contained therein)
    weighs strongly in favor of consolidation.  It is more practical and efficient to make a
    comprehensive choice-of-law assessment once in a consolidated action.

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd[h] Floor
San Francisco, CA  94111
Telephone:  (415) 398-0900

3

**PLAINTIFFS' REPLY ON MOTION TO CONSOLIDATE AND STAY CASES — Case No. 13-cv-00453-JST**

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd$^h$ Floor
San Francisco, CA  94111
Telephone:  (415) 398-0900

### B.       Previous Rulings Sought by the Defendants Compel Consolidation

This Court (and others) already decided – and most Defendants explicitly or tacitly agreed, ECF Nos. 124 at p. 34, 147 at p. 34, 328 & 328-1 at ¶3; *Hernandez* ECF Nos. 23, 23-1, 52, 52-1 & 53 – that (a) the *Opperman*, *Hernandez, Pirozzi* and *Gutierrez* cases exceed the consolidation threshold, *e.g.*, ECF No.322 at pp. 3-5, and (b) that "legal issues presented by each complaint overlap significantly," that unified management of the cases "will conserve labor and expense and ensure consistent rulings," that the cases should be tried together and that it would be risky and inefficient to do otherwise.[4]   ECF No. 322 at p. 5; ECF No. 217 at p. 7. These previous rulings and findings, most of which were sought by Defendants, compel consolidation of the four cases for all purposes.   Fed. R. Civ. P. 42(a); *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d 1027, 1028 (N.D. Cal. 2003).

### C.       Defendants Concede the Benefits of Coordinated Case Management

Defendants' responses do not dispute that the threshold for consolidation under Rule 42 is met.  Nor do they suggest that coordination and consolidation will not facilitate the efficient management of this action.  To the contrary, Apple states in its response that "the Court should continue to manage the [ ] actions in coordinated fashion."  ECF No. 408 at p. 4.  The App Defendants similarly agree that the cases have already benefited from coordinated management by the Court.  ECF No. 409 at pp. 2-3.  In view of the agreed benefits of coordinated case management, Defendants' unanimous admissions compel consolidation, too.

### D.       Consolidation is not "premature"

Defendants nevertheless oppose Plaintiffs' motion to consolidate on the ground that consolidation would be "premature" and that the existing relation and ad hoc management of the cases under Civil Local Rule 3-12 is an adequate substitute for consolidated management under Rule 42.  ECF Nos. 408, 409.  Neither argument presents a legitimate basis to refrain from

---

[4] Civil Local Rule 3-12, under which this Court and Judge Rogers related these cases, sets a much *higher* threshold for joint management of cases than consolidation under Federal Rule 42. *Compare* Fed. R. Civ. P. 42(a) *with* Civil Local Rule 3-12(a) (allowing relation of cases only if "(1) [t]he actions concern substantially the same parties, property, transaction or event; *and* (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges") (emphasis added).

**PLAINTIFFS' REPLY ON MOTION TO CONSOLIDATE AND STAY CASES — Case No. 13-cv-00453-JST**

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd[h] Floor
San Francisco, CA  94111
Telephone:  (415) 398-0900

1    consolidating the cases, which the Court and all parties seemingly agree will facilitate more

2    efficient management and resolution of the cases and eliminate the risk of inconsistent decisions

3    or rulings.  Defendants' arguments amount to little more than disguised attempts to re-litigate

4    already resolved issues, to challenge rulings that Defendants themselves once sought, and to

5    oppose consolidation for little more than the sake of doing so.

6         Contrary to Defendants' implication, Rule 42 imposes no period past which the Court

7    must wait before assessing whether cases "involve a common fact or legal issue," Fed. R. Civ.

8    P. 42(a), and courts routinely consolidate cases in advance of decisions on motions to dismiss.

9    *In re Google, Inc. Street View Electronic Communications Litigation,* Order dated June 29,

10   2011, USDC Northern District of California, No. C-10-MD-02184-JW and *In re Hulu Privacy*

11   *Litigation*, Order dated August 10, 2012, USDC Northern District of California, No. C-11-

12   03764-LB.[5]   Here, early-stage consolidation is particularly appropriate as overlapping

13   defendants Apple, Path and Instagram's pending motions to dismiss addressing the plaintiffs'

14   claims in the four related actions are contained in two very similar, consolidated briefs that make

15   virtually identical arguments against plaintiffs in each of the related actions.  ECF Nos. 395 &

16   396.  Defendants' actions – like submitting consolidated briefs and raising identical, coordinated

17   arguments – belie their words and also demonstrates that consolidation is appropriate.

