*Opperman v. Path, Inc.*, 3:13-CV-453-JST

December 20, 2013

**VIA ECF**

Hon. Jon S. Tigar
United States District Court
Northern District of California
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: Joint Letter Brief Regarding Protective Order Dispute
     *Opperman v. Path, Inc.*, 3:13-CV-453-JST
     This Document Relates To All Cases

Dear Judge Tigar:

Pursuant to the Court's direction during the December 10, 2013, Case Management Conference ("CMC"), the parties submit this joint letter brief.

## Defendants' Position

In view of the Plaintiffs' disclosure that two members of its legal team are licensed to practice before the United States Patent and Trademark Office ("USPTO"), Defendants request that the Court amend the proposed Prosecution Bar for the limited purpose of extending the provision to Plaintiffs' patent-barred counsel in order to protect against inadvertent disclosure of Defendants' highly confidential technical information.

**Provision at Issue:**

Defendants propose that the first sentence of the Prosecution Bar (see Section 9 of the proposed Protective Order, Dkt. 405-1) be amended to provide that Prosecution Bar provisions apply not only to Defendants, but also to any Plaintiffs' Counsel that are licensed to practice before the USPTO (proposed additions to the Prosecution Bar are italicized):

> This provision applies only to*: (i)* Defendants and individuals retained by, employed by, or affiliated with a Defendant*; and (ii) any Plaintiff's Counsel licensed to practice before the United States Patent and Trademark Office*.

For the sake of clarity, Defendants also propose adding a definition of "Plaintiff's Counsel" to the Definitions section of the Protective Order:

> Plaintiff's Counsel:  Any Counsel who represents a Plaintiff in one or more of the following cases or any case that may hereafter be related to, or consolidated with,

1

them: *Opperman v. Path, Inc.*, No. C 13-0453 JST (N.D. Cal.); *Hernandez v. Path, Inc.*, No. C 12-1515 JST (N.D. Cal.); *Pirozzi v. Apple, Inc.*, No. C 12-1529 JST (N.D. Cal.); *Gutierrez v. Instagram, Inc.*, No. C 12-6550 JST (N.D. Cal.).

**Background and Argument:**

Defendants originally proposed that a Prosecution Bar be included in the Protective Order. *See* Defendants' Letter Brief Regarding Protective Order Dispute, Dkt. No. 377. The original Prosecution Bar proposed by Defendants would have applied to all counsel and experts for both Defendants and Plaintiffs. *Id.* Plaintiffs opposed entry of the Prosecution Bar to the extent the bar would apply to Plaintiffs' counsel and experts, but did not oppose a Prosecution Bar that would apply only between Defendants. *See* Plaintiffs' Letter Brief Regarding Protective Order Dispute, Dkt. No. 376.

The Court issued an Order (Dkt. No. 390) on October 15, 2013, denying Defendants' request to bind Plaintiffs to the prosecution bar. In doing so, the Court noted that it was clear from the parties' submissions that there was no danger that Plaintiffs' counsel would be involved in patent prosecution activities.[1] The Court granted Defendants' request to include a Prosecution Bar that applied to all Defendants, but required the Defendants to submit an amended version of the Prosecution Bar that more specifically identified the information that would trigger the bar. *Id.* On October 31, Defendants submitted a revised Prosecution Bar (Dkt. No. 405-1) in accordance with the Court's Order.

On November 5 Plaintiffs, obviously having recognized that the Court's Order relied on the Defendants' understanding that no Plaintiffs' counsel was admitted to the patent bar, notified Defendants (via a draft joint CMC Statement) that two Plaintiffs' counsel, Nick Carlin and Carl Schwenker, *are* members of the patent bar. Defendants were not previously aware of this fact, and the revelation created concern on the part of multiple Defendants that their respective confidential technical information could be put at risk.[2] Because of this greater risk and because

---

[1] Plaintiffs Letter Brief (Dkt. No. 376) noted only that application of the Prosecution Bar to Plaintiffs' counsel could "potentially" limit the attorneys that Plaintiffs could use for this case, but failed to notify the Court that two of the attorneys that signed the Letter Brief are members of the patent bar. Defendants then indicated in their Letter Brief (Dkt. No. 377) that there was no indication that any Plaintiffs' counsel was admitted to the patent bar. That was indeed the understanding of the Defendants at that time.

