UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PATH, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-00453-JST<br><br>**ORDER DENYING KIK INTERACTIVE, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>THIS DOCUMENT RELATES TO:<br>Opperman v. Path, Inc., No. 13-cv-453 |

Before the Court is Defendant Kik Interactive, Inc.'s ("Kik") Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 366. The Court will deny the motion.

## I. FACTUAL BACKGROUND

This action was filed in the Western District of Texas on March 12, 2012, by Plaintiff Marc Opperman and others against Defendant Path, Inc. and sixteen other corporate Defendants, including Kik. On October 12, 2012, Kik moved to dismiss for lack of personal jurisdiction in the Western District of Texas. ECF No. 141. On the same day, several Defendants moved to dismiss the action or, alternatively, to transfer the action to the Northern District of California pursuant to 28 U.S.C. § 1404. ECF No. 124. Footnote 1 of that motion states: "Kik has separately filed a motion to dismiss for lack of personal jurisdiction. Kik joins this motion only in the event that the Court denies its motion to dismiss for lack of personal jurisdiction." Id. at 1 n.1.

The Texas court ordered the case transferred on January 15, 2013. ECF Nos. 217, 218. In its memorandum opinion, the court "dismissed without prejudice" several motions to dismiss, including Kik's. ECF No. 217 at 8. The court also found that all Defendants are subject to personal jurisdiction in the Northern District of California, in part because the App Store "is the nexus of the allegations in this case," and Apple is located here. Id. at 6.

Plaintiffs' claims arise out of the distribution of applications ("apps") by the App Developer Defendants, including Kik, that Plaintiffs allege secretly uploaded and disseminated user information from the devices on which they were installed. CACAC ¶ 7. Plaintiffs downloaded the apps from Defendant Apple, Inc.'s App Store. Id. Apple also manufactures the iPhones and iPads on which the apps were installed. The operative Consolidated Amended Class Action Complaint ("CACAC"), ECF No. 362, filed September 3, 2013, groups the claims asserted in the Opperman action with those asserted in three related cases, none of which name Kik as a Defendant.

The only named Plaintiffs who are alleged to have downloaded Kik's app reside in Virginia and Arkansas. Kik is a Canadian corporation headquartered in Waterloo, Ontario. Plaintiffs do not allege that Kik has a physical presence in California, but, relying on the Texas court's transfer order, argue that this Court has personal jurisdiction over Kik by virtue of the role Apple played in the design and distribution of Kik's app.

## II. LEGAL STANDARD

Where a defendant objects to the Court's personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that jurisdiction is proper. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). Uncontroverted allegations in the plaintiff's complaint must be taken as true. Id. "Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

## III. ANALYSIS

In response to Kik's motion to dismiss, Plaintiffs make three arguments as to why this Court has personal jurisdiction over Kik: (1) that Kik waived its right to object to this Court's exercise of personal jurisdiction; (2) that the law-of-the-case doctrine precludes this Court from deciding the question; and (3) that traditional personal jurisdiction principles support a finding of specific personal jurisdiction based on Kik's minimum contacts with this district.

### A. Waiver and Consent

Plaintiffs argue that Kik "waived" its right to object to this Court's personal jurisdiction by

seeking transfer of the case to this Court. Pursuant to Federal Rule of Civil Procedure Rule 12(g)(2), a party that makes a Rule 12 motion to dismiss "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion," subject to the limitations set forth in Rule 12(h). Rule 12(h)(1) applies the waiver rule to Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction, such as Kik's motion here. Thus, for Kik to have waived its objection to this Court's jurisdiction, the objection must have been available to Kik at the time that it made a prior Rule 12 motion.

The only prior Rule 12 motion Kik filed was a motion to dismiss for lack of personal jurisdiction in the Western District of Texas. At that time, an objection to this Court's personal jurisdiction was not available to Kik, as the case had not yet been transferred here. Consequently, Kik could not have waived its objection.

Plaintiffs' argument might actually be better characterized as an argument that Kik consented to this Court's jurisdiction when it "conditionally" joined the motion to transfer filed by its co-Defendants in Texas, which argued that this Court, *i.e.*, the Northern District Court of California, has personal jurisdiction over all Defendants.

