# PHILLIPS, ERLEWINE & GIVEN LLP

ATTORNEYS AT LAW
50 CALIFORNIA STREET, 35TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 398-0900
FAX (415) 398-0911
DAVID C. PHILLIPS (RET.)

August 6, 2014

Hon. Jon S. Tigar
United States District Judge
San Francisco Courthouse
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    ***Opperman et al. v. Path, Inc. et al.***
              United States District Court No. 13-cv-0453-JST
              <u>This Document Relates to All Cases</u>

Dear Judge Tigar:

The Court's July 1, 2013 Scheduling Order (Docket No. 354) states that "Discovery shall remain closed until further order from the Court". Plaintiffs now seek such "further order" to allow them to commence discovery from the App Defendants (*i.e.*, all defendants except Apple, Inc.) Plaintiffs' counsel have attempted in good faith to meet and confer with defendants' counsel (including counsel for Apple) regarding this request, but counsel have not come to an agreement concerning the further order sought by Plaintiffs. Accordingly, the parties submit this joint letter brief to the Court.

**Plaintiffs' Position**

Plaintiffs do not seek "expedited discovery," only their normal discovery rights. The Court stayed discovery in its July 1, 2013 Scheduling Order in response to defendants' contention at that time that they should not have to respond to discovery until after the Court had ruled on the pending dispositive motions in the event the whole case was thrown out.

But the Court did not throw out the entire case. The court denied the motion to dismiss the Invasion of Privacy/Intrusion upon Seclusion claim against the App Defendants. (Docket No. 471). That claim goes forward. Accordingly, the App Defendants' rationale for opposing discovery no longer exists.

In fact, the App Defendants previously represented to the Court - in connection with their previous request to stay discovery - that discovery should commence in exactly this situation: "App Developer Defendants request that the *Opperman* parties exchange disclosures within 30 days of any Court order permitting <u>any</u> claims asserted in *Opperman* to proceed, or as otherwise established by the Court. ..." Joint Case Management Statement, at 30 (Docket No. 330)

Hon. Jon S. Tigar
August 4, 2014
Page 2

(emphasis added.)[1] The mere fact that defendants intend to file a motion to dismiss the Second Consolidated Amended Complaint does not entitle them to block discovery. "[T]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011) (citations omitted); *San Francisco Tech. Kraco Enterprises LLC*, No. 5:11-CV-00355 EJD, 2011 WL 2193397 (N.D. Cal. June 6, 2011) (same); *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-601 (C.D.Cal.1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation").   Thus, Parties are required to make a "strong showing" when requesting a protective order staying discovery pending disposition of a potentially dispositive motion. *San Francisco Tech. Kraco Enterprises LLC*, No. 5:11-CV-00355 EJD, 2011 WL 2193397 (N.D. Cal. June 6, 2011) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975).

Defendants can make no such showing here. Moreover, such motion to dismiss would not even be a potentially "dispositive" motion since the Second Amended Consolidated Complaint retains the Invasion of Privacy/Intrusion upon Seclusion claim, so at best the motion could succeed in dismissing some of the other claims, but not the entire case.

This case has been pending for over two years. If defendants have their way, discovery will be delayed until after the court rules on the currently scheduled motions to dismiss, which are not scheduled to be heard until December 2, 2014 (Docket No. 487). The Court should not condone such an additional inordinate delay in moving this case forward. Accordingly, plaintiffs respectfully request that the Court order that discovery may commence forthwith with respect to the App Defendants. Any issues as to the appropriate scope of discovery should be dealt with as those issues arise in the normal course of events.

Plaintiffs attempted to meet and confer with Defendants prior to seeking the Court's intervention, however all of the Defendants (including Apple) flatly refused to agree to any opening of discovery. The only App Defendant that stated any basis for its opposition was Gowalla which objected that the discovery would be "piecemeal". The other App Defendants simply said they would oppose the request.

---

[1] Path opposes the commencement of discovery even though it previously agreed and actually did provide discovery. In the related *Hernandez* action, Path has already provided substantial discovery to the Hernandez plaintiffs: one set of Requests for Admissions, three sets of Interrogatories and three sets of Documents Requests; Path has also provided a person most knowledgeable deposition under FRCP 30(b)(6) in that action. Joint Case Management Statement, at 32 (Docket No. 330).

Hon. Jon S. Tigar
August 4, 2014
Page 3


**App Defendants' Position**.

The App Defendants (*i.e.,* all defendants except Apple, Inc.) met and conferred with Plaintiffs concerning their request to allow them to commence discovery against the App Defendants, but were unable to agree to Plaintiffs' request for the reasons stated below.

