DAVID F. McDOWELL (CA SBN 125806)
DMcDowell@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Ste. 6000
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

Attorneys for Defendant
FOURSQUARE LABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>              Plaintiffs,<br><br>  v.<br><br>PATH, INC., et al.<br><br>              Defendants. | Case No.   13-cv-00453-JST<br><br>**DEFENDANT FOURSQUARE LABS, INC.'S MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>DATE:   December 2, 2014<br>TIME:   2:00 PM<br>CTRM:  9<br><br>The Honorable Jon S. Tigar |

**NOTICE OF MOTION AND MOTION TO DISMISS
SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 2, 2014 at 2:00 p.m., or at such other time convenient for the Court, in the courtroom of the Honorable Jon S. Tigar, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Foursquare Labs, Inc. will and hereby does move for an order dismissing Plaintiffs' Second Consolidated Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Article III of the United States Constitution. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Court's files in this action, the arguments of counsel, and any other matter that the Court may properly consider.

**STATEMENT OF RELIEF SOUGHT**

Foursquare seeks an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing with prejudice Plaintiffs' claims against it for failure to allege Article III standing and for failure to state a claim upon which relief can be granted.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Should Plaintiffs' claims against Foursquare for invasion of privacy (intrusion upon seclusion) and conversion be dismissed under Federal Rule of Civil Procedure 12(b)(1) for failure to allege Article III standing?

2. Should Plaintiffs' claims against Foursquare for invasion of privacy (intrusion upon seclusion) and conversion be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted?

3. Should Plaintiffs' claims against Foursquare for invasion of privacy (intrusion upon seclusion) and conversion be dismissed as preempted by the Copyright Act?

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Foursquare hereby joins in and adopts the following arguments by its co-defendants:

By Defendant Instagram, LLC, section IV A regarding Plaintiffs' failure to establish Article III standing; section IV.B.1.c, arguing that Plaintiffs have not stated a claim for intrusion of privacy because Plaintiffs have failed to plead harm; and section IV.B.2, arguing that Plaintiffs have failed to state a claim for conversion;

By Defendants Electronic Arts, Inc., Chillingo UK Ltd., Rovio Entertainment Ltd, and ZeptoLab UK Ltd, section IV.B.2, arguing that Plaintiffs have not stated a claim for intrusion of privacy because accessing Plaintiffs' address book data was not highly offensive;

By Defendants Yelp Inc. and Foodspotting, Inc., section II.C.4, arguing that Plaintiffs' conversion claim is preempted by the Copyright Act; and section II.B.3, arguing that Plaintiffs' intrusion claim is preempted by the Copyright Act. However, Foursquare does not adopt the arguments by Yelp and Foodspotting to the extent they rely on Plaintiffs' consent to Defendants' accessing the address book data.

Dated: August 22, 2014  
                                          DAVID F. MCDOWELL  
                                          MORRISON & FOERSTER LLP

                                          By:    /s/ David F. McDowell  
                                                    DAVID F. MCDOWELL

                                          Attorneys for Defendant  
                                          FOURSQUARE LABS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2014, I electronically filed the foregoing with the Clerk of Court using the EM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that, to my knowledge, there are no counsel of record in this matter that are not CM/ECF participants.

                                                      /s/ *David F. McDowell*
                                                         David F. McDowell