| | |
|---|---|
| 1 | JEDEDIAH WAKEFIELD (CSB No. 178058) |
| | jwakefield@fenwick.com |
| 2 | TYLER G. NEWBY (CSB No. 205790) |
| | tnewby@fenwick.com |
| 3 | KATHLEEN LU (CSB No. 267032) |
| | klu@fenwick.com |
| 4 | FENWICK & WEST LLP |
| | 555 California Street, 12th Floor |
| 5 | San Francisco, CA  94104 |
| | Telephone:     415.875.2300 |
| 6 | Facsimile:      415.281.1350 |

Attorneys for Defendant
PATH, INC., a Delaware Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, et al., | Case No.: 13-cv-00453-JST |
| Plaintiffs, | **PATH, INC.'S PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| PATH, INC., et al., | DATE:           December 2, 2014 |
| Defendants. | TIME:            2:00 p.m. |
| | COURTROOM:  9 |
| | JUDGE:          Hon. Jon S. Tigar |
| | **THIS DOCUMENT RELATES TO THE FOLLOWING CASES:** |
| | *Opperman v. Path, Inc.*, No. 13-cv-00453-JST |
| | *Hernandez v. Path, Inc.*, No. 12-cv-1515-JST |

**PATH, INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on December 2, 2014 at 2:00 p.m., or as soon thereafter as available, in the courtroom of the Honorable Jon S. Tigar, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Courtroom 9, Defendant Path, Inc. will and hereby does move for an order dismissing Count II for Conversion of Plaintiffs' Second Consolidated Amended Class Action Complaint (the "SCAC") under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Article III of the United States Constitution. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Court's files in this action, the arguments of counsel, and any other matter that the Court may properly consider.

Dated: August 22, 2014    FENWICK & WEST LLP

By: */s/* Tyler G. Newby
Tyler G. Newby

Attorneys for Defendant
PATH, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

After more than two years of pleadings and dismissal of all but one of their claims against Path, Plaintiffs once again defy established case law by alleging that Path converted their digital contacts by "accessing," "copying" and "using" them. Plaintiffs do not allege Path dispossessed them of their contacts, nor can they. What is more, Plaintiffs do not allege they suffered any cognizable injury from Path's alleged copying of their digital contacts to help them identify friends on Path's social network, even though that was the basis on which this Court previously dismissed their conversion claim. *See* Dkt. No. 67 at pp. 38-39. The SCAC alleges no new facts and no different theories that could support a finding Plaintiffs suffered an injury-in-fact, and the conversion claim should again be dismissed for failure to plead Article III standing.

Even if they did have standing, Plaintiffs' conversion claim against Path should be dismissed under Rule 12(b)(6) for failure to allege complete dispossession of their digital contacts. The Ninth Circuit has recognized that intangible property, like Plaintiffs' contacts, is subject to the tort of conversion only in limited circumstances: "[1] First, there must be an interest capable of precise definition; [2] second, it ***must be capable of exclusive possession or control***; and [3] third, the putative owner must have established a legitimate claim to exclusivity." *Kremen v. Cohen*, 337 F.3d 1024, 1030–31 (9th Cir. 2003) (internal citation omitted) (emphasis added) (Internet domain name "sex.com" was capable of exclusive possession or control); *see also Cardonet, Inc. v. IBM Corp.*, No. C-06-06637 RMW, 2008 WL 941707 (N.D. Cal. Apr. 7, 2008) (tort of conversion "requires the wrongful exercise of dominion over another's property [and] this requires some deprivation of ownership"). Plaintiffs allege only that Path accessed, copied and "made use of" their contacts. *E.g.,* SCAC ¶¶ 155, 263 (alleging Defendants "made use of" Plaintiffs' contacts). These allegations are insufficient to allege complete deprivation of their property, and Plaintiffs' conversion claim should be dismissed on this alternative ground.

Rather than adding more pages in support of Path's motion to dismiss Plaintiffs' conversion claim, Path hereby adopts and incorporates by reference fully herein the Article III and Rule 12(b)(6) arguments for dismissal of that claim as set forth in the motions to dismiss filed by Twitter, Inc. (Dkt. No. 493), Yelp Inc. (Dkt. No. 495), Electronic Arts, Chillingo, Rovio and

PATH, INC.'S MOTION TO DISMISS 2ND
CONSOLIDATED AMENDED COMPLAINT

CASE NO.: 13-cv-00453-JST

ZeptoLab (Dkt. No. 497), Gowalla, Inc. (Dkt. No. 498), Instagram, LLC (Dkt. No. 499), Kik Interactive, Inc. (Dkt. No. 500). Because Plaintiffs have already been given multiple opportunities to state a claim for conversion, and further amendment will not cure the defects in the SCAC, dismissal of the conversion claim against Path with prejudice is appropriate. *See, e.g., Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (a court "may in its discretion deny leave to amend 'due to . . . repeated failure to cure deficiencies by amendments previously allowed, . . . [and] futility of amendment.'") (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

Dated: August 22, 2014

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*
    Tyler G. Newby

Attorneys for Defendant
PATH, INC.