HARMEET K. DHILLON, ESQ. (SBN: 207873)
Harmeet@dhillonlaw.com
KRISTA L. BAUGHMAN, ESQ. (SBN: 264600)
kbaughman@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Defendant
GOWALLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK OPPERMAN, ET AL.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PATH, INC., ET AL.,<br><br>　　　　　Defendants. | Case No.: 13-cv-00453-JST<br><br>**REPLY IN SUPPORT OF GOWALLA, INC.'S MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>Date:　　　December 2, 2014<br>Time:　　　2:00 p.m.<br>Judge:　　　Hon. Jon S. Tigar<br>Ctrm:　　　9 |



## II.    INTRODUCTION

Gowalla, Inc. ("Gowalla") submits this Reply brief in further support of its Motion to Dismiss Plaintiffs' Second Consolidated Amended Complaint ("SCAC"). Plaintiffs assert only two claims against Gowalla – invasion of privacy (intrusion upon seclusion) and conversion. Both fail, and must be dismissed with prejudice.

Gowalla is alleged to have offered Plaintiffs the choice to "Find Friends," including through an option entitled "Address Book," and Plaintiffs do not contest that they exercised these choices and granted Gowalla permission to access and view their address books, in order to benefit from Gowalla's provision of social networking services. Notably missing from Plaintiffs' SCAC allegations is any claim that Gowalla *used* the address book data for *its own purposes* – a key distinction on which the Court relied in permitting Plaintiff's earlier invasion of privacy claim to move forward. The invasion of privacy claim must fail, as the consent obtained by Gowalla eviscerates any concept of "intrusion," particularly in the broader context of Gowalla's provision of social networking services to Plaintiffs, at Plaintiffs' request, and where Gowalla is no longer alleged to have misued the address book data.

For the sake of judicial efficiency and in light of the similarity of Plaintiffs' conversion and standing allegations as against the App Developer Defendants, Gowalla joins in and adopts the Reply arguments set forth by its co-defendants Twitter, Electronic Arts, Chillingo, Rovio, and Zeptolab, concerning lack of standing for the invasion of privacy and conversion claims, and failure to allege conversion of intangible intellectual property. Gowalla further joins in and adopts the Reply argument of Twitter, Yelp Inc. and Foodspotting, concerning Plaintiffs' failure to identity a property interest in anything they claim was converted. For the reasons discussed below, in Gowalla's opening brief, and in the papers submitted by Gowalla's co-defendants, Gowalla respectfully requests that the Court dismiss the SCAC, without leave to amend.



### III.   ARGUMENT

**A.   Plaintiffs Fail to State a Claim Against Gowalla for Invasion of Privacy – Intrusion Upon Seclusion Under Rule 12(b)(6)**

**a.   No Reasonable Expectation of Privacy In Light of Consent**

In opposing Gowalla's motion to dismiss the invasion of privacy claim, Plaintiffs wholly rely on the Court's previous determination that because the App Defendants "intentionally represented that they would only 'scan' Plaintiffs' address books for purposes of the 'find friend' feature without disclosing that, at the same time, the app would transmit a copy of the address book to Defendants *for their own use*," that consent was invalid. Docket 471 (Order, p.44) (emphasis added). However, no longer do Plaintiffs allege that Gowalla transmitted a copy of the address books for *Gowalla's own use*, or for *any purpose(s)* other than to execute Plaintiffs' requests to locate their friends within the Gowalla app. These material omissions color the consent analysis and undercut a finding of consent obtained by fraud, particularly when Gowalla's alleged conduct was taken in the context of providing social networking services to Plaintiffs. *See, e.g., Perkins v. LinkedIn Corp.*, 13-CV-04303-LHK, 2014 WL 2751053, at *13-14 (N.D. Cal. June 12, 2014) (LinkedIn was reasonable in collecting email addresses from plaintiff where plaintiff had consented to LinkedIn accessing "Google Contacts" to find "connections").

