1  JEDEDIAH WAKEFIELD (CSB No. 178058)
   jwakefield@fenwick.com
2  TYLER G. NEWBY (CSB No. 205790)
   tnewby@fenwick.com
3  KATHLEEN LU (CSB No. 267032)
   klu@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA 94104
   Telephone:  415.875.2300
6  Facsimile:  415.281.1350

7  Attorneys for Defendant
   PATH, INC., a Delaware Corporation
8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13 MARC OPPERMAN, et al.,         | Case No.: 13-cv-00453-JST

14         Plaintiffs,             | **PATH, INC.'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

15    v.

16 PATH, INC., et al.,             | DATE:       December 2, 2014
                                    | TIME:       2:00 p.m.
17         Defendants.              | COURTROOM:  9
                                    | JUDGE:      Hon. Jon S. Tigar
18

19                                  | **THIS DOCUMENT RELATES TO THE FOLLOWING CASES:**
20                                  | *Opperman v. Path, Inc.*, No. 13-cv-00453-JST
                                    | *Hernandez v. Path, Inc.*, No. 12-cv-1515-JST
21

**REPLY MEMORANDUM**

Plaintiffs' do not dispute that their Second Amended Complaint makes no new factual allegations in support of their common law conversion claim beyond what was alleged in the Consolidated Amended Complaint that this Court previously dismissed. Instead, Plaintiffs implicitly ask the Court to view those allegations through a different lens by citing to an inapplicable California statute and inapposite case law concerning contractually or statutorily created exclusive rights that Plaintiffs have not alleged exist here. As set forth in the Reply briefs filed by Defendants Electronic Arts, Inc., Chillingo, Ltd., Rovio Entertainment Ltd, and ZeptoLab UK Ltd. (Dkt. No. 512); Yelp Inc. and Foodspotting, Inc. (Dkt. No. 513); Twitter, Inc. (Dkt. No. 518); and Instagram, LLC, which Path hereby adopts and incorporates by reference, Plaintiffs' conversion claim against Path should be dismissed for lack of Article III standing and for failure to state a claim upon which relief may be granted.

Plaintiffs have had multiple opportunities over two-and-a-half years to try to plead a claim for common law conversion. Throughout those efforts, they have not added any substantively new factual allegations that could support a conversion claim. No amount of repleading can cure the defects that served as the basis for Judge Gonzalez Rogers' dismissal of the conversion claim against Path in *Hernandez v. Path, Inc.*, No. 12–cv–01515–YGR, 2012 WL 5194120, at *1–2 (N.D. Cal. Oct. 19, 2012) or in this Court's May 14, 2014 Order (Dkt. No. 67). *See Albrecht v. Lund*, 845 F.2d 193, 196 (9th Cir. 1988) (dismissal of claim with prejudice is proper where allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency, rendering amendment futile). Accordingly, dismissal should be with prejudice.

Dated: October 29, 2014

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*
    Tyler G. Newby

Attorneys for Defendant
PATH, INC.