JAMES M. WAGSTAFFE (95535)
MICHAEL VON LOEWENFELDT (178665)
MICHAEL NG (237915)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel.: 415-371-8500
Fax: 415-371-0500
Email:  wagstaffe@kerrwagstaffe.com
Email:  mvl@kerrwagstaffe.com
Email:  mng@kerrwagstaffe.com

DAVID M. GIVEN (142375)
NICHOLAS A. CARLIN (112532)
**PHILLIPS, ERLEWINE & GIVEN LLP**
50 California Street, 32nd Floor
San Francisco, CA 94111
Tel: 415-398-0900
Fax: 415-398-0911
Email:  dmg@phillaw.com
Email:  nac@phillaw.com

Interim Co-Lead Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>                    Plaintiffs<br><br>          v.<br><br>PATH, INC., et al.,<br><br>                    Defendants. | Case No. 13-cv-00453-JST<br><br>**CLASS ACTION**<br><br>**OPPERMAN PLAINTIFFS' OPPOSITION TO THE MOTION TO INTERVENE BY JUSTIN MICHAEL CREDICO**<br><br>*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST<br>*Pirozzi v. Apple, Inc.*, No. 12-cv-1529-JST<br>(collectively, the "Related Actions") |

1   On November 25, 2014, Justin Michael Credico filed a pro se motion to intervene in this case. ECF No. 524 ("Motion"). Mr. Credico asserts that he should be allowed to intervene because he is a member of the putative class, "because of the security knowledge he has of idevices; from being a hacker, malware coder, and programmer," and because he "claims, as do these plaintiffs, that Apple misled the public about the integrity of its iphone … [and misrepresented] that apps could not access data from other apps." Motion at pp. 4, 16. Plaintiffs respectfully oppose Mr. Credico's motion because this lawsuit is already seeking recovery for all putative class members for the matters raised by Mr. Credico, and because counsel do not believe Mr. Credico's personal participation as an additional party will materially advance the goals of the class.

First, despite Mr. Credico's expressed iOS programming proficiency and knowledge of address-book related iDevice security flaws, Motion at p. 14, the only role Mr. Credico could play as an intervening litigant in this action would be as an individual class member or representative. Pro se lay persons cannot act as class counsel or otherwise represent the interests of a class and Mr. Credico's present detention status, *see* Motion at p. 19, likely disqualifies him from serving as a class representative in this District. <u>White v. Sacramento Cnty. Main Jail Med. Dep't</u>, No. 2:14-CV-1572 AC P, 2014 WL 5602793, at *3 (E.D. Cal. Nov. 3, 2014) (citing cases) ("It is well established that a layperson cannot ordinarily represent the interests of a class. …This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se."). The Motion offers no explanation of why or how it would be productive to the litigation of the case to attach his individual claim, which mimics existing claims against Apple, to the class claims already being pursued by the Plaintiffs here. While the Motion suggests that Mr. Credico has certain knowledge about the way Apple's iDevices function and are programmed, that sort of knowledge and information is readily available through discovery and from expert and lay witnesses, who presumably have fewer travel and communications constraints.

Second, to intervene as of right, the Ninth Circuit Court of Appeals requires an intervenor to show that "(1) [he] has a 'significant protectable interest' relating to the property or

transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede [his] … ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent [his] … interest." Perry v. Schwarzenegger, 630 F.3d 898, 903 (9th Cir. 2011). The Motion makes no such showing. Moreover, any eventual disposition of the action will not impair or impede any claims Mr. Credico has against Apple because (a) the individual claims mentioned in the Motion are already being vigorously pursued on a class-wide basis for all affected iDevice consumers via the present lawsuit; and (b) if a class is certified, Mr. Credico will have the right to either remain in the class or opt-out individually to pursue his claims at that time. Finally, experienced counsel and the putative class representatives already involved in this action adequately represent the consumer interests described in the Motion and the Motion does not suggest otherwise. Accordingly, the Court should deny Mr. Credico's motion for intervention as of right. Id. ("An applicant's '[f]ailure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied.'")

As for permissive intervention, the Court must consider, among other things, "whether the intervenor's interests are adequately represented by other parties" and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." Id. at 905. Here too the Motion does not make either showing. Regardless, the interests described in the Motion are already well represented by the present Plaintiffs. Moreover, irrespective of Mr. Credico's professed expertise with the subject matter, his presence as a pro se party litigant, as well as his current incarceration in Pennsylvania, would likely impede rather than assist in development of the underlying factual issues and significantly delay a conclusion of this case to everyone's detriment.

Ultimately, Mr. Credico's Motion provides no cogent explanation for how his individual participation in this action from the confines of a Pennsylvania federal correctional facility is essential to protecting his interests. Nor does the Motion indicate that Mr. Credico is

1  inadequately represented by class counsel, or how his personal participation will substantially
2  benefit anyone else.  The Court should deny Mr. Credico's motion to intervene.

Dated:  December 4, 2014

By */s/ Michael von Loewenfeldt*
James M. Wagstaffe
Michael J. Von Loewenfeldt
Michael K. Ng
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA  94105
Tel:  415-371-8500
Fax:  415-371-0500

By */s/ David M. Given*
David M. Given
Nicholas A. Carlin
PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 32nd Floor
San Francisco, CA 94111
Tel: 415-398-0900
Fax: 415-398-0911

*Interim Co-Lead Counsel for Plaintiffs*

Carl F. Schwenker (TBN 00788374,)
LAW OFFICES OF CARL F. SCHWENKER
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel: 512.480.8427
Fax: 512.857.1294

*Plaintiffs' Liaison Counsel*

Jeff Edwards (TBN 24014406; *pro hac vice*)
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Telephone: 512.623.7727
Facsimile: 512.623.7729

Jennifer Sarnelli
James S. Notis
Gardy & Notis LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Tel: (201) 567-7377
Fax: (201) 567-7337

*Plaintiffs' Steering Committee ("PSC")*

Case No. : 13-cv-00453-JST                3                OPP'N TO CREDICO MOT. TO INTERVENE

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2014, I electronically submitted the foregoing OPPERMAN PLAINTIFFS' OPPOSITION TO THE MOTION TO INTERVENE BY JUSTIN MICHAEL CREDICO using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

On, December 4, 2014 I served the foregoing OPPERMAN PLAINTIFFS' OPPOSITION TO THE MOTION TO INTERVENE BY JUSTIN MICHAEL CREDICO on the parties listed below as follows:

> Justin Credico, #71239-066
> FDC Philadelphia
> Federal Detention Center
> P.O. Box 562
> Philadelphia, PA 19105

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at San Francisco, California.

/s/*Michael von Loewenfeldt*

Case No. : 13-cv-00453-JST  4  OPP'N TO CREDICO MOT. TO INTERVENE