DAVID M. GIVEN (142375)
NICHOLAS A. CARLIN (112532)
CONOR H. KENNEDY (281793)
**PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**
39 Mesa Street, Suite 201
The Presidio
San Francisco, CA  94129
Tel: 415-398-0900
Fax: 415-398-0911
Email: dmg@phillaw.com
Email: nac@phillaw.com
Email: chk@phillaw.com

JAMES M. WAGSTAFFE (95535)
MICHAEL VON LOEWENFELDT (178665)
FRANK BUSCH (258288)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel.: 415-371-8500
Fax: 415-371-0500
Email: wagstaffe@kerrwagstaffe.com
Email: mvl@kerrwagstaffe.com
Email: busch@kerrwagstaffe.com

*Interim Co-Lead Counsel for Plaintiffs*
[ADDITIONAL COUNSEL LISTED BELOW]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK OPPERMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PATH, INC., et al.,<br><br>Defendants. | Case No:   13-cv-00453-JST<br><br>**CLASS ACTION**<br><br>[PROPOSED] **STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN PLAINTIFFS AND PATH, INC.**<br><br>*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST<br>*Pirozzi v. Apple, Inc.*, No. 12-cv-1529-JST<br>*Espitia v. Hipster, Inc.*, No. 13-cv-0432-JST<br>(collectively, the "Related Actions") |

# SUPPLEMENTAL PROTECTIVE ORDER – SOURCE CODE

The Court entered a Stipulated Protective Order on January 29, 2014 (ECF # 444-1) concerning the handling and use of documents and depositions in this case. The January 29 Order expressly does not apply to the production and handling of source code, and it provides that "the Parties will negotiate a protective order governing the production of source code" (ECF # 444-1, ¶ 8). In approving the stipulated protective order for the protection of source code, the Court orders Plaintiffs and Path, Inc. to follow these additional procedures.

## 1. STIPULATED PROTECTIVE ORDER CONTROLS

The Stipulated Protective Order (ECF # 444-1) expressly reserves from its protections the production of source code, including in Section 8 of the Stipulated Protective Order, which states in pertinent part: "The Parties agree that this Protective Order does not address the production of source code (including but not limited to source code and source code listings, whether in electronic or printed form) and reserve their rights to object to any such production." To the extent any of the terms of the Stipulated Protective Order directly conflict with this Supplemental Protective Order, the original Stipulated Protective Order controls.

## 2. DEFINITIONS

Defined terms used in this Supplemental Protective Order shall have the same definitions as set forth in the Stipulated Protective Order (ECF # 444-1), with the exception of the term "Source Code," which shall be defined as follows:

**2.1 "Source Code" Information or Material:** extremely sensitive "CONFIDENTIAL Information or Items" comprising computer code and associated comments and revision histories that identify software design and development, mobile application design and development, database design, and product specifications, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

STIPULATED SUPP. PROTECTIVE ORDER WITH DEFENDANT PATH— Case No. 13-cv-00453-JST
1

3. **ACCESS TO AND USE OF SOURCE CODE**

(a) To the extent production of Source Code becomes necessary in this case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret information.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections contained herein.

(c) Any Source Code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" and produced in discovery shall be made available for inspection on a personal computer that allows it to be reasonably reviewed and searched by Receiving Party's Counsel.  The computer shall be secured, which means without limitation that it shall employ whole disk encryption and shall be without Internet access or network access to other computers.  The Producing Party shall provide the Receiving Party with the encryption key to access all of the Source Code produced.  The Producing Party shall provide the Receiving Party the secured personal computer, and the Receiving Party's Counsel may access the secured personal computer at the offices of Receiving Party's Counsel until the final disposition of the action.   The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  The Receiving Party may challenge the confidentiality designation to any portion of the Source Code pursuant to the dispute resolution procedure and timeframes set forth in Section 6 of the Stipulated Protective Order, whereby the Receiving Party is the "Challenging Party" and the Producing Party is the "Designating Party" for purposes of dispute resolution.

(d) The Receiving Party shall certify in writing at the Producing Party's reasonable request that there is no unauthorized recording, copying, or transmission of the Source Code. The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such Source Code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may

challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 of the Stipulated Protective Order, whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f) If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure or any information or items designated in this action as "HIGHLY CONFIDENTIAL – SOURCE CODE," that Receiving Party must adhere to the same notifications and cooperation obligations set forth in Section 10 of the Stipulated Protective Order for subpoenaed material designated "CONFIDENTIAL," and the Designating Party will be subject to concomitant obligations to bear the burden and expenses set forth in that same section, Section 10.

## 5. FINAL DISPOSITION

The provisions for deletion and return of Protected Material set forth in paragraph 14 of the January 29 Protective Order shall apply to Source Code. For clarification, the Receiving Party shall wipe and remove all files and software stored on the computer prior to returning the computer to the Producing Party.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Dated: August 20, 2015

By: _____

David M. Given
Nicholas A. Carlin
Conor H. Kennedy
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
The Presidio
San Francisco, CA 94129
Tel: 415-398-0900
Fax: 415-398-0911
dmg@phillaw.com
nac@phillaw.com
chk@phillaw.com

James M. Wagstaffe
Michael von Loewenfeldt
Frank Busch
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel.: 415-371-8500
Fax: 415-371-0500
wagstaffe@kerrwagstaffe.com
mvl@kerrwagstaffe.com

*Interim Co-Lead Counsel for Plaintiffs*

Carl F. Schwenker (admitted *pro hac vice*)
LAW OFFICES OF CARL F. SCHWENKER
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel: 512-480-8427
Fax: 512-857-1294
cfslaw@swbell.net

*Plaintiffs' Liaison Counsel*

Jeff Edwards (admitted *pro hac vice*)
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel: 512-623-7727
Fax: 512-623-7729
jeff@edwards-law.com

Dated: August 20, 2015

Jennifer Sarnelli (242510)
GARDY & NOTIS, LLP
501 Fifth Avenue, Suite 1408
New York, NY 10017
Tel: 212-905-0509
Fax: 212-905-0508
jsarnelli@gardylaw.com

*Plaintiffs' Steering Committee*

By: /s/ Kathleen Lu

Tyler G. Newby
Kathleen Lu
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94041
Tel: 415-875-2300
Fax: 415-281-1350
tnewby@fenwick.com
klu@fenwick.com

*Attorneys for Defendant Path, Inc.*

## ATTESTATION

I attest that concurrence in the filing of this document has been obtained from the other signatories listed above.

Dated: August 20, 2015                                By: _____

Conor H. Kennedy
PHILLIPS, ERLEWINE, GIVEN &
CARLIN LLP
39 Mesa Street, Suite 201
The Presidio
San Francisco, CA   94129
Tel: 415-398-0900
Fax: 415-398-0911
chk@phillaw.com

**ORDER**

PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING,

IT IS SO ORDERED.

Dated: August 24, 2015



STIPULATED SUPP. PROTECTIVE ORDER WITH DEFENDANT PATH— Case No. 13-cv-00453-JST