United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARC OPPERMAN, et al.,

Plaintiffs,

v.

PATH, INC., et al.,

Defendants.

Case No. 13-cv-00453-JST

**ORDER OVERRULING OBJECTIONS TO DEPOSITION NOTICES OF WITNESSES DAVID MORIN AND NATHAN FOLKMAN**

Re: ECF No. 569

Now before the Court is the parties' joint letter brief regarding the depositions of defendant Path, Inc.'s Chief Executive Officer, David Morin, and its former Chief Technology Officer and Director Side Server Architecture, Nathan Folkman. ECF No. 569. Plaintiffs want to take the depositions of both witnesses, and Path objects.[1] The matter is suitable for disposition without oral argument.

Path objects to the deposition of Mr. Morin on the ground that Plaintiffs have not made an adequate showing under the "apex deposition" rule. Under that rule, when a party seeks the deposition of an official at the highest level of a corporation, the court may exercise its authority under the federal rules to limit discovery. FED. R. CIV. P. 26(b)(1); WebSideStory, Inc. v. NetRatings, Inc., No. 06CV408 WQH(AJB), 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007). "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Apple Inc. v. Samsung Electronics Co., Ltd, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (footnotes and citations omitted). However, "a party seeking to prevent a deposition carries a heavy burden to show why

[1] It may be that the joint letter brief was intended to act as either a motion to quash or a motion for a protective order. For simplicity's sake, the Court uses only the word "objection."

discovery should be denied." Id. And when an apex witness has personal knowledge of facts relevant to the lawsuit – even if that witness is a corporate president or CEO – she is subject to deposition. WebSideStory, 2007 WL 1120567 at *2 (citation omitted).

Plaintiffs protest that the apex rule should not apply here because Path "does not have a rigid, hierarchical distribution of responsibility and authority," so that whatever considerations might apply to a traditional CEO should not apply to Mr. Morin. ECF No. 569 at 5. Plaintiffs also note that, at the time of the events relevant to this lawsuit, Path was a small company of only 41 employees. Plaintiffs contend that the apex rule should not apply to organizations of that size.

The Court need not reach these arguments, because the evidence on which Plaintiffs base their observations is three years old or older, and tells the Court nothing about what the burden on Path would be today of producing its CEO for deposition. One rationale behind the apex rule is that highly placed corporate executives who have "greater duties and time constraints than other witnesses should be protected from the constant distraction of testifying in lawsuits." 6-26 Moore's Federal Practice - Civil § 26.105. The relevant question is therefore how much of a burden and distraction to Path it would be today to produce its CEO for deposition, not what that burden would have been in 2012. Plaintiffs' evidence does not allow the Court to answer this question.

More convincing is Plaintiffs' argument that even if the apex rule does apply, Mr. Morin has personal knowledge of facts relevant to the lawsuit. "[T]he purpose behind the apex doctrine is to prevent harassment of a high-level corporate official where he or she has little or no knowledge." Ray v. BlueHippo Funding, LLC, No. C-06-1807 JSW (EMC), 2008 WL 4830747, at *2 (N.D. Cal. Nov. 6, 2008). In this case, however, Mr. Morin *does* have personal knowledge of relevant facts. A reasonable inference from the evidence submitted to the court is that he personally participated in the decision to take corrective action regarding Path's upload of its users' address books, and oversaw the implementation of that action. See ECF No. 569-5 at 2; ECF 569-11. It appears that he also may have been involved in the original decision to upload the address books in the first place. ECF No. 569-9. In other words, Mr. Morin is a percipient witness.

"The Court does not doubt that Mr. [Morin] is a busy person with substantial responsibilities. But that fact does not control where, as here, there is a substantial basis to believe that he may have relevant information to which Plaintiff is entitled under the Federal Rules." Hunt v. Cont'l Cas. Co., No. 13-CV-05966-HSG, 2015 WL 1518067, at *3 (N.D. Cal. Apr. 3, 2015). Path's objection to the deposition of witness David Morin is overruled.

The Court turns next to Plaintiffs' request to take the deposition of Nathan Folkman. Path's objects to that deposition because Mr. Folkman's deposition was previously taken in 2013 in a prior related case, Hernandez v. Path, Case No. 4:12-cv-01515-YGR. Path argues that Plaintiffs' request to take Mr. Folkman's deposition in this Opperman case "is akin to seeking leave for a second deposition under Federal Rule of Civil Procedure 30(a)(2) where 'the deponent has already been deposed in the case.'" ECF No. 569 at 4 (citing FED. R. CIV. P. 30(a)(2)(A)(ii)).

The difficulty with this argument is that although the Hernandez and Opperman cases are related, they are not the same case, so Rule 30(a)(2)(A)(ii) does not apply. There are parties to the Opperman case who were not present at Mr. Folkman's deposition and have never had an opportunity to obtain testimony from him. Compare Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001) (subpoena issued to non-party corporation was invalid because the corporation's representatives had previously been deposed in the same action by another party, and the lawyer of the party that issued the current subpoena was present during that deposition). Path cites no case, and the Court has found none, applying Rule 30(a)(2)(A)(ii) to bar parties in one case from taking the deposition of a witness who was previously deposed in a second case.

Plaintiffs have submitted excerpts from Mr. Folkman's Hernandez deposition. From those materials, it appears that Plaintiffs desire to ask, and will be able to ask, additional and different questions from those asked in Mr. Folkman's Hernandez deposition; that the purpose of the deposition is not to harass Mr. Folkman or Path; and that Mr. Folkman – who is now a non-party

/ / /

/ / /

/ / /

witness – has knowledge that a party witness would not have. Path's objection to the deposition of witness Nathan Folkman is therefore overruled.

IT IS SO ORDERED.

Dated: October 8, 2015

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California