David M. Given (SBN 142375)
Nicholas A Carlin (SBN 112532)
Conor H. Kennedy (SBN 281793)
**PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**
39 Mesa Street, Suite 201
San Francisco, CA 94129
Tel: (415) 398-0900
Fax: (415) 398-0911
dmg@phillaw.com
nac@phillaw.com
chk@phillaw.com

Michael von Loewenfeldt (SBN 178665)
James M. Wagstaffe (SBN 95535)
Frank Busch (SBN 258288)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel: (415) 371-8500
Fax: (415) 371-0500
mvl@kerrwagstaffe.com
wagstaffe@kerrwagstaffe.com
busch@kerrwagstaffe.com

Interim Lead Counsel for Plaintiffs
[ADDITIONAL COUNSEL LISTED BELOW]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK OPPERMAN, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>PATH, INC., et al.,<br><br>     Defendants. | Case No:   13-cv-00453-JST<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW PUTATIVE CLASS REPRESENTATIVE THEDA SANDIFORD AND DISMISS HER CLAIMS WITHOUT PREJUDICE**<br><br>DATE:   November 19, 2015<br>TIME:    2:00 PM<br>COURTROOM: 9, 19th Floor<br>JUDGE: Honorable Jon S. Tigar |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 19, 2015, in Courtroom 9, 19th Floor of the U.S. District Court for the Northern District of California, San Francisco Division, plaintiff Theda Sandiford and Plaintiffs' Interim Counsel will, and hereby do, move pursuant to Federal Rule of Civil 41(a)(2) to dismiss plaintiff Theda Sandiford as a party to this litigation and to withdraw her claims without prejudice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF POSITION**

Due to exigent circumstances impinging upon plaintiff Theda Sandiford's ability to serve on behalf of absent class members as a class representative in this action, she now respectfully asks that this Court exercise its discretion under Federal Rule of Civil Procedure 41(a)(2) to dismiss her from this litigation and to withdraw her claims without prejudice or conditions.

**II.   INTRODUCTION**

Sandiford no longer seeks to carry on her duties and obligations as a class representative arising from her claims against Defendants Apple, Inc., Chillingo, Ltd., Foodspotting, Inc., Foursquare Labs, Inc., Electronic Arts, Inc. ("EA"), Gowalla, Inc., Instagram, LLC, Rovio Entertainment, Ltd., Twitter, Inc., and ZeptoLab UK Ltd. (collectively, the "Charged Defendants"). (*See* Declaration of Theda Sandiford ("Sandiford Decl."), ¶¶ 1-4, filed concurrently herewith; ECF #478, at ¶ 211, et seq.) This litigation will not be impacted and neither Defendants nor the putative class or classes will experience legal prejudice as a result of Sandiford's voluntary dismissal of her claims.

Because the Charged Defendants refused to stipulate to Sandiford's voluntary dismissal without "conditions," Sandiford now moves for an Order under Fed. R. Civ. P. 41(a)(2) dismissing her and her claims. Because other named Plaintiffs are prosecuting these same claims and because Sandiford may be an eligible class member on some or all of the claims against these Defendants, Sandiford respectfully requests that the voluntary dismissal of her claims be without prejudice or any terms or conditions.

III. **RELEVANT FACTS AND PROCEDURAL HISTORY**

This lawsuit was filed in March 2012 in Austin, Texas. (ECF #01.) Sandiford, who lived in Austin at the time, joined the lawsuit in May 2012. (ECF # 03 at ¶ 18; Sandiford Decl. at ¶¶ 1 & 2.)

The court in Austin subsequently transferred the case to this District and four other putative class action cases were administratively related to it (two of which were subsequently voluntarily dismissed). In June 2014, the fourteen (14) plaintiffs in the remaining related actions, including Sandiford, filed their Second Amended Consolidated Complaint against Apple and the 12 named App companies ("App Defendants," along with Apple the "Defendants"). (ECF # 478, the "SCAC" or "Complaint.")

