UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PATH, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-00453-JST<br><br>**ORDER REGARDING MOTION TO WITHDRAW PUTATIVE CLASS REPRESENTATIVE THEDA SANDIFORD AND DISMISS HER CLAIMS WITHOUT PREJUDICE**<br><br>Re: ECF No. 573 |

Before the Court is Plaintiff Theda Sandiford's Motion to Withdraw as Putative Class Representative and Dismiss Her Claims Without Prejudice. ECF No. 573. For the reasons stated below, the Court will grant the Motion but will condition Sandiford's withdrawal on the production of further discovery responses.

**I.    BACKGROUND**

This putative class action was first filed in March 2012 in Austin, Texas. Theda Sandiford joined as a Plaintiff and putative class representative in May 2012. ECF No. 3 ¶ 18; ECF No. 573-2, Sandiford Decl. ¶ 1. The case was then transferred to this District and consolidated with other related cases. ECF No. 362. Sandiford is now one of 14 Plaintiffs in this action, which challenges the conduct by Apple and various developers of applications for Apple devices. See ECF No. 478, Second Consolidated Amended Complaint. Plaintiffs allege that they owned one or more of three Apple products: the iPhone, the iPad, and the iPod touch (collectively the "iDevices"). ECF No. 478 ¶ 2. Plaintiffs allege that, although Apple's marketing materials represented that its products were secure, Apple in fact knew that its iDevices permitted third party applications to upload, store, and disseminate personal contact information consumers stored on their iDevices. Id. Sandiford in particular alleges that she purchased an iPad, an iPad 2, and an iPhone, and

1   downloaded the following applications developed by Defendants: Angry Birds Classic, Cut the
2   Rope, Foodspotting, Foursquare, Gowalla, Instagram, and Twitter. Id. ¶ 221. Sandiford alleges
3   that each of these applications took data from her contacts without her consent. Id.

4   On March 23, 2015, the Court granted in part and denied in part motions to dismiss the
5   Second Consolidated Amended Complaint, ECF No. 543, and Defendants subsequently answered.
6   The parties then began taking discovery.

7   The parties exchanged initial disclosures in May of 2015, and the Plaintiffs' disclosures
8   identified Sandiford as an individual who is "likely to have discoverable information that Plaintiffs
9   may use to support their claims." ECF No. 577, Hawk Declaration, Ex. A at 1, 15. Defendants
10  Apple, Electronic Arts, ZeptoLab, and Instagram served discovery requests upon Sandiford before
11  they learned of her intentions to withdraw as a named Plaintiff. ECF No. 573 at 3.

12  On September 24, 2015, Plaintiffs' counsel informed Defendants that Sandiford intended
13  to withdraw and voluntarily dismiss her claims. Id. at 4. Plaintiffs' counsel, seeking to dismiss
14  Sandiford pursuant to Federal Rule of Civil Procedure 41(a)(1), proffered a stipulation. Id. On
15  September 29, 2015, Defendants asked to condition Sandiford's dismissal on her discovery
16  responses. Id.

17  On October 13, 2015, Sandiford filed the instant motion, requesting that the Court dismiss
18  her as a party to the litigation without prejudice and without conditions. ECF No. 573. On
19  October 27, 2015, Apple filed its opposition, ECF No. 577, and Instagram filed its joinder, ECF
20  No. 578. On November 3, 2015, Sandiford filed her reply. ECF No. 579. The Court heard
21  argument on the motion on December 10, 2015.

22  After filing her motion to withdraw, Sandiford served objections to Apple and Instagram's
23  written discovery, arguing that her present motion to withdraw affects her obligation to respond.
24  ECF No. 577, Hawk Decl., Exs. B, C; ECF No. 578-1, Antia Decl. ¶ 3.

25  **II.     LEGAL STANDARD**

26  Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, after an opposing party has
27  served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's
28  request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). In

resolving a motion under Rule 41(a)(2), the Court must make three determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. See id.; Williams v. Peralta Cnty. Coll. Dist., 227 F.R.D. 538, 539 (N.D. Cal. 2005).

## III.  DISCUSSION

Sandiford requests that the Court dismiss her claims without prejudice. She argues that the litigation will not be impacted and that neither the Defendants nor the putative class will be prejudiced as a result of her voluntary dismissal. ECF No. 573. Sandiford seeks to withdraw because of increased work demands such that she now has "little available time to devote to the lawsuit or serve as a class representative." ECF 573-2, Sandiford Decl. ¶ 2. Sandiford also expresses concern that because one of her customers is a Defendant in this lawsuit, her involvement in the case may "negatively impact [her] ability to do [her] job and [her] career." Id. Sandiford requests that the Court dismiss her *without prejudice* so she can remain eligible to be a class member. ECF No. 573 at 6.

