UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARC OPPERMAN, et al.,

    Plaintiffs,

v.

PATH, INC., et al.,

    Defendants.

Case No. 13-cv-00453-JST

**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: ECF No. 611

Plaintiffs' Stephanie Cooley, Jason Green, and Lauren Carter ("Plaintiffs") move to file under seal Exhibit D-1, a portion of Exhibit M, Exhibit T, Exhibit U, Exhibit V, and to redact portions of the memorandum in support of its motion for class certification.[1] ECF No. 611. Defendant Path, Inc. ("Path") filed a declaration in support of sealing Exhibit D-1 and the last page of Exhibit M. ECF No. 615. Defendant Apple Inc. ("Apple") filed a declaration in support of sealing Exhibit T, U, and V. ECF No. 611 at 3. For the reasons set forth below, the Court will deny the motion.

**I.   LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that

---

[1] Except for Exhibit T and the last three rows of Exhibit V, Plaintiffs do not believe the exhibits should be filed under seal. ECF No. 611 at 3. Plaintiffs also do not believe that any portion of their supporting Memorandum should be redacted. Id.

(1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178–79 (internal citations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179; see also Joy v. N., 692 F.2d 880, 894 (2d Cir. 1982) ("[A] naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.").

On the other hand, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. Id. at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## II. DISCUSSION

The present motion to file under seal concerns documents associated with Plaintiffs' motion for class certification. Under the test most recently articulated by Center for Auto Safety v. Chrysler Group, 809 F.3d 1092 (9th Cir. 2016), a motion for class certification involves issues that are "more than tangentially related to the merits of the case," thereby requiring the Court to apply the compelling reasons standard. See, e.g., Gustafson v. Goodman Mfg. Co. LP, No. CV-13-08274-PCT-JAT, 2016 WL 393640, at *2 (D. Ariz. Feb. 2, 2016) (discussing the appropriate sealing standard for documents related to a class certification motion).

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598. The Nixon Court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). In that case, applying Kamakana and Nixon, the Ninth Circuit reversed a district court for refusing to seal information that qualified under this standard. In re Elec. Arts, Inc., 298 Fed. App'x at 569.

The Court turns first to the exhibits sought to be sealed. Path seeks to seal Exhibit D-1 and the last page of Exhibit M. Exhibit D-1 is an email Path produced, in which a Path engineer describes several features and concepts for the Path App. Exhibit M contains excerpts of the

3

deposition transcript of Path's Rule 30(b)(6) representative, and the past page of the transcript discusses and elaborates on the email.[2]  Path's supporting declaration states that the information it seeks to seal discloses features, algorithms, and concepts that have not yet been implemented or publically released.  See ECF No. 615.

These documents generally concern Path's uploading and further use of users' contact information.  There is nothing confidential or secret about the allegation that Path uploaded users' contacts and calendar information to its server without users' knowledge.  That allegation is contained in Plaintiffs' complaint.  E.g., ECF No. 478 (Second Consolidated Amended Complaint) ¶ 80.  The Court has also referred to this allegation in its prior orders.  See, e.g., Opperman v. Path, Inc., 87 F. Supp. 3d 1018, 1032 (N.D. Cal. 2014) ("In February 2012, it was revealed that App Defendant Path's app, also called "Path," was uploading users' contacts and calendar information to its servers without users' knowledge.").  Similarly, evidence that supports the allegation also is not confidential or trade secret, and the reasons Path asserts to seal these documents do not rise to the level of "compelling reasons . . . [sufficient to] outweigh the general history of access and the public policies favoring disclosure."  Kamakana, 447 F.3d at 1178–79.

Apple seeks to seal Exhibits T, U, and V.  Exhibit T and U contain email exchanges among Apple employees responsible for reviewing applications submitted to the Apple's App Store regarding compliance with Apple's App Store Guidelines.  Exhibit T also includes results of Apple's own investigation into the issue.  Apple contends that each of these exhibits "reflect internal Apple processes and deliberations that Apple regards as highly confidential."  ECF No. 616 ¶ 6.  Apple states that this information is kept confidential "to protect the integrity" of the process by which Apple reviews and approves apps.  Id. ¶¶ 7, 9.

The Court has reviewed Exhibits T and U, and concludes that nothing in them represents a secret, distinct, or unique process for the "technical investigations of apps," how a company might

---

[2] Path also notes that the Court previously sealed these materials in relation to a joint discovery letter brief.  There, the Court applied the "good cause" standard because the parties submitted exhibits in connection with a discovery letter brief.  See ECF No. 572.  Here, the Court applies the "compelling reasons" standard because the materials are submitted in connection with a motion for class certification.  The Court's prior order therefore is not controlling.

United States District Court
Northern District of California

1 discuss compliance with its own policies, or "how Apple determines what should be
2 communicated to app developers about review status." Rather, the documents in question
3 resemble those in myriad other cases in which one company seeks to make a determination about
4 the conduct of another company.

5 Finally, both Path and Apple also seek to redact portions of the memorandum of points and
6 authorities filed in support of the Path class certification motion. For the reasons already
7 discussed, there is no compelling reason to support any of the proposed redactions. All of them
8 either pertain to documents that the Court has already determined are not subject to sealing or
9 otherwise support Plaintiffs' public allegations. None of them pertains to a trade secret or other
10 confidential matter. As previously noted, the mere fact that the publication of records may lead to
11 a litigant's embarrassment or exposure to further litigation is not sufficient to meet the
12 "compelling reasons" standard. Kamakana, 447 F.3d at 1179.

13 The parties have not provided an unredacted version of Exhibit V. The version described
14 as unredacted, ECF No. 611-5, actually is in redacted form. Because the parties have not given
15 the Court the opportunity to review Exhibit V in unredacted form, the request to seal that
16 document is denied without prejudice. If, after reviewing this order, the parties believe they can
17 demonstrate compelling reasons for the sealing of Exhibit V, they may submit a separate motion
18 to seal only that document by February 18, 2016.

19 The balance of the motion to file under seal is denied.
20 IT IS SO ORDERED.
21 Dated: February 11, 2016

_____
JON S. TIGAR
United States District Judge