UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PATH, INC., et al., <br><br> Defendants. | Case No. 13-cv-00453-JST (JCS) <br><br> **ORDER REGARDING DISCOVERY DISPUTES** <br><br> Re: Dkt. No. 633 |

This putative class action concerns allegations that a number of applications, or apps, available for use on devices produced by Defendant Apple, Inc. ("iDevices") accessed users' address book data without permission. Defendants are Apple and a number of app developers. Judge Tigar has referred all discovery disputes in this matter to the undersigned magistrate judge for decision. Dkt. 622. After the parties resolved some of the discovery disputes raised in their January 13, 2016 joint letter brief (dkt. 620), the parties filed another joint letter brief on February 2, 2016 (dkt. 633) addressing unresolved issues. The Court held a hearing on February 11, 2016.

## I. VERSIONS OF KIK APP

Defendant Kik Interactive, Inc. ("Kik") objects to Plaintiffs' request for production of source code and other discovery regarding versions of the Kik app predating the versions that the named Plaintiffs used. For the reasons stated at the hearing, the Court finds that earlier versions of the app are sufficiently relevant to warrant discovery. Whether the earlier versions are sufficiently similar that the named Plaintiffs can represent a class including users of those versions is a disputed issue, and Plaintiffs may obtain discovery to inform their arguments on that point. Kik therefore must produce information for versions of its app dating back to October 19, 2010. The parties shall meet and confer regarding the specific information that will be produced for *all* versions of the Kik app, but such information shall include versions beginning October 19, 2010.

## II. CONTACTS DATA

Plaintiffs object to Defendants'—primarily Apple, Inc.'s and Path, Inc.'s—request for production of contacts data from Plaintiffs iDevices, i.e., the contents of Plaintiffs' address books. Defendants argue that such data is necessary to their argument that variation in the kinds of data different users store in their address books precludes class certification, and is also relevant to the merits of whether there was an actionable intrusion in this case, and to damages. Plaintiffs argue that production of this data would be a significant intrusion on their privacy with little if any relevance to class certification.

That people differ in how they use their iDevice contacts list is largely not in dispute, as evidenced by Plaintiffs' counsel's concessions on that issue at the hearing. The Court is also cognizant of Plaintiffs' privacy interests. On the other hand, variation in the types of data that the named Plaintiffs store in their address books could perhaps be relevant to class certification. For the reasons stated herein and at the hearing, the Court finds that some discovery is warranted, but that production of the actual contacts data is not proportional to the needs of the case at the class certification stage.[1] *See* Fed. R. Civ. P. 26(b)(1). Instead, Defendants may propound up to ten interrogatories regarding the type of data that each plaintiff stores in his or her address book—e.g., how many entries are personal, how many entries are businesses, or how many entries are stored under only a first name. Plaintiffs must analyze the actual data available from their iDevices in answering these interrogatories.

The parties were instructed to meet and confer to agree on a list of interrogatories and the timing of Plaintiffs' responses. Their stipulations and the Court's rulings regarding the interrogatories and the timing for responses are reflected on the record.

## III. DATA REGARDING APPS NOT AT ISSUE

Plaintiffs object to Apple's request for production of data regarding Plaintiffs' use of apps not at issue in this litigation. Apple argues that the extent to which Plaintiffs consented to sharing contacts data and other data with other apps goes to the issue of how Plaintiffs actually value the

---

[1] The Court does not address whether production of contacts data might be warranted at a later stage. If the Court later orders such data produced, Defendants will be permitted to conduct additional depositions of Plaintiffs to address that data.

2

privacy interests asserted in this case.  Plaintiffs argue that data regarding the apps at issue is sufficient, and that sharing further forensic data from their iDevices would be an unwarranted privacy intrusion.

For the reasons stated herein and at the hearing, weighing the privacy and litigation interests at stake, the Court holds that discovery of data regarding how Plaintiffs shared or protected purportedly private data *other than address book data* is not warranted at this stage.

How Plaintiffs treated their address book data with respect to other apps is more relevant, but production of forensic data as to that issue nevertheless would be disproportionate to the needs of the case in the context of class certification.[2]  Instead, Defendants may propound up to five interrogatories regarding how Plaintiffs shared or declined to share their address book data with other apps.  Plaintiffs must analyze the actual data available from the iDevices in answering these interrogatories.

The parties were instructed to meet and confer to agree on a list of interrogatories and the timing of Plaintiffs' responses.  Their stipulations and the Court's rulings regarding the interrogatories and the timing for responses are reflected on the record.

**IT IS SO ORDERED.**

Dated: February 11, 2016

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] Again, if production of such data is ordered at a later stage of the case, Defendants will be permitted to conduct additional depositions of Plaintiffs to address that data.