UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PATH, INC., et al.,<br><br>    Defendants. | Case No.13-cv-00453-JST<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: ECF Nos. 750, 780, 798, 800, 801, 814, 817, 825 |

The parties have moved to file several documents under seal. For the reasons set forth below, the Court will grant the administrative motions at ECF No. 780 and ECF No. 814; grant in part and deny in part the administrative motions at ECF Nos. 750, 798, 800, 801, and 817; and deny the administrative motion at ECF No. 825.

## I.     LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a

document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178–79 (internal citations omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598. The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). In that case, applying Kamakana and Nixon, the Ninth Circuit reversed a district court for refusing to seal information that qualified under this standard. In re Elec. Arts, Inc., 298 Fed. App'x at 569. The Federal Circuit has similarly concluded that under Ninth Circuit law, detailed product-specific financial information, customer information, and internal reports are appropriately sealable under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage. Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).]

On the other hand, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a

showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. Id. at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## II. DISCUSSION

### A. ECF No. 750

Plaintiffs move to file under seal portions of their Opposition brief to Electronic Arts Inc. and Chillingo Ltd.'s (collectively "EA/Chillingo") Motion for Summary Judgment, as well as portions of the exhibits attached to their Opposition brief. ECF No. 750. These documents were designated as confidential by Apple and/or EA/Chillingo. Id. Because this motion relates to the merits of the case, the Court applies the compelling reasons standard.

The Court grants the motion in part and denies the motion in part.

Apple has filed a declaration in support of sealing Exhibits A, C, and H. ECF No. 752. Apple stresses that the exhibits contain excerpts of developers' proprietary source code for its apps. Id. Revelation of such proprietary information could cause harm to Defendants' competitive standing. See Nixon, 435 U.S. at 598. In addition, this Court has previously granted a motion to seal the same portions of Exhibit H now at issue. See ECF No. 740. The Court has viewed the documents and redacted information and finds that compelling reasons justify sealing portions of the Plaintiffs' Opposition and Exhibits A, C, and H to the Busch Declaration. The parties also narrowly tailored their requests to seal only sealable information, as Local Rule 79-5 requires.

EA/Chillingo designated the entirety of Exhibits F and G confidential. Local Rule 79-5 requires that, within four days of the filing of the administrative motion to file under seal, the designating part file a declaration establishing that the designated material is sealable. EA/Chillingo did not file a supporting declaration for Exhibits F and G, so the Court denies Plaintiffs' motion with respect to those exhibits, noting that the exhibits were "not supported by a

declaration." The Court will reconsider Plaintiffs' motion with respect to those exhibits if a supporting declaration is filed with seven days of the filing date of this Order. If no such declaration is filed within seven days of the filing date of this order, Plaintiffs may file the documents in the public record.

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Plaintiff's Opposition to EA/Chillingo's Motion for Summary Judgment | Excerpts on pages 4 and 5 | Granted. |
| Exhibit A to the Busch Opposition Declaration | Excerpts throughout (APL-PATH_00000350-416) | Granted. |
| Exhibit C to the Busch Opposition Declaration | Excerpts throughout (APL-PATH_00000893-913) | Granted. |
| Exhibit F to the Busch Opposition Declaration | Entire exhibit (EA0000201-02) | Denied: not supported by a declaration. |
| Exhibit G to the Busch Opposition Declaration | Entire exhibit (EA0000586-602) | Denied: not supported by a declaration. |
| Exhibit H to the Busch Opposition Declaration | Excerpts throughout (APL-PATH_00028767-98) | Granted. |

### B. ECF No. 780

Plaintiffs move to file under seal portions of their Opposition brief to Twitter's Motion for Summary Judgment, as well as portions of the exhibits attached to their Opposition brief. ECF No. 780. These documents have been designated as confidential by Apple and/or Twitter. Id. Because this motion relates to the merits of the case, the Court applies the compelling reasons standard.

The Court grants the motion in its entirety.

Apple has filed a declaration in support of sealing Exhibits C, F, and G. ECF No. 784.

