David M. Given (SBN 142375)
Nicholas A. Carlin (SBN 112532)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
The Presidio
San Francisco, CA   94129
Tel: 415-398-0900
Fax: 415-398-0911
Email:    dmg@phillaw.com
             nac@phillaw.com

James M. Wagstaffe (SBN 95535)
Michael J. von Loewenfeldt (SBN 178665)
Frank Busch (SBN 258228)
KERR & WAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, CA  94105
Tel:  415-371-8500
Fax:  415-371-0500
Email: wagstaffe@kerrwagstaffe.com
         myl@kerrwagstaffe.com
         busch@kerrwagstaffe.com

Interim Co-Lead Counsel for Plaintiffs
[ADDITIONAL COUNSEL LISTED BELOW]

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  415-398-0900 – Fax:  415-398-0911

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>PATH, INC., et al.,<br><br>                    Defendants. | Case No.  13-cv-00453-JST<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:  May 25, 2017<br>Time:              2:00 p.m.<br>Courtroom:     9, 19th Floor (San Francisco)<br><br>*THIS MOTION RELATES TO:*<br>*Opperman v. Path, Inc.*, No. 13-cv-453-JST<br>*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST |

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: 415-398-0900 – Fax: 415-398-0911

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that on May 25, 2017, at 2:00 PM, or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor of the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable Jon S. Tigar, Plaintiffs Allen Beuershausen, Giuliana Biondi, Lauren Carter, Stephen Dean, Stephanie Cooley, Jason Green, Claire Hodgins, Gentry Hoffman, Rachelle King, Nirali Mandalaywala, Claire Moses, Judy Paul, and Gregory Varner  (hereinafter, "Plaintiffs"), on their own and on behalf of the Settlement Class (as defined below), will and hereby do move this Court for an Order: (1) granting preliminary approval of the proposed Settlement Agreement (as defined below); (2) certifying for settlement purposes only the proposed Settlement Class, as defined in the Settlement Agreement; (3) appointing the law firms constituting the Plaintiffs' Steering Committee (ECF No. 400) as Class Counsel representing the proposed Settlement Class; (4) appointing Plaintiffs as Representative Plaintiffs representing the Settlement Class; (5) approving the parties' proposed Notice Plan, including the proposed forms of notice, as set forth in the Settlement Agreement, and directing that notice be disseminated pursuant to such program; (6) appointing KCC Class Action Services, LLC as the Settlement Administrator, and directing KCC Class Action Services, LLC to carry out the duties and responsibilities of the Settlement Administrator specified in the Settlement Agreement; (7) approving the parties' proposed Electronic Claim Form, and approving the procedures set forth in the Settlement Agreement for Settlement Class Members to submit claims, exclude themselves from the Settlement Class, and/or object to the Settlement Agreement; (8) staying all non-settlement related proceedings in the Action against the App Defendants pending final approval of the Settlement Agreement; and (9) scheduling a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine whether the Settlement Agreement is fair, reasonable, and adequate and should be finally approved as well as a hearing on Class Counsel's motion for an award of attorneys' fees, costs and Representative Plaintiffs' enhancement awards.

   The grounds for this motion are that the Settlement Agreement is within the range of reasonableness to be finally approved as fair, adequate and reasonable in all respects.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Settlement Agreement filed herewith, the accompanying Declarations of David M. Given, Michael von Loewenfeldt, Jeff Edwards, Carl Schwenker, and Jennifer Sarnelli, the papers and records on file in this Action, and such other written and oral arguments as may be presented at or before the hearing to the Court.

Dated:  April 3, 2017

/s/  David M. Given_____
David M. Given
Nicholas A Carlin
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA 94129
Tel: (415) 398-0900

Michael von Loewenfeldt
James M. Wagstaffe
Frank Busch
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel: (415) 371-8500
Fax: (415) 371-0500

*Interim Co-Lead Counsel for Plaintiffs*

Carl F. Schwenker (admitted *pro hac vice*)
LAW OFFICES OF CARL F. SCHWENKER
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel: (512) 480-8427
Fax: (512) 857-1294

*Plaintiffs' Liaison Counsel*

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, ETC.
Case No. 13-cv-00453-JST

1

2
Jeff Edwards (admitted *pro hac vice*)

3
EDWARDS LAW
The Haehnel Building

4
1101 East 11th Street
Austin, TX 78702

5
Tel: (512) 623-7727
Fax: (512) 623-7729

6

7
Jennifer Sarnelli (SBN 242510)

8
GARDY & NOTIS, LLP
Tower 56

9
126 East 56th Street, 8th Floor
New York, NY 10022

10
Tel: (212) 905-0509
Fax: (212) 905-0508

11

12
*Plaintiffs' Steering Committee*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, ETC.**
**Case No. 13-cv-00453-JST**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ..................................................................................................2

    A. Procedural History...........................................................................................2

    B. Counsel's Investigation and Discovery ..........................................................3

    C. Settlement Negotiations ..................................................................................4

III. TERMS OF THE SETTLEMENT ....................................................................4

    A. Provisional Certification of the Settlement Class ...........................................5

    B. Benefits to the Settlement Class .....................................................................6

        1. The Settlement Account and Contingent Payment ...............................6

            a. The Claim Process ..................................................................6

            b. Payments to Settlement Class Members ................................7

    C. Notice Plan ......................................................................................................8

        1. Settlement Website and Full Notice .....................................................8

        2. Direct Email Notice .............................................................................8

        3. Twitter "Promoted Tweet" Notice .......................................................9

    D. Opt-Out Procedure ..........................................................................................9

    E. Opportunity to Object ....................................................................................10

    F. Payment of Attorneys' Fees, Costs, and Expenses .......................................10

    G. Incentive Awards for Representative Plaintiffs .............................................10

    H. Release ...........................................................................................................10

IV. LEGAL ARGUMENT .......................................................................................11

    A. Class Action Settlement Procedure ...............................................................11

    B. The Proposed Settlement Class Should be Certified .....................................11

    C. Standards for Preliminary Settlement Approval ............................................12

    D. The Proposed Settlement Agreement Is Within the Range of Reasonableness ...............................................................................................14

