UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, *et al.*,<br><br>                  Plaintiffs,<br><br>v.<br><br>KONG TECHNOLOGIES, INC., *et al.*,<br><br>                  Defendants. | Case No. 13-cv-00453-JST<br><br>**APP DEVELOPER DEFENDANTS' OMNIBUS NON-OPPOSITION IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  May 25, 2017<br>Time:  2:00 p.m.<br>Judge:  Honorable J. Tigar<br><br>This Document Relates to All Cases |

Defendants Foodspotting LLC, Foursquare Labs, Inc., Gowalla, Inc., Instagram, LLC, Kik Interactive Inc., Kong Technologies, Inc., Twitter, Inc., and Yelp Inc. (collectively, "App Defendants") hereby file this Non-Opposition in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion") (ECF No. 878) filed by plaintiffs.

While the App Defendants disagree with aspects of the Motion (for example, the strength of Plaintiffs' claims) the App Defendants do not oppose the relief sought in Plaintiffs' Motion and support the Court's granting of the motion including to preliminarily approve the Settlement Agreement, provisionally certify the class solely for purposes of the Settlement Agreement, approve notice to the Settlement Class Members, and set a final approval schedule. Like Plaintiffs, the App Defendants believe that the settlement is fair, adequate, and reasonable, and that the Settlement Class is properly conditionally certified here under Federal Rule of Civil Procedure 23. Importantly, as to the app defendants other than Kong Technologies, Inc., Plaintiffs' motion seeks class certification for settlement purposes only, and those app defendants reserve the right to oppose certification if the Settlement does not become Final, as provided for in the Settlement Agreement.

As described in Plaintiffs' Motion, the Settlement Agreement is the product of five years' worth of protracted and highly adversarial litigation, together with extensive and complex negotiations between and among the parties and their experienced and informed counsel. The Honorable William J. Cahill (Ret.), from JAMS, was involved in those negotiations as a neutral third-party mediator. The negotiations were complicated by the fact that they involved multiple parties and multiple issues, and the Settlement reflects hard and careful negotiation of its terms by each of the signatories.

The App Defendants have denied, and continue to deny, that they took any intentional or unintentional act that harmed or damaged any Settlement Class Member. The Settlement is not an admission by the App Defendants that any of the Released Claims have merit. Nevertheless, the App Defendants believe the settlement is fair, adequate, and reasonable, and the Settlement will provide benefits to the Settlement Class Members and end the Litigation.

For the reasons stated in Plaintiffs' Motion and not opposed by the App Defendants, and

as described in the Settlement Agreement, the App Defendants support the Court's granting of the Motion, including the request to preliminarily approve the Settlement Agreement, provisionally certify the class solely for purposes of the Settlement Agreement, approve notice to the Settlement Class Members, and set a final approval schedule.

DATED: April 19, 2017     **PERKINS COIE LLP**

By: /s/ James G. Snell
      James G. Snell

Attorneys for Defendant
TWITTER, INC.

DATED: April 19, 2017     **DURIE TANGRIE LLP**

By: /s/ Michael H. Page
      Michael H. Page

Attorneys for Defendant
FOODSPOTTING LLC AND YELP INC.

DATED: April 19, 2017     **MORRISON & FOERSTER LLP**

By: /s/ Claudia Vetesi
      Claudia Vetesi

Attorneys for Defendant
FOURSQUARE LABS, INC.

DATED: April 19, 2017     **DHILLON LAW GROUP INC.**

By: /s/ Harmeet K. Dhillon
      Harmeet K. Dhillon

Attorneys for Defendant
GOWALLA, INC.

DATED: April 19, 2017

**COOLEY LLP**

By: /s/ Mazda Antia
　　　Mazda Antia

Attorneys for Defendants
INSTAGRAM, LLC AND KIK INTERACTIVE, INC.

DATED: April 19, 2017

**FENWICK & WEST LLP**

By: /s/ Tyler Newby
　　　Tyler Newby

Attorneys for Defendant
KONG TECHNOLOGIES, INC.