David M. Given (SBN 142375)
Nicholas A. Carlin (SBN 112532)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
The Presidio
San Francisco, CA   94129
Tel: 415-398-0900
Fax: 415-398-0911
Email:   dmg@phillaw.com
              nac@phillaw.com

James M. Wagstaffe (SBN 95535)
Michael J. von Loewenfeldt (SBN 178665)
KERR & WAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, CA  94105
Tel:  415-371-8500
Fax:  415-371-0500
Email: wagstaffe@kerrwagstaffe.com
           mvl@kerrwagstaffe.com

Interim Co-Lead/Class Counsel
[Additional Counsel Listed Below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK OPPERMAN, et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>KONG TECHNOLOGIES, INC., et al.,<br><br>                    Defendants. | Case No.  13-cv-00453-JST<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**THIS MOTION RELATES TO**:<br><br>*Opperman v. Path, Inc.*, No. 13-cv-453-JST<br>*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST<br><br>Date: December 14, 2017<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar |

# NOTICE OF MOTION

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 14, 2017, at 2:00 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Jon S. Tigar, United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Allen Beuershausen, Giuliana Biondi, Lauren Carter, Stephanie Cooley, Stephen Dean, Jason Green, Claire Hodgins, Gentry Hoffman, Rachelle King, Nirali Mandalaywala, Claire Moses, Judy Paul, and Gregory Varner (collectively, "Plaintiffs"), will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23(h), for an order approving and awarding attorneys' fees, litigation costs, and incentive awards.

By this motion, Plaintiffs and Class Counsel seek:

1.   An award of $1,590,000 in attorneys' fees payable from (and constituting 30% of) the Settlement Payment;

2.   An award of $150,000 in costs and expenses payable from the Settlement Payment; and

3.   An award of $195,000 for the 13 class representatives ($15,000 for each class representative) payable from the Settlement Payment.

This motion is made on the grounds that: (1) Plaintiffs' requested attorneys' fees are fair and reasonable in light of the efforts and success of Class Counsel in the matter, including obtaining the settlement herein; (2) the requested attorneys' fees comport with applicable law; (3) the expenses for which reimbursement is sought were reasonably and necessarily incurred in the prosecution of this part of the action; and (4) reasonable compensation to the class representatives for their efforts on behalf of the Settlement Class is warranted and appropriate.

This motion is based upon this Notice of Motion, accompanying Memorandum of Points and Authorities, accompanying declarations of each Class Counsel, accompanying declarations of each Plaintiff, the pleadings and records on file herein, and upon such additional evidence or argument as may be accepted by the Court at or prior to the hearing.

PHILLIPS, ERLEWINE GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
(415) 398-0900

Dated: September 22, 2017        /s/ David M. Given
                                 David M. Given
                                 Nicholas A. Carlin
                                 PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
                                 39 Mesa Street, Suite 201
                                 San Francisco, CA 94129
                                 Tel: (415) 398-0900

                                 Interim Co-Lead/Class Counsel

# MEMORADUM OF POINTS AND AUTHORITIES

## I.    RELEVANT BACKGROUND TO THIS MOTION

On July 6th, the Court granted preliminary approval of the Settlement made by and between Plaintiffs, on the one hand, and eight application developer defendants (the "App Defendants"), on the other hand (ECF No. 894).  Unless otherwise indicated, capitalized terms carry the definition set out in the Settlement.

As the Court noted, the Settlement was the product of protracted and highly adversarial litigation, spanning over five years and reflected in the case's procedural history, together with extensive and complex settlement negotiations, including in mediation, between and among the parties and their experienced and informed counsel (ECF No. 894, at 1-2).  Plaintiffs have detailed the litigation history of this case as well as the lead up to the Settlement in their motion for preliminary approval and incorporate by reference that information (ECF No. 878, at 2-10).

In its Order granting preliminary approval, the Court provisionally certified the Settlement Class as defined in the Settlement and conditionally appointed Kerr & Wagstaffe LLP; Phillips, Erlewine, Given & Carlin LLP; Edwards Law; the Law Offices of Carl F. Schwenker; and Gardy & Notis, LLP as Class Counsel (ECF No. 894, at 10-12).

