David M. Given (SBN 142375)
Nicholas A. Carlin (SBN 112532)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
The Presidio
San Francisco, CA   94129
Tel: 415-398-0900
Fax: 415-398-0911
Email:    dmg@phillaw.com
              nac@phillaw.com

Interim Co-Lead/Settlement Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK OPPERMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KONG TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No.  13-cv-00453-JST<br><br>**DECLARATION OF DAVID M. GIVEN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, ETC.**<br><br>**THIS MOTION RELATES TO**:<br><br>*Opperman v. Path, Inc.*, No. 13-cv-453-JST<br>*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST |

I, David M. Given, declare as follows:

1.    I am a member in good standing of the State Bar of California and the State Bar of New York admitted to practice before this Court and a principal in the law firm of Phillips, Erlewine, Given & Carlin LLP, which has served as Plaintiffs' interim co-lead counsel in the above-entitled putative class action lawsuit filed in this Court against Path, Inc., et al. (Case No. 13-cv-00453-JST) and Related Actions.  I submit this declaration in support of the accompanying Motion for Attorneys' Fees, Litigation Costs, and Incentive Awards.  The facts set forth herein are based upon my personal knowledge and, if called upon, I could and would competently testify thereto.

2.      I am the lawyer at my firm with primary responsibility for this matter.  After the various cases were related and assigned, the Court ordered an organization of plaintiffs' counsel with our firm serving as interim co-lead, together with a Plaintiffs' Steering Committee that came to include co-lead counsel (Kerr & Wagstaffe LLP) and three other law firms.  I have worked on this matter continuously since that time, and my firm and I have devoted considerable time and resources to this matter and have been centrally involved in every aspect of the proceedings before this Court.

3.      On or about March 31, 2017, Plaintiffs, on behalf of themselves and all Settlement Class Members (as defined), entered into a Class Action Settlement Agreement (the "Settlement Agreement"), a true and correct copy of which Plaintiffs have filed with the Court (ECF No. 884), resolving the above-captioned action(s) against Defendants Foodspotting, Inc., Foursquare Labs, Inc., Gowalla, Inc., Instagram, LLC, Kik Interactive, Inc., Path, Inc., Twitter, Inc. and Yelp! Inc. (collectively, the "App Defendants").

4.      On July 6, 2017, the Court granted preliminary approval of the Settlement Agreement (ECF No. 894).  As the Court noted, the Settlement Agreement was the product of protracted and highly adversarial litigation, spanning over five years and reflected in the case's procedural history, together with extensive and complex settlement negotiations between and among the parties and their experienced and informed counsel.  Included in those negotiations was the involvement of a neutral third-party mediator, the Honorable William J. Cahill (Ret.), from JAMS.

I.      **BACKGROUND AND EXPERIENCE**

5.      The Court has considered a declaration in this case covering the subject of my and my law firm's background and experience as may be relevant to the present motion. Reference is made to my Declaration filed in support of Opperman Plaintiffs' Submission re Organization of Plaintiffs' Counsel (ECF No. 382, at 25 et seq.), the contents of which I reaffirm and which are incorporated herein by this reference.  Additional information and biographical data further illustrating as well as updating the information in the aforementioned

Declaration about my and my firm's experience in handling class actions and complex litigation may be found at http://www.phillaw.com.

6.      The hourly rates detailed below are comparable to those currently charged by my law firm to hourly clients in this District and elsewhere for litigation work. These hourly rates (or their historical equivalents) have also been considered and/or approved by courts presiding over legal actions, including class actions, brought by PEG&C.  See, e.g., *James v. UMG Recordings, Inc.*, Case No. CV-11-1613-SI (N.D.Cal. April 14, 2016) (order granting motion for fees in digital download class action); *In Re: Warner Music Group Corp. Digital Downloads Litigation*, Case No. 12-CV-0559-RS (N.D. Cal. January 12, 2015) (same); *Erikson, et al. v. Sympathy for the Record Industry*, Case No. 10-CV-636-HRL (N.D. Cal. March 30, 2011) (order granting motion for fees in copyright infringement case); *In re DCH Auto Wage and Hour Cases*, JCCP No. 4833 (L.A. Sup. Ct. May 18, 2017) (order granting final approval of class settlement in wage and hour case); *Sayre v. SFS 39, Inc.*, Case No. CGC-12-523838 (S.F. Sup. Ct. Feb. 19, 2014) (same).  Those rates are also comparable to or less than the rates indicated in the Adjusted Laffey Matrix, available at http://www.laffeymatrix.com/see.html (last visited Sept. 11, 2017) (showing rates of $440/hour for attorneys with 4-7 years out of law school and $864/hour for those with 20+ years out of law school *before* upward adjustment for San Francisco Bay Area).  All work reported by my law firm's attorneys and paralegals on behalf of the Plaintiffs and Settlement Class Members in this case was performed on a contingent basis.

