David M. Given (SBN 142375)
Nicholas A. Carlin (SBN 112532)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
The Presidio
San Francisco, CA   94129
Tel: 415-398-0900
Fax: 415-398-0911
Email:   dmg@phillaw.com
         nac@phillaw.com

James M. Wagstaffe (State Bar No. 95535)
Michael J. von Loewenfeldt (State Bar No. 178665)
Frank Busch (State Bar No. 258228)
KERR & WAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, CA   94105
Tel:  415-371-8500
Fax:  415-371-0500
Email: wagstaffe@kerrwagstaffe.com
        myl@kerrwagstaffe.com
        busch@kerrwagstaffe.com

Interim Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN DISTRICT OF CALIFORNIA MARK OPPERMAN, et al.,<br><br>                           Plaintiffs,<br><br>     v.<br><br>PATH, INC., et al.,<br><br>                           Defendants. | Case No.  13-cv-00453-JST<br><br>**DECLARATION OF MICHAEL VON LOEWENFELDT IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, ETC.**<br><br>**THIS MOTION RELATES TO**:<br><br>*Opperman v. Path, Inc.*, No. 13-cv-453-JST<br>*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST |

**DECL. OF MICHAEL VON LOEWENFELDT IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, ETC.**
**Case No. 13-cv-00453-JST**

I, Michael von Loewenfeldt, declare as follows:

1. I am an attorney licensed to practice before all of the courts in California. I am a partner in the law firm of Kerr & Wagstaffe LLP ("KW"), which serves as Plaintiffs' co-lead counsel in the above-entitled putative class action lawsuit filed in this Court against Path, Inc., et al. (Case No. 13-cv-00453-JST)) and Related Actions. I submit this declaration in support of the accompanying Motion for Attorneys' Fees, Litigation Costs, and Incentive Awards. The facts set forth herein are based upon my personal knowledge and, if called upon, I could and would competently testify thereto.

2. I am the lawyer at my firm with principal responsibility for this matter. After the various cases were related and assigned, the Court ordered an organization of plaintiffs' counsel with our firm serving as co-lead, together with a Plaintiffs' Steering Committee that came to include the other co-lead counsel (Phillips, Erlewine, Given & Carlin LLP) and three other law firms. My firm has worked on this matter continuously since that time, and my firm and I have devoted considerable time and resources to this matter and have been centrally involved in every aspect of the proceedings before this Court.

3. Kerr & Wagstaffe LLP has extensive experience with insurance law, unfair competition, and class action litigation. I graduated Phi Beta Kappa from San Diego State University in 1991 with a B.A. in Political Science. I received my J.D. from the University of California at Berkeley (Boalt Hall) in 1995 and was made a member of the Order of the Coif. After law school, I served as a law clerk to the Honorable Saundra B. Armstrong, United States District Court for the Northern District of California.

4. I have substantial experience in consumer, employment, and class action litigation. I have represented both plaintiffs and defendants in class actions in California and other jurisdictions in the United States. I have represented certified plaintiffs' classes in:

- <u>Alexander v. Farmers Insurance Company, Inc.</u>, Superior Court of California, County of Los Angeles, BC460992, a consumer rights class action involving depreciation taken on personal property items under homeowners insurance policies, which settled on terms that were approved by the Los Angeles County Superior Court;

- <u>Benson et al. v. Bella Enterprises, Ltd. et al</u>, Superior Court of California, County of Santa Clara, 110CV165035, a wage and hour class action which settled on terms that were approved by the Santa Clara Superior Court;

- <u>Bhatnagar et al. v. Catalina Restaurant Group, Inc.</u>, Superior Court of California, County of Alameda, RG 05246009, a wage and hour class action which settled on terms that were approved by the Alameda County Superior Court;

- <u>De La Cruz et al. v. California Pizza Kitchen, Inc.</u>, Superior Court of California, County of San Francisco, CGC-07-462843, a wage and hour class action which settled on terms that were approved by the San Francisco County Superior Court;

- <u>Diapo v. Flight Centre USA, Inc.</u>, United States District Court for the Central District of California case number CV 09-4790 PSG, a wage and hour class action which settled on terms that were approved by the United States District Court;

- <u>Finley v. Wells Fargo Financial Acceptance California, Inc.</u>, Superior Court of California, County of Los Angeles (Central District), BC 331174, a wage and hour class action which settled on terms that were approved by the Los Angeles County Superior Court;

