1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JEFF EDWARDS (TBN 24014406)
(*pro hac vice*)
**EDWARDS LAW**
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Telephone: (512) 623-7727
Facsimile: (512) 623-7729
jeff@edwards-law.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK OPPERMAN, et al.,<br><br>                         Plaintiffs,<br><br>        v.<br><br>KONG TECHNOLOGIES, INC., et al.,<br><br>                         Defendants. | Case No.  13-cv-00453-JST<br><br>**DECLARATION OF JEFF EDWARDS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, ETC.**<br><br>**THIS MOTION RELATES TO**:<br><br>*Opperman v. Path, Inc.*, No. 13-cv-453-JST<br>*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST |

I, Jeff Edwards, declare as follows:

1.     I am a member in good standing of the State Bar of Texas admitted to practice

before this Court *pro hac vice* and a principal in the law firm of Edwards Law, which has served

as Plaintiffs' counsel in the above-entitled putative class action lawsuit filed in this Court

against Path, Inc., et al. (Case No. 13-cv-00453-JST) and Related Actions.  I submit this

declaration in support of the accompanying Motion for Attorneys' Fees, Litigation Costs, and

Incentive Awards.  The facts set forth herein are based upon my personal knowledge and, if

called upon, I could and would competently testify thereto.

2.     I am the lawyer at my firm with primary responsibility for this matter. I have

worked on this matter continuously since before the original complaint was filed in 2012, and

my firm and I have devoted considerable time and resources to the ultimate resolution of this

case. In the United States District Court for the Western District of Texas, I represented Plaintiffs who filed a class action complaint against the Defendants Foodspotting, Inc., Foursquare Labs, Inc., Gowalla, Inc., Instagram, LLC, Kik Interactive, Inc., Path, Inc., Twitter, Inc. and Yelp! Inc. (collectively, the "App Defendants"), among others.

3.     After the various cases now before the Court were related and assigned, the Court ordered an organization of plaintiffs' counsel with our firm serving on the Plaintiffs' Steering Committee that came to include four other law firms (Doc. 400). Throughout the case, my firm and I have been centrally involved in strategic decisions, drafting complaints and briefs in this case, as well as client communications, discovery responses, defensive document review, deposition preparation, and defense of Plaintiff depositions, especially where those tasks related to any of the ten clients for whom I remain primarily responsible: Giuliana Williams (formerly Giuliana Biondi), Stephanie Cooley (formerly Stephanie Dennis-Cooley), Jason Green, Claire Hodgins, Gentry Hoffman, Rachelle King, Nirali Mandalaywala, Claire Moses, Judy Paul, or Gregory Varner.

4.     On or about March 31, 2017, Plaintiffs, on behalf of themselves and all Settlement Class Members (as defined), entered into a Class Action Settlement Agreement (the "Settlement Agreement"), a true and correct copy of which Plaintiffs have filed with the Court (ECF No. 884) resolving the above-captioned action(s) against the App Defendants).

5.     On July 6, 2017, the Court granted preliminary approval of the Settlement Agreement (ECF No. 894).  As the Court noted, the Settlement Agreement was the product of protracted and highly adversarial litigation, spanning over five years and reflected in the case's procedural history, together with extensive and complex settlement negotiations between and among the parties and their experienced and informed counsel.  Included in those negotiations was the involvement of a neutral third-party mediator, the Honorable William J. Cahill (Ret.), from JAMS.

I.     **BACKGROUND AND EXPERIENCE**

6.     The Court has considered a declaration in this case covering the subject of my and my law firm's background and experience as may be relevant to the present motion.  I refer

to my Declaration filed in support of Opperman Plaintiffs' Submission re: Organization of Plaintiffs' Counsel (ECF No. 382, at 90 et seq.), I incorporate that previous declaration, and I reaffirm that the previous declaration is true and correct.

