DAVID M. GIVEN (SBN 142375)
NICHOLAS A CARLIN (SBN 112532)
**PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**
39 Mesa Street, Suite 201
San Francisco, CA 94129
Tel: (415) 398-0900
Fax: (415) 398-0911
dmg@phillaw.com
nac@phillaw.com

MICHAEL VON LOEWENFELDT (SBN 178665)
JAMES M. WAGSTAFFE (SBN 95535)
FRANK BUSCH (SBN 258288)
DANIEL J. VEROFF (SBN 291492)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel: (415) 371-8500
Fax: (415) 371-0500
mvl@kerrwagstaffe.com
wagstaffe@kerrwagstaffe.com
busch@kerrwagstaffe.com
veroff@kerrwagstaffe.com

*Interim Co-Lead Counsel for Plaintiffs*
*(additional counsel listed on signature page)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, et al.,<br><br>                 Plaintiffs,<br><br>       v.<br><br>KONG TECHNOLOGIES, INC., et al.<br><br>                 Defendants. | Case No. 13-cv-00453-JST<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**THIS DOCUMENT ALSO RELATES TO:**<br>*Hernandez v. Path, Inc.*, No. 12-cv-1515-JST (collectively, the "Related Actions") |

## <u>TABLE OF CONTENTS</u>

*Page*

I.    INTRODUCTION ..................................................................................................... 5

II.    SUMMARY OF SETTLEMENT TERMS........................................................... 5

    A.    Monetary Relief ....................................................................................... 5

    B.    Additional Specified Payments .............................................................. 6

    C.    The Settlement Class................................................................................ 6

    D.    Estimated Class Size ................................................................................ 7

III.    NOTICE TO THE CLASS AND THE CLASS' FAVORABLE REACTION ............... 8

IV.    THE COURT SHOULD GRANT FINAL APPROVAL ................................. 9

    A.    The Settlement Provides Exceptional Relief ...................................... 10

    B.    The Reaction of the Class Supports Final Approval........................... 11

    C.    Continued Litigation Involves Potential Risk.................................... 12

    D.    The Parties Conducted Extensive Investigation and Analysis and the Settlement was Reached Through Arms' Length Negotiations.......................... 12

    E.    The Recommendations of Experienced Counsel Favor Final Approval ............ 13

V.    CONCLUSION.................................................................................................. 13

KERR
&amp;
WAGSTAFFE
LLP

## <u>TABLE OF AUTHORITIES</u>

*Page*

### <u>*Cases*</u>

*Boyd v. Bechtel Corp.*,
    485 F. Supp. 610 (N.D. Cal. 1979) ........................................................................ 9

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) .............................................................................. 9

*Compare Entin v. Barg*,
    412 F. Supp. 508 (E.D. Pa. 1976) ....................................................................... 11

*Ellis v. Naval Air Rework Facility*,
    87 F.R.D. 15 (N.D. Cal. 1980)............................................................................. 9

*Fraley v. Facebook*,
    966 F. Supp. 2d 939 (N.D. Cal. 2013) ............................................................... 11

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................. 9, 10, 11

*Harris v. Vector Marketing Corp.*,
    2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) .................................................... 13

*In re Four Seasons Sec. Laws Litig.*,
    58 F.R.D. 19 (W.D. Okla. 1972) ........................................................................ 11

*In re Google Buzz Privacy Litig.*,
    2011 WL 7460099 (N.D. Cal. June 2, 2011) ...................................................... 11

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) .............................................................................. 13

*In re Netflix Privacy Litig.*,
    2013 U.S. Dist. LEXIS 37286 (N.D. Cal. Mar. 18, 2013)............................... 11

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*,
    2016 U.S. Dist. LEXIS 88665 (N.D. Cal. July 7, 2016)................................... 11

*Moore v. Verizon Communs., Inc.*,
    2013 U.S. Dist. LEXIS 122901 (N.D. Cal. Aug. 28, 2013)............................. 10

*Stanton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .............................................................................. 9

*Zepeda v. PayPal, Inc.*,
    2017 U.S. Dist. LEXIS 43672 (N.D. Cal. Mar. 24, 2017)....................... 10, 12

### <u>*Rules*</u>

Fed. R. Civ. P. 23...................................................................................................... 5, 9

1       **TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that on December 14, 2017, at 2:00 PM, or as soon thereafter

3 as the matter may be heard, in Courtroom 9, 19th Floor of the United States District Courthouse,

4 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable Jon S. Tigar,

5 Plaintiffs Allen Beuershausen, Giuliana Biondi, Lauren Carter, Stephen Dean, Stephanie Cooley,

6 Jason Green, Claire Hodgins, Gentry Hoffman, Rachelle King, Nirali Mandalaywala, Claire

7 Moses, Judy Paul, and Gregory Varner (hereinafter, "Plaintiffs"), on their own and on behalf of

8 the Settlement Class (as defined below), will and hereby do move this Court for an Order: (a)