18        Apple, of course, has already told this Court that consolidation is appropriate and is *not*

19   premature.  ECF No. 330 at p. 50 ("To the extent that the Court permits any claims to go

20   forward in *Pirozzi* [which it did, *Pirozzi* ECF No. 55 ("Plaintiff's unjust enrichment claim is

21   hereby DISMISSED WITHOUT LEAVE TO AMEND.  Apple's Motion to Dismiss is DENIED

22   on all other grounds.").  Apple would seek to consolidate the claims in *Opperman* and *Pirozzi*,

23   which arise from substantially similar facts and legal theories."); *see, e.g.*, ECF No. 147 at p. 34

24   ("Given the overlapping nature of the *Opperman*, *Pirozzi*, and *Hernandez* suits, having the same

25

26

27

28

---

[5] Defendants cite for support the order entered in *Rancho Agricola v. Westar Seeds International*, Case No. 08-cv-1998-JM (S.D. Cal. Sept. 29, 2009), denying consolidation (without prejudice), but that case was not a class action, had none of the attributes, let alone the procedural history, of the present action, and as the court there noted, there were "significant differences" (including the measure of damages) between the two actions.

**PLAINTIFFS' REPLY ON MOTION TO CONSOLIDATE AND STAY CASES — Case No. 13-cv-00453-JST**

1    district judge preside over all three cases would avoid duplicative litigation, the unnecessary

2    expenditure of private and judicial resources, and the risk of inconsistent or conflicting rulings

3    that might occur if the actions proceeded separately in different courts.") Moreover, delaying a

4    decision on consolidation would run contrary to the goals of Rule 42: the efficient and

5    coordinated management of cases involving common issues.[6]

6               **E.      Relation is an Inadequate Substitute for Consolidation**

7            Notably, consolidation under Rule 42 permits the Court to issue "any other orders to

8    avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a) (emphasis added). Relation under L.R.

9    3-12 does not. The rules are not equivalent and the Court's powers to efficiently manage these

10   overlapping cases are more limited if the cases are not consolidated. If, as Defendants

11   unanimously agree, coordinated management of these cases has been and will be beneficial to

12   the parties, than allowing the Court to more effectively and efficiently manage the cases via

13   consolidation under Rule 42 would provide even further benefits to everyone invoved.

14           Pointing to the supposed voluntary coordination to date between members of the

15   Defendant group, Defendants assert that consolidation under Rule 42 is unwarranted because in

16   their opinion relation of the four actions under Civil Local Rule L.R. 3-12 is "good enough."

17   Were that true, this District's local rule would obviate the superior Federal Rule 42 and courts in

18   this District (or any other districts having similar local rules for relating actions) would never

19

20   ───────────────

21   [6] Defendant Yelp!, Inc. has also explained to sister courts in this District that "consolidate[ion]
     for all purposes" at the early stage of litigation (and in advance of motions to dismiss) is

22   perfectly appropriate and reduces any risk of prejudice to the litigants, that "common questions
     of law need not predominate," and that "the existence of some differing legal claims is not

23   sufficient to overcome consolidation where cases share a common question of law and common
     questions of fact." *Levitt v. Yelp!, Inc.*, 10-CV-01321-MHP, Yelp's Motion to Consolidate

24   Related Cases for All Purposes at ECF No. 13 (N.D. Cal. June 9, 2010) (citing *Indiana State
     Dist. Council of Laborers and HOD Carriers Pension Fund v. Gecht*, No. C-06-7274 EMC,

25   2007 WL 902554, at *1 (N.D. Cal. Mar. 22, 2007) ("A common question or questions do not
     have to predominate. All that is required is that the district court find that they exist and that

26   consolidation will prove beneficial.") and *Osher v. JNI Corp.*, No. 01-CV-0557-J (NLS), 2001
     WL 36176415, at *2 (S.D. Cal. July 10, 2001) (finding that Rule 42 does not "require[] that the

27   actions be identical before they may be consolidated")). Yelp was represented on that motion by
     the same lead counsel and firm, Cooley LLP, who now represent Facebook, Instagram and Kik

28   here. *Id.* Judge Patel agreed with Yelp and its counsel and granted the motion to consolidate in
     advance of any motions to dismiss. *Levitt v. Yelp!, Inc.*, 10-CV-01321-MHP, Order at ECF No.
     31 (N.D. Cal. July 20, 2010) (granting Yelp's motion to consolidate).

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd' Floor
San Francisco, CA  94111
Telephone:  (415) 398-0900

6

**PLAINTIFFS' REPLY ON MOTION TO CONSOLIDATE AND STAY CASES — Case No. 13-cv-00453-JST**

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd[h] Floor
San Francisco, CA  94111
Telephone:  (415) 398-0900

1    have the need to consolidate any actions before them. *See* Fed. R. Civ. P. Rules 1 ("These rules

2    govern the procedure in all civil actions and proceedings in the United States district courts,

3    except as stated in Rule 81. They should be construed and administered to secure the just,

4    speedy, and inexpensive determination of every action and proceeding.") & 83(a)(1); Civ. Local

5    Rule 1-2(b) (N.D. Cal. 2013) ("Supplement to Federal Rules. These local rules supplement the

6    applicable Federal Rules. They shall be construed so as to be consistent with the Federal Rules

7    and to promote the just, efficient, speedy and economical determination of every action and

8    proceeding.").[7]    Plus, Defendants have steadfastly refused so far to follow the Court's

9    suggestion that Defendants designate coordinating or liaison counsel. The voluntary

10   coordination and existing unanimity between Defendants may crumble as the cases move

11   forward.  Thus, if related rather than consolidated, the overlapping Defendants in the cases

12   would be presented with opportunities to take disparate actions in the lawsuits to reverse course,

13   drive up costs and tear asunder actions that Apple, Path and Instagram themselves have been

14   instrumental in putting together.