[2] In the November 23 Joint CMC Statement, Plaintiffs alleged that the fact that two Plaintiffs' counsel are members of the patent bar was "transparent" and "revealed before the protective order was submitted." Dkt. No. 416. This somewhat distorts reality. Although Plaintiffs Memorandum Regarding Organization of Plaintiffs' Counsel (Dkt. No. 382) did mention that Messrs. Carlin and Schwenker are admitted to the patent bar, that information was buried in a 113-page document that related only to the Court's approval of Plaintiffs' counsel organizational matters. Defendants were not involved in the motion practice regarding selection of lead Plaintiff counsel and therefore were not aware of this information until it was brought to their attention on November 5.

the Court's Order denying application of the prosecution bar to Plaintiffs specifically cited a lack of risk that Plaintiffs' counsel would be involved in patent prosecution activities, Defendants immediately requested that Plaintiffs stipulate that the Prosecution Bar would apply to Messrs. Carlin and Schwenker. Plaintiffs refused. November 6 Joint CMC Statement (Dkt. No. 411). Other than arguing that Defendants should have already been aware of these patent bar admissions and citing their own broad reluctance to shoulder the "burden" of a prosecution bar, Plaintiffs have suggested no reason for their refusal to extend the Prosecution Bar to cover Plaintiffs' patent-barred counsel.

Had Plaintiffs notified Defendants in a timely manner that the Court's Prosecution Bar ruling was based on a misunderstanding of the facts, Defendants could have approached the Court regarding Messrs. Carlin and Schwenker before submitting the revised Prosecution Bar on October 31. Instead, Plaintiffs waited over three weeks after the Court's Order, and until after Defendants had submitted the revised Prosecution Bar, to correct Defendants' and the Court's misunderstanding of the facts. Given their delay, Plaintiffs should not now be heard to argue that Defendants should have brought this issue to the Court's attention sooner. Defendants therefore request that the Court extend the Prosecution Bar to cover all current or future Plaintiffs' counsel that are members of the patent bar.

The determination whether a Prosecution Bar should be applied in a given context involves a two-step inquiry: "a court first looks at the risk of inadvertent disclosure, and then it examines the potential injury from such disclosure." *Order Granting in Part and Denying in Part Request to Include Patent Prosecution Bar in Protective* Order, at 2 (Dkt. No. 390) ("Order Regarding Prosecution Bar") (citing *Intel v. VIA*, 198 F.R.D. 525, 529-31 (N.D. Cal. 2000)). The risk of inadvertent disclosure is decided "on a counsel-by-counsel basis." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed.Cir.2010) ("*Deutsche Bank*").

As detailed above, when the previous Order Regarding Prosecution Bar was entered, both the Court and Defendants were unaware that two members of Plaintiffs' legal team are licensed to practice before the USPTO. This new information dramatically increases the risk of inadvertent disclosure of Defendants' highly confidential technical information. Even if the Plaintiffs in this case are not Defendants' competitors, the risk remains that Mr. Carlin or Mr. Schwenker, however inadvertently, may use information produced by Defendants in this litigation to benefit *other patent prosecution clients*, who may be competitors of one or more Defendants. *See Kelora Sys., LLC v. Target Corp.*, C 11-02284 CW LB, 2011 WL 6000759, at *6 - *7 (N.D. Cal. Aug. 29, 2011). Moreover, the risk here extends beyond Defendants' actual competitors to non-practicing entities and individual patent applicants. Many individuals and companies retain attorneys to file and prosecute patents for the sole purpose of litigating those patents against successful technology companies such as the Defendants in this case.