The Ninth Circuit has held that "a party has consented to personal jurisdiction when the party took some kind of affirmative act—accepting a forum selection clause, submitting a claim, filing an action—that *fairly invited the court to resolve the dispute between the parties*." S.E.C. v. Ross, 504 F.3d 1130, 1149 (9th Cir. 2007) (emphasis added). Here, Kik's joinder of the motion to transfer was conditioned on a denial of its motion to dismiss for lack of personal jurisdiction in the Western District of Texas. Plaintiffs argue that the condition was triggered by the transfer order, because the transferor court was required to find that it had personal jurisdiction over all Defendants in order to transfer the case, which in turn means it was required to deny Kik's motion to dismiss.

Some courts have held that a court that lacks personal jurisdiction over the defendants cannot order a section 1404 transfer; in such a situation, only transfer pursuant to 28 U.S.C. § 1406 is appropriate. See, e.g., Berol Corp. v. BIC Corp., No. 02-cv-0559, 2002 WL 1466829 (N.D. Ill. July 8, 2002) ("Because both the transferor and transferee courts must have jurisdiction

3

over a defendant in order to effect a change of venue under § 1404(a), moving to transfer venue presupposes and concedes proper jurisdiction in the transferor court."). Other courts have disagreed with that requirement, taking the more practical view that a § 1404 motion filed in a court that lacks personal jurisdiction may simply be considered a § 1406 motion to transfer. See, e.g., Kendall U.S.A., Inc. v. Cent. Printing Co., 666 F. Supp. 1264, 1267 (N.D. Ind. 1987) ("The court does not need to determine that personal jurisdiction over the defendant and third-party defendants exists in this court before this case can be transferred.").

Here, the transferor court made no explicit findings of its own personal jurisdiction. Plaintiffs argue that the transferor court was required to find that it had personal jurisdiction over Kik, and thus it must have implicitly made such findings, thereby implicitly denying Kik's motion to dismiss, which in turn triggered the conditional joinder of the motion to transfer. That argument is not supported by the transfer order, which expressly "dismissed without prejudice" Kik's motion to dismiss. Transfer Order at 8. The Texas court did not implicitly decide the motion to dismiss — it expressly declined to decide it.

The Texas court's mode of decision is consistent with those authorities holding that a transferor court is not required to determine whether it has personal jurisdiction before transferring a case pursuant to § 1404. Consequently, this Court finds that Kik never joined the motion to transfer because the condition precedent to its joinder — the denial of Kik's motion to dismiss for lack of personal jurisdiction — never occurred. Having never joined the motion, Kik therefore did not affirmatively consent to this Court's personal jurisdiction through the § 1404 motion to transfer.

Nevertheless, Plaintiffs argue that Kik's condition on joining the motion to transfer was immaterial, because if Kik believed that this Court does not have personal jurisdiction, it could never have joined the motion to transfer — with or without conditions. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'") (quoting Davis v. Wakelee, 156 U.S.

4

1  680, 689 (1895)).

2  A finding of consent or judicial estoppel requires a clear indication from the estopped party. See S.E.C. v. Ross, 504 F.3d 1130, 1149 (9th Cir. 2007) (requiring affirmative act of consent). Here, there is no such "clear indication." Kik's motion to dismiss based on the Texas' court's lack of jurisdiction did not address whether this Court had personal jurisdiction. The motion to transfer asserted that this Court has personal jurisdiction over all Defendants but, as set forth above, Kik never joined in that motion. The Court declines to find consent or judicial estoppel on this record.

### B. Law-of-the-Case Doctrine

Plaintiff next argues that the transferor court already decided that this Court has personal jurisdiction, and that the transferor court's decision precludes this Court from revisiting that question.

"[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993). See also Arizona v. California, 460 U.S. 605, 618 (1983) decision supplemented, 466 U.S. 144 (1984) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). "Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).