As an initial matter, Plaintiffs mischaracterize the App Defendants' long-standing position regarding discovery. As clearly set forth in the parties' Joint CMC Statement filed June 8, 2013, "App Developer Defendants assert that discovery in *Opperman* should remain stayed pending the Court's resolution of Defendants' motions to dismiss the currently operative *or any amended complaint*…Resolution of the motions to dismiss will likely at least narrow the claims and issues in this case…It would be grossly inefficient for discovery to proceed before the Court has resolved these issues." (Docket No. 330, at p. 31). The App Defendants maintain this position.

The Court considered the parties' conflicting positions on discovery, as well as under what circumstances limited discovery would be permitted, and stated in its July 1, 2013 Scheduling Order that "[d]iscovery will remain closed until further order from the Court, however Plaintiffs may petition the Court to permit discovery in response to a Motion to Dismiss from any Defendant, where Plaintiffs demonstrate that Defendant is in the sole possession of said discovery and that the discovery is necessary to respond to a ground for the Motion to Dismiss." (Docket No. 345). The Scheduling Order does not contemplate early discovery other than for the purposes of opposing a motion to dismiss, and that is not the type of discovery Plaintiffs seek to take at this time.

Plaintiffs' request to open discovery is based on the incorrect premise that any part of the pleadings is settled. In fact, most of the App Defendants intend to move to dismiss all claims against them, as is their right. *See Bruton v. Gerber Products Co.*, 2014 WL 172111, n.2 (N.D. Cal. January 15, 2014) ("Under Ninth Circuit law, an amended complaint supercedes [sic] the original complaint and renders it without legal effect, such that a defendant may challenge an amended complaint in its entirety." (internal citations omitted)), *citing Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir.2012) (en banc)); *see also Sidebotham v. Robison*, 216 F.2d 816, 823 (9th Cir.1954) ("[O]n filing a third amended complaint which carried over the causes of action of the second amended complaint, the appellees were free to challenge the entire new complaint."); *In re Sony Grand Wega KDF–E A10/A20 Series Rear Projection HDTV Television Litig.,* 758 F.Supp.2d 1077, 1098 (S.D.Cal.2010) (holding that defendant was free to move for dismissal of entire amended complaint, including claim that had already withstood a previous motion to dismiss). Significantly, Plaintiffs materially amended the allegations underlying the invasion of privacy claim, and those amendments provide a new basis for dismissal of the claim. Until this Court rules on the motions to dismiss, the pleadings are not settled.

Further, Plaintiffs fail to demonstrate good cause for expedited discovery. Expedited discovery is permitted "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Toyko Electron Am.,*

*Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Factors considered include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet., Inc. v. Davis,* 673 F.Supp.2d 1063, 1067 (C.D.Cal. 2009); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.,* 768 F.Supp.2d 1040, 1044 (N.D.Cal. 2011); *Azco Biotech Inc. v. Qiagen, N.V.,* 12-cv-2599-BEN (DHB), 2013 WL 3283841 (S.D. Cal. June 26, 2013).

Here, none of these factors weighs in favor of granting Plaintiffs' request to change the *status quo* and open discovery.  First, no motion for preliminary injunction is currently pending.  Second, any purported limitation of early discovery to the invasion of privacy issue is "likely unworkable in practice," and "allowing some discovery now will lead to discovery disputes between the parties regarding whether certain discovery is or is not impacted by the motion to dismiss." *Azco Biotech Inc. v. Qiagen, N.V.*, 12-cv-2599-BEN (DHB), 2013 WL 3283841 at *3 (S.D. Cal. June 26, 2013). Third, Plaintiffs have provided no coherent reason why commencing discovery following disposition of the motion to dismiss will prejudice or harm them.  Fourth, "requiring the parties to engage in limited discovery now will likely result in duplicative efforts by Defendants and witnesses." *Id.*

Even presuming the applicability of the standard cited by Plaintiff, concerning a motion for protective order to stay discovery that is already open,  Defendants easily make the "strong showing" Plaintiffs reference.   The cases cited by Plaintiffs set forth a two-part test when evaluating a request for a stay of discovery during the pendency of a dispositive motion: "First, the pending motion must be potentially dispositive of the entire case, or must at least be dispositive on the issue to which the discovery is aimed. Second, the court must determine whether the potentially dispositive motion can be decided without the discovery." *San Francisco Tech. Kraco Enterprises LLC*, No. 5:11-CV-00355 EJD, 2011 WL 2193397 (N.D. Cal. June 6, 2011); *see also Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011) (same). A protective order may issue if the moving party satisfies both prongs. *Id.*  In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required. *Skellerup Indus. Ltd. v. City of L.A.,* 163 F.R.D. 598, 601 (C.D. Cal. 1995).[2]