At its core, a claim for intrusion seeks to remedy the unwanted access to private information, or the unwanted penetration of a persons' zone of physical or sensory privacy surrounding a person. *Shulman v. Group. W. Prods., Inc.,* 18 Cal. 4th 200, 231-232 (1998). Here, there was no "unwanted" access or penetration whatsoever – Gowalla was invited into Plaintiffs' alleged zone of privacy, and Plaintiffs admit that they wanted Gowalla to access the address book data at issue. *See* SCAC ¶ 96 (the Gowalla Plaintiffs "each recall using the Gowalla App, logging in and navigating within the App to a "Find Friends" menu screen, and being offered various options (including an option entitled "Address Book"). The subsequent, alleged

uploading of the data is fundamentally immaterial to an intrusion claim, as it is merely the method by which Gowalla was to carry out Plaintiffs' authorized request to use the address books to "Find Friends." *See, e.g.,* Restatement (Second) Torts (1977) § 673B, cmt. a (intrusion upon seclusion tort "consists solely of an intentional interference with [plaintiff's] interest in solitude or seclusion"); *Marich v. MGM/UA Telecommunications*, 113 Cal. App. 4th 415, 419-420 (2003) (post-access modifications to a video are not intrusion).

Further, just as Judge Koh recently found that it was "implausible" that a reasonable user would not "realize that in order to engage in analysis of emails, Yahoo would have to store the emails somewhere on it servers," a reasonable user of the Gowalla app would realize that Gowalla may need to transfer data off the user's phone in order to fulfill the user's request to scan his or her entire address book to "Find Friends." *In re Yahoo Mail Litig.*, 5:13-cv-04980, 2014 WL 3962824, at *9 (N.D. Cal. Aug. 12, 2014). Plaintiffs attempt to distinguish *Yahoo Mail* by aruging that "[t]here is nothing implausible about an ordinary person's unwillingness to have their address books taken *and used* by the App Defendants…" Docket 508 (Opposition, pp. 4, 6), *citing Hill v. Nat'l Collegiate Athletic Assn.,* 7 Cal. 4th 1, 37 (1994). However, no longer do Plaintiffs allege improper use by Gowalla of the address books, as discussed above. Accordingly, Plaintiffs had no reasonable expectation of their privacy with respect to Gowalla's alleged access and/or uploading of their address books.

### b. No Highly Offensive Conduct

As this Court has recognized, "[a] court determining the existence of 'offensiveness' would consider the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." Docket 471 (Order, p.45), *citing Miller v. Nat'l Broad. Co.,* 187 Cal.App.3d 1463, 1483-84 (1986). The "intrusion" alleged in the SCAC was minimal in the context of Plaintiffs' affirmative request that Gowalla access and view their address books in order to provide a social networking service. Plaintiffs concede that they



4

Reply In Support of Gowalla, Inc.'s Motion to Dismiss
Second Consolidated Amended Complaint                                           Case No. 13-cv-00453-JST

expected Gowalla to view their private information, at least on their iDevice, if not on Gowalla's own servers. Critically, the SCAC does not allege any illicit motive or objective by Gowalla. Simply stated, there is nothing offensive (let alone "highly offensive") in Gowalla's use of the address book information to act on the request of its customers. Taking the SCAC in its full context, as this Court must, it is clear that Plaintiffs have failed to state facts that support a claim of privacy invasion.

## V. CONCLUSION

For the foregoing reasons, as well as those stated in Gowalla's opening brief and in the Reply briefs of Gowalla's co-defendants, and because any further amendment by Plaintiffs of their allegations would likely be futile in light of the number of attempts, over a period of years, Plaintiffs have been given to state their claims, Gowalla respectfully requests that the Court dismiss Plaintiffs' claims against Gowalla, without leave to amend.

Respectfully submitted,

Date: October 29, 2014                             DHILLON LAW GROUP INC.


By: ___/s/ Krista L. Baughman_____
    HARMEET K. DHILLON
    KRISTA L. BAUGHMAN
    Attorneys for Defendant Gowalla, Inc.



5

Reply In Support of Gowalla, Inc.'s Motion to Dismiss
Second Consolidated Amended Complaint                          Case No. 13-cv-00453-JST