The SCAC alleges that each Defendant offered iOS mobile device software applications ("Apps") designed to and that did access and trigger the upload and transmission of private address book data from consumers' Apple-manufactured wireless mobile devices ("iDevices"). Each named plaintiff stated a claim in the SCAC corresponding to the App Defendants whose App she received from Apple, as well as an aiding-and-abetting claim against Apple in connection therewith. (ECF # 478.) Plaintiffs also stated claims against Apple for misrepresenting and mis-marketing, both directly and by omission, Apple's iDevices, including in its statements to consumers relating to the security and privacy features and protections they supposedly contained and provided. (ECF # 478.)

In March 2015, the Court ruled that plaintiffs adequately pled claims for invasion of privacy/intrusion upon seclusion against the App Defendants and against Apple for aiding and abetting the same and for misrepresenting and mis-marketing its iDevices to consumers. (ECF #543.) Defendants filed their respective Answers to the SCAC the following month. (ECF #547-560.) Plaintiffs more recently issued common written discovery to Defendants, and Charged Defendants Apple, EA, ZeptoLab, and Instagram each served written discovery requests collectively on the named plaintiffs (*i.e.* — one set that applies to all named plaintiffs), deadlines pending. (*See* Declaration of David M. Given ("Given Decl."), ¶ 5, filed concurrently herewith.)

On September 24, 2015, plaintiffs' counsel informed defense counsel via email that Sandiford desired and intended to withdraw from the litigation and to voluntarily dismiss her claims in the SCAC against the Charged Defendants.  (*See* Declaration of David M. Given ("Given Decl."), ¶2, Ex. A at p. 3-4, filed concurrently herewith.)   In anticipation of cooperation from defense counsel, plaintiffs' counsel subsequently proffered a stipulation pursuant to Federal Rule 41(a)(1) for dismissing Sandiford from this action.  (Given Decl., ¶ 3, Ex. B.)

On September 29, 2015, Apple's counsel responded on the Charged Defendants' behalf, refusing to stipulate to a voluntary dismissal unless Sandiford responded to all outstanding written discovery requests; counsel also conditioned any stipulation on a deposition of Sandiford, after review of written discovery responses and at the option of each of the "defendant(s)."  (Given Decl., ¶ 4, Ex. A at p. 1-2.)  Though Charged Defendants Apple, EA, ZeptoLab and Instagram have served written discovery requests common to the named plaintiffs asserting claims against them, no Defendant has propounded unique discovery upon Sandiford.  (Given Decl., ¶ 5.)  No depositions have been taken or noticed of Sandiford or any other Plaintiff.  (Given Decl., ¶ 5.)  In their Joint Case Management Conference Statement, the parties requested the Court set February 1, 2016 as the deadline for class certification motions.  (ECF # 562, at 7.)

**IV.     ARGUMENT**

    **A.  The Court Should Resolve All Rule 41 Determinations In Sandiford's Favor.**

Sandiford has stated a good and proper reason to withdraw from this case and voluntarily dismiss her claims.  No one will be prejudiced nor will the case be impacted in any material way when that occurs.

Withdrawal is granted under Rule 41(a)(2) unless a defendant will experience "plain legal prejudice as a result."  *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Servs. v. Armilla Intern.*, 889 F.2d 919, 921 (9th Cir. 1989) (collecting cases). Withdrawal without prejudice is the very "purpose of the rule." *Hamilton v. Firestone Tire & Rubber*, 679 F.2d 143, 145 (9th Cir. 1982).