Defendants Apple and Instagram oppose the motion. ECF Nos. 577, 578. Apple and Instragram do not oppose the dismissal without prejudice, but oppose dismissal without any conditions. Defendants request that the Court's order of dismissal require that Sandiford provide "substantive and complete responses to outstanding written discovery requests" and "make herself available for deposition if . . . Apple or another Defendant determines her deposition is warranted." ECF No. 577 at 2.

### A.  Whether to Allow Dismissal

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). "Plain legal prejudice" means "prejudice to some legal interest, some legal claim, [or] some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996). Examples of such plain legal prejudice include "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." Id. The inability to conduct sufficient discovery for a defense can constitute legal prejudice. See id. ("In this circuit,

we have stated that a district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud.").

In the case at bar, Defendants do not assert they will suffer any prejudice if the case is dismissed, and do not oppose the request for dismissal. See ECF No. 577 at 2. The Court concludes that Sandiford should be allowed to dismiss her claims. See Williams, 227 F.R.D. at 539 (dismissing the plaintiff's case where the defendant did not oppose the request for dismissal).

### B. Whether the Dismissal Should be With or Without Prejudice

Rule 41(a)(2) provides that, unless otherwise specified in the court's order, the dismissal of a case is without prejudice. Factors relevant in determining whether the dismissal should be with or without prejudice include: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." Burnette v. Godshall, 828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993).

Sandiford requests that her claims be dismissed without prejudice so she can maintain her eligibility as a class member. ECF No. 573 at 6. Sandiford also argues that Defendants have not expended efforts specific to her, the remaining named Plaintiffs will continue in the litigation, there was no excessive delay in filing the present motion, and she has provided a sufficient basis for her withdrawal. Id. Defendants Apple and Instagram do not oppose Sandiford's dismissal without prejudice. ECF No. 577 at 2; ECF No. 578 at 2.

Applying the factors cited above, the Court finds that the case should be dismissed without prejudice so that Sandiford remains eligible to be a class member if the putative class is certified.

### C. Whether Terms and Conditions Should be Imposed

Finally, the Court must consider what terms and conditions, if any, should be imposed on Sandiford's dismissal. "A court may, but need not, condition a Rule 41(a)(2) dismissal on a plaintiff's deposition or production of discovery." Sherman v. Yahoo! Inc., No. 13CV0041-GPC-WVG, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015).

Apple and Instagram request that the Court impose two conditions on Sandiford's

4

dismissal: (1) that she be required to respond further to previously-propounded written discovery requests and (2) that she be required to sit for a deposition if one is noticed.[1]  ECF No. 577 at 2. Apple and Instagram note that their written discovery requests were served in August before they learned of Sandiford's intention to withdraw.  Id. at 3.

The Court will grant Sandiford's request for voluntary dismissal upon the condition she further respond to the written discovery requests already propounded on her.  Sandiford argues that her allegations are not unique among the other named plaintiffs although her claims "vary from the other plaintiffs' only by the Apps she downloaded, the iDevice she used, and the Apple marketing claims she recalls."  ECF No. 573 at 7.  However, as Apple and Instagram point out, Sandiford's responses can be relevant to class certification issues, such as commonality, predominance, and typicality.  ECF No. 577 at 7; ECF No. 578 at 3.

Although it does not appear that Sandiford seeks to voluntarily dismiss her claims for the purpose of evading her discovery obligations, the Court finds that it would be unfair to allow Sandiford to "walk away from" her discovery obligations when she may have "information pertinent to the case [she] initiated and that defendants must continue to defend."  Alliance For Global Justice v. District of Columbia, Civ. No. 01-0811, 2005 WL 469593, at *3 (D.D.C. Feb. 7, 2005) (recommending dismissal with the condition that organizational plaintiffs respond to outstanding discovery, which included interrogatories, document requests, and 30(b)(6) depositions).  The Court therefore finds it appropriate to condition Sandiford's voluntary dismissal on requiring further responses to the requests for production and interrogatories already propounded by Defendants.

Apple and Instagram have also requested that the Court order Sandiford to sit for a deposition "if . . . Apple or another Defendant determines her deposition is warranted," ECF No. 577 at 2, although no defendant has served a deposition notice on Sandiford.  The Court is aware of no authority that would condition a plaintiff's dismissal on responding to potential or hypothetical discovery, and declines to order it here.