Apple stresses that the exhibits contain excerpts of developers' proprietary source code for its apps. Id. Revelation of such proprietary information could cause harm to Defendants' competitive standing. See Nixon, 435 U.S. at 598. In addition, this Court has previously granted a motion to seal the same portions of Exhibit F now at issue. See ECF No. 740. The Court has viewed the documents and redacted information and finds that compelling reasons justify sealing portions of Exhibits C, F, and G to the Busch Declaration. The parties also narrowly tailored their requests to seal only sealable information, as Local Rule 79-5 requires.

Twitter has filed a declaration in support of sealing Exhibits B, J, K, L, and portions of Plaintiffs' Opposition to Twitter's Motion for Summary Judgment that refer to those Exhibits. ECF No. 785. Twitter argues that the internal emails between Twitter personnel in those Exhibits contain confidential information about Twitter's products, proposed features, design concepts, and internal review processes that constitute trade secrets. Id. Having reviewed the documents, the Court finds that the Exhibits contain trade secrets and, as a result, compelling reasons outweigh the public's interest in disclosure. In addition, Exhibits B and L discuss products and product features that are not at issue in this litigation. Although Twitter seeks to seal the email exchanges in their entirety, their request is narrowly tailored given the brevity of the email exchanges.

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Plaintiffs' Opposition to Twitter's Motion for Summary Judgment | Excerpts throughout | Granted. |
| Exhibit B to the Busch Opposition Declaration | Entire exhibit | Granted. |
| Exhibit C to the Busch Opposition Declaration | Excerpts throughout (APL-PATH_00000661-669) | Granted. |
| Exhibit F to the Busch Opposition Declaration | Excerpts throughout (APL-PATH_00028767-798) | Granted. |

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Exhibit G to the Busch Opposition Declaration | Excerpts on page APL-PATH_00000852-853 | Granted. |
| Exhibit J to the Busch Opposition Declaration | Entire exhibit | Granted. |
| Exhibit K to the Busch Opposition Declaration | Entire exhibit | Granted. |
| Exhibit L to the Busch Opposition Declaration | Entire exhibit | Granted. |

### C.     ECF Nos. 798, 800

Plaintiffs move to seal several exhibits filed in support of their omnibus Motion for Class Certification Re Certain App Defendants, portions of the Declaration of Arno Puder, and portions of Defendants' responses to Plaintiffs' Interrogatories.  ECF Nos. 798, 800.[1]  These documents have been designated as confidential by Apple, Foursquare, Instagram, and Twitter.  Id.  Because this motion relates to the merits of the case, the Court applies the compelling reasons standard.

The Court grants the motion in part and denies the motion in part.

Instagram filed a declaration in support of sealing Exhibit P.  ECF No. 814.  Exhibit P contains proprietary source code, the disclosure of which would result in competitive harm to Instagram.  See Nixon, 435 U.S. at 598.  This Court has previously sealed proprietary source code in this case.  ECF No. 740.  In addition, Exhibit P appears to contain the names, email addresses, and phone numbers of non-party Instagram users.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging privacy interests implicated by sensitive, personal identifying information).  Therefore, both the protection of trade secrets and the privacy interests of non-parties provide compelling reasons to seal Exhibit P in its entirety.  Because this

---

[1] The motions at ECF Nos. 798 and 800 are identical, so the Court considers them together.  The filing at ECF No. 800 just includes attached unredacted documents that were omitted from the filing at ECF No. 798.