    E. The Proposed Notice Plan Should be Approved ...........................................17

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

F.   The Proposed Plan of Distribution Is Fair, Reasonable, and Adequate ............18

G.   The Court Should Set a Final Approval Hearing Schedule ..............................19

V.   CONCLUSION ………………….. ...................................................................20

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax:  415-398-0911

ii

1

## TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

*Amchem Prods. v. Windsor*,
  521 U.S. 591 (1997) ...................................................................................17

5

*Churchill Village v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004)........................................................…. *passim*

6

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992)................................................................ 11, 12

7

8

*Create-A-Card v. Intuit*,
  2009 U.S. Dist. LEXIS 93989 (N.D. Cal. Sept. 22, 2009)................................ 14

9

*Cummings v. Connell*,
  402 F.3d 936 (9th Cir. 2005) ...................................................................... 16

10

11

*Fraley v. Facebook*,
  966 F. Supp. 2d 939 (N.D. Cal. 2013)........................................................... 11

12

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)...................................................................... 13

13

14

*In re Am. Family Enterprises*,
  256 B.R. 377, 425 (D.N.J. 2000) ................................................................. 16

15

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  2017 WL 565003 (N.D. Cal. Feb. 13, 2017) ................................................... 13

16

17

*In re Citric Acid Antitrust Litig.*,
  145 F. Supp. 2d 1152 (N.D. Cal. 2001) ......................................................... 18

18

*In re Oracle Sec. Litig.*,
  U.S. Dist. LEXIS 21593 (N.D. Cal. June 16, 1994)........................................... 18

19

20

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ..................................................................... 12

21

*Linney v. Cellular Alaska*,
  Dist. LEXIS 24300 (N.D. Cal. July 18, 1997) .................................................. 14

22

23

*Mangone v. First USA Bank*,
  206 F.R.D. 222 (S.D. Ill. 2001) ................................................................... 16

24

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F. 2d 615, 625 (9th Cir. 1982)............................................................... 12

25

26

*Saint v. BMW of N. Am., LLC*,
  2015 WL 2448846 (D.N.J. May 21, 2015) ..................................................... 16

27

*Tableware Antitrust Litigation*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007).......................................................... 13

28

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax:  415-398-0911

*Torrisi v. Tucson Elec. Power*,
    8 F.3d 1370 (9th Cir. 1993)......................................................................13

*Vasquez v. Coast Valley Roofing*,
    670 F. Supp. 2d 1114 (E.D. Cal. 2009) ..................................................13

**RULES**

Fed. R. Civ. P. 23………………………………………………………*passim*

**OTHER AUTHORITIES**

MANUAL FOR COMPLEX LITIGATION
    § 13.14 at 173 (4th ed. 2002)................................................................13

MANUAL FOR COMPLEX LITIGATION
    §§ 21.63 *et seq*. (4th ed. 2004) ............................................................11

4 NEWBERG ON CLASS ACTIONS
    §§ 11.22, *et seq*. (4th ed. 2002) ...........................................................11

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax:  415-398-0911

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, ETC.**
**Case No. 13-cv-00453-JST**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  415-398-0900 – Fax:  415-398-0911

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs, on behalf of themselves and all Settlement Class Members (as defined below), respectfully submit for the Court's preliminary approval a proposed Class Action Settlement Agreement (the "Settlement Agreement" filed herewith) resolving the above-captioned action against Defendants Foodspotting, Inc. ("Foodspotting"), Foursquare Labs, Inc. ("Foursquare"), Gowalla, Inc. ("Gowalla"), Instagram, LLC ("Instagram"), Kik Interactive, Inc. ("Kik"), Kong Technologies, Inc. (formerly known as Path, Inc.) ("Path"), Twitter, Inc. ("Twitter") and Yelp! Inc. ("Yelp") (collectively, the "App Defendants").

Pursuant to the terms of the Settlement Agreement, the App Defendants will pay $5.3 million to establish a non-reversionary common fund from which Settlement Class Members who submit valid claims will be sent cash or cash-equivalent payments on a per app basis.  The majority of the costs of administration shall be borne by the App Defendants on top of the foregoing amount.

The Settlement Agreement will end the case against the App Defendants for invasion of privacy/intrusion upon seclusion and against Apple for aiding and abetting the same.  The misrepresentation case against Apple will continue.

The Settlement Agreement is the product of protracted and highly adversarial litigation, spanning five years and reflected in the case's procedural history before the Court, together with extensive and complex negotiations between and among the parties and their experienced and informed counsel.  Included in those negotiations was the involvement of a neutral third-party mediator, the Honorable William J. Cahill (Ret.), from JAMS.

 The Settlement Agreement falls well within the "range of reasonableness" applicable at the preliminary approval stage.  The App Defendants deny that they are liable or that any class member was harmed, but do not oppose this motion and will cooperate in the settlement process. Plaintiffs and their undersigned counsel believe the Settlement Agreement to be in the best interests of the Settlement Class Members and wish to begin the court approval process required

for all class action settlements.  Accordingly, Plaintiffs respectfully request that the Court grant this motion.

## II.    BACKGROUND

### A.    Procedural History

The main *Opperman* case began in March 2012 in the federal district court in Austin, Texas.  ECF No. 1.  It followed public news reporting about the uploading of iDevice users' address book data by certain apps available on the Apple App Store without users' knowledge or consent.  ECF No. 1.  Federal Trade Commission and Congressional inquiries ensued.  ECF No. 1.

Additional cases were filed in this District shortly after *Opperman*.  ECF No. 401.  In January 2013, the federal court in Austin transferred *Opperman* to this District, finding it a more convenient forum.  ECF No. 218.  The court here eventually related the various cases, and assigned the matter to the Honorable Jon S. Tigar.  ECF No. 322.  In October 2013, the Court named co-lead counsel and appointed a Plaintiffs' Steering Committee.  ECF No. 400.

The parties engaged in almost three years of Rule 12 motion practice beginning in the Austin federal court.  In August 2013, in the related *Pirozzi* case, the Court sustained all but one of the claims made against Apple from various legal attacks.  ECF No. 55.  In May 2014, the Court issued a 55-page decision dealing with various legal attacks on the first consolidated amended complaint in the case.  ECF No. 67.