## II.   ARGUMENT

### A.    Counsel's Requested Fee Is Reasonable under the Lodestar and Common Fund Approaches

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  The law governing the settled claims governs the award of fees, costs, and service awards.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees.").  Courts in this Circuit have discretion to apply either the lodestar method or a percentage-of-recovery method.  *In re Bluetooth*, 654 F.3d 935, 942 (9th Cir. 2011).

Here, the Settlement limits counsel's request to 30% of the Settlement Payment, or $1,590,000.  That is a small fraction of Class Counsel's combined lodestar as claimed by each firm, and clearly a reasonable fee.

PHILLIPS, ERLEWINE GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
(415) 398-0900

### 1.     Lodestar Analysis Supports the Requested Fee

In this District, courts lean toward the lodestar method where, as here, the case is "intensely litigated" over a number of years, defendants "mounted a particularly aggressive defense, which in turn greatly increased the amount of time and resources counsel had to devote to discovery and litigating," and in which "discovery collected and exchanged was substantial," because the lodestar method "captures the time counsel spent litigating such issues while still also allowing the Court to trim any excess time." *Wren v. RGIS*, No. C-06-05778 JCS, 2011 WL 1230826, at *16-17 (N.D. Cal. Apr. 1, 2011), *supplemented,* 2011 WL 1838562 (N.D. Cal. May 13, 2011).

The lodestar method begins by calculating the fee "by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate." *Laffitte v. Robert Half*, 1 Cal. 5th 480, 489 (2016) (internal quotation omitted).  "Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented."  Id.

"Under the lodestar method, a party who qualifies for a fee should recover for all hours reasonably spent unless special circumstances would render an award unjust."  There is a strong presumption that the lodestar represents a reasonable fee. *Fischel v. Equitable*, 307 F.3d 997, 1007 (9th Cir. 2002).

#### a.     Counsel Spent Several Thousand Hours Litigating the Case against the App Defendants

In the proceedings before this Court, beginning with the Court's organization of Plaintiffs' counsel in Oct. 2013 (ECF No. 400), Class Counsel have collectively spent over 7,000 hours to litigate against and settle with the App Defendants.  As set forth in the accompanying counsel declarations, this does not include time during the pertinent period litigating claims against other defendants not resolved by the Settlement.

Trial courts generally defer to the lawyer's professional judgment concerning the number of hours reasonably required to succeed in a given case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  The Court may consider how aggressively the case was

defended in considering the reasonableness of fees. *Willner v. Manpower*, No. 11-CV-02846-JST, 2015 WL 3863625, at *6 (N.D. Cal. June 22, 2015) (approving fee award where case had "been fiercely litigated; the parties have engaged in substantial motion practice, including briefing multiple motions to dismiss or strike, a motion to transfer venue, cross-motions for summary judgment, and a class certification motion").

As the Court has itself noted, this case was fiercely litigated. Plaintiffs' case took significant resources, both in time and expenses, to prosecute. Discovery and motion practice has been extensive from inception. As it pertains to the parties to the Settlement, discovery involved document and source code production by 13 individual Plaintiffs and eight party defendants as well as both percipient and expert witness depositions. All of the above is a matter of record and reflected in the procedural history of the case.

Within the structure of the Plaintiffs' Steering Committee, interim co-lead counsel endeavored to staff and manage the case so as to avoid duplication of effort and, while not always successful, the time necessary to prosecute the claims against the App Defendants far exceeds the fee request made pursuant to the Settlement by a significant margin. Given Decl. at ¶ 14; von Loewenfeldt Decl. at ¶ 11. Overall, the firms on the Plaintiffs' Steering Committee report spending over 7,000 hours litigating these claims from Oct. 2013 to about now. Given Decl. at ¶ 18; von Lowenfeldt Decl. at ¶ 16; Edwards Decl. at ¶ 20; Sarnelli Decl. at ¶ 22; Schwenker Decl. at ¶ 32.

The hours Class Counsel expended to investigate, litigate, and settle the claims against the App Defendants were driven in substantial part by the complexity and novelty of the issues presented and each App Defendant's tenacious defense of the claims against it. Counsel obtained success in prevailing on and preserving the intrusion on seclusion claim, in certifying a class as to Path, on defeating Yelp's summary judgment motion, and in ultimately achieving a favorable disposition for the Settlement Class.

All of this work was directly related to the claims against the App Defendants. The hours spent prosecuting those claims is supported by the declarations and summaries of the billing records of each firm attached to those declarations reporting each firm's respective

claimed time. *Laffitte*, 1 Cal. 5th at 505; see also *Weshba v. Apple Computer*, 91 Cal. App. 4th 224, 255 (2001). Accord *Dyer v. Wells Fargo*, 303 F.R.D. 326, 333–34 (N.D. Cal. 2014).