## II.      WORK PERFORMED BY PEG&C

### A.      Litigation and Settlement

7.      On Oct. 22, 2013, this Court appointed my law firm interim co-lead counsel in the matter with the firm of Kerr & Wagstaffe LLP (ECF No. 400).  On July 15, 2016, this Court appointed my law firm together with the firm of Kerr & Wagstaffe LLP class counsel in the matter against Path (ECF No. 761).  And on July 24, 2017, this Court conditionally appointed for settlement purposes my law firm together with the firm of Kerr & Wagstaffe LLP and the

other firms of the Plaintiffs' Steering Committee class counsel in the matter against the App

Defendants (ECF No. 894).

8.      During the course of this lawsuit, PEG&C's attorneys endeavored to zealously

represent the interests of Plaintiffs and Settlement Class Members in this action.  As will be seen

below, my law firm devoted substantial resources to prosecuting this case on Plaintiffs' and

Settlement Class Members' behalf.

9.      My law firm's work in this case included formulating the legal basis for

Plaintiffs' and the Class Members' claims; analyzing relevant facts and other circumstances

giving rise to these claims; conceiving a class-wide basis for asserting such claims and the class-

wide damages arising therefrom; meeting with and interviewing class plaintiffs; discussing these

claims with privacy experts and other professionals; supervising and managing the drafting of

several versions of the operative pleading in the case; opposing serial motions to dismiss and for

summary judgment directed at some or all of the claims asserted against the App Defendants in

the case; managing and directing all discovery relating to the invasion of privacy claims against

the App Defendants; preparing for and attending multiple percipient and expert depositions;

reviewing and analyzing the thousands of pages of documents and source code produced by the

App Defendants in the case; supervising and managing the answering of hundreds of written

discovery requests propounded by the App Defendants to each Plaintiff; conferring with clients

and co-counsel on the administration and management of this case; conferring with consulting

and testifying experts; preparing the class certification motions against the App Defendants;

preparing the motion for preliminary approval of the Settlement Agreement; litigating before the

Court; and appearing and reporting to the Court on a periodic basis.

10.     In addition to the above, my firm and I engaged in negotiations for the purposes

of settlement in mediation before Judge William J. Cahill (Ret.) of JAMS beginning on Nov. 1,

2016 and continuing thereafter until the Jan. 2017 notice to the Court of the parties' tentative

settlement.  By the time of the parties' settlement in March 2017, the parties had concluded all

or substantially all of the pre-certification discovery in the case and Plaintiffs had moved once

successfully for class certification of the privacy claim against Path (ECF No. 761) and had

pending an omnibus class certification motion of the privacy claims against all but one of the

other App Defendants (ECF No. 799).

      11.     During the course of the parties' mediation, my law firm and I were responsible

together with our co-lead counsel for the preparation of mediation briefs and other confidential

written communications to Judge Cahill.  The mediation included multiple in-person and

telephonic sessions before Judge Cahill, separate in-person and telephonic meetings between

and among Plaintiffs' counsel pertaining to and in preparation for said mediation, and further

meetings of counsel and the principals regarding settlement.  I attended or participated in

virtually all in-person and telephonic mediation sessions.

      12.     The mediation process and settlement negotiations conducted before Judge

Cahill, forming the basis for the Settlement Agreement proffered to the Court for preliminary

approval, were complex, protracted and contentious, and the agreement they produced evolved

over several iterations.  Throughout these negotiations, and through its direct participation in the

drafting of the Settlement Agreement and the Motion for Preliminary Approval of same, my law

firm helped to develop and present to the Court a settlement that, given the Court's rulings,

obtained appropriate class-wide monetary relief for Plaintiffs and the Settlement Class

Members.