- <u>Forestiere v. West Coast Life Ins. Co.</u>, Superior Court of California, County of San Francisco CGC 01-402340, a consumer rights class action involving the purchase of life insurance policies, which settled on terms that were approved by the San Francisco County Superior Court;

- <u>In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation</u>, United States District Court for the District of Massachusetts master case number 3:11-md-2208-MAP, four consolidated MDL matters involving military life insurance where I was co-lead counsel and MDL liaison counsel. The matter settled on terms that were approved by the United States District Court;

- <u>Kirkwood v. California State Automobile Association Inter-Insurance Bureau</u>, Superior Court of California, County of San Francisco CGC-09-48919, a consumer rights class action involving depreciation taken on personal property items under homeowners insurance

policies, which settled on terms that were approved by the San Francisco County Superior Court;

- Knight v. Red Door Salons, United States District Court for the Northern District of California case number C-08-1520 SC, a wage and hour class action which settled on terms that were approved by this Court;

- McCardle v. 24 Hour Fitness, Superior Court of California, County of Alameda, RG08414888, a consumer rights class action involving access to various levels of gyms at 24 Hour Fitness, which settled on terms that were approved by the Alameda County Superior Court;

- Mullholland v. Cozza, Superior Court of California, County of San Francisco, CGC 07-468443, a wage and hour class action which settled on terms that were approved by the San Francisco County Superior Court;

- Radford v. HFS North America LLC, Superior Court of California, County of Alameda, RG 06296440, a wage and hour class action which settled on terms that were approved by the Alameda County Superior Court;

- Scher et al. v. California Physicians' Service, Superior Court of California, County of San Francisco, CGC 08-481431, a consumer rights/health insurance class action which settled on terms that were approved by the San Francisco County Superior Court;

- Topper and Molina v. RedWing Shoe Company, Inc., Superior Court of California, County of Alameda, RG 06256269, a wage and hour class action which settled on terms that were approved by the Alameda County Superior Court;

- Venegas et al. v. Apria Health Care, Inc., Superior Court of California, County of San Francisco, CGC 06-449669, a wage and hour class action which settled on terms that were approved by the San Francisco County Superior Court;

- Weir v. 24 Hour Fitness, Superior Court of California, County of San Francisco, CGC-05-438478, a consumer rights class action involving 1.8 million Class Members which settled on terms that were approved by the San Francisco County Superior Court;

- Williams v. LA Fitness, Superior Court of California, County of Los Angeles, BC385623, a consumer rights class action which settled on terms that were approved by the Los Angeles County Superior Court.

5. On or about March 30, 2017, Plaintiffs, on behalf of themselves and all Settlement Class Members (as defined), entered into a Class Action Settlement Agreement (the "Settlement Agreement"), a true and correct copy of which Plaintiffs have filed with the Court (ECF No. 884), resolving the above-captioned action(s) against Defendants Foodspotting, Inc. ("Foodspotting"), Foursquare Labs, Inc. ("Foursquare"), Gowalla, Inc. ("Gowalla"), Instagram, LLC ("Instagram"), Kik Interactive, Inc. ("Kik"), Path, Inc. ("Path"), Twitter, Inc. ("Twitter") and Yelp! Inc. ("Yelp") (collectively, the "App Defendants").

6. On July 6, 2017, the Court granted preliminary approval of the Settlement Agreement (ECF No. 894). As the Court noted, the Settlement Agreement was the product of protracted and highly adversarial litigation, spanning over five years and reflected in the case's procedural history, together with extensive and complex settlement negotiations between and among the parties and their experienced and informed counsel. Included in those negotiations was the involvement of a neutral third-party mediator, the Honorable William J. Cahill (Ret.), from JAMS.

7. The Settlement Agreement is the product of protracted and highly adversarial litigation, spanning five years and reflected in the case's procedural history before the Court (reviewed in the accompanying Memorandum), together with extensive and complex settlement negotiations between and among the parties and their experienced and informed counsel. Included in those negotiations was the involvement of a neutral third-party mediator, the Honorable William J. Cahill (Ret.), from JAMS.

8. During the course of this lawsuit, KW's attorneys endeavored to zealously represent the interests of Plaintiffs and Settlement Class Members in this action. We devoted substantial resources to prosecuting this case on Plaintiffs' and Settlement Class Members' behalf. For a law firm of our size, the commitment to this case was substantial.