7.     Notably, after I filed my original declaration in this matter, Judge Keith P. Ellison in the United States District Court for the Southern District of Texas appointed me and my firm to be class counsel in a prison civil rights case seeking injunctive and declaratory relief, and that class certification order was affirmed in the Fifth Circuit Court of Appeals. *See Yates v. Collier*, --- F.3d ----, No. 16-20505, 2017 WL 3574968, at *12 (5th Cir. Aug. 18, 2017). Further, I became a member of the American Board of Trial Advocates (ABOTA). To the extent additional information and biographical data assist the Court, I refer to my firm's website, www.edwards-law.com, which further illustrates my firm's experience in handling class actions and other high profile, complex matters.

8.     The hourly rates detailed below are comparable to those charged by similarly qualified attorneys in the Northern District of California and by Western District of Texas attorneys with nationwide practices. Those rates are also comparable to or less than the rates indicated in the Laffey Matrix as adjusted for the San Francisco, California Area.  All work reported by my law firm's attorneys and staff on behalf of the Plaintiffs and Settlement Class Members in this case was performed on a contingent basis.

## II.     WORK PERFORMED BY EDWARDS LAW

### A.     Litigation and Settlement

9.     On March 12, 2012, after entering into an attorney-client relationship with numerous men and women, including nine who remain named Plaintiffs today, I filed the original *Opperman* complaint together with the Law Offices of Carl F. Schwenker and the Jordan Law Firm. For more than ten months, before this case was transferred to this Court, my firm was lead counsel in the Western District of Texas *Opperman* case, with the Law Offices of Carl F. Schwenker and the Jordan Law Firm as co-counsel. Before it was related to the other cases, *Opperman* expanded to encompass twelve of the named Plaintiffs who are party to this settlement and all of the App Defendants who are party to this settlement (*See* ECF No. 103).

The App Defendants filed numerous motions to dismiss and transfer the case during this time period.

10.     On Oct. 22, 2013, this Court appointed my law firm to the Plaintiffs' Steering Committee (ECF No. 400). And on July 24, 2017, this Court conditionally appointed my law firm, together with the rest of the Plaintiffs' Steering Committee, class counsel in the matter against the App Defendants (ECF No. 894).

11.     During the course of this lawsuit, Edwards Law attorneys endeavored to zealously represent the interests of Plaintiffs and Settlement Class Members in this action.  As will be seen below, my law firm devoted substantial resources to prosecuting this case on Plaintiffs' and Settlement Class Members' behalf.  For a law firm of our size, the commitment to this case was a tremendous undertaking.

12.     My law firm's work in this case included formulating the legal basis for Plaintiffs' and the Class Members' claims in District Court in Texas; analyzing relevant facts and other circumstances giving rise to these claims; conceiving a class-wide basis for asserting such claims and the class-wide damages arising therefrom; discussing these claims with privacy experts and other professionals; meeting with and interviewing class plaintiffs; supervising and managing the drafting of several versions of the operative pleading in the case; opposing serial motions to dismiss and for summary judgment directed at some or all of the claims asserted against the App Defendants in the case; managing and responding to all discovery directed to my firm's original clients, nine of whom remain parties to the case; preparing for, attending, and taking the lead in defending depositions of numerous Plaintiffs in Texas and in California; reviewing and analyzing the documents—including emails, resumes, articles, packaging, advertisements, App History pages, and iPhones themselves—requested by Defendants in discovery; managing and assisting Plaintiffs' answering a total of 51 distinct interrogatories and 142 distinct requests for production, requiring distinct responses from numerous Plaintiffs; and conferring with clients and co-counsel on the administration and management of this case.

13.     In addition to the above, my firm and I assisted co-counsel with the mediation before Judge William J. Cahill (Ret.) of JAMS beginning on Nov. 1, 2016 and continuing

thereafter until the January 2017 notice to the Court of the parties' tentative settlement. By the time of the parties' settlement in March 2017, the parties had concluded all or substantially all of the pre-certification discovery in the case, Plaintiffs had moved once successfully for class certification of the privacy claim against Path (ECF No. 761), and Plaintiffs had pending an omnibus class certification motion of the privacy claims against all but one of the other App Defendants (ECF No. 799).