9 adopting all defined terms as set forth in the Settlement Agreement; (b) finding that this Court

10 has jurisdiction over the subject matter of this litigation and all related matters and all claims

11 raised in this action and released in the Settlement Agreement, and personal jurisdiction over all

12 parties before it; (c) holding that (1) the Notice to the Class described in Section III informed

13 Class Members of the terms of the Settlement Agreement, their right to claim a share of the

14 settlement proceeds and the procedure therefore, their right to object to the Settlement

15 Agreement or to opt out of the Settlement Agreement and pursue their own remedies, and their

16 right to appear in person or by counsel at the final approval hearing and be heard regarding

17 approval of the Settlement Agreement and (2) Notice was provided with ample time for the Class

18 Members to follow these procedures; (d) holding that (1) this notice procedure afforded adequate

19 protections to Class Members and provides the basis for the Court to make an informed decision

20 regarding approval of the Settlement Agreement based on the response of the Class Members,

21 (2) Notice was accomplished in all material respects in the manner prescribed by the Settlement

22 Agreement, and (3) the notice provided in this case was the best notice practicable, which

23 satisfied the requirements of law and due process; (e) holding that the proposed Class, as defined

24 in ¶ 1.36 of the Settlement Agreement and in ¶ 1 of the Preliminary Approval Order and set forth

25 in Section II(C) meets all of the legal requirements for class certification under Federal Rule of

26 Civil Procedure 23 ("Rule 23") (a) and (b)(3), and order that certification of the Class is finally

27 approved for purposes of settlement of this action; (f) confirming as final the appointment of

28 Plaintiffs Allen Beuershausen, Giuliana Biondi, Lauren Carter, Stephen Dean, Stephanie Cooley,

KERR
&
WAGSTAFFE
LLP

Jason Green, Claire Hodgins, Gentry Hoffman, Rachelle King, Nirali Mandalaywala, Claire Moses, Judy Paul, and Gregory Varner as the Class Representatives under Rule 23; (g) confirming as final the appointment of the following law firms and attorneys as Class Counsel for the Rule 23 Class: Kerr & Wagstaffe LLP; Phillips, Erlewine, Given & Carlin LLP; Edwards Law; the Law Offices of Carl F. Schwenker; and Gardy & Notis, LLP; (h) holding that (1) the Settlement Agreement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation, (2) the Settlement Agreement is the result of arms' length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough factual and legal investigation, (3) the Settlement Agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, (4) the response of the Class to the Settlement Agreement supports settlement approval, and (5) the terms of the Settlement Agreement are fair, reasonable, and adequate to the Class and to each Class Member; (i) granting final approval to the Settlement Agreement; (j) permitting any necessary action to enforce the parties' obligations under the Settlement Agreement or under this Order; (k) holding that all Class Members who have not timely opted out, are permanently barred from prosecuting against the parties any Released Claim as set forth in § 11 of the Settlement Agreement; (l) entering final judgment in this action as to Defendants Foodspotting, Inc. ("Foodspotting"), Foursquare Labs, Inc. ("Foursquare"), Gowalla, Inc. ("Gowalla"), Instagram, LLC ("Instagram"), Kik Interactive, Inc. ("Kik"), Kong Technologies, Inc. (formerly known as Path, Inc.) ("Path"), Twitter, Inc. ("Twitter"), and Yelp! Inc. ("Yelp"); (m) retaining jurisdiction over this matter for the purposes set forth in § 14.16 of the Settlement Agreement, including the resolution of issues relating to implementation and enforcement of the Settlement Agreement, and ruling on attorneys' fees and incentive awards in connection therewith; (n) dismissing all claims against Foodspotting, Foursquare, Gowalla, Instagram, Kik, Path, Twitter, and Yelp with prejudice, each side to bear its own costs and attorneys' fees, except as provided by the Settlement Agreement and the Court's orders; and (o) granting Plaintiffs' Motion For Attorneys' Fees, Litigation Costs, And Incentive Awards (ECF No. 903) and awarding $1,590,000 in

1   attorneys' fees, $150,000 in litigation costs, and $195,000 ($15,000 each) in incentive awards

2   payable from the Settlement Payment as prayed for therein.

3          The grounds for this motion are that the Settlement Agreement is within the range of

4   reasonableness to be finally approved as fair, adequate and reasonable in all respects.

5          This Motion is based upon this Notice of Motion and Motion, the attached Memorandum

6   of Points and Authorities, the declarations of Michael von Loewenfeldt and Lana Lucchesi, the

7   previously filed Settlement Agreement and materials submitted in connection with preliminary

8   approval, the other papers and records on file in this Action, and such other written and oral

9   arguments as may be presented at or before the hearing to the Court.