15   ### F.    Defendants Fail to Explain How Consolidation might Prejudice Them

16        The App Defendants' brief asserts that consolidation of the related actions into

17   *Opperman* might prejudice them but fails to explain either why or how.  Instead, the App

18   Defendants rehash already-rejected arguments that joint consideration of matters already present

19   in the *Opperman* case will result in prejudice.  *See* ECF No. 323 (rejecting multiple App

20   Defendants' motions to sever on the alleged basis of prejudice and misjoinder).  But that is not

21   the issue before the Court, which must instead decide whether undue prejudice is likely to result

22   from consolidating the *Hernandez*, *Pirozzi* and *Gutierrez* cases containing iDevice and app-

23   related consumer claims against three defendants into the *Opperman* case already containing

24

25   _____

26   [7] Defendants assert that the appointment of interim lead counsel now obviates the need for
     consolidation.  That seems to have the matter backwards:  If the cases are not consolidated, how
27   can Plaintiffs' leadership group represent plaintiffs in the related actions?  Though Rule 23
     might give some leeway, there does not appear to be anything in Local Rule 3-12 allowing
28   designating counsel in one case to represent plaintiffs in a different case just because that case
     happened to be related.  Rather, consolidation is necessary and consistent with the Court's order
     regarding leadership.

**PLAINTIFFS' REPLY ON MOTION TO CONSOLIDATE AND STAY CASES — Case No. 13-cv-00453-JST**

1  those same iDevice and app-related consumer claims against those same same three defendants

2  and others.  It obviously will not and the App Defendants' brief fails to state otherwise.

3       Because these four overlapping class actions indisputably involve common questions of

4  law and fact, consolidation will facilitate the efficient management of this action, appropriately

5  conserve judicial and party resources, and prevent undue prejudice, costs, and delays.  Fed. R.

6  Civ. P. 42(a). App Defendants Path and Instagram, who advocated relation, cannot plausibly

7  claim otherwise.  ECF Nos. 382; *Hernandez* ECF Nos. 23 & 23-1.  Nor can any of the other App

8  Defendants, all of whom either consented to or did not oppose relating the *Gutierrez* case to the

9  *Opperman* case.  ECF No. 328, 328-1.

10 **IV.    CONCLUSION**

11      For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate the

12 *Hernandez*, *Pirozzi* and *Gutierrez* actions into the lead *Opperman* action for all purposes, and

13 stay the *Espitia* case pending the conclusion of the consolidated *Opperman* case, including any

14 appeals.

15

16 Dated:  November 12, 2013        *By   /s/ David M. Given*
                                      David M. Given
17                                    Nicholas A. Carlin
                                      PHILLIPS, ERLEWINE & GIVEN LLP
18                                    50 California Street, 32nd Floor
                                      San Francisco, CA 94111
19                                    Tel: 415-398-0900
                                      Fax: 415-398-0911
20
                                   *By  /s/ James M. Wagstaffe*
21                                    James M. Wagstaffe
                                      Michael K. Ng
22                                    Ivo M. Labar
                                      Michael J. Von Loewenfeldt
23                                    KERR & WAGSTAFFE LLP
                                      100 Spear Street, 18th Floor
24                                    San Francisco, CA  94105
                                      Tel:  415-371-8500
25                                    Fax:  415-371-0500

26                                 *Interim Co-Lead Counsel for Plaintiffs*

27

28

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd Floor
San Francisco, CA  94111
Telephone:  (415) 398-0900

8
**PLAINTIFFS' REPLY ON MOTION TO CONSOLIDATE AND STAY CASES — Case No. 13-cv-00453-JST**

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd Floor
San Francisco, CA  94111
Telephone:  (415) 398-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Carl F. Schwenker (TBN 00788374,)
LAW OFFICES OF CARL F. SCHWENKER
The Haehnel Building
1101 East 11th Street
Austin, TX  78702
Tel:    512.480.8427
Fax:    512.857.1294
Email:  cfslaw@swbell.net

*Plaintiffs' Liaison Counsel*

Jeff Edwards (TBN 24014406; *pro hac vice*)
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX  78702
Telephone: 512.623.7727
Facsimile:  512.623.7729
Email: jeff@edwards-law.com

Jennifer Sarnelli
James S. Notis
Gardy & Notis LLP
560 Sylvan Avenue
Englewood Cliffs, NJ  07632
Email:  jsarnelli@gardylaw.com
          jnotis@gardylaw.com

*Plaintiffs' Steering Committee ("PSC")*

9

**PLAINTIFFS' REPLY ON MOTION TO CONSOLIDATE AND STAY CASES — Case No. 13-cv-00453-JST**