The risk of inadvertent disclosure is further heightened because the Plaintiffs' counsel at issue here actively represent clients in the same technology space implicated in this litigation. Mr. Carlin has worked as a computer programmer and has experience representing technology start-ups and app developers. Plaintiffs Memorandum Regarding Organization of Plaintiffs' Counsel (Dkt. No. 382) at 9. Mr. Schwenker also has a technical background, holds himself out as "steeped in the science and technology of the computer, software, and networking industries,"

and claims to have a "technology-oriented, high-tech practice." *Id*. at 17. Because Messrs. Carlin and Schwenker are patent-barred and appear to be actively representing clients whose business revolves around the very subject matter implicated in this lawsuit, disclosure of Defendants' highly confidential information to those attorneys constitutes an unacceptable risk of inadvertent disclosure.

Once a risk of inadvertent disclosure has been demonstrated, "a party seeking imposition of a patent Prosecution Bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *Deutsche Bank*, 605 F.3d at 1381. The fact that this is a consumer class action, as opposed to a patent case, is irrelevant to this inquiry. The necessity of a Prosecution Bar relates to the information likely to be produced by Defendants, as it is that information that runs the risk of inadvertent disclosure.

Here, the allegations made by Plaintiffs may well result in discovery that implicates Defendants' highly sensitive technical information, potentially including source code for some of the tech industry's most widely acclaimed, cutting-edge products and applications. These products and applications are the lifeblood of Defendants' businesses. For these reasons, the Defendants closely protect their technical knowledge and trade secrets to prevent competitors from gaining access to that material. Such confidential technical information is the focus of *Deutsche Bank* and decisions of this Court*:* "In contrast with financial data or business information, confidential technical information, including source code, is clearly relevant to a patent application and thus may pose a heightened risk of inadvertent disclosure." *Applied Signal Technology, Inc. v. Emerging Markets Communications, Inc.*, 2011 WL 197811, at *2 (N.D. Cal. Jan. 20, 2011) (citing *Deutsche Bank*, 605 F.3d at 1381).

If the Court extends the Prosecution Bar to cover Plaintiffs' patent-barred counsel, the burden on Plaintiffs will be minimal. Plaintiffs chose to accuse this technology and these Defendants in their complaints, and chose to retain two attorneys that are members of the patent bar. Defendants' ask only that those two attorneys and any patent bar members retained by Plaintiffs in the course of this litigation, be subject to the same Prosecution Bar that all Defendants have all agreed to abide by.

The Prosecution Bar, moreover, is only minimally burdensome even to Plaintiff's patent-barred counsel, as the bar is limited to the subject matter actually produced in this case and only extends for two years, mirroring the provisions of this Court's Model Stipulated Protective Order for Litigation Involving Highly Confidential Information. *See Kelora Sys.*, 2011 WL 6000759, at *2 ("[T]he court treats the model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information.").

Because Messrs. Carlin and Schwenker are members of the patent bar and will have access to Defendants' highly confidential technical information, the Prosecution Bar should be extended to cover those attorneys, as well as any other current or future members of Plaintiffs' legal team that are licensed to practice before the USPTO. Defendants therefore respectfully

request that the Court amend the current Protective Order to include the revised Prosecution Bar submitted herewith.

**Plaintiffs' Position**

On October 15, 2013, the Court correctly denied Defendants' request to impose a patent prosecution bar on Plaintiffs in the Protective Order governing this case. Dkt. No. 390 at 4 ("Defendants have not met their burden to establish that an unacceptable risk of inadvertent disclosure exists with respect to Plaintiffs."). Defendants cannot establish grounds for revisiting that Order, *see* Civil L.R. 7-9,[3] nor should that Order be revised. (*E.g.*, Dkt. No. 376.)

Defendants now move to not only reconsider that ruling, but to impose a much *broader* restriction—not just on patent prosecution, but also a prohibition on participation in what they call the "acquisition" of patents, including the acquisition of *rights* to patents—that is, licensing—and in USPTO intra party and reexamination proceedings—that is, administrative litigation.[4] Such a broad, sweeping bar is virtually unheard of, even in patent cases necessarily implicating highly confidential proprietary information relevant to patent acquisition and licensing, like a party's other licenses or its licensing policies and strategy. There is no hint that any such information, or any other that would necessitate any type of prosecution bar, will be produced here, and Defendants' contention that information learned in this consumer case might inadvertently be misused to Defendants' detriment in the drafting and prosecution of claims or myriad other patent-related activities is speculative and without foundation. There is no basis for revisiting the Court's earlier decision rejecting a bar on Plaintiffs' counsel, or for depriving Plaintiffs of their choice of counsel by imposing on them an unwarranted, overbroad bar now.