Here, the transferor court expressly found in its transfer order that the Northern District of California has personal jurisdiction over Kik (and all other defendants). Observing that "[a]ll allegations in this matter run through Apple and its app store," Transfer Order at 3, the Texas court held:

> *The Court finds this matter could have been brought in the Northern District of California.* There is no dispute Apple is headquartered there, and conducts the heart of its business from California. Plaintiffs argue there is 'no evidence' Defendants Foursquare, Rovio, and Zeptolab are properly subject to jurisdiction in California, because they are variously headquartered in New York, Finland, and the United Kingdom. The Court disagrees. *There is no dispute all three sold apps through the Apple app store, which is the nexus of the allegations in this case. The same applies to all the other Defendants as well.*

5

Id. at 6 (footnote omitted) (emphasis added).

Although Kik argues that the transferor court did not decide the question of the Northern District of California's jurisdiction, it never addresses the express language of the Texas court's order as set forth above. Instead, Kik quotes from other, irrelevant portions of the transfer order.

Kik also argues that the transferor court never decided the question because the transfer order "makes no reference to minimum contacts, purposeful availment, purposeful direction, due process, or any other factor relevant to personal-jurisdiction considerations." Reply, ECF No. 403 at 12. The lack of such a discussion does not mean the question was not decided. In some cases, "a terse decision is even more clearly the law of the case because it does not require a determination whether actual decision can be inferred." 18B Wright, Miller & Cooper, Federal Practice & Procedure § 4478 at pp. 557-60 (footnote omitted). See Leslie Salt Co. v. United States, 55 F.3d 1388, 1392 (9th Cir. 1995) ("'[E]ven summarily treated issues become the law of the case.'") (quoting Alliance for Cannabis Therapeutics v. DEA, 15 F.3d 1131, 1135 (D.C. Cir. 1994)).

Finally, Kik argues that the Texas court was not required to find that this Court has personal jurisdiction in order to transfer the case pursuant to 28 U.S.C. § 1404. Kik's argument is contrary to the plain text of the statute — which permits the transfer of an action only to a district "where it might have been brought" in the first instance — and controlling authority. See Hoffman v. Blaski, 363 U.S. 335, 337 (1960) (holding "the power of a District Court under s 1404(a) to transfer an action to another district is made to depend . . . upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff" where transferor court failed to consider whether transferee district had personal jurisdiction over defendants); Shapiro v. Bonanza Hotel Co., 185 F.2d 777, 781 (9th Cir. 1950) (holding 28 U.S.C. § 1404 did not abrogate requirement of transferee district's personal jurisdiction over defendant; affirming refusal to transfer for lack of personal jurisdiction in target district); Town of N. Bonneville, Wash. v. U.S. Dist. Court, W. Dist. of Washington, 732 F.2d 747, 750 (9th Cir. 1984) (reversing district court's order of transfer pursuant to analogous 28 U.S.C. § 1631 transfer statute for failure to consider whether target district had personal jurisdiction over defendants at the time the action

6

was filed.

Having determined that the transferor court explicitly found that this Court has personal jurisdiction over Kik, the Court must now decide whether it is appropriate to apply the law-of-the-case doctrine, or to depart from the decision.

"A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). Moreover, "the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." Christianson, 486 U.S. at 816.

The Court is not persuaded by Kik's arguments that the transferor court's finding of personal jurisdiction was clearly erroneous, or that this case presents the type of "extraordinary circumstances" required to revisit an earlier ruling. Nor do any of the other exceptions to the law-of-the-case doctrine apply. Consequently, the Court will apply the law-of-the-case doctrine to the transferor court's finding in the § 1404 transfer order that the Northern District of California has personal jurisdiction over Kik in this case.

## IV. CONCLUSION

For the foregoing reasons, Kik's motion to dismiss is hereby DENIED.[1]

**IT IS SO ORDERED.**

Dated: January 22, 2014

_____
JON S. TIGAR
United States District Judge

---

[1] Because the Court concludes that the Western District of Texas's prior order establishes jurisdiction over Kik, it does not reach plaintiffs' remaining arguments or plaintiffs' request for jurisdiction-related discovery.

7