---

[2] The *Skellerup* court sets forth other factors the court should consider, including: "[T]he type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances." *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 601 (C.D.Cal.1995) (internal citations omitted), *citing Hachette Distribution, Inc. v. Hudson County News Company,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

Hon. Jon S. Tigar
August 4, 2014
Page 5


Applying the two-part test to this case, a continued stay of discovery pending the outcome of the motion to dismiss is clearly warranted. First, the anticipated motions are potentially dispositive of the entire case as to most of the App Defendants, as they intend to move to dismiss all claims against them with prejudice given the substantial motion practice and Plaintiffs' inability under the law to ever plead the elements of the claims. Second, Plaintiffs are unable to seriously contend that the anticipated motions to dismiss cannot be decided without the discovery at issue. *See, e.g., Intri-Plex Technologies, Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007) ("[g]enerally, a court may not consider material beyond the complaint in ruling on a Fed.R.Civ.P. 12(b)(6) motion).

Resolution of Defendants' motions may change the scope and character of the litigation significantly. Plaintiffs' proposal to commence discovery on one claim (which may ultimately be dismissed against the Defendants) would result in an inefficient, piecemeal discovery process that would place an undue burden and expense on the Court and on App Defendants, who would be forced to respond to discovery on that claim now and perhaps an additional claim several months from now. By illustration, prior to Plaintiffs' filing of a consolidated complaint in this matter, Path participated in several months of discovery at great expense, including the production of thousands of pages of documents, answering interrogatories and producing witnesses for depositions in *Hernandez v. Path*, No. 12-CV-1515, on claims that are not currently alleged in the amended complaint. The number of parties and issues, the anticipated volume of discovery, and the overall complexity of this case also weigh heavily against conducting such piecemeal discovery. Commencing discovery now will necessarily result in disputes that will unnecessarily burden the Court even while it is considering the motions to dismiss. By contrast, maintaining the *status quo* will promote efficiency and avoid a duplication of efforts, as it will ensure that the parties know which claims are in the case, and which are not, prior to undertaking discovery.

Lastly, Plaintiffs cannot rely on the length of time the case has been pending to support the commencement of discovery when virtually all of the claims as to the App Defendants have been dismissed and Plaintiffs are now on their fifth amended complaint.

The Court undoubtedly considered the issues discussed above in ordering that discovery remain stayed pending a further order. The App Defendants respectfully submit that such an order should logically follow the settling of the pleadings. Defendants have articulated a clear case of hardship as to conducting what could be inefficient or pointless discovery. This Court has "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681 (9th Cir. 1988).[3] The

---

[3] Further, Federal Rule of Civil Procedure 26(b)(2)(c) provides, in part: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: ... (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

App Defendants respectfully request that the Court uphold its prior ruling concerning discovery and not alter the *status quo* until after the pleadings have been settled, following disposition of the anticipated motions to dismiss.

**Apple's Position**

Apple joins in the App Defendants' objection to opening discovery prior to close of the pleadings. As the App Defendants point out, prior to entry of the current Scheduling Order the Plaintiffs insisted that discovery should proceed while motions to dismiss were pending. Apple and the App Defendants asked that discovery be stayed pending resolution of all motions to dismiss. The Court rejected those two proposals and crafted a compromise permitting Plaintiffs to seek court approval for targeted discovery related to motions to dismiss. Plaintiffs do not now seek to avail themselves of that narrow exception to the current stay and, instead, seek to commence unbounded discovery that will necessitate Apple's involvement.

Apple's position when the parties submitted their Joint Case Management Statement was that disclosures and discovery should not proceed against *any defendant* until the pending motions to dismiss had been resolved as to Apple: "Apple likewise requests that the *Opperman* parties exchange initial disclosures within 30 days of any order permitting any claims asserted in *Opperman against Apple* to go forward, or as otherwise established by the Court." (Dkt. 330 at 30)(emphasis in original). Apple's concern was that discovery against the App Defendants was, in effect, discovery against Apple, given the nature of the allegations and that several of the claims were asserted against Apple and the App Defendants jointly. That concern is magnified with respect to the current Complaint, in which all claims are asserted against Apple and many rely on an "aiding and abetting" theory that seeks to hold Apple liable for the alleged acts of the App Defendants. Thus, Apple will inevitably be required to participate in depositions and other discovery, even if the discovery is not directed at Apple witnesses.