Since the Charged Defendants have not stipulated to dismissal, under Rule 41 the Court must determine: "(1) whether to allow dismissal; (2) whether the dismissal should be with or

without prejudice; and (3) what terms and conditions, if any, should be imposed." *Arteris* v. *Sonics*, No. C-12-0434-SBA, 2013 WL 3052903 (N.D. Cal. June 17, 2013); *Fraley v. Facebook,* No. 11-cv-01726, 2012 WL 893152, at *2 (N.D. Cal. 2012); *Williams v. Peralta Cmty. Coll. Dist.,* 227 F.R.D. 538, 539 (N.D. Cal. 2005).

### B. The Court Should Grant Dismissal.

Dismissal is granted where no "plain legal prejudice" results from the withdrawal. *Smith*, *supra,* 263 F.3d at 975. Legal prejudice to a defendant is narrowly interpreted to mean "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. U.S.,* 100 F.3d 94, 97 (9th Cir. 1996). Courts consider the following "legal prejudice" factors: loss of a federal forum, loss of the right to jury trial, loss of a statute-of-limitations defense, preclusion of rights and defenses available to the defendants in future litigation, or bar against discovery sufficient for defendants, for example, "to untangle complex fraud claims and adequately defend themselves against charges of fraud." *See id.* at 97-98. *See also Santa Rosa Mem'l Hosp. v. Maxwell-Jolly*, No. 08-CV-5173 SC, 2015 WL 4451377 (N.D. Cal. July 20, 2015).

Sandiford's role in this case is not unique and her withdrawal poses no prospect of prejudice to any Charged Defendant's legal interest, claim, or argument. Sandiford's request to withdraw comes at an early stage in the proceedings relative to the deadline for dispositive motions or trial, neither of which the Court has set, and well before class certification motions are expected in the case. *Roberts v. Electrolux Home Products, Inc.,* No. SACV 12-1644 CAS, 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013) (listing "relevant" factors re "undue prejudice"). Sandiford's withdrawal from this action has no effect on the forum, the Charged Defendants' procedural rights, or any statute of limitation defense.

As to discovery, Defendants Apple, EA, ZeptoLab UK, and Instagram propounded written discovery seeking information relevant to Sandiford's (and the other plaintiffs') allegations in the SCAC. But Sandiford's allegations are not unique among the named plaintiffs as to any Charged Defendant; as the SCAC reflects, all plaintiffs' claims will remain alive as to all the Charged Defendants. Because the remaining plaintiffs can provide all responsive, non-privileged

information to identical requests, Defendants will experience no "plain legal prejudice" from Sandiford's dismissal.

### C. The Court Should Grant Dismissal Without Prejudice to Sandiford's Rights as an Absent Class Member.

This Court should grant dismissal without prejudice so that Sandiford can remain eligible to be a class member.

Three factors determine whether the Court will dismiss a plaintiff's claims with prejudice: (1) the defendants' "effort and expense" to date to try that plaintiff's claims, (2) delay and "lack of diligence" in the action, and (3) "insufficient explanation" by the plaintiff. *Sherman v. Yahoo*, No. 13-CV-0041-GPC, 2015 WL 473270 at *8 (S.D.Cal. Feb. 5, 2015) (citing *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993)).

Applying these factors, there is no basis for dismissing with prejudice. The Charged Defendants do not appear to have expended any effort thus far specific to Sandiford; the remaining named plaintiffs are prepared to continue litigating the same claims against each of the Charged Defendants. *Fraley*, *supra,* 2012 WL 893152 at *4. As a result, any effort expended thus far will ostensibly apply to their defense of the case generally.

Nor is there excessive delay. *Sherman*, *supra,* 2015 WL 473270 at *3 (case "still at a relatively early stage" one month prior to deadline for class certification motion); *Fraley*, *supra*, 2012 WL 893152 at *3-4; *Roberts v. Electrolux Home Prods.,* No. 12-cv-01644, 2013 WL 4239050 at *2 (C.D. Cal. Aug. 14, 2013); *see also Westlands Water Dist*., *supra,* 100 F.3d at 97 ("[Plaintiffs] could have sought dismissal sooner than they did, but they were not dilatory."). Plaintiffs gave notice of Sandiford's intended exit four months before the jointly-proposed date for service of class certification motions, and before any trial setting.  (ECF # 562.)