---

[1] Defendants do not seek costs as a condition for dismissal.  See ECF No. 577 at 2.

Apple cites to Fraley v. Facebook and Dysthe v. Basic Research to support its request that this Court order the deposition, but both cases are inapposite. See id. at 7–8. In Fraley, plaintiffs in a putative class action alleging misappropriation moved for a protective order to prevent the deposition of a named plaintiff (Fraley). Fraley v. Facebook Inc., No. C 11-1726 LHK PSG, 2012 WL 555071, at *1 (N.D. Cal. Feb. 21, 2012). Previously, plaintiffs stipulated to Fraley's withdrawal, but defendant Facebook agreed only to the condition that Fraley first submit to her deposition. Id. Fraley subsequently moved to dismiss her claims without prejudice and withdraw as a proposed class representative. Id. In the order denying Fraley's motion for protective order, the court noted that her deposition had been scheduled several months before Fraley's motion for dismissal. Id. at *2. The court concluded that Fraley's desire to protect her privacy did not outweigh the relevance to the proceeding of her deposition testimony, and that Facebook's discovery requests had not been "intrusive or inappropriate." Id. at *3. The court ordered that Fraley be produced for her deposition. Id.

In Dysthe, defendants sought to compel a named plaintiff's noticed deposition. Dysthe v. Basic Research, LLC, 273 F.R.D. 625, 627 (C.D. Cal. 2011). Defendants had noticed the plaintiff's deposition but were later informed that the plaintiff intended to dismiss his claims. Id. The court observed that the named plaintiff had not yet been dismissed and that the defendants had properly noticed his deposition.[2] Id. at 629.

This case also differs from Sherman v. Yahoo! Inc., where the court conditioned the plaintiff's withdrawal from the putative class action on his sitting for a deposition. 2015 WL 473270, at *7. In Sherman, the court concluded that Yahoo would be legally prejudiced if it was prevented from deposing Sherman. Id. at *7. Sherman was the sole named plaintiff for almost two years, and the second named plaintiff was later added after Sherman canceled his deposition date. Further, Sherman did not move to dismiss his claims until after his deposition had been noticed and rescheduled several times. Id. The court stressed that the defendant expended

---

[2] Similarly in Jones v. ConAgra Foods, the court granted the defendant's discovery request, which sought to compel a named plaintiff's response to the defendant's requests for documents and appearance for the noticed deposition. See Jones v. ConAgra Foods, Inc., No. C 12-1633 CRB (MEJ), Dkt. 121 at 1–2 (N.D. Cal. Jul. 16, 2013).

resources conducting discovery specific to Sherman and that Sherman's testimony was "likely to be relevant to class certification issues." Id.

In all of these cases, the named plaintiffs were parties to the action when their depositions were noticed. This distinction makes these cases unhelpful to the Court in the present case. See Roberts v. Electrolux Home Products, Inc., No. SACV 12-1644 CAS, 2013 WL 4239050, at *3 (C.D. Cal. Aug. 14, 2013) (discussing Fraley and Dysthe and concluding that "at best, these decisions stand for the proposition that a named plaintiff cannot avoid the obligation to sit for a deposition merely by filing a request to withdraw").

Unlike in the foregoing cases, Sandiford's deposition has not yet been noticed, and Defendants merely wish to retain the right to depose her in the future. The Court declines to condition Sandiford's withdrawal on her sitting for deposition.

## CONCLUSION

For the foregoing reasons, it is hereby ordered:

1.  The Court grants the Motion to Withdraw Putative Class Representative Theda Sandiford and Dismiss Her Claims Without Prejudice, on the condition that Defendants Sandiford provide further responses to the written requests already propounded on her. The responses are due by January 25, 2016, although Sandiford may choose to serve them sooner.

2.  Within 14 days after service of the responses, the Parties will notify the Court whether Sandiford's responses have been received and whether the propounding party takes issue with the adequacy of the responses. If the responses were received and no controversy remains, the Court will dismiss Sandiford's claims without prejudice. If there is a controversy regarding Sandiford's amended responses, the parties will include with their notice a joint discovery brief of

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 not more than ten double-spaced pages explaining the controversy and making competing
2 proposals for its resolution.
3     IT IS SO ORDERED.
4 Dated: December 22, 2015

                                      JON S. TIGAR
                            United States District Judge