1  information appears throughout the Exhibit, the request is narrowly tailored as required by Local
2  Rule 79-5.
3        Twitter filed a declaration in support of sealing Exhibits H, T, U, W, as well as portions of
4  the Plaintiffs' Omnibus Motion for Class Certification that refer to those Exhibits. ECF No. 816.[2]
5  Twitter argues that each of these Exhibits contain trade secrets that could harm Twitter's
6  competitive standing. Id. Exhibit H, which contains Twitter's responses to interrogatories, does
7  not include any such trade secrets. Neither does Exhibit U, which is a generic internal meeting
8  invite. The Court accordingly denies the request to file these documents under seal. However,
9  Exhibits T and W include information about Twitter's internal review processes that constitute
10 trade secrets, and the request is narrowly tailored, so the Court grants the request to seal those
11 documents.
12       Foursquare filed a declaration in support of sealing Exhibit G, Exhibit N, portions of the
13 Declaration of Arno Puder, and portions of the Plaintiffs' Omnibus Motion for Class Certification
14 that refer to those documents. ECF No. 820. Foursquare argues that these documents contain
15 proprietary source code and/or other trade secrets. Id. Exhibit G, which contains Foursquare's
16 responses to interrogatories, does not contain any source code or trade secrets. Neither does
17 Exhibit N, which contains a portion of Apple's developer agreement with Foursquare. The Court
18 accordingly denies the request to seal those exhibits and portions of the motion that refer to those
19 exhibits. The redacted portions of Arno Puder's declaration contain proprietary source code, the
20 disclosure of which would result in competitive harm to Foursquare. The Court therefore grants
21 the request to seal the redacted portions of Arno Puder's declaration, as well as references to those
22 portions in the Plaintiffs' Omnibus Motion for Class Certification.
23       Apple filed a declaration in support of sealing Exhibits M, BB, and CC. ECF No. 824.
24 Apple argues that these exhibits are sealable because they contain email exchanges between
25 Apple's app review team that, if disclosed to the public, would compromise the app review

---

[2] Although the Plaintiffs moved to seal Exhibits V, X, and Z, Twitter has clarified that it does *not* seek to seal those Exhibits. Id. Therefore, the Plaintiffs may file those Exhibits on the public docket.

7

process. Id. ¶ 7-9. Apple further argues that these exhibits contain excerpts of app developers' proprietary source code. Id. ¶ 11. The Court agrees that Exhibits M, BB, and CC contain proprietary source code and sensitive information about Apple's internal review process, and the request is narrowly tailored. Accordingly, the Court grants the motion to seal those exhibits.

Apple designated portions of Exhibits K and L as confidential. ECF No. 800 at 2. Local Rule 79-5 requires that, within four days of the filing of the administrative motion to file under seal, the designating part file a declaration establishing that the designated material is sealable. Apple did not file a supporting declaration for Exhibits K and L, so the Court denies Plaintiffs' motion with respect to those exhibits, noting that the exhibits were "not supported by a declaration." The Court will reconsider Plaintiffs' motion with respect to those exhibits if a supporting declaration is filed with seven days of the filing date of this Order. If no such declaration is filed within seven days of the filing date of this order, Plaintiffs' may file the documents in the public record.

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
| --- | --- | --- |
| Plaintiffs' Omnibus Motion for Class Certification | Excerpts | Granted as to exhibits sealed by the Court; denied as to exhibits not sealed by the Court. |
| Exhibit K to the Buck Declaration | APL-PATH_00017762 | Denied: not supported by a declaration. |
| Exhibit L to the Buck Declaration | APL-PATH_00032230- APL-PATH_00032231 | Denied: not supported by a declaration. |
| Exhibit M to the Buck Declaration | APL-PATH_00018321- APL-PATH_00018322 | Granted. |
| Exhibit BB to the Buck Declaration | APL-PATH_00018252- APL-PATH_00018254 | Granted. |
| Exhibit CC to the Buck Declaration | APL-PATH_00018238- APL-PATH_00018240 | Granted. |

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Exhibit N to the Buck Declaration | Excerpt at Bates No. FS_S201 | Denied. |
| Exhibit G to the Buck Declaration | Response to Interrogatory No. 12 | Denied. |
| Declaration of Arno Puder | Portions of paragraphs 3-5 | Granted. |
| Exhibit P to the Buck Declaration | Entire exhibit | Granted. |
| Exhibit T to the Buck Declaration | Entire exhibit | Granted. |
| Exhibit U to the Buck Declaration | Entire exhibit | Denied. |
| Exhibit W to the Buck Declaration | Entire exhibit | Granted. |
| Exhibit H to the Buck Declaration | Responses to Interrogatories No. 12 and 18 | Denied. |

### D.     ECF No. 801

Plaintiffs move to seal several exhibits filed in support of their Motion for Class Certification re False Advertising and Related Claims against Defendant Apple, as well as portions of their Motion that refer to those exhibits. ECF No. 801. These documents have been designated as confidential by Apple. Id. Apple filed a declaration in support of sealing some of these exhibits. ECF No. 824. Because this motion relates to the merits of the case, the Court applies the compelling reasons standard.