In June 2014, Plaintiffs filed their operative pleading, the Second Consolidated Amended Complaint ("SCAC"), asserting claims against the App Defendants for invasion of privacy/intrusion on seclusion and conversion, as well as various claims against Apple.  ECF No. 478.  The App Defendants and Apple responded with nine separate motions to dismiss.  On March 23, 2015, following extensive briefing and hearing, the Court issued an order denying the bulk of these motions, granting dismissal of Plaintiffs' conversion claim and finding, among other things, that Plaintiffs adequately pled a claim for invasion of privacy/intrusion on seclusion against the App Defendants and for aiding and abetting on the part of Apple in connection therewith.  ECF No. 543.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

In November 2015, Plaintiffs Carter, Cooley and Green moved for class certification against Path and Apple.  ECF No. 585.  In July 2016, the Court granted in part and denied in part that motion, certifying nominal and punitive damage claims against Path and Apple for a class of users of the Path mobile app who had their address book data uploaded from their iDevices between November 2011 and February 2012.  ECF No. 761.  Plaintiffs opposed, and the Ninth Circuit subsequently denied Apple's Rule 23(g) appeal of that order.  ECF No. 848.

In August 2016, several Plaintiffs filed an omnibus motion for class certification against five of the remaining App Defendants and Apple on their invasion of privacy and aiding and abetting claims.  ECF No. 799.  At the same time, several Plaintiffs moved for class certification against Apple on their false advertising claims.  ECF No. 801-3.  The present motion moots the former; the latter certification motion remains pending.

In September 2016, after extensive briefing and argument, the Court issued an order denying Yelp's motion for summary judgment.  ECF No. 828.

As of this writing, the docket in the *Opperman* case alone, apart from the other related cases, has almost 900 entries/filings.

**B.      Counsel's Investigation and Discovery**

Formal discovery in the *Opperman* case began in August 2015.  Given Decl. at ¶ 7. Since that time, counsel have defended a dozen-plus Plaintiff depositions (some Plaintiffs were deposed more than once), have responded to hundreds of written discovery requests, have supervised the forensic imaging of Plaintiffs' respective iDevices, have posed hundreds of written discovery requests to the App Defendants, have reviewed those requests and conducted all follow up meet and confer to them, have organized and reviewed tens of thousands of pages of documents produced in the case and have spent hundreds of thousands of dollars in out-of-pocket costs in prosecuting the action.  Id.

Counsel have thus far taken the depositions of three Apple employees, one Twitter employee and two Path employees.  Id. at ¶ 8.  The parties had scheduled several more depositions but those came off calendar when the parties set their mediation with Judge Cahill. Id.  Over the course of these proceedings, various discovery disputes made their way to the

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, ETC.**
**Case No. 13-cv-00453-JST**

1    Court, including an all-day meet and confer held at the courthouse under Magistrate Judge

2    Spero's supervision.  Id.

3         Counsel retained a source code expert as well as two damages experts; all of Plaintiffs'

4    experts proffered expert reports or opinions to the Court, and all have been deposed.  Id. at ¶ 9.

5    (One of the two damages experts gave a declaration in support of the motion to certify the false

6    advertising class against Apple.  ECF No. 802-3.)  Plaintiffs' source code expert reviewed,

7    analyzed and reported to counsel upon each of the App Defendants' source code versions

8    produced to Plaintiffs.  Given Decl. at ¶ 9.  Much of that review required onsite visits to secure

9    rooms, as well as counsel's presence.  Id.

10        **C.    Settlement Negotiations**

11        Informal settlement discussions between and among the parties took place throughout

12   this litigation.  Given Decl. at ¶ 10.  The parties first engaged in formal mediated negotiations

13   beginning Nov. 1, 2016 with the Honorable William J. Cahill (Ret.) at JAMS in San Francisco.

14   Id.  Two of the smaller defendants had reached tentative agreements with Plaintiffs prior to the

15   formal joint mediation.  Id.

16        Between that date and the Jan. 2017 notice to the Court of the parties' tentative

17   settlement (ECF No. 856), the parties met two more times with Judge Cahill for a total of three

18   in-person sessions, and engaged in numerous telephone and email communications with him on

19   the nature and scope of their agreement.  Id. at ¶ 11.  The parties also exchanged mediation

20   briefs as well as additional data and other information pertaining to class size and membership

21   beyond that contained in formal discovery responses.  Id.  Drafting of the settlement agreement

22   consumed another several weeks, with various iterations exchanged between attorneys for the

23   respective parties before reaching the document proffered to the Court for approval.  Id.

24   **III.    TERMS OF THE SETTLEMENT**

25        The Settlement Agreement resolves the claims of Plaintiffs and the Settlement Class

26   against the App Defendants.  The details are contained in the Settlement Agreement, the key

27   terms of which are described below.

28

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

## A.   Provisional Certification of the Settlement Class

Plaintiffs seek provisional certification of a Settlement Class, defined in Section 1.36 of the Settlement Agreement.  The proposed Settlement Class includes all natural persons in the United States meeting one or more of the following class definitions:

(A) who received from Apple's App Store a copy of versions 2.5 through 3.1 of the iOS mobile application entitled **Foodspotting**, and activated via such App on their Apple iDevice the "Find iPhone Contacts" feature of the Foodspotting mobile application between August 9, 2011 and February 19, 2012 (the "Foodspotting Class Period");

(B) who received from Apple's App Store one or more of versions 1.1 through 4.2 of the iOS mobile application entitled **Foursquare**, and did one or both of the following between April 4, 2009 and February 14, 2012 (the "Foursquare Class Period"): (1) for versions 1.1 through 4.2, activated via such App on their Apple iDevice (iPhone, iPad, iPod Touch) the "Add Friends" feature of the Foursquare mobile application or (2) for versions 3.1 through 4.2, registered via their iDevice as a Foursquare user through the Foursquare mobile application;

(C) who received from Apple's App Store one or more of versions 1.5.0 through 4.1 of the iOS mobile application entitled **Gowalla**, and did one or both of the following within the Gowalla mobile application between February 23, 2010 and February 23, 2012 (the "Gowalla Class Period"): (1) selected a checkbox stating "Automatically connect with friends from my address book" and then depressed a "Let's Get Started" button; (2) depressed a "Find Friends" button and then depressed an "Address Book" button;