In addition, Class Counsel will continue to spend time on the case against the App Defendants monitoring the remaining notice period, obtaining final approval, attending the final approval hearing, implementing the settlement, and reporting the results to the Court, none of which is included in the lodestar hours.

### b. Counsel's Hourly Rates Are Reasonable and Commensurate with the Rates of Similarly Experienced Practitioners in their Respective Locations

Counsel are entitled to receive rates "prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986); *Children's Hosp. v. Bunt*, 97 Cal. App. 4th 740, 783 (2002). In performing this analysis, courts look to the experience and reputation of class counsel, the complexity of the issues involved, the geographic market in which the case is litigated, and other factors affecting the litigation. *Barjon v. Dalton*, 132 F.3d 496, 500-02 (9th Cir. 1997) (determining counsel's hourly rate based on prevailing rates charged in Sacramento); *City of Oakland v. Oakland Raiders*, 203 Cal. App. 3d 78, 82 (1988) (affirming trial court's approval of hourly rate falling in line with rates charged in Bay Area).

In this case, each of the five accompanying attorney declarations and their supporting exhibits establish the basis and calculation for the hourly rates of the attorneys and paralegals at each firm who worked on the case against the App Defendants. The declarations describe the experience each firm has in handling class actions and complex litigation. They also include information about comparable rates in their respective locations.

Counsel billed this case at their usual and customary historical or current hourly billing rates. *In re Wash. Pub. Power*, 19 F.3d 1291, 1305 (9th Cir. 1994) ("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of the litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement."). The rates claimed here are in line with rates approved by this Court in other cases before it. *Stewart v. Applied Materials*, No. 15-CV-02632-JST, 2017 WL 3670711, at *10 (N.D. Cal. Aug. 25, 2017) ($700/hour for partners and

PHILLIPS, ERLEWINE GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
(415) 398-0900

$400 for associates); *Hayes v. MagnaChip*, No. 14-CV-01160-JST, 2016 WL 6902856, at *8 (N.D. Cal. Nov. 21, 2016) ($600/hour blended rate); *MacDonald v. Ford Motor,* No. 13-CV-02988-JST, 2016 WL 3055643, at *9 (N.D. Cal. May 31, 2016) (rates of $695 for senior counsel and $495 for associates "consistent with rates awarded by courts for attorneys with comparable experience" and collecting cases with similar "judicially-approved rates in this district").

### c. Counsel's Combined Lodestar is Significantly Less Than the Requested Fee Award

Class Counsel's reported lodestar value as of this filing collectively totals over $4 million. The fees sought are a small fraction of that amount. Indeed, the requested fee is about 75% of the amount spent just by co-lead counsel on these claims.

Given the difficulty and novelty of the claims, Class Counsel would be entitled to a *multiple* of their time, not a fraction of it, if the settlement was larger. See, e.g., *In re Google Referrer*, 87 F. Supp. 3d 1122, 1136 (N.D. Cal. 2015) ($9 million settlement for 62 million class members; approving $2,126,517.25 fee award which included a 2.2 lodestar multiplier for rates ranging from $300 to $685/hour). Here, counsel have agreed to cap their request. An award to class counsel representing less than half of the value of the time they spent on these claims is unquestionably reasonable.

### 2. The Common Fund Method Confirms the Reasonableness of the Requested Fee Award

The requested fee is also reasonable on a common fund basis; under California law, attorney's fees awards in common fund cases range from 20% to 50% of the fund, depending on the circumstances of the case, and an award of one-third the fund appears to be the so-called "benchmark" under state law. *Laffitte*, 1 Cal. 5th at 497 & 506; *In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 556 & n.13 (2009); *Chavez v. Netflix,* 162 Cal. App. 4th 43, 66 & n.11 (2008); see also *Martin v. Ameripride*, No. 08CV440-MMA (JMA), 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (collecting cases); *Vasquez v. Coast Valley Roofing*, 266 F.R.D. 482, 491 (E.D. Cal. 2010); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010) (noting that fees of one-third are common in settlements below $10 million and collecting cases); *Knight v. Red Door Salons*, No. 08-01520 SC, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) (same).