      13.     In addition, following this Court's preliminary approval of the Settlement

Agreement, I was involved in communicating with counsel on post-settlement issues as they

arose, as well as in communicating with the Claims Administrator about notice and

administration issues as well as about Settlement Class Members' inquiries on the terms and

conditions of the Settlement Agreement and its impact and application on their rights.

      14.     Throughout this litigation, I have attempted with interim co-lead counsel to

divide and manage tasks in an effort to minimize duplication of effort.  While we were not

always successful in that endeavor, we made our best efforts to do so given the circumstances of

these coordinated actions.  While I cannot say that all time reported by all counsel on the

Plaintiffs' Steering Committee was equally productive and non-duplicative, in my opinion and experience, the time necessary to prosecute these claims far exceeds the fee request made pursuant to the Settlement by a significant margin.  My law firm's time and expenses benefitted the Class, and, as such, my law firm should be compensated for its work on the Class' behalf.

### B.  PEG&C's Lodestar for Work Performed in the Action

15.  In accordance with the court-ordered guidelines in this case (ECF No. 433-1), the Court has received confidential quarterly reports of time spent by the law firms serving on the Plaintiffs' Steering Committee as reported to co-lead counsel, detailed by attorney and category of task.  For purposes of this Court's so-called "lodestar cross-check" in relation to the present motion, the summary report of the total hours claimed for our law firm's work by timekeeper in this action as it relates to the claims against the App Defendants only, derived from the reporting to the Court, together with the current hourly rates for my law firm's attorneys and staff, for the period from Oct. 1, 2013 through Aug. 31, 2017 is attached as Exhibit A.

16.  At the inception of our role in this matter, our law firm's bookkeeper created separate billing accounts for each defendant in this action and I directed that firm personnel record time based upon the specific tasks assigned to them by defendant.  Our law firm also maintained an "App Defendant" billing account which tracked time spent by firm personnel for catch-all work done to collectively advance the privacy claims against the App Defendants. Only the time recorded to the billing accounts for the App Defendants together with the "App Defendant" account is reported here, less one-third for time recorded to the latter to account for the four application developer defendants who are not parties to the Settlement Agreement.

17.  The report contained in Exhibit A indicates a total lodestar of $987,010.00, reflecting a total of 2,177.50 hours for that matter – working out to about $450/hour in gross – over a more than four-year period. This summary was prepared from contemporaneous daily time records reflecting the rates of PEG&C attorneys and paralegals as of the date hereof, based on detailed reports by task of daily activities in the matter which, in addition to the reduction for

the catch-all account, I adjusted downward from actual time reported based upon billing judgment similar to that I exercise in the normal course of my law firm's hourly practice.

18.    The aforementioned summary reflects the following: 335.80 hours of my time (J.D., UVA Law '86) devoted to this matter at a rate of $750.00 per hour ($251,850.00); 76.90 hours of law partner Nicholas A. Carlin's time (J.D., Hastings Law '83) devoted to this matter at a rate of $750.00 per hour ($57,675.00); 1,047.70 hours of my former associate Conor H. Kennedy (J.D., Harvard Law '10) devoted to this matter at a rate of $450.00 per hour ($471,465.00); 125.40 hours of my associate Brian S. Conlon (J.D., Harvard Law '11) devoted to this matter at a rate of $450.00 per hour ($56,430.00); 220.70 hours of my associate Anna G. Wald (LL.M., Berkeley Law '15) devoted to this matter at a rate of $350.00 per hour ($77,245.00); and, collectively, 371 hours of paralegal and law clerk time devoted to this matter at a rate of $195.00 per hour ($72,345.00).

19.    As described below and reflected in Exhibit A, PEG&C's role is reflected in the time spent in its work as co-lead counsel in this case by task, as follows:

A.    Attorney & Client Meetings/Strategy/Documentation (147.90 hours – approx. 16% partner time, 67% associate time, 17% paralegal time):  Preparation and multiple in-person meetings (some involving travel to Austin and New York City) and telephone conferences of one or more attorneys or paralegals from this law firm with other Plaintiffs' counsel and clients together with consulting and potential testifying privacy, damages and source code experts as well as meetings among attorneys from this law firm to discuss various matters relating to the case and its progress, discovery subjects and deposition preparation, the status of settlement negotiations and the impact and application of the proposed Settlement Agreement in this action on Settlement Class Members' rights and to consider case management and settlement strategy at every phase and in every aspect of the case over its over four-year life, together with multiple and extensive written communications and memoranda on the same subjects.