9. KW's work in this case included formulating the legal basis for Plaintiffs' and the Class Members' claims; analyzing relevant facts and other circumstances giving rise to these claims; conceiving a class-wide basis for asserting such claims and the class-wide damages arising therefrom; meeting with and interviewing class plaintiffs; discussing these claims with privacy experts and other professionals; supervising and managing the drafting of several versions of the operative pleading in the case; opposing serial motions to dismiss and for summary judgment directed at some or all of the claims asserted against the App Defendants in the case; assisting with discovery relating to the invasion of privacy claims against the App Defendants; preparing for and attending depositions; reviewing and analyzing the thousands of pages of documents produced by the App Defendants in the case; supervising and managing the answering of hundreds of written discovery requests propounded by the App Defendants to each Plaintiff; conferring with clients and co-counsel on the administration and management of this case; conferring with consulting and testifying experts; preparing the class certification motions against the App Defendants; preparing the motion for preliminary approval of the Settlement Agreement; arguing motions and otherwise litigating before the Court; appearing and reporting to the Court on a periodic basis; and participating in settlement negotiations and drafting of the settlement agreement.

10. In addition, following this Court's preliminary approval of the Settlement Agreement, I have been involved in communicating with counsel on post-settlement issues as they arose, as well as in communicating with class members and the Claims Administrator about notice and administration issues as well as about Settlement Class Members' inquiries on the terms and conditions of the Settlement Agreement and its impact and application on their rights.

11. Throughout this litigation, I have endeavored with my colleagues among the Plaintiffs' Steering Committee to divide and manage tasks among personnel in our and other firms, to prevent duplication of effort and to effectively and cost-efficiently represent the Class in this matter. My law firm's time and expenses benefitted the Class, and, as such, my law firm should be compensated for its work on the Class' behalf.

12. In accordance with the court-ordered guidelines in this case (ECF No. 433-1), the Court has received confidential quarterly reports of time spent by the law firms serving on the Plaintiffs' Steering Committee as reported to co-lead counsel, detailed by attorney and category of task. Because not all of the time spent on this action relates to the settled claims, I have used the same contemporaneous billing records to prepare the attached Exhibit A which sets forth our firm's work, by task and time keeper, as it relates to the claims against the App Defendants only, and the hourly rates for our law firm's attorneys and staff, for the period from September 9, 2013 through September 8, 2017.

13. At the inception of our role in this matter, our law firm's bookkeeper created separate billing accounts for each defendant in this action and I directed that firm personnel record time based upon the specific tasks assigned to them by defendant where possible. Our law firm also maintained an "App Defendant" billing account which tracked time spent by firm personnel for catch-all work done to collectively advance the privacy claims against the App Defendants, and a "All Defendants" account for time attributed to all of the claims. A separate "Apple" account was created for time solely related to the misrepresentation claims against Apple. The time reported here includes all time for the App Defendants together with the "App Defendant" account is reported here, less time spent on claims against the previously dismissed defendants who are not parties to the Settlement Agreement. It also includes time for tasks that were applicable to all claims, reduced by one-third to account for the unresolved claims against Apple (although in my professional opinion the same time would likely have been spent even if Apple had never been a defendant).

14. The report contained in Exhibit A indicates a total lodestar of $1,177,228.33, reflecting a total of 2,547.6 hours for that matter – working out to about $462/hour in gross – over a more than four-year period. This summary was prepared from contemporaneous daily time records reflecting the rates of KW attorneys and paralegals, based on detailed reports by task of daily activities in the matter which, in addition to the reduction for the catch-all account, I adjusted downward from actual time reported based upon billing judgment similar to that I exercise in the normal course of our law firm's hourly practice. I have also eliminated entirely

all time recorded by twelve individuals who, at some point in the last four years, spent less than 15 hours on this case to avoid any learning curve duplication from these individuals who stepped in to help on individual projects, also consistent with our firm's hourly billing practice.

15. The reported time does not include additional time spent preparing this motion and its related papers, the upcoming final approval motion, continuing to communicate with class members and the administrator, and other tasks that will be necessary to see this settlement through completion. Based on prior experience in such cases, I estimate that approximately 80-100 hours of time will be required in the future, primarily split between myself, James Wagstaffe, Frank Busch, and a paralegal. Given that the lodestar to date is already far in excess of the requested fee, we will not supplement with the specific time unless requested to do so by the Court.