14.     During the course of the parties' mediation, my law firm and I shared responsibility for communicating with Plaintiffs, primarily the ten listed herein, in an effort to reach a final resolution of this case.

15.     In addition, following this Court's preliminary approval of the Settlement Agreement, I was involved in communicating with counsel on post-settlement issues as they arose, as well as in communicating with the Plaintiffs regarding applications for an award from this Court and submission of their claims for the settlement.

16.     Throughout this litigation I have endeavored with my colleagues among the Plaintiffs' Steering Committee to divide and manage tasks among personnel in our and other firms, to prevent duplication of effort and to effectively and cost-efficiently represent the Class in this matter. My law firm's time and expenses benefitted the Class, and, as such, my law firm should be compensated for its work on the Class' behalf.

**B.     Edwards Law's Lodestar for Work Performed in the Action**

17.     In accordance with the court-ordered guidelines in this case (ECF No. 433-1), the Court has received confidential quarterly reports of time spent by the law firms serving on the Plaintiffs' Steering Committee as reported to co-lead counsel, detailed by attorney and category of task. For purposes of this Court's so-called "lodestar cross-check" in relation to the present motion, the summary report of the total hours claimed for our law firm's work in this action relates to the claims against the App Defendants, and the hourly rates for my law firm's attorneys and staff, for the period from October 1, 2013 through June 30, 2017 is attached as Exhibit A.

18.     Only the time and expenses incurred relating to the App Defendants who are parties to the Settlement Agreement are reported here. Time devoted solely to Apple and others not party to this settlement is excluded.

19.     The report contained in Exhibit A indicates a total lodestar of $629,426.00 reflecting a total of 1,152.0 hours for the matter – working out to about $546.38 per hour in gross – over the period October 1, 2013 to June 30, 2017. This summary was prepared from contemporaneous daily time records reflecting the rates of Edwards Law attorneys as of the date hereof, based on detailed reports by task of daily activities in the matter which, in addition to the exclusions for time devoted to those not party to this settlement, I adjusted downward from actual time reported based upon billing judgment similar to that I exercise in the normal course of my law firm's hourly practice.

20.     The aforementioned summary reflects the following: 656.8 hours of my time (J.D., University of Texas, 1999) devoted to this matter at a rate of $650.00 per hour ($426,930.83); 21.2 hours of law partner Scott Medlock's time (J.D., University of Texas 2005) devoted to this matter at a rate of $525.00 per hour ($11,130.00); 450.3 hours of my associate David James's time (J.D., University of Texas 2014) devoted to this matter at a rate of $400.00 per hour ($180,106.67); and 23.7 hours of my former associate Sean Flammer's time (J.D., University of Texas 2007) devoted to this matter at a rate of $475.00 per hour ($11,257.50).

21.     As described below and reflected in Exhibit A, Edwards Law's role is reflected in the time spent in its work as counsel in this case by task, as follows:

A.     Attorney Meetings, Strategy, and Documentation (126.3 hours – approx. 58% partner time, 42% associate time):  Preparation and multiple in-person meetings (some involving travel to San Francisco) and telephone conferences of one or more attorneys from this law firm with other Plaintiffs' counsel and Defendants' counsel, as well as meetings among attorneys from this law firm to consider case management and settlement strategy at every phase and in every aspect of the case during the reporting period, together with multiple and extensive written communications and memoranda on the same subjects.

1           B.        Case and File Management (22.1 hours – approx. 16% partner time, 84%

2 associate time):  Organization of file and client and case documents, pleadings, discovery, time

3 and expense records, etc., by one or more attorneys from this law firm, including both physical

4 and digital file and database management.