10

11  Dated:  November 30, 2017                    **KERR & WAGSTAFFE LLP**

12                                               */s/ Michael von Loewenfeldt*
                                                 James M. Wagstaffe (95535)
13                                               Michael von Loewenfeldt (178665)
                                                 KERR & WAGSTAFFE LLP
14                                               101 Mission Street, 18th Floor
                                                 San Francisco, CA 94105
15                                               Tel.:  415-371-8500
                                                 Fax:  415-371-0500
16                                               wagstaffe@kerrwagstaffe.com
                                                 mvl@kerrwagstaffe.com
17
                                                 David M. Given
18                                               Nicholas A. Carlin
                                                 PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
19                                               39 Mesa Street, Ste. 201
                                                 San Francisco, CA 94129
20                                               Tel: 415-398-0900
                                                 Fax: 415-398-0911
21                                               dmg@phillaw.com
                                                 nac@phillaw.com
22
                                                 *Interim Co-Lead Counsel for Plaintiffs*
23
                                                 Carl F. Schwenker (admitted *pro hac vice*)
24                                               LAW OFFICES OF CARL F. SCHWENKER
                                                 The Haehnel Building
25                                               1101 East 11th Street
                                                 Austin, TX 78702
26                                               Tel: 512-480-8427
                                                 Fax: 512-857-1294
27                                               cfslaw@swbell.net

28                                               *Plaintiffs' Liaison Counsel*

KERR
&
WAGSTAFFE
LLP

Case No.: 13-cv-00453-JST                                    MOTION FOR FINAL APPROVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jeff Edwards (admitted *pro hac vice*)
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel: 512-623-7727
Fax: 512-623-7729
jeff@edwards-law.com

Jennifer Sarnelli
GARDY & NOTIS, LLP
501 Fifth Avenue, Suite 1408
New York, NY 10017
Tel: 212-905-0509
Fax: 212-905-0508
jsarnelli@gardylaw.com

**ATTORNEYS FOR OPPERMAN PLAINTIFFS
AND CONDITIONAL CLASS COUNSEL**

KERR
&
WAGSTAFFE
LLP

Case No.: 13-cv-00453-JST                                    MOTION FOR FINAL APPROVAL

## I.      INTRODUCTION

Plaintiffs Allen Beuershausen, Giuliana Biondi, Lauren Carter, Stephen Dean, Stephanie Cooley, Jason Green, Claire Hodgins, Gentry Hoffman, Rachelle King, Nirali Mandalaywala, Claire Moses, Judy Paul, and Gregory Varner (hereinafter, "Plaintiffs"), on their own and on behalf of the Settlement Class, respectfully ask the Court to grant final approval of the proposed Settlement Agreement in this action, enter judgment, and otherwise provide the relief requested herein.

As set forth more fully below, the parties' Settlement Agreement satisfies the "fair, reasonable, and adequate" standard for final approval.  *See* Fed. R. Civ. P. 23(e).  No party has objected to the settlement, and only eight people opted out of the Class.  The Court should therefore grant final approval.

## II.     SUMMARY OF SETTLEMENT TERMS

On July 6, 2017, the Court entered an Order preliminarily approving the parties' proposed Settlement Agreement.  *See* Preliminary Approval Order (ECF No. 894).

### A.      MONETARY RELIEF

The App Defendants[1] have established a Settlement Fund of $5,300,000, which includes payment to the Class, attorneys' fees, certain costs, and any incentive payment awarded to the Representative Plaintiffs.  Class Action Settlement Agreement (ECF No. 884) ("Settlement Agreement") § 1.37.  Settlement class members who submit valid claims will be sent cash or cash-equivalent payments on a per-app basis. *Id.* §§ 1.37, 2.1-2.3.  The App Defendants will separately pay for some of the settlement administrator's costs and notice expenses.[2]  *Id.* §§ 5.1-5.4, 8.3.

---

[1]      The App Defendants are Foodspotting, Inc. ("Foodspotting"), Foursquare Labs, Inc. ("Foursquare"), Gowalla, Inc. ("Gowalla"), Instagram, LLC ("Instagram"), Kik Interactive, Inc. ("Kik"), Kong Technologies, Inc. (formerly known as Path, Inc.) ("Path"), Twitter, Inc. ("Twitter"), and Yelp! Inc. ("Yelp").

[2]      Administrative costs allocated to Foodspotting, Gowalla, and Yelp shall be deducted from the settlement payment itself.  Settlement Agreement § 5.1.1.



### B.   ADDITIONAL SPECIFIED PAYMENTS

Plaintiffs, and their counsel, have separately filed a motion seeking the reimbursement of fees, costs, and incentive awards.  ECF No. 903.  Amounts recovered in connection with that motion will be paid from the Settlement Fund.  The settlement is not conditioned upon any resolution of that motion.  Settlement Agreement §§ 8.2, 9.2.  For the Court's convenience, the proposed order submitted in connection with this motion—and prayed for below—grants Plaintiffs' separate motion seeking attorneys' fees, litigation costs, and incentive awards.