Defendants feign that reconsideration is warranted by the supposed November 5th revelation that Plaintiffs' counsel include USPTO members.[5] But all Defendants were *told* and have known since at least *March 2013*—six months *before* they originally requested a prosecution bar—that at least Plaintiffs' Liaison Counsel Carl Schwenker (one of the Opperman

---

[3]  *See Bowoto v. Chevron Corp.*, 2007 WL 2349341, at *11 (N.D. Cal. Aug. 13, 2007) (denying reconsideration under L.R. 7-9(b) where movant lacked diligence); *Gonzalez v. State of Arizona*, 677 F.3d 383 n.4 (9th Cir. 2012) (noting that "a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case" and listing the law of the case doctrine's three exceptions, none of which are met here).

[4]  *Compare* Defendants' Proposed Bar (Dkt. Nos. 405 & 405.1 at § 9) (barring counsel for an indefinite period from advising on patent prosecution *or* acquisition (purchasing or licensing) in all fields (computerized devices, apps, etc.) in which Defendants disclose undefined "technical information" they unilaterally designate as highly confidential) *with* Defendants' Denied Bar (Dkt. Nos. 375 at § 9 & 377 at 1) *with* Dkt. No. 390 at 4 (ordering resubmission of a narrower, prosecution-constrained bar if Defendants desired one amongst themselves).

[5]  *See* Dkt. No. 411 (wherein Defendants incorrectly assert "they were unaware prior to November 5, 2013 (when plaintiffs provided a draft of this Joint Case Management Statement) that two of plaintiffs' counsel were members of the patent bar").

Plaintiffs' primary counsel at the time) was admitted to practice before the PTO. *See* Schwenker Decl., Dkt. No. 295 at ¶ 2 ("I am also a member in good standing in the Bars for … the United States Patent & Trademark Office [and] have been a member of those bars for over fifteen years."). A roster of patent attorneys and agents is also publicly available online.[6] Indeed, the Opperman Plaintiffs' October 4th Submission Re Organization of Plaintiffs' Counsel, filed well before the Court's October 15th Order at issue, emphasized that both Schwenker and Carlin are patent lawyers (Dkt. No. 382, Schwenker Decl. ¶11; Given Decl., ¶18). Nevertheless, to persuade the Court that their proposed bar would have minimal impact, Defendants decided to state that "[t]here is no indication that any of plaintiffs' counsel are members of the patent bar" (Dkt. No. 377 at 2). On noting that the October 15th Order referenced Defendants' erroneous statement, Plaintiffs promptly reminded Defendants and told the Court of the error (Dkt. No. 411 at 1). Local Rule 7-9 states that motions for reconsideration based on new facts require the movant to "also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact … at the time of the interlocutory order." Defendants cannot meet that burden, and there is no reason to revisit the patent bar issue now.

More importantly, a patent prosecution bar on Plaintiffs' counsel is unwarranted. Prosecution bars substantially restrict counsel, whose use of confidential information can be sufficiently constrained by ordinary protective orders that do not inhibit their law practices. What is proposed here is not just a *prosecution* bar, but prohibitions on broad and poorly defined swaths of transactional and licensing work, too. Read literally, the bar prohibits litigation counsel from settling a patent infringement action, as such settlements almost universally include a license. Thus, the proposed bar would impact not just Schwenker and Carlin, but all of the lawyers from lead counsel Kerr & Wagstaffe LLP, whose practices all include patent litigation. Counsel should not be forced to choose between continued representation of their clients in this case and their work for others across entire practice areas. Notably, Defendants' agreement that their own counsel will be bound by the proposed provision is illusory. In these types of cases, Defendants typically agree that their lawyers will not review *each others'* confidential information, meaning that bar will never trigger for them.[7]