Under Rule 26, the scope of discovery is a function of the scope of the claims. Here, the scope of the Plaintiffs claims has not been determined, and the determinations that have been made to date suggest that the current stay is appropriate. The immediately preceding Complaint had 26 claims, only one of which survived against any defendant. None survived against Apple. Yet, Plaintiffs seek to proceed in wide-ranging discovery aimed inevitably, if indirectly, at Apple even though it has not been determined that Apple is a proper party to this case.

Plaintiffs' approach would guarantee a piecemeal, burdensome and inefficient discovery process that would be unfairly burdensome to Apple.

Respectfully submitted,

By /s/ Nicholas A. Carlin
Nicholas A. Carlin (122532)
David M. Given (142375)
PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd Floor
San Francisco, CA 94111
Tel: 415-398-0900
nac@phillaw.com
dmg@phillaw.com

James M. Wagstaffe (95535)
Michael von Loewenfeldt (178665)
Michael Ng (237915)
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel.: 415-371-8500
wagstaffe@kerrwagstaffe.com
mvl@kerrwagstaffe.com
mng@kerrwagstaffe.com

Attorneys for Plaintiffs


/s/ Robert Hawk
Robert Hawk
Jenny Shen
HOGAN LOVELLS US LLP
4085 Campbell Avenue, Suite 100
Menlo Park, CA 94025
Tel: 650-463-4000
robert.hawk@hoganlovells.com
jenny.shen@hoganlovells.com

Clayton C. James
1200 Seventeenth Street, Suite 1500
Denver, CO 80202
Tel: 303-899-7300
clay.james@hoganlovells.com

Attorneys for Defendant Apple Inc.

/s/ Christopher G. Kelly
Christopher G. Kelly
Judith R. Nemsick
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY  10019
Tel:  212-513-3200
christopher.kelly@hklaw.com
judith.nemsick@hklaw.com

Shelly G. Hurwitz
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel:  213-896-2476
shelly.hurwitz@hklaw.com

Attorneys for Defendant
Rovio Entertainment Ltd.,
s/h/a Rovio Mobile Oy


/s/ Mazda Antia
Mazda Antia
COOLEY LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Tel:  858-550-6000
mantia@cooley.com

Attorneys for Defendants
Facebook, Inc., Instagram, LLC and
Kik Interactive, Inc.


/s/ David McDowell
David McDowell
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017-3543
Tel:  213-892-5687
dmcdowell@mofo.com

Attorneys for Defendant
Foursquare Labs, Inc.

Hon. Jon S. Tigar
August 4, 2014
Page 9

/s/ Mark Zwillinger
Mark Zwillinger
ZWILLGEN LAW LLP
915 Battery Street, 2nd Floor, Suite 3
San Francisco, CA  94111
Tel:  415-590-2340
michele@zwillgen.com

Attorneys for Defendants
Electronic Arts, Inc. and Chillingo Ltd.


/s/ Tyler G. Newby
Tyler G. Newby
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Tel  415-875-2300
tnewby@fenwick.com

Attorneys for Defendant
Path, Inc.


/s/ Michael H. Page
Michael H. Page
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
Tel:  415-362-6666
mpage@durietangri.com

Attorneys for Defendants
Yelp Inc. and Foodspotting, Inc.


/s/ Amada J. Beane
Amanda J. Beane
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Tel:  206-359-3965
abeane@perkinscoie.com

Attorneys for Defendant
Twitter, Inc.

/s/ Harmeet K. Dhillon
Harmeet K. Dhillon
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, CA  94108
Tel:  415-433-1700
harmeet@dhillonsmith.com

Attorneys for Defendant
Gowalla Incorporated


/s/ Jeffrey M. Movit
Jeffrey M. Movit
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, NY  10017
Tel:  917-546-7708
jmm@msk.com

Attorneys for Defendant
Zeptolab UK Limited


**ATTESTATION**

I, Nicholas A. Carlin, am the ECF user whose identification and password are being used to file the above document.  Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated:  August 6, 2014                By:   /s/ Nicholas A. Carlin
                                            Nicholas A. Carlin
                                            Attorneys for Plaintiffs