Finally, Sandiford has explained the basis for her withdrawal. (Sandiford Decl., ¶¶ 2 & 3.)

### D. The Court Should Grant Dismissal Without Terms or Conditions

Rule 41(a)(2) authorizes the Court to dismiss without requiring more of the moving party, or instead, to grant dismissal conditioned "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

While some courts have conditioned withdrawal upon the moving party first sitting for a deposition, here Sandiford's status in the present putative class case does not justify her deposition. *Dysthe v. Basic Research L.L.C*., 273 F.R.D. 625, 629 (C.D. Cal. 2011). Unlike in *Dysthe* and other similar cases (*Fraley*, *supra*, 2012 WL 893152 at *4; *Sherman*, *supra,* 2015 WL 473270 at *7; cf. *Westlands Water Dist*., *supra*, 100 F.3d at 97 [no deposition ordered as condition to dismissal]), Sandiford stated class claims against the Charged Defendants based on allegations tracking the remaining plaintiffs' claims. Sandiford's claims vary from the other plaintiffs' only by the Apps she downloaded, the iDevice she used, and the Apple marketing claims she recalls (ECF # 543, at ¶¶ 211 *et seq*.) – none of which on their face are dispositive of the putative class claims. Sandiford's motion is also not an attempt to avoid discovery obligations, as evidenced by her declaration, and no deposition has even been noticed of her (the Charged Defendants first mention of a deposition was in response to Sandiford's notice to them that she intended to exit the case).

While in the rare case courts will award costs or fees as a condition of dismissal, those awarded fees or costs are limited to work that would not apply to the ongoing claims against the Defendants. *Westlands*, *supra,* 100 F.3d at 97; *Arteris*, *supra,* 2013 WL 3052903 at *4; *see also Stevedoring Servs.*, *supra,* 889 F.2d at 921-22. Here, the remaining named plaintiffs intend to litigate identical claims against the Charged Defendants following Sandiford's withdrawal. (ECF # 478). Consequently, no award is merited for costs or fees (the Charged Defendants have no fee entitlement in any event) of any of the Charged Defendants.

V. **CONCLUSION**

For the foregoing reasons, the Court should dismiss Sandiford from the litigation without prejudice and deny any Defendant's request for conditions on her dismissal.

| | | |
|---|---|---|
| 1 | Dated:  October 13, 2015 | By  /s/ David M. Given |
| 2 | | David M. Given |
| | | Nicholas A. Carlin |
| 3 | | PHILLIPS, ERLEWINE & GIVEN LLP |
| | | 39 Mesa Street, Suite 201 |
| 4 | | The Presidio |
| | | San Francisco, CA 94129 |
| 5 | | Tel: 415-398-0900 |
| | | Fax: 415-398-0911 |

By  /s/ Michael J. von Loewenfeldt
James M. Wagstaffe
Michael J. Von Loewenfeldt
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA  94105
Tel:  415-371-8500
Fax:  415-371-0500

*Interim Co-Lead Counsel for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Carl F. Schwenker (TBN 00788374,)
LAW OFFICES OF CARL F. SCHWENKER
The Haehnel Building
1101 East 11th Street
Austin, TX  78702
Tel:    512.480.8427
Fax:    512.857.1294
Email:  cfslaw@swbell.net

*Plaintiffs' Liaison Counsel*


Jeff Edwards (TBN 24014406; *pro hac vice*)
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX  78702
Telephone: 512.623.7727
Facsimile:   512.623.7729
Email: jeff@edwards-law.com


Jennifer Sarnelli
Gardy & Notis LLP
560 Sylvan Avenue
Englewood Cliffs, NJ  07632
Email:  jsarnelli@gardylaw.com

*Plaintiffs' Steering Committee ("PSC")*