The Court grants the motion in part and denies the motion in part.

Apple argues that Exhibit A contains competitively sensitive financial information regarding Apple's advertising spending and revenue associated with particular apps. Id. ¶ 17. The Court agrees, finds that the request is narrowly tailored, and accordingly grants the request to seal Exhibit A.

Apple argues that Exhibits B, D, E, F, H, and Z contain internal discussions among Apple

9

personnel concerning software engineering and technical design issues that, if disclosed to the public, could make it easier to compromise the security of Apple's products. Id. ¶¶ 18-20. The Court agrees and accordingly grants the request to seal those exhibits.

Apple argues that Exhibits M, P, and Q are sealable because they contain email exchanges between Apple's app review team that, if disclosed to the public, would compromise the app review process. Id. ¶ 7-9. Apple further argues that these exhibits contain excerpts of app developers' proprietary source code. Id. ¶ 11. The Court agrees and grants the request to seal these exhibits or the redacted portions of these exhibits.

Apple argues that Exhibit O, which contains training guidelines for app reviewers, could similarly compromise Apple's review process if disclosed to the public. Id. ¶ 13. The Court agrees and accordingly grants the request to seal Exhibit O.

The request to seal portions of the Plaintiffs' Motion for Class Certification re False Advertising Law and Related Claims is not narrowly tailored to sealable material, as required by Local Rule 79-5. Although some of the redacted portions refer to exhibits that have been sealed by the Court, other redacted portions contain unsealable material or refer to exhibits for which no supporting declaration has yet been filed. Therefore, this request is denied in part.

The Court denies the motion with respect to those exhibits that are not supported by a declaration, noting that the exhibits were "not supported by a declaration." The Court will reconsider Plaintiffs' motion with respect to those exhibits if a supporting declaration is filed with seven days of the filing date of this Order. If no such declaration is filed within seven days of the filing date of this order, Plaintiffs' may file the documents in the public record.

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
| --- | --- | --- |
| Motion for Class Certification re False Advertising and Related Claims | Excerpts throughout | Denied in part. |
| Exhibit A to the Busch Declaration | Entire exhibit | Granted. |
| Exhibit B to the Busch | Entire exhibit | Granted. |

10

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Declaration | | |
| Exhibit D to the Busch Declaration | Entire exhibit | Granted. |
| Exhibit E to the Busch Declaration | Entire exhibit | Granted. |
| Exhibit F to the Busch Declaration | Entire exhibit | Granted. |
| Exhibit G to the Busch Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit H to the Busch Declaration | Entire exhibit | Granted. |
| Exhibit K to the Busch Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit L to the Busch Declaration | Entire exhibit | Denied: not supported by a declaration. |
| The Unredacted Version of Exhibit M to the Busch Declaration | Excerpts throughout | Granted. |
| Exhibit N to the Busch Declaration | Excerpts throughout | Denied: not supported by a declaration. |
| Exhibit O to the Busch Declaration | Entire exhibit | Granted. |
| Exhibit P to the Busch Declaration | Excerpts throughout | Granted. |
| Exhibit Q to the Busch Declaration | Entire exhibit | Granted. |
| Exhibit R to the Busch Declaration | Entire exhibit | Denied: not supported by a declaration. |

11

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
| --- | --- | --- |
| Exhibit S to the Busch Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit U to the Busch Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit Y to the Busch Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit Z to the Busch Declaration | Entire exhibit | Granted. |
| Exhibit KK to the Busch Declaration | Entire exhibit | Denied: not supported by a declaration. |

### E.   ECF No. 817

Plaintiffs move to seal several exhibits filed in support of their Opposition to Apple's Motion for Partial Summary Judgment, as well as portions of their Opposition brief that refer to those exhibits. ECF No. 817. These documents have been designated as confidential by Apple and Twitter. Id. Both Apple and Twitter filed declarations in support of sealing some of these exhibits. ECF Nos. 823, 824. Because this motion relates to the merits of the case, the Court applies the compelling reasons standard.

The Court grants the motion in part and denies the motion in part.