(D) (i) owned an Apple iDevice on which he or she registered an account for any of the versions 1.0.0 through 2.0.7 of the **Instagram** App obtained from the Apple App Store; (ii) utilized the Find Friends feature of the Instagram App between October 6, 2010 and February 10, 2012 (the "Instagram Class Period"); and (iii) resided within the United States at the time he or she registered an Instagram account and used the Find Friends Feature;

(E) (i) owned an Apple iDevice on which he or she downloaded from Apple App Store, installed, and registered an account on the **Kik** App; (ii) installed version 5.4.0 of the Kik App; (iii) after installing version 5.4.0, utilized the Suggested Friends feature of the Kik App between December 22, 2011 and February 11, 2012 (the "Kik Class Period"); (iv) as a result of such use of the Suggested Friends Feature, had contacts data uploaded to Kik's servers in non-hashed format; and (v) resided within the United States at the time he or she registered a Kik account and used the Suggested Friends Feature;

(F) who received from Apple's App Store a copy of version 2.0 through 2.0.5 of the iOS mobile application entitled **Path**, and who were Path registrants and activated via such App on their Apple iDevice the Path mobile application between November 29, 2011 and February 7, 2012 (the "Path Class Period");

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

5

(G) who received preinstalled on an Apple iDevice and/or from Apple's App Store between March 11, 2011 and February 21, 2012 (the "Twitter Class Period") a copy of versions 3.3 through 4.0.1 of the iOS mobile application entitled **Twitter**, and activated via such App on their Apple iDevice the "Find Friends" feature of the Twitter mobile application; and/or

(H) who received from Apple's App Store a copy of versions 4.0.0 through 5.6.0 of the iOS mobile application entitled **Yelp**, and activated via such App on their Apple iDevice the "Find Friends" feature of the Yelp mobile application between January 16, 2010 and February 22, 2012 (the "Yelp Class Period").

The settlement class definition comes directly from Plaintiffs' class certification motion(s).  In the case of Path, the definition mirrors the one the Court accepted for certification. ECF No. 761, at 28.  The others track those proposed in the omnibus motion.  ECF No. 870-1, at 2.  The settlement class definition deviates from the class proposed in the Second Consolidated Amended Complaint (ECF No. 478) only in that it is more narrowly tailored, due to the benefit of the extensive discovery conducted in this case.

**B.      Benefits to the Settlement Class**

**1.      The Settlement Account and Contingent Payment**

Pursuant to Section 1.37 of the Settlement Agreement, the App Defendants will establish a non-reversionary Settlement Account of $5.3 Million Dollars to be used for: (a) providing compensation to Settlement Class Members and (b) in the case of Foodspotting, Gowalla, Yelp, and Twitter (to the extent Twitter's pro-rated administration costs exceed $125,000), payment of a share of Settlement Administration and Notice Expenses, including the costs of disseminating notice, processing Claim Forms and requests for exclusion, administering payments to Settlement Class Members, and other costs incurred in performing the obligations of the Settlement Administrator.  (Settlement Agreement, §§ 1.37, 2.1-2.3, 5.1-5.1.4.)  Any fee and cost award to Class Counsel and incentive awards to Plaintiffs shall also be paid from the Settlement Account.  (Settlement Agreement, § 8.3.)

**a.      The Claim Process**

Pursuant to the proposed Plan of Allocation contained in Section 7 of the Settlement Agreement, to receive payment under the Settlement, Settlement Class Members must timely submit a valid Electronic Claim Form through the Settlement Website.  (Settlement Agreement,

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

§ 7.1.)  A proposed Electronic Claim Form is attached as Exhibit A to the Settlement

Agreement.  (Settlement Agreement, § 1.8.)  The deadline for submitting claims will be one-

hundred and twenty (120) days after entry of the proposed Preliminary Approval Order or such

other deadline as is set by the Court.  (Settlement Agreement, § 1.1.)

Upon receipt of a completed Electronic Claim Form, the Settlement Administrator shall

cause an automated response to be sent to the Settlement Class Member via email, confirming

receipt of the completed form.  (Settlement Agreement, § 7.3.)  After final approval, the

Settlement Administrator will calculate the value of each share and disclose those calculations to

Remaining App Developer Defendants' Counsel and Co-Lead Class Counsel, and then

distribute payment to each Settlement Class Member who timely submitted a valid Electronic

Claim Form ("Eligible Claimant").  (Settlement Agreement, §§ 7.7, 7.8.)

### b.    Payments to Settlement Class Members

Pursuant to the proposed plan of allocation contained in Section 7 of the Settlement

Agreement, Eligible Claimants shall be sent payment via either (1) a physical postcard check,

valid for ninety (90) days, or (2) Electronic Payment in the form of a code for cash value credit

on Amazon.com. (Settlement Agreement, §§ 7.4, 7.8.)[1]  Where an Eligible Claimant elects to

receive a postcard check, the amount of $0.35 shall be deduced to cover the cost of postage, and

the incremental cost over the cost of electronic distribution shall be deducted from the common

fund.  (Settlement Agreement, §§ 7.4, 5.1.3.2(B).)  This option is only designed for people who

do not shop at Amazon.com because sending physical checks to all claimants would be cost

prohibitive.  Given Decl. at ¶ 15.

Each Eligible Claimant is entitled to one share for each App designated on their

Electronic Claim Form, subject to a maximum of eight shares per Eligible Claimant.

(Settlement Agreement, § 7.5.)  Payments from the Settlement Fund shall be distributed *pro rata*

to each Eligible Claimant based on the total number of shares eligible for distribution.

(Settlement Agreement, §§ 7.4, 7.7.)  Distribution of payments to Eligible Claimants shall be

---

[1]    Payments made with Amazon.com credits do not expire.  Given Decl. at ¶ 15.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

completed within thirty (30) days after the Effective Date, as defined in Section 1.7 of the Settlement Agreement.  (Settlement Agreement, §§ 7.9, 1.7.)