PHILLIPS, ERLEWINE GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
(415) 398-0900

In cases where federal law applies, the Ninth Circuit has adopted a 25% benchmark for recovery of fees; however where, as here, 25% would result in a negative lodestar multiplier, this Court has awarded fees in excess of that benchmark. *Bennett v. SimplexGrinnell LP*, No. 11-CV-01854-JST, 2015 WL 12932332, at *5 (N.D. Cal. Sept. 3, 2015) (awarding 38.8% of settlement fund, which amounted to 59.7% of counsels' lodestar); *Betancourt v. Advantage Human Resourcing, Inc.*, No. 14-CV-01788-JST, 2016 WL 344532, at *6 (N.D. Cal. Jan. 28, 2016) (awarding 34.3% of settlement when counsel was seeking 72% of its lodestar); see also *Willner*, 2015 WL 3863625, at *7 (N.D. Cal. June 22, 2015) (awarding 30% of settlement fund with lodestar multiplier of 2.1). Accord *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (acknowledging 25% benchmark yet affirming award of fees for 33% due, in part, to substantial risk undertaken by counsel). Class Counsel seeks 30% of the Settlement Payment, less than the standard amount awarded under California law and less than the percentage this Court has awarded in cases where counsel sought an award of fees representing a fraction of its lodestar.

Further, the factors state and federal courts consider in determining what percentage of a common fund should be awarded – including the "special circumstances" supporting departure from the Circuit benchmark (ECF No. 894, at 9-10) – are virtually identical to those that courts consider under the lodestar method and, in this case, support the requested 30% recovery. *Viscaino*, 290 F.3d at 1047-50; *Laffitte*, 1 Cal. 5th at 489. These factors support the requested award:

- Result Achieved: Class Counsel achieved a result consistent with the Court's prior ruling concerning nominal classwide damages (ECF No. 761, at 24-25). The amount exceeds on a per head basis other data privacy class action settlements where courts in this District have awarded a lodestar multiplier or the full lodestar amount sought. See, e.g., *In re Google Referrer*, 87 F. Supp. 3d 1122, 1136 (N.D. Cal. 2015) ($9 million settlement for 62 million class members; approving $2.1 million fee award which included a 2.2 lodestar multiplier for rates ranging from $300 to $685/hour); *Fraley v. Facebook*, No. C 11-1726 RS, 2013 WL 4516806 (N.D. Cal. Aug. 26, 2013) ($20 million settlement for estimated class of 124 million class members; applying lodestar

cross check and noting that 8,000 hours "at reasonable hourly rates [$562.50 blended] would result in a lodestar of not less than $4.5 million" and allowing Class Counsel to recover up to $5 million in fees); *In re Google Buzz*, No. C 10-00672 JW, 2011 WL 7460099, at *4 (N.D. Cal. June 2, 2011) (settlement of $8.5 million settlement for an estimated 37 million class members; approving full $2,125,000 attorneys' fee requested).

- Quality of Legal Representation:  Throughout this case, Class Counsel endeavored to provide the highest quality legal representation to Plaintiffs and the Settlement Class. Counsel's background and experience is set forth in each of the accompanying declarations.  Counsel faced some of the nation's top law firms who tenaciously defended the action.  Among other successes, Class Counsel certified a contested class of Path users (ECF No. 761), defeated a motion for summary judgment (ECF No. 828), and survived repeated motions to dismiss from several of the App Defendants (ECF Nos. 471, 543).  Counsel also navigated complex discovery issues arising from the multitude of parties and their respective technology platforms, requiring strict oversight and the use of source code experts to untangle.

- Novelty and Complexity of Matter:  As evidenced by the 900-plus docket entries, the three published decisions in the Federal Supplement (ECF Nos. 471, 543, 828), and 11 more decisions published to Westlaw (ECF Nos. 99, 217, 323, 390, 443, 531, 571, 597, 761, 867, 894), this action presented novel and complex substantive issues of federal and state privacy law as they relate to modern app technology, class certification and standing issues, including a complex choice-of-law analysis, and complex damages issues ranging from the viability of measuring the inherent value of privacy in a consumer's contact information, whether disgorgement of profits may be a measure of damages in such a case, and whether a class may be certified on nominal damages only. The case management of this case involved over a dozen Plaintiffs and over a dozen defendants (including the eight App Defendants) appearing in the case.  This matter presented a number of issues related to managing discovery between the parties to efficiently obtain the information Plaintiffs needed to prosecute this case.  Needless to say, the App Defendants fought Plaintiffs at every turn.