B.      Case and File Management (92.90 hours – approx. 4% partner time, 89% associate time, 7% paralegal time):  Organization of file and client and case documents, pleadings, discovery, etc., by one or more attorneys and paralegals from this law firm, including both physical and digital file and database management.

C.      Research/Pleadings/Motions (933.40 hours – approx. 25% partner time, 75% associate time):  Legal and factual research conducted by one or more attorneys from this law firm in connection with the litigation and the preparation of pleadings and papers filed with the Court on both merits and class certification subjects, together with communications and memoranda on various subjects, as well as similar work during all phases and every aspect of the case, the mediation process and settlement work and communicating the results of said research with interested parties and counsel, and preparation and completion of pleadings and papers filed with the Court, including the drafting of various versions of the operative pleadings in the instant litigation, opposing dispositive motions (motions to dismiss and for summary judgment), the relating of the various cases against the App Defendants into the present action, drafting Plaintiffs' Motion re Organization of Plaintiffs' Counsel and supporting Declaration, drafting the Motion for Class Certification re Path App and the Motion for Class Certification re the other App Defendants and drafting the Motion for Preliminary Approval and supporting Declaration relating to the Settlement Agreement, as well as communications with Plaintiffs' Steering Committee and Plaintiffs on the same subjects.

D.      Discovery (827.20 hours – approx. 8% partner time, 82% associate time, 10% paralegal time): Work performed by one or more attorneys and paralegals from this law firm in supervising and managing all aspects of offensive and defensive discovery for Plaintiffs and Class Members, developing and entering a protective order for use in the case, managing the responses to hundreds of individual written discovery requests on behalf of Plaintiffs, meeting and conferring with App Defendants' counsel regarding multiple discovery disputes and researching and drafting letters for submission to the Court regarding said disputes, managing and reviewing thousands of pages of documents and source code produced by the App

Defendants bearing on both merits and class certification issues (approximately half of the total time within this category), attending all or virtually all percipient and expert depositions, and all preparation in connection therewith.

E.      Court Appearances (20.60 hours – approx. 60% partner time, 40% associate time: Preparation for and in-court appearances on a range of motion practice, various status and Case Management Conferences, including multiple pre- and post-appearance meetings among one or more attorneys from this law firm and others among the Plaintiffs' Steering Committee.

F.      Settlement (155.50 hours – approx. 75% partner time, 25% associate time): Work by one or more attorneys from this law firm in connection with preparation and participation in mediation process, including preparation of mediation briefs and confidential communications to the mediator, multiple in-person meetings and telephone conferences with Judge Cahill and opposing counsel, as well as review and analysis of additional user data from the App Defendants, and the drafting of multiple iterations and completion of settlement documentation and communications with Plaintiffs' Steering Committee, opposing counsel and Plaintiffs on same.

20.     The above task-based summary of time derives from a review of the daily time records kept by our law firm together with our firm's time by attorney and task as reported to the Court.  It constitutes our law firm's best estimate of the allocation of time by task based upon the descriptions by each timekeeper contained in those records for work done in connection with the claims against the App Defendants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on Sept. 22, 2017 in San Francisco, CA


                        /s/ David M. Given
                        David M. Given

9

EXHIBIT A

# Opperman v. Path, Inc. et al

**Time Report:  October 2013 - August 2017**

*Firm Name:  Phillips, Erlewine, Given & Carlin LLP*

| Name (Timekeeper) | Total Hours | Hourly Rate | Cumulative Lodestar |
|---|---|---|---|
| David M. Given        (Partner) | 335.80 | $      750.00 | $251,850.00 |
| Nicholas A. Carlin     (Partner) | 76.90 | $      750.00 | $57,675.00 |
| Conor H. Kennedy     (Associate) | 1,047.70 | $      450.00 | $471,465.00 |
| Brian S. Conlon       (Associate) | 125.40 | $      450.00 | $56,430.00 |
| Anna G. Wald        (Associate) | 220.70 | $      350.00 | $77,245.00 |
| Paralegal / Law Clerk | 371.00 | $      195.00 | $72,345.00 |
| **TOTAL:** | **2,177.50** | | **$987,010.00** |