16. The aforementioned summary reflects the following: 444 hours of my time (J.D., U.C. Berkeley School of Law (Boalt) '95) devoted to this matter at a rate of $700 per hour; 292 hours of my law partner James Wagstaffe's time (J.D., Hastings Law '80) devoted to this matter at a rate of $800 per hour; 139 hours of my former law partner Michael Ng (J.D., Harvard Law '01) devoted to this matter at a rate of $650.00 per hour; 452 hours of my associate Frank Busch (J.D., U. Chicago Law '08) devoted to this matter at a rate of $450 per hour; 104 hours of my associate Daniel Veroff (J.D., Hastings Law '13) devoted to this matter at a rate of $350 per hour; 297 hours of my former associate Julie Stockton (J.D., Hastings Law '12) devoted to this matter at a rate of $350 per hour; 362 hours of my former associate Daniel Zarchy (J.D., Hastings Law '15) devoted to this matter at a rate of $295 per hour; and, collectively, 457 hours of paralegal time devoted to this matter at a rate of $200 per hour.

17. As described below and reflected in Exhibit A, KW's time working on this matter as co-lead counsel breaks down by task into the following major categories (as further broken down in Exhibit A):

A. Attorney Meetings/Strategy (416 hours): Preparation and multiple in-person meetings and telephone conferences of one or more attorneys or paralegals from this law firm with other Plaintiffs' counsel, consulting and potential testifying privacy, damages and

source code experts as well as meetings among attorneys from this law firm to consider case management and settlement strategy at every phase and in every aspect of the case over its over four-year life, together with multiple and extensive written communications and memoranda on the same subjects.

    B. Case and File Management (106 hours):  Organization of file and client and case documents, pleadings, discovery, etc., by one or more attorneys and (mostly) paralegals from this law firm, including both physical and digital file and database management.

    C. Client Communications and Meetings (90 hours):  Preparation for and multiple in-person meetings and telephone conferences and/or email exchanges between and among one or more attorneys from this law firm and Plaintiffs and other counsel to discuss various matters relating to the case and its progress, discovery subjects and deposition preparation, the status of settlement negotiations and the impact and application of the proposed Settlement Agreement in this action on Settlement Class Members' rights.

    D. Research, Motion Work, and Court Appearances (1,197 hours):  Legal and factual research conducted by one or more attorneys from this law firm in connection with the litigation and the preparation of pleadings and papers filed with the Court on both merits and class certification subjects, related court appearances, together with communications and memoranda on various subjects, as well as similar work during all phases and every aspect of the case, and communicating the results of said research with interested parties and counsel.

    E. Discovery (397 hours:  Work performed by one or more attorneys and paralegals from this law firm in supervising and managing all aspects of offensive and defensive discovery for Plaintiffs and Class Members, meeting and conferring with App Defendants' counsel regarding multiple discovery disputes and researching and drafting letters for submission to the Court regarding said disputes, managing and reviewing thousands of pages of documents produced by the App Defendants bearing on both merits and class certification issues, attending percipient and expert depositions, and all preparation in connection therewith.

F.   Settlement (258 hours): Work by one or more attorneys from this law firm in connection with preparation and participation in mediation process, including preparation of mediation briefs and confidential communications to the mediator, multiple in-person meetings and telephone conferences with Judge Cahill and opposing counsel, as well as review and analysis of additional user data from the App Defendants, and the drafting of multiple iterations and completion of settlement documentation and communications with Plaintiffs' Steering Committee, opposing counsel and Plaintiffs on same, and working with the settlement administrator on notice and class member issues.

18.   The above task-based summary of time constitutes our law firm's best estimate of the allocation of time by task based upon the descriptions by each timekeeper contained in those records for work done in connection with the claims against the App Defendants.

**EXPENSES**

19.   In accordance with the court-ordered guidelines in this case (ECF No. 433-1), this firm opened and administered a Steering Committee fund to handle certain major expenses in this action.  All class counsel advanced funds for use in this manner. A total of $149,036 in expenses were incurred from that fund for matters related to the claims against the App Defendants.  Attached hereto as Exhibit B is a summary report of those expenses prepared by this law firm's bookkeeper.  All of these are expenses that would either be billed to an hourly client or which an hourly client would have been required to pay directly.

20.   In addition, as previously reported to the Court, this firm and the other firms on the PSC have incurred expenses not paid from the Steering Committee Fund.  Those expenses exceed $200,000, and at least half of them are fairly attributable to the claims settled against the App Defendants.  Given that the Steering Committee Fund alone captures all but $1,000 of the requested expenses, we have not detailed the excess expenses, but can certainly do so if requested by the Court.  For example, this firm incurred nearly $28,000 in expenses for storage and other services related to the ESI exchanged in discovery, over $8,000 on Westlaw expenses, and over $1,500 on conference call services with the PSC over the last four years.  The

requested $150,000 expenses reimbursement thus falls far short of fully compensating counsel for the costs advanced on these claims.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 22nd day of September 2017 at San Francisco, California.