5           C.        Client Meetings, Communications, and Settlement (160.3 hours – approx.

6 50% partner time, 50% associate time):  Preparation for and multiple in-person meetings (some

7 involving travel to San Francisco) and telephone conferences between and among one or more

8 attorneys from this law firm and Plaintiffs and other counsel to discuss various matters relating

9 to the case and its various complaint versions, progress, discovery, deposition preparation, the

10 status of settlement negotiations, and the impact and application of the proposed Settlement

11 Agreement in this action on Settlement Class Members' rights.

12           D.        Pleadings, Court Appearances, and Research (241.7 hours – approx. 79%

13 partner time, 21% associate time): Work performed on drafting pleadings and conducting legal

14 and factual research in connection with the litigation and the preparation of pleadings and papers

15 filed with the Court on both merits and class certification subjects, together with

16 communications and memoranda on various subjects, as well as similar work during all phases

17 and many aspects of the case, the mediation process, and settlement work, as well as

18 communicating the results of said research with interested parties and counsel.

19           E.        Discovery (601.6 hours – approx. 55% partner time, 45% associate time):

20 Work performed by one or more attorneys from this law firm in managing defensive discovery

21 for Plaintiffs and Class Members, developing and entering a protective order for use in the case,

22 managing and assisting with the Plaintiffs' responses to hundreds of individual written

23 discovery requests, meeting and conferring with App Defendants' counsel regarding multiple

24 discovery disputes and researching and drafting letters regarding said disputes, managing and

25 reviewing thousands of pages of documents in preparation for production to the App

26 Defendants, attending and defending numerous Plaintiffs' depositions, and all preparation in

27 connection therewith.

28

22.     In addition, before this Court appointed my firm to the Plaintiffs' Steering Committee, I was lead counsel for the original *Opperman* lawsuit that was later related to the other claims. Time records, submitted to co-lead counsel after the Plaintiffs' Steering Committee was formed, reflect that I performed 609.8 hours of work between February 9, 2012 and September 31, 2013 pertaining to the App Defendants, who were all parties to the original *Opperman* lawsuit prior to the cases being related. Of the work I performed prior to September 31, 2013, I devoted 111.3 hours to attorney strategy meetings, memoranda, and other communications among the team and with opposing counsel. I spent 28.6 hours during this period on case management and file maintenance. I also spent 38.0 hours during this period on client meetings and other communications, including conducting client interviews to develop the allegations. Finally, I devoted 432.0 hours during this period to pleadings, court appearances, and research regarding the same, primarily in the Western District of Texas, where substantial briefing was required to respond to serial motions to dismiss, motions to sever, and motions to transfer. These hours are not included in the lodestar cross-check total detailed above in paragraphs numbered 17 to 21.

23.     The above task-based summary of time derives from a review of the daily time records kept by our law firm together with our firm's time by attorney and task as reported to the Court.  It constitutes our law firm's best estimate of the allocation of time by task based upon the descriptions by each timekeeper contained in those records for work done in connection with the claims against the App Defendants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on Sept. 22, 2017 in Austin, Texas.


_____
        /s/ Jeff Edwards
        Jeff Edwards

EXHIBIT A

***In re: iDevice Address Book Litigation*, Edwards Law Time and Expense Report Regarding the App Defendants:**
**Foodspotting, Inc., Foursquare Labs, Inc., Gowalla, Inc., Instagram, LLC, Kik Interactive, Inc., Kong Technologies (formerly Path, Inc.), Twitter, Inc. and Yelp! Inc.**
Case No. *3:13-cv-00453-JST*