### C.   THE SETTLEMENT CLASS

Pursuant to the Settlement Agreement, the Court's preliminary approval certified the following settlement class:

All natural persons[3] in the United States who meet one or more of the following class definitions:

- who received from Apple's App Store a copy of versions 2.5 through 3.1 of the iOS mobile application entitled Foodspotting, and activated via such App on their Apple iDevice the "Find iPhone Contacts" feature of the Foodspotting mobile application between August 9, 2011 and February 19, 2012;

- who received from Apple's App Store one or more of versions 1.1 through 4.2 of the iOS mobile application entitled Foursquare, and did one or both of the following between April 4, 2009 and February 14, 2012: (1) for versions 1.1 through 4.2, activated via such App on their Apple iDevice (iPhone, iPad, iPod Touch) the "Add Friends" feature of the Foursquare mobile application or (2) for versions 3.1 through 4.2, registered via their iDevice as a Foursquare user through the Foursquare mobile application;

- who received from Apple's App Store one or more of versions 1.5.0 through 4.1 of the iOS mobile application entitled Gowalla, and did one or both of the following within the Gowalla mobile application between February 23, 2010 and February 23, 2012: (1) selected a checkbox stating "Automatically connect with friends from my address book" and then depressed a "Let's Get Started" button; (2) depressed a "Find Friends" button and then depressed an "Address Book" button;

- (A) owned an Apple iDevice on which he or she registered an account for any of the versions 1.0.0 through 2.0.7 of the Instagram App obtained from the Apple App Store;

---

[3]      Excluded from the Class are Defendants, any entities in which Defendants have a controlling interest or which have a controlling interest in Defendants, Defendants' respective officers, directors, employees, subsidiaries, affiliates, and attorneys, and the Judge presiding over the Action and any of their employees or immediate family members.



Case No.: 13-cv-00453-JST

6

MOTION FOR FINAL APPROVAL

(B) utilized the Find Friends feature of the Instagram App between October 6, 2010 and February 10, 2012; and (C) resided within the United States at the time he or she registered an Instagram account and used the Find Friends Feature;

- (A) owned an Apple iDevice on which he or she downloaded from Apple App Store, installed, and registered an account on the Kik App; (B) installed version 5.4.0 of the Kik App; (C) after installing version 5.4.0, utilized the Suggested Friends feature of the Kik App between December 22, 2011 and February 11, 2012; (D) as a result of such use of the Suggested Friends Feature, had contacts data uploaded to Kik's servers in non-hashed format; and (E) resided within the United States at the time he or she registered a Kik account and used the Suggested Friends Feature;

- who received from Apple's App Store a copy of version 2.0 through 2.0.5 of the iOS mobile application entitled Path, and who were Path registrants and activated via such App on their Apple iDevice the Path mobile application between November 29, 2011 and February 7, 2012;

- who received preinstalled on an Apple iDevice and/or from Apple's App Store between March 11, 2011 and February 21, 2012 a copy of versions 3.3 through 4.0.1 of the iOS mobile application entitled Twitter, and activated via such App on their Apple iDevice the "Find Friends" feature of the Twitter mobile application; and/or

- who received from Apple's App Store a copy of versions 4.0.0 through 5.6.0 of the iOS mobile application entitled Yelp, and activated via such App on their Apple iDevice the "Find Friends" feature of the Yelp mobile application between January 16, 2010 and February 22, 2012.

### D.   ESTIMATED CLASS SIZE

Despite considerable effort from Plaintiffs, several App Defendants were unable to specify the precise identities of members in the settlement class. Declaration of Michael von Loewenfeldt in Support of Motion for Final Approval and Judgment ("von Loewenfeldt Decl.") at ¶ 3. Instead, they could provide an approximate number of such members, and an over-inclusive list of potential members. *Id.* at ¶¶ 3-4. The over-inclusive list represented just over 13 million potential users. Declaration of Lana Lucchesi in Support of Motion for Final Approval and Judgment ("Lucchesi Decl.") at ¶¶ 3-5.

Based upon the information received from App Defendants regarding the number of individual members, however, Plaintiffs estimate the settlement class encompasses approximately seven million app downloads. von Loewenfeldt Decl. at ¶ 6. Each member of the settlement class could make up anywhere from one to eight of those seven million downloads.

7

KERR
&
WAGSTAFFE
LLP

1    *Id.*  As set forth below, class members who submitted claims, on average, made 3.7 downloads

2    each.  Lucchesi Decl. at ¶ 14.

3    **III.     NOTICE TO THE CLASS AND THE CLASS' FAVORABLE REACTION**

4              Following the Court's order granting preliminary approval to the Settlement Agreement

5    on July 6, 2017, notice of the settlement and preliminary approval was sent to all potential Class

6    Members.  As set forth in the Settlement Agreement, KCC Class Action Services, LLC was

7    retained to provide notice and administer claims.  Settlement Agreement § 1.34.  *See* Lucchesi

8    Decl. at ¶ 2.  In consultation with Plaintiffs and the App Defendants, KCC completed all steps

9    related to the notice plan as follows:

10             KCC established a settlement website at https://www.iosappsettlement.com and a toll-

11   free number for questions (855-202-3398) within 30 days of the Preliminary Approval Order.