As the Court's Order noted, Defendants did not establish the Federal Circuit-mandated elements needed to impose a patent prosecution bar under *In re Deutsch Bank Trust Co.*, 605 F.3d 1373, 1381 (Fed. Cir. 2010). Nor are they exempt from meeting the Ninth Circuit's criteria necessary before ordering protection of discoverable materials. A party seeking protection must prove it will suffer specific prejudice or harm, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003), and offer more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d

---

[6] *See* USPTO's Searchable Roster Websites at https://oedci.uspto.gov/OEDCI/ and http://www.uspto.gov/ip/boards/oed/#heading-6; *e.g.*, Exhibit 1 (USPTO roster search result pages for Schwenker). Plaintiffs' counsel Nicholas Carlin is currently inactive and therefore not on the roster.

[7] The USPTO's searchable roster showed none of Defendants' listed counsel as USPTO members and Defendants' de facto liaison counsel from Apple was unwilling to verify the UDPTO bar status of any other Defendant attorneys.

470, 476 (9th Cir. 1992) (*citing Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). To show "good cause" as Rule 26(c) requires, a movant must provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Foltz* at 1130-1131 (*quoting Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)); FED. R. CIV. P. 26(c).[8]

Defendants did and do not come close to meeting either Circuit's standards. This is not a patent case, nor a case between business competitors. It is a consumer case about harmful products already released to the public (that, for the most part, have been on the market since before suit was filed in early 2012, Dkt. No. 362 at 1-10).[9] Discovery will consequently center on Defendants' past products and what Defendants and their products did with consumers' property and private address books. No matter how much Defendants wish otherwise, technical information discernable from Defendants' publicly available products (whether by observation, reverse engineering, or otherwise) is not and cannot be confidential. Nor are the apps in suit. *See* Apple IDPLA (ECF No. 194-6) at 14, ¶ 10.3. Defendants' earlier request for a patent bar identified absolutely no specification of their own highly sensitive confidential information that might be of any significance to future patent prosecutions by others, much less to any Plaintiffs or their counsel. Conjecture or speculation that discovery *might* include disclosure of information that *might* be of some significance to *some* prosecution client of an individual Plaintiff's counsel is plainly inadequate to support a bar.

---

[8] "[V]ague statement[s] [are] not enough to warrant the unnecessary hardship that would result from the issuance of a patent prosecution bar," *Clayton Corp. v. Momentive Performance Materials*, No. 4:12-CV-1349 AGF, 2013 WL 2099437, at *4 (E.D. Mo., May 14, 2013), and movant's failure to provide evidence on a "high risk of inadvertent disclosure" based on counsel's role in "competitive decision making" for the plaintiff compels denial of a prosecution bar request. *Id*. ("[t]he Court is unwilling to preclude lawyers from litigating here or in front of the PTO on the basis of a vague and generalized threat of future inadvertent misuse of discovered materials and in the absence of specific evidence that Plaintiff's counsel engages in competitive decision making"); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002); *AFP Advanced Food Products LLC v. Snyder's of Hanover Manufacturing, Inc*. No. 05-3006, 2006 WL 47374, at *2 (E.D. Pa. Jan. 6, 2006) (barring patent attorneys from prosecuting similar patents without tangible reason or good cause beyond the general threat of inadvertent misuse of discovered materials is the exact type of overly broad and generalized fear rejected by both the Federal Circuit and Third Circuit) (*citing U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)). Indeed, counsel may be trusted to follow orders to not use confidential information, either inadvertently or intentionally, outside the litigation. *Id.*

[9] *See* Juo, *A Prosecution Bar*, 15 VA. J. LAW & TECH. 43 at 60, n. 174 (2010) ("[C]onfidential information concerning products already publicly released into the marketplace should be less technologically sensitive, and generally should not trigger a prosecution bar.") (*citing Cummins-Allison Corp. v. Glory Ltd.*, 2003 U.S. Dist. LEXIS 23653, at *2–3 (N.D. Ill. Jan. 2, 2004)); 35 U.S.C. § 102(b) (public prior art precludes patent applications after one year under the statutory prior art bar); *Sega Enterprises, Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992) (permitting reverse engineering of public products).