Twitter argues that Exhibit U, which contains an email exchange between Twitter personnel regarding the testing of an iOS feature, encompasses trade secrets related to Twitter's team, relationship with Apple, and a product feature that is not at issue in this case. ECF No. 823. The Court agrees, concludes that the request is narrowly tailored given the brevity of the email exchange, and accordingly grants the request to seal Exhibit U.

Apple argues that Exhibits H, T, Y, and Y-1 are sealable because they contain email exchanges between Apple's app review team that, if disclosed to the public, would compromise the app review process. ECF No. 824, ¶ 7-9. Apple further argues that these exhibits contain

excerpts of app developers' proprietary source code. Id. ¶ 11. The Court agrees that Exhibits H, T, Y, and Y-1 contain proprietary source code and sensitive information about Apple's internal review process, and the request is narrowly tailored. Accordingly, the Court grants the motion to seal those exhibits.

Apple argues that Exhibits E and F, which contain screen shots of an internal database that Apple used to track app submissions, contains details about app submissions that, if disclosed to the public, could compromise the app review process. Id. ¶ 15. Apple further argues that these exhibits contain the names of Apple employees involved in the app review process. Id. The Court agrees, finds that the request is narrowly tailored, and accordingly grants the request to seal Exhibits E and F.

The Court has already granted requests to seal Exhibits C, P, Q, R, and S, which were also attached to the Busch Declaration filed in support of the Motion for Class Certification re False Advertising and Related Claims against Defendant Apple. See supra.

Apple argues that Exhibit D, which contains excerpts from the August 19, 2016 deposition of Alexandre Ayes, is sealable to the extent it refers to Exhibit C. The Court agrees that Exhibit D references internal discussions among Apple personnel concerning software engineering and technical design issues that, if disclosed to the public, could make it easier to compromise the security of Apple's products. The Court also finds that the request is narrowly tailored. Therefore, the request to seal Exhibit D is granted.

Apple argues that Exhibit Z similarly reflects Apple's internal process regarding software engineering and technical design issues and, as a result, could be used to compromise the security of Apple's products. ECF No. 824, ¶ 19-20. The Court agrees and grants the request to seal Exhibit Z in its entirety.

The Court denies the motion with respect to those exhibits that are not supported by a declaration, noting that the exhibits were "not supported by a declaration." The Court will reconsider Plaintiffs' motion with respect to those exhibits if a supporting declaration is filed with seven days of the filing date of this Order. If no such declaration is filed within seven days of the filing date of this order, Plaintiffs' may file the documents in the public record.

1  The requests to seal portions of the Plaintiffs' Opposition to Apple's Motion for Partial
2  Summary Judgment and the Declaration of Frank Busch in Support of Plaintiffs' Opposition are
3  not narrowly tailored to sealable material, as required by Local Rule 79-5.  Although some of the
4  redacted portions refer to exhibits that have been sealed by the Court, other redacted portions
5  contain unsealable material or refer to exhibits for which no supporting declaration has yet been
6  filed.  Therefore, this request is denied in part.

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
| --- | --- | --- |
| Opposition to Apple's Motion for Partial Summary Judgment | Excerpts | Denied in part. |
| Busch MSJ Opposition Declaration | Excerpts | Denied in part. |
| Exhibit B to the Busch MSJ Opposition Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit C to the Busch MSJ Opposition Declaration | Entire exhibit | Granted.[3] |
| Exhibit D to the Busch MSJ Opposition Declaration | Entire exhibit | Granted. |
| Exhibit E to the Busch MSJ Opposition Declaration | Entire exhibit | Granted. |
| Exhibit F to the Busch MSJ Opposition Declaration | Entire exhibit | Granted. |
| Exhibit G to the Busch MSJ Opposition Declaration | Entire exhibit | Denied: not supported by a declaration. |

---

[3] This is the same document contained in Exhibit F to the Busch Declaration filed in support of the Motion for Class Certification re False Advertising and Related Claims against Defendant Apple. See ECF Nos. 801-8, 817-7.  The Court already granted the request to seal this document.