Any funds from checks not cashed within ninety (90) days of issuance and funds from failed Electronic Payments shall be distributed on a cy pres basis to the Electronic Frontier Foundation ("EFF") after first receiving permission of the Court to do so.[2]  (Settlement Agreement, § 7.10.)

## C.    Notice Plan

Pursuant to the proposed notice plan contained in Section 5 of the Settlement Agreement, the parties have designed a plan to give Settlement Class Members the best notice practicable of the Settlement Agreement, the claims process and deadline, Class Counsel's fee application, and their opt-out and objection rights.  As set forth below, the Notice Plan will be administered with the help of an independent, and highly qualified, Settlement Administrator, and will consist of several parts.

### 1.    Settlement Website and Full Notice

Within thirty (30) days after entry of the Preliminary Approval Order, the Settlement Administrator will set up the Settlement Website and a toll-free number.  (Settlement Agreement, § 5.3.)  The Settlement Website will post notice generally describing the terms of the Settlement, including the proposed Plan of Allocation, and the terms of the Co-Lead Class Counsel's anticipated Fee and Expense Application ("Full Notice").  (Settlement Agreement, § 1.16.)  The Full Notice will be published on the Settlement Website; a proposed Full Notice is attached as Exhibit B to the Settlement Agreement.  (Settlement Agreement, § 5.3.)

### 2.    Direct Email Notice

Within fifteen (15) days after the entry of the Preliminary Approval Order, each Remaining App Developer Defendant shall provide the Settlement Administrator with a list of Settlement Class Members, including their names, usernames, email addresses, or, for Twitter,

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  415-398-0900 – Fax:  415-398-0911

---

[2]     EFF is the leading nonprofit organization defending civil liberties in the digital world. Founded in 1990, EFF champions user privacy, free expression, and innovation through impact litigation, policy analysis, grassroots activism, and technology development. *See* Electronic Frontier Foundation, *About Us*, https://www.eff.org/about (last visited on March 27, 2017).

Twitter Handles, to the extent this information is in the Remaining App Developer Defendants' possession.  (Settlement Agreement, § 4.1.)  To the extent any Remaining App Developer Defendant is unable to provide email addresses (or, for Twitter, handles), the parties will meet and confer regarding alternative contact information to be provided to the Settlement Administrator pursuant to Section 4.1.1 of the Settlement Agreement. (Settlement Agreement, § 4.1.1.)

Within sixty (60) days after entry of the Preliminary Approval Order, the Settlement Administrator will send notice summarizing the proposed Settlement terms ("Summary Notice") by email to the Settlement Class Members.  (Settlement Agreement, § 5.2.2.)  A proposed Summary Notice to be sent via email is attached as Exhibit C to the Settlement Agreement. (Settlement Agreement, § 1.40.1.)

### 3.      Twitter "Promoted Tweet" Notice

Within thirty (30) days after entry of the Preliminary Approval Order, the Settlement Administrator shall use the Twitter account @settlementnews (or other mutually agreeable account) as a Twitter advertiser and shall send a Summary Notice using Twitter's Promoted Tweet's product to all potential class members for whom a Twitter handle is provided. (Settlement Agreement, § 5.2.1.)  A proposed Summary Notice to be published via Promoted Tweet is attached as Exhibit D to the Settlement Agreement. (Settlement Agreement, § 1.40.2.)

### D.      Opt-Out Procedure

Under Section 6.2 of the Settlement Agreement, any person within the definition of the Settlement Class may request to be excluded from the Settlement Class by sending a written request to the Settlement Administrator postmarked on or before a date no later than sixty (60) days after the Notice date (the "Opt-Out Deadline").  (Settlement Agreement, §§ 1.22, 6.2.) Valid requests must include the information prescribed by the Notice, including a statement that the person sending the request wishes to be excluded from the Settlement Class.  (Settlement Agreement, § 6.2.)

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

E.      **Opportunity to Object**

Under Section 6.1 of the Settlement Agreement, any person within the definition of the Settlement Class who does not timely and validly request to be excluded may object to the Settlement, Class Counsel's fee application, and/or the amount requested for incentive awards for the Representative Plaintiffs.  (Settlement Agreement, § 6.1.)  To be considered, an objection must be filed with the Court, and must be in writing, personally signed by the objector, and include the information prescribed by the Notice.  (Settlement Agreement, § 6.1.)

F.      **Payment of Attorneys' Fees, Costs, and Expenses**

Under Section 8 of the Settlement Agreement, Class Counsel will petition the Court for reasonable attorneys' fees, costs, and expenses.  (Settlement Agreement, § 8.1.)  Should the Court award less than the amount sought in the petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Account to pay Eligible Claimants.  (Settlement Agreement, §§ 8.2, 8.3.)

G.      **Incentive Awards for Representative Plaintiffs**

Under Section 9 of the Settlement Agreement, Class Counsel are entitled to petition the Court for an Incentive Award for each Representative Plaintiff.  (Settlement Agreement, § 9.1.) Should the Court award less than the amount sought in the petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Account to pay Eligible Claimants.  (Settlement Agreement, §§ 9.2, 9.3.)  The Incentive Award is designed to reward the class representatives for their service on behalf of the Settlement Class.

H.      **Release**

Under Section 11 of the Settlement Agreement, in exchange for the benefits provided pursuant to the Settlement Agreement, Settlement Class Members who have not excluded themselves from the Settlement by the Opt-Out Deadline ("Releasing Persons") will release the Remaining App Developer Defendants and all related parties and Apple, Inc. ("Released Persons") from all claims that were or could have been asserted arising from or related to allegations in the pending lawsuit regarding the alleged misappropriation and misuse of Plaintiffs' private address book data.  (Settlement Agreement, §§ 1.28, 1.29, 11.1, 11.3.)

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

Apple, Inc. shall be released by this agreement as to the aiding and abetting claims, but not as to Plaintiffs' separate misrepresentation claims against Apple.  (Settlement Agreement, § 1.28.)

## IV.   LEGAL ARGUMENT

### A.   Class Action Settlement Procedure

A class action may not be settled without the approval of the Court.  Fed. R. Civ. P. 23(e); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1289 (9th Cir. 1992); *Fraley v. Facebook*, 966 F. Supp. 2d 939, 941 (N.D. Cal. 2013).