9
**MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS**
**Case No. 13-cv-00453-JST**

- <u>Nature of the Contingent Risk</u>: Given all of the above, the contingent risk assumed by Class Counsel was significant. Law firms that prosecute class actions do not get paid in every case. Sometimes, they get nothing or some fraction of the hours expended on the case. Counsel should be compensated for that risk. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132-33, 17 P.3d 735 (2001); *Willner*, 2015 WL 3863625, at *6. Class Counsel has zealously prosecuted this case, essentially loaning their legal services to the Settlement Class. From the outset, Class Counsel's representation and work performed has been purely on a contingent basis, at the risk of never receiving any compensation due to the risky nature of class action litigation in general, and due to evolving law in privacy class action litigation.

This is not a mega-fund case. There is no danger of an attorney windfall. Just the opposite is true: Even at the requested amount, Class Counsel will be paid a fraction of the fair value of the services rendered to the Settlement Class.

"The ability of lawyers to perform their important professional function in society is in the long run dependent on assurances they will be fairly compensated for their work." *Cazares v. Saenz*, 208 Cal. App. 3d 279, 291 (1989). A 30% award is entirely reasonable in this circumstance, and should be approved by the Court.

**B.   Counsel Should Be Reimbursed $150,000 in Litigation Costs**

In addition to attorneys' fees incurred, attorneys in a class action may be reimbursed for costs incurred "in the ordinary course of prosecuting [a] case." *In re Cal. Direct Purchaser X-Ray Film*, No. 960886, 1998 WL 1031494, at *11 (Cal. Sup. Ct. Oct. 22, 1998); see also *Deatrick v. Securitas*, No. 13-CV-05016-JST, 2016 WL 5394016, at *7 (N.D. Cal. Sept. 27, 2016). Reimbursable litigation costs include, but are not limited to, the costs of document production, experts and consultants, depositions, notice, and travel expenses. *Mills v. Electric Auto-Lite*, 396 U.S. 375, 391-92 (1970).

Here, Class Counsel seeks $150,000 in litigation costs pursuant to the limit stated in the Class Notice (ECF No. 884-2 at ¶ 11). This amount does *not* represent full reimbursement, but is a substantially reduced figure agreed to by counsel in the overall context of the Settlement. This amount partially reimburses Class Counsel for the costs of discovery, the extensive expert

PHILLIPS, ERLEWINE GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
(415) 398-0900

analysis needed of source code, other expert and mediation expenses, and other typical expenses incurred in the prosecution of a large lawsuit like this one. See von Loewenfeldt Decl. at ¶¶ 19-20.

These out-of-pocket costs (and more) were necessary to secure the resolution of this case. *In re Media Vision*, 913 F. Supp. 1362, 1367-72 (N.D. Cal. 1996) (iterating reimbursable costs). They are therefore reasonable, and should be awarded.

### C. The Court Should Grant Incentive Awards to the Class Representatives

This Court has discretion to award incentive payments to Plaintiffs. *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003). "Incentive awards are fairly typical in class action cases [] and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publ'g*, 563 F.3d 948, 958-59 (9th Cir. 2009) (emphasis omitted).

Here, Plaintiffs request incentive awards of $15,000 per Plaintiff ($195,000 total) to be paid out of the Settlement Payment of $5.3 million. Each has submitted a declaration explaining the time, effort, and risk involved in serving as a class representative in this case.

As recited in each of those declarations, Plaintiffs put forth substantial time and effort in this case, including participating in voluminous and time-consuming document discovery, and having their depositions taken, some twice. They were actively engaged in the litigation, commented on and participated in the case as it progressed, including through settlement, and were advocates for the Settlement Class Members throughout the process. This was not a one-defendant case, but instead was essentially eight related cases, with multiple defendants.

Plaintiffs also faced reputational risks in associating their names with a well-publicized class action lawsuit against some of America's largest and most well-known tech companies. More than class representatives in other types of actions, class representatives here were required to divulge personal and private information (including forensic analysis of their mobile phones) to help demonstrate that their privacy rights had been violated. They should be rewarded for their willingness to act on behalf of the Settlement Class Members. *In re Netflix*, No. 11-cv-00379 EJD, 2013 WL 1120801, at *11 (N.D. Cal. Mar. 18, 2013) (class

representatives "assumed the responsibilities and burdens of acting as representatives" and faced "public scrutiny through media coverage of this high profile suit" – awarding $30,000 incentive award to each class representative).