<u>/s/ Michael von Loewenfeldt</u><br>
Michael von Loewenfeldt

# EXHIBIT A

|  | Partner | Associate | Paralegal | Total |
|---|---|---|---|---|
| Attorney Mtg/Strategy | 263.6 | 146.1 | 6.4 | 416.1 |
| Court Appearance/Prep | 60.6 | 68.8 | 7.6 | 137.0 |
| Client Comm./Mtg | 50.1 | 22.7 | 17.5 | 90.3 |
| Draft Discovery Reqs/Resps | 36.3 | 55.5 | 2.6 | 94.4 |
| Deposition Prep | 0.5 | 60.7 | - | 61.1 |
| Deposition - Take or Defend | 57.2 | 20.1 | 15.0 | 92.3 |
| Doc. Production/Review | 2.9 | 32.3 | 113.2 | 148.3 |
| Experts - Work or Consult | - | 1.2 | - | 1.2 |
| Rule 12 Mots- Research/Briefs | 87.4 | 80.2 | 3.9 | 171.5 |
| Class Cert. Research Briefs | 52.4 | 82.7 | - | 135.1 |
| Dispositive Mots Research/Briefs | 31.5 | 187.7 | 79.7 | 298.9 |
| Other Research/Briefing | 36.2 | 330.7 | 85.7 | 452.6 |
| Settlement | 182.9 | 75.2 | - | 258.1 |
| Case Management/File Maintenance | 7.1 | 19.1 | 80.2 | 106.4 |
| Appeal | - | 1.5 | - | 1.5 |
| Misc. | 7.2 | 30.4 | 44.2 | 81.8 |
| **TOTAL** | **875.8** | **1,214.8** | **456.0** | **2,546.6** |

|  | Type | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Julie Stockton | Associate | 350 | 296.6 | $ 103,810.00 |
| Daniel Veroff | Associate | 350 | 103.9 | $ 36,376.67 |
| Daniel Zarchy | Associate | 295 | 362.3 | $ 106,888.33 |
| Frank Busch | Associate | 450 | 451.9 | $ 203,370.00 |
| James Wagstaffe | Partner | 800 | 292.6 | $ 234,080.00 |
| Michael Ng | Partner | 650 | 139.1 | $ 90,393.33 |
| Michael von Loewenfeldt | Partner | 700 | 444.2 | $ 310,916.67 |
| Paralegals |  | 200 | 457.0 | $ 91,393.33 |
| **TOTAL** |  |  | 2547.6 | **$ 1,177,228.33** |