**Firm Name:  Edwards Law**             **Reporting Period:  January 1, 2012 to June 30, 2017**

**Personnel Codes (PC):**

(P)  Partner

(A)  Associate

**Task Codes:**

| | |
|---|---|
| (1) Atty Mtg./Strategy | (7) Doc. Production/Review |
| (2) Ct. Appearance/Prep. | (8) Experts - Work or Consult |
| (3) Client Comm./Mtg. | (9) Rule 12 Mot.s Research/Briefs |
| (4) Draft Discovery Req.s/Resp.s | (10) Class Cert. Research/Briefs |
| (5) Deposition Prep. | (11) Dispositive Mot.s Research/Briefs |
| (6) Deposition - Take or Defend | (12) Other Research/Briefing |
| (13) Settlement | |
| (14) Trial - Prep. | |
| (15) Trial - Attendance | |
| (16) Case Mgmt./File Maintenance | |
| (17) Appeal | |
| (18) Misc. | |

| Expense Report | |
|---|---|
| Payments to PSC fund | $  25,000.00 |
| Expenses aside from PSC fund | $  25,488.99 |

**Time Report: January 1, 2012 to September 31, 2013**

| Name | PC | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | Hourly Rate | Cum. Hours | Total Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jeffrey Edwards | P | 111.3 | 15.6 | 27.9 | 0.0 | 0.0 | 0.0 | 0.0 | 15.0 | 148.2 | 16.5 | 8.0 | 228.7 | 10.1 | 0.0 | 0.0 | 9.0 | 0.0 | 19.6 | $650 | 609.8 | $396,370.00 |
| Scott Medlock | P | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $525 | 0.0 | $0.00 |
| Sean Flammer | A | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $475 | 0.0 | $0.00 |
| David James | A | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $400 | 0.0 | $0.00 |
| **TOTAL:** | | **111.3** | **15.6** | **27.9** | **0.0** | **0.0** | **0.0** | **0.0** | **15.0** | **148.2** | **16.5** | **8.0** | **228.7** | **10.1** | **0.0** | **0.0** | **9.0** | **0.0** | **19.6** | | **609.8** | **$396,370.00** |

**Time Report: October 1, 2013 to June 30, 2017**

| Name | PC | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | Hourly Rate | Cum. Hours | Total Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jeffrey Edwards | P | 70.1 | 24.4 | 66.5 | 30.1 | 147.6 | 122.5 | 31.1 | 0.0 | 102.4 | 15.0 | 2.6 | 27.2 | 13.7 | 0.0 | 0.0 | 0.0 | 0.0 | 3.6 | $650 | 656.8 | $426,930.83 |
| Scott Medlock | P | 2.8 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 14.4 | 0.0 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $525 | 21.2 | $11,130.00 |
| Sean Flammer | A | 21.7 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $475 | 23.7 | $11,257.50 |
| David James | A | 31.7 | 0.0 | 78.5 | 130.4 | 44.8 | 0.0 | 95.1 | 0.0 | 0.0 | 35.2 | 2.6 | 11.9 | 1.6 | 0.0 | 0.0 | 8.1 | 0.0 | 10.4 | $400 | 450.3 | $180,106.67 |
| **TOTAL:** | | **126.3** | **28.4** | **145.0** | **160.5** | **192.4** | **122.5** | **126.2** | **0.0** | **102.4** | **64.6** | **5.2** | **41.1** | **15.3** | **0.0** | **0.0** | **8.1** | **0.0** | **14.0** | | **1152.0** | **$629,425.00** |

| *After Sep. 31, 2013:* | Group | Subtotal | Partner % | Associate % | *Before Oct. 1, 2013:* | Group | Subtotal | % of total |
|---|---|---|---|---|---|---|---|---|
| Strategy | A | 126.3 | 58% | 42% | | A | 111.3 | 18% |
| Case Management | B | 22.1 | 16% | 84% | | B | 28.6 | 5% |
| Client Relations | C | 160.3 | 50% | 50% | | C | 38.0 | 6% |
| Pretrial & Research | D | 241.7 | 79% | 21% | | D | 432.0 | 71% |
| Discovery | E | 601.6 | 55% | 45% | | E | 0.0 | 0% |
| | Total | 1152.0 | 59% | 41% | | Total | 609.8 | |