12   Lucchesi Decl. at ¶¶ 7-8; Settlement Agreement § 5.3.  The settlement website provided a form

13   to submit claims, the full class notice, the Second Consolidated Class Action Complaint, the

14   Settlement Agreement, the motion for preliminary approval, and the Preliminary Approval

15   Order.  Lucchesi Decl. at ¶ 8.  All, except the claim submission form, remain online.

16             KCC sent the approved notices to each of the 13,274,462 potential Class Members via

17   email on August 11, 2017.  Lucchesi Decl. at ¶ 5.  It also worked with Defendants to implement a

18   Twitter campaign from August 15, 2017 through October 18, 2017, delivering 1,977,129

19   impressions.  *Id.* at ¶ 6.  It sent a reminder notice to 10,353,979 potential Class Members on

20   October 27, 2017.  *Id.* at ¶ 5.  These notices informed potential Class Members, clearly and

21   concisely in plain, easily understood language, of: (i) the nature of the action; (ii) the definition

22   of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter

23   an appearance through an attorney if the member so desires; (v) that the Court will exclude from

24   the class any member who requests exclusion; (vi) the time and manner for requesting exclusion;

25   and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).  *Id.* at Ex. A

26   (short form notice).

27

28

1    The claims administrator, acting with the approval of counsel for all parties to the

2    settlement agreement, otherwise fulfilled all obligations regarding notice set forth in the

3    Settlement Agreement. *Id.* at ¶¶ 3-11.

4    Pursuant to the Court's Order and as set forth in the notice, the last day for objections or

5    opt-outs was November 10, 2017.  As of the date of this filing, no Class Members have objected,

6    and only eight opted out.  *Id.* at ¶¶ 9-10 & Ex. C.  There have been 91,739 Class Member claims.

7    *Id.* at ¶ 11.  After deduplication, the remaining 87,777 claim forms submitted represent 330,808

8    apps claimed.  *Id.* at ¶ 12.  As set forth in a separate administrative motion, some of these claims

9    have been identified as potentially fraudulent claims, and after segregating those claims 81,853

10   Class Member claims representing 298,772 app downloads remain.  *Id.* at ¶¶ 13-14.

11   **IV.    THE COURT SHOULD GRANT FINAL APPROVAL**

12   The Ninth Circuit has recognized a strong policy favoring voluntary settlement of class

13   actions.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) ("strong judicial

14   policy . . . favors settlements, particularly where complex class action litigation is concerned").

15   Class action settlements must be "fair, reasonable, and adequate" in order to merit approval.

16   Fed. R. Civ. P. 23(e).  The Ninth Circuit has identified a non-exclusive list of factors to guide the

17   final approval inquiry, including:  1) the amount offered in settlement; 2) the reaction of the class

18   to the proposed settlement; 3) the strength of the plaintiff's case balanced against the "risk,

19   expense, complexity, and likely duration of further litigation" and the "risk of maintaining class

20   action status throughout the trial;" 4) the extent of discovery completed and the "stage of the

21   proceedings;" and 5) the informed views of experienced counsel.  *Hanlon v. Chrysler Corp.*, 150

22   F.3d 1011, 1026 (9th Cir. 1998); *see also Stanton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir.

23   2003).  With respect to the last factor, the "recommendations of plaintiffs' counsel should be

24   given a presumption of reasonableness," particularly when counsel has significant experience

25   litigating similar cases.  *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Ellis v.*

26   *Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("the fact that experienced counsel

27   involved in the case approved the settlement after hard-fought negotiations is entitled to

28   considerable weight").

1    When determining whether to grant final approval, "the court's intrusion upon what is

2  otherwise a private consensual agreement negotiated between the parties to a lawsuit must be

3  limited to the extent necessary to reach a reasoned judgment that the agreement is not the product

4  of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement,

5  taken as a whole, is fair, reasonable, and adequate to all concerned."  *Hanlon*, 150 F.3d at 1026-

6  27 ("It is the settlement taken as a whole, rather than the individual component parts, that must

7  be examined for overall fairness.").

8    **A.    THE SETTLEMENT PROVIDES EXCEPTIONAL RELIEF**

9    Under the terms of the Settlement Agreement, the Settlement Class will receive

10  $5,300,000 for claims the Court has previously indicated would receive only nominal damages.

11  ECF No. 761 at 24-25.  Settlement payments will be made on a proportional basis depending on

12  the number of apps each individual Class Member downloaded and used during the time they

13  allegedly accessed user contacts without consent.