The inappropriateness of a patent bar here is evident from Defendants' acquiescence to the absence of a patent bar in similar cases involving similar products. In at least three other iPhone and app consumer cases, Apple stipulated to a protective order that did not include a prosecution bar.[10] Similarly, when Facebook brought claims against PowerVentures involving claims of scraping and misuse of consumer information from its site, it did not require a patent prosecution bar.[11] Earlier in *this* case, defendant Path, Inc. agreed to a protective order without such a bar. *See Hernandez* Dkt. No. 40.

In its October 15th Order, the Court rejected the scope of Defendants' proposed prosecution bar as too broad and vaguely defined even though the bar applied *only* to Defendants' counsel. It permitted Defendants to promptly "file a revised proposed patent prosecution bar *that identifies with sufficient <u>specificity</u> the information that will trigger the bar* and that <u>narrows</u> *the scope of the bar to information that is relevant to the prosecution of a patent*." (Order at 4, 5 (emphasis added).) In direct contravention of that order, Defendants filed a proposed revision that kept the vague definition of the information that triggers the bar. It also expanded the scope to include transactional, licensing, acquisition and reexamination prohibitions—and now proposes that those outlandish terms be applied to Plaintiffs' counsel.[12] As explained, Defendants can avoid the bar by not reviewing their co-defendants' confidential information, but Plaintiffs cannot. The proposed bar—really, a broad-form non-compete on all types of patent-related legal work—seeks to preclude anyone accessing confidential information from working on or with patents in fields "relating to the subject matter of the 'CONFIDENTIAL – OUTSIDE COUNSEL ONLY' technical information he or she received." (Dkt. No. 405.1 at § 9.) That means that Defendants—who have said that their producible information will broadly cover fields like computerized devices, "software design and development, mobile application design and development, database design, and product specifications"—forever control the scope of the bar. (Dkt. No. 377 at 2.) Moreover, the bar would now last until two years *after any appeals*. (Dkt. No. 405.1 at § 9.) The clause would realistically severely limit Plaintiffs' counsels' ability to represent clients or work in high-tech

---

[10] *See In re iPhone Application Litigation*, No. 11-md-02250-LHK (Dkt. No. 89); *In re Apple In-App Purchase Litigation*, No. 11-cv-1758-EDJ (Dkt. No. 72); and *In re Apple iPhone 4 Products Liability Litigation*, No. 10-md-02188-RMWEDJ (Dkt. No. 26).

[11] *Facebook, Inc. v. Power Ventures, Inc,* No. 08-cv-05780-LHK (Dkt No. 94).

[12] FED. R. CIV. P. 26(c)(1); Juo, *A Prosecution Bar*, 15 VA. J. LAW & TECH. at 68, n. 171 and 75 ("imposing a prosecution bar as a form of administrative convenience side-steps the need under *U.S. Steel* for a particularized showing of the need to deny a party's counsel from access to confidential information. … Where a prosecution bar is to be imposed in a protective order, the type of information that would trigger a prosecution bar, and the duration of any such bar, should be *narrowly defined and tailored* to particularized concerns based on the actual facts of the case rather than on speculation and generalities.").

industries for many years.[13] That trade-off should not be a consequence of representing Plaintiffs in this consumer case.[14]

Ill-suited prosecution bars distort the litigation process, interfere with clients' ability to obtain effective assistance of counsel, present particular opportunities for abuse,[15] and circumvent the producing parties' obligation to establish good cause for a restriction on any particular disclosed information. The bar proposed here is particularly dangerous, it is defined not by a pre-determined category, but by the subject matter of the discovery Defendants produce and the liberality with which they unilaterally apply a confidentiality designation.

Defendants have not met their burdens to either seek reconsideration of this issue or to establish the need for any patent prosecution bar, much less the onerous one they seek. The Court correctly denied Defendants' previous request to impose a patent prosecution bar on Plaintiffs and their counsel and should do so again.