14

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Exhibit H to the Busch MSJ Opposition Declaration | Entire exhibit | Granted. |
| Exhibit I to the Busch MSJ Opposition Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit J to the Busch MSJ Opposition Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit K to the Busch MSJ Opposition Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit L to the Busch MSJ Opposition Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit O to the Busch MSJ Opposition Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit P to the Busch MSJ Opposition Declaration | Excerpts | Granted.[4] |
| Exhibit Q to the Busch MSJ Opposition Declaration | Entire exhibit | Granted.[5] |
| Exhibit R to the Busch MSJ Opposition Declaration | Entire exhibit | Granted.[6] |

---

[4] This is the same document contained in Exhibit M to the Busch Declaration filed in support of the Motion for Class Certification re False Advertising and Related Claims against Defendant Apple.  See ECF Nos. 801-13, 817-19.  The Court already granted the request to seal this document.

[5] This is the same document contained in Exhibit A to the Busch Declaration filed in support of the Motion for Class Certification re False Advertising and Related Claims against Defendant Apple.  See ECF Nos. 801-4, 817-20.  The Court already granted the request to seal this document.

[6] This is the same document contained in Exhibit H to the Busch Declaration filed in support of the Motion for Class Certification re False Advertising and Related Claims against Defendant Apple.  See ECF Nos. 801-10, 817-21.  The Court already granted the request to seal this

15

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Exhibit S to the Busch MSJ Opposition Declaration | Entire exhibit | Granted.[7] |
| Exhibit T to the Busch MSJ Opposition Declaration | Entire exhibit | Granted. |
| Exhibit U to the Busch MSJ Opposition Declaration | Entire exhibit | Granted. |
| Exhibit V to the Busch MSJ Opposition Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit W to the Busch MSJ Opposition Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit X to the Busch MSJ Opposition Declaration | Entire exhibit | Denied: not supported by a declaration. |
| Exhibit Y to the Busch MSJ Opposition Declaration | Entire exhibit | Granted. |
| Exhibit Y-1 to the Busch MSJ Opposition Declaration | Entire exhibit | Granted. |
| Exhibit Z to the Busch MSJ Opposition Declaration | Entire exhibit | Granted. |
| Exhibit VV to the Busch MSJ Opposition Declaration | Excerpts | Denied: not supported by a declaration. |
| Exhibit XX to the | Excerpts | Denied: not |

---

document.
[7] This is the same document contained in Exhibit Q to the Busch Declaration filed in support of the Motion for Class Certification re False Advertising and Related Claims against Defendant Apple.  See ECF Nos. 801-18, 817-22.  The Court already granted the request to seal this document.

16

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Busch MSJ Opposition Declaration | | supported by a declaration. |

### F. ECF No. 825

Twitter moves to seal excerpts of the transcript from C.K. Haun's deposition, which was attached as Exhibit M to Twitter's Reply in Support of its Motion for Summary Judgment. ECF No. 825. The Court will deny the motion.

Although Apple designated the material as sealable, it failed to file a declaration in support of sealing as required by Local Rule 79-5. The Court accordingly denies Twitter's motion, noting that the exhibit is "not supported by a declaration." The Court will reconsider Plaintiffs' motion with respect to those exhibits if a supporting declaration is filed with seven days of the filing date of this Order. If no such declaration is filed within seven days of the filing date of this order, Twitter may file the document in the public record.

| Document Name | Portions to be Filed Under Seal or Redacted | Court's Ruling |
|---|---|---|
| Transcript of Haun Deposition | Pages 242-244 | Denied: not supported by a declaration. |

### CONCLUSION

With respect to the sealing requests that the Court has granted, "the document[s] filed under seal will remain under seal and the public will have access only to the redacted version, if any, accompanying the motion." Civil L. R. 79-5(f)(1).

With respect to the sealing requests that the Court has denied, the documents will not be considered by the Court unless the filing party files the document in the public record within seven days from the date of this Order.

With respect to the sealing requests that the Court has denied in part, the Court will not consider those portions of the documents that are unsealable unless the filing party files the document in the public record without the redactions the Court has rejected, in conformance with this Order, within seven days from the date of this Order.

With respect to the sealing requests that the Court has denied for failure to file a supporting

declaration, the Court will reconsider those requests if a supporting declaration is filed with seven days of the filing date of this Order. If no such declaration is filed within seven days of the filing date of this order, the filing party may file the documents in the public record.

IT IS SO ORDERED.

Dated: March 9, 2017

_____
JON S. TIGAR
United States District Judge