Judicial proceedings under Rule 23 have led to a defined three-step procedure for approval of class action settlements:

> (1)    Certification of a settlement class and preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

> (2)    Dissemination of notice of the proposed settlement to the affected class members; and

> (3)    A formal fairness hearing, or final settlement approval hearing, at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement are presented.

See *Manual for Complex Litigation*, §§ 21.63 et seq. (4th ed. 2004).  This procedure safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests.  See 4 *Newberg on Class Actions*, §§ 11.22, et seq. (4th ed. 2002) (describing class action settlement procedure).

By this motion, Plaintiffs request that the Court take the first step in the settlement approval process and preliminarily approve the parties' proposed Settlement Agreement.

### B.   The Proposed Settlement Class Should be Certified

Provisional certification of the Settlement Class as defined for settlement purposes is appropriate because Rule 23(a) and Rule 23(b)(3) are satisfied.  The Court ruled upon this subject in connection with the Path class certification motion (ECF No. 761), and at the time of the Settlement Agreement it had pending before it an omnibus motion for class certification

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

11

1    addressing the subject for the other App Defendants with the exception of Foodspotting and

2    Gowalla, who had settled (ECF No. 870).

3         The Settlement Class includes an estimated seven million eligible claimants.[3]  Given

4    Decl. at ¶ 12.  However, that figure embodies multiple counting for individuals who may have

5    downloaded more than one charged app – for example, all but one of the Plaintiffs fit within this

6    category.  Id.

7         In any event, commonality, typicality and predominance are all met for reasons

8    previously set out for the Court in Plaintiffs' class certification motions.  Similarly, Plaintiffs

9    and Class Counsel have previously demonstrated that they will fairly and adequately protect the

10   interests of Settlement Class Members.  ECF No. 761.

11        For all the reasons stated previously, Plaintiffs respectfully submit that the Court approve

12   certification of the proposed Settlement Class.

13   **C.**   **Standards for Preliminary Settlement Approval**

14        Rule 23(e) requires that any settlement of claims brought on a class basis be approved by

15   the Court.  There is "a strong judicial policy that favors settlements, particularly where complex

16   class action litigation is concerned."  *City of Seattle*, 955 F.2d at 1276.  See also *In re Syncor*

17   *ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Churchill Village v. Gen. Elec.*, 361 F.3d

18   566, 576 (9th Cir. 2004).

19        Courts recognize that as a matter of sound policy, settlements of disputed claims are

20   encouraged and a settlement approval hearing should "not [] be turned into a trial or rehearsal

21   for trial on the merits."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F. 2d 615, 625 (9th Cir.

22   1982), cert. denied, 459 U.S. 1217 (1983).  The Court must give "proper deference" to the

23   Settlement Agreement, because "intrusion upon what is otherwise a private consensual

24

25   [3]   The class lists provided by the App Defendants will be over-inclusive because (1) two of
26   the App Defendants cannot presently segregate class members from their general user base as of
     the relevant period, and (2) many of the other App Defendants cannot segregate persons who
27   used an Android device instead of an Apple iOS device or who reside outside of the United
     States from their lists of persons who triggered the find friends feature in the manner challenged
28   in this case.  As a result, the Notice will be sent to an over-inclusive list to make sure all class
     members receive notice.  Given Decl. at ¶ 13; von Loewenfeldt Decl. at ¶ 14.  The simple online
     claim form allows individuals receiving the notice to confirm their class membership.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: 415-398-0900 – Fax: 415-398-0911

12

agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (quotation omitted).

The purpose of the Court's preliminary evaluation of the proposed Settlement Agreement is to determine whether it is within "the range of reasonableness," and thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile.  "Preliminary approval of a settlement is appropriate if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'  The proposed settlement need not be ideal, but it must be fair and free of collusion, consistent with counsel's fiduciary obligations to the class." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-CV-2058 JST, 2017 WL 565003, at *3 (N.D. Cal. Feb. 13, 2017) (citations omitted). Application of the pertinent factors here support an order granting the motion for preliminary approval.  *Churchill*, 361 F.3d at 575; see also *Torrisi v. Tucson Elec. Power*, 8 F.3d 1370, 1375 (9th Cir. 1993).

At the preliminary approval stage, a final analysis of the settlement's merits is premature.  A more detailed assessment of those merits is reserved for final approval, after class notice has been sent and class members have had the opportunity to object to, or opt out of, the settlement.  See, e.g., *Tableware Antitrust Litigation*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *Vasquez v. Coast Valley Roofing*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009); Manual for Complex Litigation, § 13.14 at 173 ("First, the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.").  Nonetheless, as shown below, the proposed Settlement is fair, reasonable and adequate.  In the event, the Court should allow the proposed Notice Plan to go forward.

13

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

**D.     The Proposed Settlement Agreement Is Within the Range of Reasonableness**

The proposed Settlement Agreement meets the standards for preliminary approval.  As a preliminary matter, the Settlement Agreement is entitled to "an initial presumption of fairness" because it is the result of arm's length negotiations among experienced counsel, facilitated by an experienced and respected mediator, occurring after the parties completed significant formal fact discovery and Plaintiffs tested the bona fides of one class certification motion and the App Defendants tested the bona fides of one summary judgment motion.  *Create-A-Card v. Intuit*, No. 07-6452, 2009 U.S. Dist. LEXIS 93989, at *8-9 (N.D. Cal. Sept. 22, 2009) ("This Court begins its analysis with a presumption that a class settlement is fair and should be approved if it is the product of arm's length negotiations conducted by capable counsel with extensive experience in complex class action litigation."); *Linney v. Cellular Alaska*, No. 96-3008, 1997 U.S. Dist. LEXIS 24300, at *16 (N.D. Cal. July 18, 1997) ("The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair."), aff'd, 151 F.3d 1234 (9th Cir. 1998).

Applying the pertinent *Churchill* factors, the Settlement Agreement is clearly within the range of reasonableness.