The requested incentive awards for Plaintiffs here comport with prior cases in the Circuit. *Low v. Trump Univ.,* No. 310CV00940GPCWVG, 2017 WL 1275191, at *16 (S.D. Cal. Mar. 31, 2017) ($15,000 incentive award to each named plaintiff)*; In re Cathode Ray Tube,* No. 1917, 2016 WL 4126533, at *12 (N.D. Cal. Aug. 3, 2016), *dismissed sub nom.,* No. 16-16368, 2017 WL 3468376 (9th Cir. Mar. 2, 2017) ($15,000 incentive award to each named plaintiff); *Mirkarimi v. Nevada Prop.,* No. 12CV2160 BTM (DHB), 2016 WL 795878, at *6 (S.D. Cal. Feb. 29, 2016) ($30,000 incentive award where named plaintiff "took a financial risk" by taking time away from work, and spent "a total of 120 hours of work, both preparing for and participating in the litigation"); *Smith v. CRST Van*, No. 10-CV-1116-IEG WMC, 2013 WL 163293, at *6 (S.D. Cal. Jan. 14, 2013) ($15,000 incentive award to named plaintiffs who settled employment class action during class certification, noting risk to reputations and future employability); *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) ($15,000 incentive award to named plaintiff); *In re TFT-LCD,* No. M 07-1827 SI, 2013 WL 1365900 (N.D. Cal. Apr. 3, 2013) ($15,000 incentive award to each named plaintiff); *Glass v. UBS*, No. C-06-4068 MMC, 2007 WL 221862, at *17 (N.D. Cal. Jan. 26, 2007) *aff'd*, 331 F. App'x 452 (9th Cir. 2009) ($25,000 incentive award to each named plaintiff); *Van Vranken v. Atlantic Richfield*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) ($50,000 incentive award); see also Eisenberg & Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303, 1308 (2006) (average incentive award per class representative was $15,992 during studied period of 1993 to 2002); *Scovil v. FedEx*, 2014 WL 1057079, at *6 (D. ME. Mar. 14, 2014) (citing same, collecting cases, and incentive awards of between $10,000 and $20,000, for grand total of $130,000). Plaintiffs therefore request that the Court award each of them $15,000, for a total of $195,000.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs and Class Counsel respectfully request an award of $1,590,000 in attorneys' fees, $150,000 in litigation costs, and $195,000 ($15,000 each) in incentive awards.

Dated: September 22, 2017               /s/  David M. Given
                                        David M. Given
                                        Nicholas A Carlin
                                        PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
                                        39 Mesa Street, Suite 201
                                        San Francisco, CA 94129
                                        Tel: (415) 398-0900

                                        Michael von Loewenfeldt
                                        James M. Wagstaffe
                                        Frank Busch
                                        KERR & WAGSTAFFE LLP
                                        101 Mission Street, 18th Floor
                                        San Francisco, CA 94105
                                        Tel: (415) 371-8500
                                        Fax: (415) 371-0500

                                        *Interim Co-Lead Counsel for Plaintiffs*

                                        Carl F. Schwenker (admitted *pro hac vice*)
                                        LAW OFFICES OF CARL F. SCHWENKER
                                        The Haehnel Building
                                        1101 East 11th Street
                                        Austin, TX 78702
                                        Tel: (512) 480-8427
                                        Fax: (512) 857-1294

                                        *Plaintiffs' Liaison Counsel*

                                        Jeff Edwards (admitted *pro hac vice*)
                                        EDWARDS LAW
                                        The Haehnel Building
                                        1101 East 11th Street
                                        Austin, TX 78702
                                        Tel: (512) 623-7727
                                        Fax: (512) 623-7729

                                        Jennifer Sarnelli (SBN 242510)
                                        GARDY & NOTIS, LLP
                                        Tower 56

PHILLIPS, ERLEWINE GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
(415) 398-0900

126 East 56th Street, 8th Floor
New York, NY 10022
Tel: (212) 905-0509
Fax: (212) 905-0508

*Plaintiffs' Steering Committee and Class Counsel*

PHILLIPS, ERLEWINE GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
(415) 398-0900

14
**MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS**
**Case No. 13-cv-00453-JST**