# EXHIBIT B

## Opperman/Apple Expenses re App Developers

| Date | | Note | Check No. | Amount | Running Total |
|---|---|---|---|---|---|
| | | | | | 0.00 |
| | | Checks Ordered | | 57.06 | 57.06 |
| 7/25/2014 | Strange and Carpenter | deposition transcripts - Carter | 1001 | 1,821.90 | 1,878.96 |
| 7/23/2015 | Phillips, Erlewine, Given & Carlin | Attendence at hearing on related case (Sterk v. Path) | 1002 | 214.75 | 2,093.71 |
| 9/21/2015 | JAMS, Inc. | mediation | 1003 | 4,275.00 | 6,368.71 |
| 2/19/2016 | Interhack Corporation | Technical evaluation of iPhones per Court order | 1004 | 2,000.00 | 8,368.71 |
| 3/21/2016 | First Legal Deposition Services | deposition transcripts - Carter, Cooley, Green | 1005 | 5,567.90 | 13,936.61 |
| 3/30/2016 | LDiscovery, LLC | iPhone imaging and extraction | 1006 | 5,625.00 | 19,561.61 |
| 4/20/2016 | Fishkind & Associates, Inc | Economic analysis in support of Path certification | 1007 | 5,000.00 | 24,561.61 |
| 4/27/2016 | Interhack Corporation | Technical evaluation of iPhones per Court order | 1008 | 1,105.00 | 25,666.61 |
| 5/4/2016 | LDiscovery, LLC | iPhone imaging and extraction | 1009 | 52.87 | 25,719.48 |
| 5/9/2016 | Interhack Corporation | Technical evaluation of iPhones per Court order | 1010 | 6,000.00 | 31,719.48 |
| 5/9/2016 | Harry Chomsky | Expert analysis of app code | 1011 | 2,730.00 | 34,449.48 |
| 6/1/2016 | LDiscovery, LLC | iPhone imaging and extraction | 1012 | 250.00 | 34,699.48 |
| 6/2/2016 | Fishkind & Associates, Inc | Economic analysis in support of Path certification | 1013 | 11,250.00 | 45,949.48 |
| 6/3/2016 | Harry Chomsky | Expert analysis of app code | 1014 | 910.00 | 46,859.48 |
| 6/15/2016 | Nirali Mandalaywala | reimburse phone | 1015 | 941.76 | 47,801.24 |
| 6/15/2016 | Claire Moses | reimburse phone | 1016 | 955.92 | 48,757.16 |
| 6/15/2016 | Fishkind & Associates, Inc | Economic analysis in support of Path certification | 1017 | 15,830.35 | 64,587.51 |
| 6/24/2016 | Lydia Zinn | court transcript re Class Certification hearing | 1018 | 135.75 | 64,723.26 |
| 6/28/2016 | LDiscovery, LLC | iPhone imaging and extraction | 1019 | 1,375.00 | 66,098.26 |
| 6/28/2016 | Arno Puder | Expert analysis of app code | 1020 | 10,300.00 | 76,398.26 |
| 7/18/2016 | Claire Moses | reimburse travel for deposition | 1022 | 554.17 | 76,952.43 |
| 7/18/2016 | Gentry Hoffman | reimburse phone | 1023 | 960.27 | 77,912.70 |
| 7/19/2016 | Aptus Court Reporting | deposition transcripts (Puder) | 1024 | 706.53 | 78,619.23 |
| 7/27/2016 | LDiscovery, LLC | iPhone imaging and extraction | 1025 | 1,312.50 | 79,931.73 |
| 8/1/2016 | Arno Puder | Expert analysis of app code | 1026 | 13,000.00 | 92,931.73 |
| 8/8/2016 | Harry Chomsky | Expert analysis of app code | 1027 | 280.00 | 93,211.73 |
| 8/8/2016 | First Legal Deposition Services | deposition transcripts (Varner) | 1028 | 1,478.90 | 94,690.63 |
| 8/25/2016 | Fishkind & Associates, Inc | Expert analysis of app code | 1029 | 8,837.95 | 103,528.58 |
| 9/1/2016 | Interhack Corporation | Technical evaluation of iPhones per Court order | 1030 | 1,103.50 | 104,632.08 |
| 9/12/2016 | First Legal Deposition Services | deposition transcripts (Hoffman, Beuershausen, Dean) | 1031 | 8,514.95 | 113,147.03 |
| 10/4/2016 | U.S. Legal Support | deposition transcripts (White) | 1032 | 978.75 | 114,125.78 |
| 10/4/2016 | LDiscovery, LLC | iPhone imaging and extraction | 1033 | 250.00 | 114,375.78 |
| 10/21/2016 | Gardy & Notis | deposition transcripts (Pirozzi) | 1034 | 713.15 | 115,088.93 |
| 10/21/2016 | Phillips, Erlewine, Given & Carlin | Code review software and hearing transcripts | 1035 | 368.90 | 115,457.83 |
| 10/21/2016 | Fishkind & Associates, Inc | Economic analysis and deposition costs in support of P | 1036 | 6,300.00 | 121,757.83 |
| 10/21/2016 | Network Deposition Services, Inc | deposition transcripts (Cooley II, Green, II) | 1037 | 2,269.60 | 124,027.43 |
| 10/21/2016 | First Legal Deposition Services | deposition transcripts (Cooley, Green, Mandalaywala, | 1038 | 15,579.33 | 139,606.76 |
| 10/25/2016 | JAMS, Inc. | mediation | 1039 | 1,878.58 | 141,485.34 |
| 11/14/2016 | JAMS, Inc. | mediation | 1040 | 3,652.14 | 145,137.48 |
| 11/14/2016 | LDiscovery, LLC | iPhone imaging and extraction | 1041 | 250.00 | 145,387.48 |
| 1/20/2017 | JAMS, Inc. | mediation | 1044 | 2,352.00 | 147,739.48 |
| 3/29/2017 | Steve Dean | travel expenses for deposition | 1046 | 1,296.60 | 149,036.08 |