14    As set forth above, Plaintiffs approximate that the Settlement Class includes seven

15  million downloads, 298,772 to 330,808 of which are represented by submitted claims.  This

16  response rate of 4.3% percent *with no objections* is well within the acceptable range for large

17  class actions.  *Zepeda v. PayPal, Inc.*, No. C 10-2500 SBA, 2017 U.S. Dist. LEXIS 43672, at

18  *49 (N.D. Cal. Mar. 24, 2017) (granting approval where "2.8% of Claims Class members

19  submitted a claim"); *Moore v. Verizon Communs., Inc.*, No. C 09-1823 SBA, 2013 U.S. Dist.

20  LEXIS 122901, at *30 (N.D. Cal. Aug. 28, 2013) (granting final approval where "[o]ut of the

21  potential 8,089,893 class members, 250,236 submitted valid claims [a rate of 3%], there are 28

22  objections, and 621 have chosen to opt out.").

23    Class members who submitted timely claims are expected to receive considerably more

24  than $1 per app.  von Loewenfeldt Decl. ¶ 8.  Indeed, assuming the Court grants Plaintiffs'

25  motion to recover fees, costs, and incentive awards, class members are expected to receive

26  approximately $10.70 per app, amounting to an average net recovery of approximately $39 per

27  responding class member.  *Id.* at ¶ 9.  Although the parties disputed the proper calculation of

28  nominal damages in this case, such a payment is well within the acceptable range of approval.

1   *Compare Entin v. Barg*, 412 F. Supp. 508, 515 (E.D. Pa. 1976) (17% of alleged damages and

2   about 1/3 of damages of claim-filing class members was reasonable); *In re Four Seasons Sec.*

3   *Laws Litig.*, 58 F.R.D. 19, 37 (W.D. Okla. 1972) (class settlement of less than 8% of provable

4   damages was reasonable).  This is particularly true in light of the Ninth Circuit's statement that

5   "[n]ominal damages may not exceed one dollar."  Ninth Circuit Jury Instruction 5.6.

6          The settlement amount is also appropriate in comparison to other data privacy class

7   actions. *See, e.g., Fraley v. Facebook*, 966 F. Supp. 2d 939 (N.D. Cal. 2013) (approving a $20

8   million settlement for an estimated 150 million class members); *In re Netflix Privacy Litig.*, No.

9   5:11-CV-00379 EJD, 2013 U.S. Dist. LEXIS 37286 (N.D. Cal. Mar. 18, 2013) (approving a $9

10  million settlement for an estimated 62 million class members); *In re Google Buzz Privacy Litig.*,

11  No. 10-00672-JW, 2011 WL 7460099 (N.D. Cal. June 2, 2011) (approving an $8.5 million

12  settlement for an estimated 37 million class members).

13         Because each class member who submitted a claim is expected to receive considerably

14  more from settlement than they would have received from final judgment, this factor weighs

15  strongly in favor of final approval.

16  **B.     THE REACTION OF THE CLASS SUPPORTS FINAL APPROVAL**

17         As evidenced by the absence of objections, and opt-out rate of less than 0.01%, the

18  reaction of the Class strongly supports final approval.  The overwhelmingly positive reaction of

19  the Class to this settlement – with no objections and only 8 opt-outs – substantiates its fairness,

20  and weighs strongly in favor of its final approval.  *In re: Cathode Ray Tube (CRT) Antitrust*

21  *Litig.*, No. MDL No. 1917, 2016 U.S. Dist. LEXIS 88665, at *191 (N.D. Cal. July 7, 2016)

22  (Tigar, J.) ("the absence of a large number of objections to a proposed class action settlement

23  raises a strong presumption that the terms of a proposed class settlement [] are favorable to the

24  class members"); *see also Hanlon*, 150 F.3d at 1027 (finding no abuse of discretion in final

25  approval where "[n]o objector stepped forward and suggested that his or her personal claim was

26  being sacrificed for the greater good.").

27         Even where claims rates are lower than here, "the indisputably low number of objections

28  and opt-outs, standing alone, presents a sufficient basis upon which a court may conclude that

1  the reaction to settlement by the class has been favorable." *Zepeda*, 2017 U.S. Dist. LEXIS

2  43672, at *49 (granting final approval where claim rate was below three percent, ten objections

3  were received, and 235 class members opted out).

4       **C.**    **CONTINUED LITIGATION INVOLVES POTENTIAL RISK**

5       The Court's preliminary approval order recognized the risk, expense, complexity, and

6  likely duration of further litigation, as well as the risk of maintaining class action status

7  throughout the trial.  ECF No. 894 at 6 ("Although the Court denied Yelp's motion for summary

8  judgment, liability remains highly disputed and uncertain in this case as to each of the individual

9  App Defendants.").  Indeed, a contested class certification against the App Defendants would be

10 uncertain in light of disputed views regarding ascertainability, some of which manifested in

11 certain defendants' need to provide over-inclusive notice to potential class members.  *See*

12 Declaration of David M. Given in support of Preliminary Approval (ECF No. 879) at ¶ 16

13 (concluding that "[t]he risk of certifying and thereafter maintaining class action status throughout

14 trial and appeal, and affording relief to all members of the class rather than a handful of named

15 plaintiffs, weights strongly in favor of settlement.").