---

[13] Defendants' position changes with the wind. Initially, they argued the prosecution bar was reasonable because none of Plaintiffs' counsel were members of the patent bar. Now they argue to the contrary: that the prosecution bar is warranted because some of Plaintiffs' counsel are members of the patent bar. *Compare* Dkt. Nos. 377 at 2 *with* 411 at 1.

[14] Defendants' proposed restriction also conflicts with California's abhorrence of non-competes, *Applied Materials Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.*, 2009 WL 1481147 (N.D. Cal., May 2010); Cal. Bus. & Prof. Code §16600 ("every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void"), and with ethical rules barring restrictions on lawyers' practices. ABA Formal Op. 94-381 (1994) (rejecting restrictions that "restrain a lawyer from engaging in his profession" or the public "from access to lawyers who, by virtue of their background and experience, might be the best available lawyers to represent them" and noting that under Model Rule 5.6 "[a] lawyer may not ethically ask for nor may a lawyer agree to any [ ] restriction unnecessarily compromising the strong policy in favor of providing the public with a free choice of counsel" as MR 5.6's purpose is to protect lawyers' "professional autonomy" and to prohibit covenants limiting "the freedom of clients to choose a lawyer"); *see also Dwyer v. Jung*, 336 A.2d 498, 499-501 (N.J. Super. Ct. Ch. Div. 1975), *aff'd* 343 A.2d 208 (N.J. Super. Ct. App. Div. 1975) (noting under ABA rule DR 2-108(A) that restrictions on attorneys' practice are injurious to the public interest); *Jacob v. Norris, McLaughlin & Marcus*, 128 N.J. 10 (1992) (recognizing that MR 5.6 prohibits outright limits on the practice of law and indirect restrictions which might interfere with clients' right to choose counsel).

[15] Recently, a sister court reprimanded Apple for overzealous redaction of purportedly confidential discovery materials. *See In re iPhone Application Litigation*, No. 11-md-02250-LHK, Order re: Plaintiffs' Motion to Compel, Dkt. No. 203 at p.12 (N.D. Cal. Mar. 6, 2013).

DATED: December 20, 2013				Respectfully submitted,

HOGAN LOVELLS US LLP

By: */s/ Robert B. Hawk*
Robert B. Hawk
HOGAN LOVELLS US LLP
4085 Campbell Ave.
Suite 100
Menlo Park, CA 94025
Tel: (650) 463-4000
robert.hawk@hoganlovells.com

Clayton C. James
1200 Seventeenth Street, Suite 1500
Denver, CO 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
clay.james@hoganlovells.com

**ATTORNEYS FOR DEFENDANT APPLE INC.**

HOLLAND & KNIGHT LLP

By: */s/ Judith R. Nemsick*
Christopher G. Kelly
Judith R. Nemsick
Holland & Knight LLP
31 West 52nd Street
New York, New York 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
christopher.kelly@hklaw.com
judith.nemsick@hklaw.com

Shelley G. Hurwitz
HOLLAND & KNIGHT LLP 400 South Hope Street, 8th Floor Los Angeles, CA 90071
Tel.: (213) 896-2476
shelley.hurwitz@hklaw.com

**ATTORNEYS FOR DEFENDANT ROVIO ENTERTAINMENT LTD. S/H/A ROVIO MOBILE OY**

COOLEY LLP
By: */s/ Mazda Antia*

Mazda Antia
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Tel: (858) 550-6000
Fax: (858) 550-6420

**ATTORNEYS FOR DEFENDANTS FACEBOOK, INC., INSTAGRAM, LLC AND KIK INTERACTIVE, INC.**

MORRISON & FOERSTER LLP

By: */s/ Keith Henneke*
 Keith Henneke
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Tel: 213.892.5687
Fax: 213.892.5454
KHenneke@mofo.com

**ATTORNEYS FOR DEFENDANT FOURSQUARE LABS, INC.**

ZWILLGEN LAW LLP

By: */s/ Michele Floyd*
Michele Floyd (SBN 163031)
ZWILLGEN LAW LLP
915 Battery Street, Second Floor, Suite 3
San Francisco, California 94111
Tel.: (415) 590-2340
Fax: (415) 590-2335
michele@zwillgen.com