Strengths and risks of Plaintiffs' case – While the Settlement Agreement provides the Settlement Class with a recovery consistent with this Court's prior ruling concerning nominal damages, the outcome of a trial – and any subsequent appeals – is highly uncertain and in any event would substantially delay any recovery achieved.  While Plaintiffs defeated Yelp's "bell-weather" summary judgment motion, liability remains highly disputed in the case.  So does the question of whether claims of some or all of the Settlement Class should be certified.  As the Court is well aware, throughout this litigation the App Defendants have vigorously contested both their liability and Plaintiffs' ability to certify the asserted claims for class treatment, and have promised serial motion practice to test these propositions.  ECF No. 617 (Tr.), at pg. 29, ¶¶ 1-25, pg. 30, ¶¶ 1-23, pg. 31, ¶¶ 16-24, pg. 33, ¶¶ 2-9, 11-23.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax:  415-398-0911

Risk of maintaining class action status to trial – The Court has certified one nominal

damages class against Path on Plaintiffs' invasion of privacy/intrusion upon seclusion claim.

ECF No. 761.  Plaintiffs have pending an omnibus motion against five of the remaining seven

App Defendants who propose to settle.  ECF No. 870.  While Plaintiffs' counsel is confident of

their position on class certification with regard to the other App Defendants, there are risks

relating to certifying additional classes in the case.  See, e.g., Given Decl. at ¶ 16 (discussing

ascertainability issues).  Moreover, case law continues to evolve in this area.

Amount offered in settlement – The consideration – a $5.3 million cash fund for a class

of approximately seven million or less – is substantial, particularly in light of the Court's prior

ruling concerning nominal damages, the very real risk that the jury could find no liability or

award no damages, and the fact that any jury verdict would be subject to appellate review.

Relevant points of comparison indicate that the amount in settlement is in excess on a per head

basis than settlements approved by this District in other data privacy matters.  Given Decl. at ¶¶

15 & 16.

The Settlement Agreement treats all class members and apps equally.  Doing so is fair

because nominal damages are not intended to compensate or be dependent on a defendant's

degree of fault.  As the Ninth Circuit has explained,

> Nominal damages, as the term implies, are in name only and
> customarily are defined as a mere token or "trifling." . . .
>
> ***
>
> An award of nominal damages is intended to serve as a symbol that
> defendant's conduct resulted in a technical, as opposed to
> injurious, violation of plaintiff's rights.  Nominal damages are not
> intended to compensate a plaintiff for injuries, nor to act as a
> measure of the severity of a defendant's wrongful conduct.
> Recovery of nominal damages is important not for the amount of
> the award, but for the fact of the award. Indeed, nominal damages
> do not measure anything.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

*Cummings v. Connell*, 402 F.3d 936, 945 (9th Cir. 2005) (citations omitted).  As the Court has previously noted, the nature of nominal damages erases many of the potential distinctions in this case. [4]  (ECF No. 763, at pg. 26, fn 12.)

The extent of discovery completed and stage of proceedings – As detailed above and in the supporting declarations, extensive discovery has occurred in the case against the App Defendants.  Plaintiffs and their counsel consulted with source code and damages experts.  They also had the benefit of the Court's views on the matter in rulings on liability and class certification.  The information revealed in discovery as well as their experts' review and analysis of same, together with the Court's rulings, provided Plaintiffs and their counsel with a sufficient baseline to evaluate the strengths and weaknesses of Plaintiffs' claims and the benefits of the proposed Settlement Agreement.

The experience and views of lead counsel – Plaintiffs and the Class Members are represented in this case by lead counsel who have significant experience in complex class action litigation, have negotiated other substantial class settlements, and have the ability to litigate this case on a classwide basis together with the other members of the Plaintiffs' Steering Committee if a fair settlement were not offered.  Given Decl. at ¶¶ 1-3; von Loewenfeldt Decl. at ¶¶ 1-4; Edwards Decl. at ¶¶ 1-4; Schwenker Decl. at ¶¶ 1-4; Sarnelli Decl. at ¶¶ 1-3.  Counsel were satisfied with the Settlement Agreement only after conducting intensive settlement negotiations and thorough investigation into the factual and legal issues raised in this case, the latter of which were thoroughly vetted by Plaintiffs' counsel and tested by the Court.  Given Decl. at ¶ 18; von Loewenfeldt Decl. at ¶ 19; Edwards Decl. at ¶ 5-17; Schwenker Decl. at ¶¶ 5-7, 9, 13; Sarnelli Decl. at ¶ 4.  In negotiating and evaluating the Settlement Agreement, counsel relied upon their

---

[4]	Nor do potential differences in theoretical punitive damage claims require distinctions be drawn between defendants.  *Saint v. BMW of N. Am., LLC*, No. CIV.A. 12-6105 CCC, 2015 WL 2448846, at *9 (D.N.J. May 21, 2015) ("the mere possibility of punitive or multiple damages is not an appropriate measure of the Settlement's reasonableness"); *Mangone v. First USA Bank*, 206 F.R.D. 222, 229 (S.D. Ill. 2001) ("Punitive damages are generally not appropriate in measuring the fairness of a proposed class action settlement.")) (citing cases); *In re Am. Family Enterprises*, 256 B.R. 377, 425 (D.N.J. 2000) ("However, single damages, not treble or punitive damages, are the appropriate yardstick by which the fairness of a proposed class action settlement should be measured.").

16

investigation and drew on their experience, skill and expertise in determining that the Settlement Agreement was fair, reasonable and adequate.  Given Decl. at ¶ 19; von Loewenfeldt Decl. at ¶ 20.  While lead counsel believe that they can overcome the various defenses of the App Defendants, they are indicative of the risks, hurdles, and delays that Plaintiffs and the Class face should this matter proceed in litigation.  Given Decl. at ¶ 19; von Loewenfeldt Decl. at ¶ 20.  Lead counsel believe that the proposed Settlement Agreement provides considerable monetary relief for Settlement Class Members in light of the Court's order regarding nominal damages, while allowing them to avoid the risks of unfavorable, and in some cases possibly dispositive, rulings on these and other issues.  Given Decl. at ¶ 20; von Loewenfeldt Decl. at ¶ 21.