16      Subsequent developments evidence the risk to the class from continued litigation.  For

17 instance, the Court denied Plaintiffs' motion for class certification on their claims against Apple,

18 finding that a conjoint survey proposed to establish damages against Apple failed to meet

19 Plaintiffs' burden to show that actual damages can feasibly and efficiently be calculated once the

20 common liability questions are adjudicated.  ECF No. 900 at 18-19.  This determination

21 highlights the difficulties that Plaintiffs would need to overcome in order to a certify class

22 against any App Defendant that would obtain more than nominal damages on behalf of the class.

23      For these reasons, and because any recovery would be significantly delayed by further

24 litigation, this factor weighs strongly in favor of final approval.

25      **D.**    **THE PARTIES CONDUCTED EXTENSIVE INVESTIGATION AND ANALYSIS AND THE**
26           **SETTLEMENT WAS REACHED THROUGH ARMS' LENGTH NEGOTIATIONS**

27      The parties engaged in extensive fact-gathering and discovery before agreeing to the

28 terms of the proposed Settlement Agreement.  The parties' discovery efforts are detailed in

1   Plaintiffs' preliminary approval motion, but represent years of litigation and active discovery.

2   *See* ECF No. 878 at 3-4.

3        The parties then mediated this dispute for three days between November 1, 2016 and

4   January 2017 before the Honorable William J. Cahill (Ret.) at JAMS.  Counsel engaged in

5   vigorous negotiations throughout the sessions, and with the mediator's assistance were able to

6   reach an agreement to resolve this case on a classwide basis, as reflected in the proposed

7   Settlement Agreement.  These negotiations—as confirmed by the positive reactions of the

8   class—resulted in an agreement meriting final approval.  *See, e.g., Harris v. Vector Marketing*

9   *Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011).

10        Those facts, and the Court's experience, confirm the preliminary conclusion that "the

11   parties have gathered 'sufficient information to make an informed decision about the

12   settlement.'"  ECF No. 894 at 7 (*citing In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th

13   Cir. 2000)).  The proposed Settlement Agreement is the non-collusive result of extensive factual

14   and legal analysis and protracted arms' length negotiations between experienced and well-

15   informed counsel under the supervision of an experienced mediator and merits final approval.

16        **E.**    **THE RECOMMENDATIONS OF EXPERIENCED COUNSEL FAVOR FINAL APPROVAL**

17        As detailed in the preliminary approval motion, the class is represented by experienced

18   counsel who recommend approval.  ECF No. 878 at 16-17.  The undersigned counsel renew their

19   recommendation by reference to their previous declarations, and urge the Court grant this motion

20   for final approval.

21   **V.**    **CONCLUSION**

22        For the foregoing reasons, as well as the reasons stated in the parties' Joint Application

23   for Preliminary Approval Order and the Court's July 6, 2013 Preliminary Approval Order, the

24   parties respectfully ask the Court to finally approve the parties' proposed Settlement Agreement,

25   and issue the following relief:

26        1.    Adopt all defined terms as set forth in the Settlement Agreement.

27        2.    Find that this Court has jurisdiction over the subject matter of this litigation and

28   all related matters and all claims raised in this action and released in the Settlement Agreement,

1    and personal jurisdiction over all parties before it.

2         3.      Hold that (1) the Notice to the Class described in Section III informed Class

3    Members of the terms of the Settlement Agreement, their right to claim a share of the settlement

4    proceeds and the procedure therefore, their right to object to the Settlement Agreement or to opt

5    out of the Settlement Agreement and pursue their own remedies, and their right to appear in

6    person or by counsel at the final approval hearing and be heard regarding approval of the

7    Settlement Agreement and (2) Notice was provided with ample time for the Class Members to

8    follow these procedures.

9         4.      Hold that (1) this notice procedure afforded adequate protections to Class

10   Members and provides the basis for the Court to make an informed decision regarding approval

11   of the Settlement Agreement based on the response of the Class Members, (2) Notice was

12   accomplished in all material respects in the manner prescribed by the Settlement Agreement, and

13   (3) the notice provided in this case was the best notice practicable, which satisfied the

14   requirements of law and due process.

15        5.      Hold that the proposed Class, as defined in ¶ 1.36 of the Settlement Agreement

16   and in ¶ 1 of the Preliminary Approval Order and set forth in Section II(C) meets all of the legal

17   requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and

18   (b)(3), and order that certification of the Class is finally approved for purposes of settlement of

19   this action.