Marc J. Zwillinger (admitted *pro hac vice*)
marc@zwillgen.com
Jacob A. Sommer (admitted *pro hac vice*)
jake@zwillgen.com
ZWILLGEN PLLC
1705 N St NW
Washington, DC 20036
Tel.: (202) 296-3585
Fax: (202) 706-5298

**ATTORNEYS FOR DEFENDANTS ELECTRONIC ARTS, INC. AND CHILLINGO LTD.**

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*
Tyler G. Newby (CSB No. 205790)
tnewby@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel.:     415.875.2300
Fax:     415.281.1350

**ATTORNEYS FOR DEFENDANT PATH, INC.**

DURIE TANGRI LLP

By: */s/ Michael H. Page*
MICHAEL H. PAGE (#154913)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel.: 415-362-6666
Fax: 415-236-6300
mpage@durietangri.com

**ATTORNEYS FOR DEFENDANTS YELP INC. AND FOODSPOTTING, INC.**

PERKINS COIE, LLP

By:  */s/ Amanda J. Beane*
Amanda J. Beane
PERKINS COIE, LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.3965
FAX: 206.359.4965
E-MAIL: ABeane@perkinscoie.com

**ATTORNEYS FOR DEFENDANT TWITTER, INC.**

DHILLON & SMITH LLP

By: */s/ Harmeet K. Dhillon*
Harmeet K. Dhillon
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, CA 94108
Tel.: (415) 433-1700
harmeet@dhillonsmith.com
**ATTORNEYS FOR DEFENDANT GOWALLA INCORPORATED**

MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Jeffrey M. Movit*
Jeffrey M. Movit
Mitchell Silberberg & Knupp LLP
12 East 49th Street, 30th Floor
New York, NY 10017
(917) 546-7708 (direct)
(917) 546-7678 (fax)
jmm@msk.com

**ATTORNEYS FOR DEFENDANT ZEPTOLAB UK LIMITED**

**PHILLIPS, ERLEWINE &GIVEN LLP**

By: */s/ David M. Given*
　　 David M. Given

David M. Given (State Bar No. 142375)
Nicholas A. Carlin (State Bar No. 112532)
**PHILLIPS, ERLEWINE & GIVEN LLP**
50 California Street, 32nd Floor
San Francisco, CA   94111
Tel: 415-398-0900
Fax: 415-398-0911
Email: dmg@phillaw.com
　　　　nac@phillaw.com

James M. Wagstaffe (State Bar No. 95535)
Michael Ng (State Bar No. 237915)
Michael von Loewenfeldt (State Bar No. 178665)
Ivo Labar (State Bar No. 203492)
**KERR & WAGSTAFFE LLP**
100 Spear Street, 18th Floor
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Fax: (415) 371-0500
Email: wagstaffe@kerrwagstaffe.com

mng@kerrwagstaffe.com
mvl@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Interim Co-Lead Counsel for Plaintiffs*

Carl F. Schwenker (TBN 00788374; *pro hac vice*)
**LAW OFFICES OF CARL F. SCHWENKER**
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
Telephone: (512) 480-8427
Facsimile: (512) 857-1294
Email: cfslaw@swbell.net

*Plaintiffs' Liaison Counsel*

Jeff Edwards (TBN 24014406; *pro hac vice*)
**EDWARDS LAW**
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
Telephone: (512) 623-7727
Facsimile: (512) 623-7729
Email: jeff@edwards-law.com

James S. Notis
Jennifer Sarnelli (CBN 242510)
Kira German (*pro hac vice*)
**GARDY &NOTIS, LLP**
501 Fifth Avenue, Suite 1408
New York, NY 10017
Telephone: (212) 905-0509
Facsimile: (212) 905-0508
Email: jsarnelli@gardylaw.com
jnotis@gardylaw.com
kgerman@gardylaw.com

*Plaintiffs' Steering Committee ("PSC")*

cc: All Counsel (via ECF)