**E.     The Proposed Notice Plan Should Be Approved.**

Rule 23(e)(1) states that, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise."  Notice to the class must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B); see also *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997).

Here, Settlement Class Members will receive the Notice and Claim Form by email and/or tweet notice as provided in Section 5.2.2 of the Settlement Agreement.  For those App Defendants who can identify the specific users who had their address book data uploaded by one of their charged apps, those users will get such direct individual email notice.  For those who cannot, there will be the same direct, individual email notice but to every user who downloaded and registered for that charged app during the Class Period; in this respect, the notice will be over-inclusive, since some who downloaded and registered for a given app may not have had their address book data uploaded by that app.  Given Decl. at ¶¶ 13, 14; von Loewenfeldt Decl. at ¶¶ 14, 15.  Settlement Class Members who used the challenged Twitter app will receive a "tweet" notice with a link to the Administrator's website with the Full Notice and Claim Form. (Settlement Agreement, § 5.2.1.)

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

This is undoubtedly the best notice practicable under the circumstances. The parties will also cause the Settlement Administrator to maintain a website with information on the settlement. (Settlement Agreement, § 5.3.)

In addition to the manner of giving notice to the Class, the contents of the notice itself will satisfy Rule 23(c)(2)(B), as the notice will include all required elements: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Copies of the proposed notices to the Class are attached as Exhibits B-D to the Settlement Agreement, and have been emailed to this Court pursuant to the Court's Local Rules.

Finally, Section 5.4 of the Settlement Agreement comports with the Class Action Fairness Act by requiring the App Defendants to provide notice to the proper entities within 10 days after the Settlement Agreement is filed with the Court. See 28 U.S.C. § 1715.

Accordingly, the form of notice and the manner of giving notice should be approved.

**F.     The Proposed Plan of Distribution Is Fair, Reasonable, and Adequate**

A plan of distribution of class settlement funds is subject to the "fair, reasonable and adequate" standard that applies to approval of class settlements. *In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001). "A plan of allocation that reimburses class members based on the type and extent of their injuries is generally reasonable." *In re Oracle Sec. Litig.*, No. 90-0931, 1994 U.S. Dist. LEXIS 21593, at *3 (N.D. Cal. June 16, 1994).

Here, as explained above, the parties propose that the funds paid to Settlement Class Members from the Settlement Account be distributed through a claims process and allocated pursuant to a pro rata distribution based on the number of Class Members who submit a valid claim, multiplied by the number of apps they may have used that uploaded their address book data. (Settlement Agreement, §§ 7.1, 7.4, 7.5.) As discussed above, this equal method of distribution, while accounting for the number of apps each Class Member used, is fair given the

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

---

18

1  nominal nature of the damages.  Given Decl. at ¶ 15.  Any returned funds (from uncashed

2  checks or failed electronic payments) will be distributed on a cy pres basis only if unclaimed

3  after ninety (90) days.  (Settlement Agreement, §§ 7.10.2-7.10.4.)

4      **G.    The Court Should Set a Final Approval Hearing Schedule**

5          The last step of the settlement approval process is the final approval hearing, at which

6  the Court hears all evidence and argument necessary to evaluate the proposed Settlement

7  Agreement.  At that hearing, proponents of the Settlement Agreement will explain and describe

8  its terms and conditions and offer argument in support of approval and members of the

9  Settlement Class, or their counsel, may be heard in support of or in opposition to the Settlement.

10          Plaintiffs propose the following schedule for final approval of the Settlement:

| Event | Timing | Date[5] |
|---|---|---|
| Last day for the Administrator to send Notice & start operating Settlement Website | 30 days after entry of this Order | June 26, 2017 |
| Last day for Plaintiffs to file their motion for attorneys' fees, costs, and incentive awards to be heard at the Fairness Hearing | 106 days after entry of this Order | September 11, 2017 |
| Last day for Class Members to file a claim, request exclusion or object to the Settlement | 120 days after entry of this Order | September 25, 2017 |
| Last day for parties to file motion for final approval and supporting briefs | 137 days after entry of this Order | October 12, 2017 |

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  415-398-0900 – Fax:  415-398-0911

---

[5]      The specific calendar dates proposed assume a Preliminary Approval Order is entered on May 25, 2017.

19

1

## V.    CONCLUSION

2

Based on the foregoing, Plaintiffs submit that the proposed Settlement Agreement is fair,

3

adequate and reasonable, and in the best interests of the Settlement Class.  Accordingly,

4

Plaintiffs respectfully request that the Court order the relief requested above.

5

6

7    Dated:  April 3, 2017                    /s/  David M. Given_____

8                                             David M. Given
                                             Nicholas A Carlin
9                                             PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
                                             39 Mesa Street, Suite 201
10                                            San Francisco, CA 94129
                                             Tel: (415) 398-0900
11

12                                            Michael von Loewenfeldt
                                             James M. Wagstaffe
13                                            Frank Busch
                                             KERR & WAGSTAFFE LLP
14                                            101 Mission Street, 18th Floor
                                             San Francisco, CA 94105
15                                            Tel: (415) 371-8500
                                             Fax: (415) 371-0500
16

17                                            *Interim Co-Lead Counsel for Plaintiffs*

18
                                             Carl F. Schwenker (admitted *pro hac vice*)
19                                            LAW OFFICES OF CARL F. SCHWENKER
                                             The Haehnel Building
20                                            1101 East 11th Street
                                             Austin, TX 78702
21                                            Tel: (512) 480-8427
                                             Fax: (512) 857-1294
22

23                                            *Plaintiffs' Liaison Counsel*

24

25

26

27

28

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, ETC.**
**Case No. 13-cv-00453-JST**

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: 415-398-0900 – Fax: 415-398-0911

1
2
3
4
5

Jeff Edwards (admitted *pro hac vice*)
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel: (512) 623-7727
Fax: (512) 623-7729

6
7
8
9
10

Jennifer Sarnelli (SBN 242510)
GARDY & NOTIS, LLP
Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
Tel: (212) 905-0509
Fax: (212) 905-0508

11

*Plaintiffs' Steering Committee*

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: 415-398-0900 – Fax: 415-398-0911

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, ETC.**
**Case No. 13-cv-00453-JST**