20        6.      Confirm as final the appointment of Plaintiffs Allen Beuershausen, Giuliana

21   Biondi, Lauren Carter, Stephen Dean, Stephanie Cooley, Jason Green, Claire Hodgins, Gentry

22   Hoffman, Rachelle King, Nirali Mandalaywala, Claire Moses, Judy Paul, and Gregory Varner as

23   the Class Representatives under Rule 23.

24        7.      Confirm as final the appointment of the following law firms and attorneys as

25   Class Counsel for the Rule 23 Class: Kerr & Wagstaffe LLP; Phillips, Erlewine, Given & Carlin

26   LLP; Edwards Law; the Law Offices of Carl F. Schwenker; and Gardy & Notis, LLP.

27        8.      Hold that (1) the Settlement Agreement is rationally related to the strength of

28   Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation, (2) the

1    Settlement Agreement is the result of arms' length negotiations between experienced counsel

2    representing the interests of the Class and Defendant, after thorough factual and legal

3    investigation, (3) the Settlement Agreement is not the product of fraud or overreaching by, or

4    collusion between, the negotiating parties, (4) the response of the Class to the Settlement

5    Agreement supports settlement approval, and (5) the terms of the Settlement Agreement are fair,

6    reasonable, and adequate to the Class and to each Class Member.

7            9.      Grant final approval to the Settlement Agreement.

8            10.     Permit any necessary action to enforce the parties' obligations under the

9    Settlement Agreement or under this Order.

10           11.     Hold that all Class Members who have not timely opted out, are permanently

11   barred from prosecuting against the parties any Released Claim as set forth in § 11 of the

12   Settlement Agreement.

13           12.     Enter final judgment in this action as to Foodspotting, Foursquare, Gowalla,

14   Instagram, Kik, Path, Twitter, and Yelp consistent with the Settlement Agreement.

15           13.     Retain jurisdiction over this matter for the purposes set forth in § 14.16 of the

16   Settlement Agreement, including the resolution of issues relating to implementation and

17   enforcement of the Settlement Agreement, and ruling on attorneys' fees and incentive awards.

18           14.     Dismiss all claims against Foodspotting, Foursquare, Gowalla, Instagram, Kik,

19   Path, Twitter, and Yelp with prejudice, each side to bear its own costs and attorneys' fees, except

20   as provided by the Settlement Agreement and the Court's orders.

21           15.     Grant Plaintiffs' Motion For Attorneys' Fees, Litigation Costs, And Incentive

22   Awards (ECF No. 903) and award $1,590,000 in attorneys' fees, $150,000 in litigation costs, and

23   $195,000 ($15,000 each) in incentive awards payable from the Settlement Payment as prayed for

24   therein.

25                              Respectfully submitted,

26   Dated:  November 30, 2017          **KERR & WAGSTAFFE LLP**

27                              _/s/ Michael von Loewenfeldt_
                                James M. Wagstaffe (95535)
28                              Michael von Loewenfeldt (178665)
                                KERR & WAGSTAFFE LLP

15

KERR
&
WAGSTAFFE
LLP

101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel.: 415-371-8500
Fax: 415-371-0500
wagstaffe@kerrwagstaffe.com
mvl@kerrwagstaffe.com

David M. Given
Nicholas A. Carlin
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Ste. 201
San Francisco, CA 94129
Tel: 415-398-0900
Fax: 415-398-0911
dmg@phillaw.com
nac@phillaw.com

*Interim Co-Lead Counsel for Plaintiffs*

Carl F. Schwenker (admitted *pro hac vice*)
LAW OFFICES OF CARL F. SCHWENKER
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel: 512-480-8427
Fax: 512-857-1294
cfslaw@swbell.net

*Plaintiffs' Liaison Counsel*

Jeff Edwards (admitted *pro hac vice*)
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel: 512-623-7727
Fax: 512-623-7729
jeff@edwards-law.com

Jennifer Sarnelli
GARDY & NOTIS, LLP
501 Fifth Avenue, Suite 1408
New York, NY 10017
Tel: 212-905-0509
Fax: 212-905-0508
jsarnelli@gardylaw.com

**ATTORNEYS FOR OPPERMAN PLAINTIFFS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ATTESTATION</u>

I attest that concurrence in the filing of this document has been obtained from the other signatories listed above.

Dated: November 30, 2017                    **KERR & WAGSTAFFE LLP**

By: <u>*/s/ Michael von Loewenfeldt*</u>
Michael von Loewenfedlt

Case No.: 13-cv-00453-JST                                   MOTION FOR FINAL APPROVAL

1

**<u>CERTIFICATE OF SERVICE</u>**

2

   I certify that on this day, November 30, 2017, I caused a copy of this PLAINTIFFS'

3

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION

4

SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES to be served on all

5

counsel of record via the CM/ECF system.

6

          **KERR & WAGSTAFFE LLP**

7

8

     By: <u>*/s/ Michael von Loewenfeldt*</u>
        Michael von Loewenfeldt

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 13-cv-00453-JST           MOTION FOR FINAL APPROVAL