DAVID M. GIVEN (SBN 142375)
NICHOLAS A CARLIN (SBN 112532)
**PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**
39 Mesa Street, Suite 201
San Francisco, CA 94129
Tel: (415) 398-0900
Fax: (415) 398-0911
dmg@phillaw.com
nac@phillaw.com

MICHAEL VON LOEWENFELDT (SBN 178665)
JAMES M. WAGSTAFFE (SBN 95535)
FRANK BUSCH (SBN 258288)
DANIEL J. VEROFF (SBN 291492)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel: (415) 371-8500
Fax: (415) 371-0500
mvl@kerrwagstaffe.com
wagstaffe@kerrwagstaffe.com
busch@kerrwagstaffe.com
veroff@kerrwagstaffe.com

*Interim Co-Lead Counsel for Plaintiffs*
*(additional counsel listed on signature page)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KONG TECHNOLOGIES, INC., et al. <br><br> Defendants. | Case No. 13-cv-00453-JST <br><br> **CLASS ACTION** <br><br> **UNOPPOSED ADMINISTRATIVE MOTION FOR DIRECTION REGARDING POTENTIALLY FRAUDULENT CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **THIS DOCUMENT ALSO RELATES TO:** <br> *Hernandez v. Path, Inc.*, No. 12-cv-1515-JST (collectively, the "Related Actions") |

**TABLE OF CONTENTS**

*Page*

I. INTRODUCTION ........................................................................................................... 3

II. RELEVANT FACTS ...................................................................................................... 3

    A. Terms of the Settlement Agreement ................................................................. 3

    B. The Potentially Fraudulent Claims .................................................................... 4

III. REQUEST FOR DIRECTION ....................................................................................... 5

    A. Proposal One: KCC Exercises its Sole Responsibility to Deny Fraudulent Claims ................................................................................................................ 6

    B. Proposal Two: KCC Provides Notice to Potentially Fraudulent Claimants And Denies Unsupported Claims ...................................................................... 6

IV. CONCLUSION ............................................................................................................... 7

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on December 14, 2017, at 2:00 PM, or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor of the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable Jon S. Tigar, Plaintiffs Allen Beuershausen, Giuliana Biondi, Lauren Carter, Stephen Dean, Stephanie Cooley, Jason Green, Claire Hodgins, Gentry Hoffman, Rachelle King, Nirali Mandalaywala, Claire Moses, Judy Paul, and Gregory Varner (hereinafter, "Plaintiffs"), on their own and on behalf of the Settlement Class, will and hereby do move this Court for an Administrative Order regarding the disposition of potentially fraudulent claims identified by KCC Class Action Services, LLC ("KCC").

The grounds for this motion are that KCC has sole discretion regarding the allocation of distributions to Settlement Class Members, and has identified 5,924 claims that it suspects were not submitted by Settlement Class Members. Pursuant to the Court's discretion to deal with procedural matters under Federal Rule of Civil Procedure 23(d)(1)(E), Plaintiffs request direction regarding the procedures, if any, required for KCC to resolve these claims.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the declaration of Lana Lucchesi filed concurrently, the previously filed Settlement Agreement, the other papers and records on file in this Action, and such other written and oral arguments as may be presented at or before the hearing to the Court.

Dated: November 30, 2017

**KERR & WAGSTAFFE LLP**

*/s/ Michael von Loewenfeldt*
James M. Wagstaffe (95535)
Michael von Loewenfeldt (178665)
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel.: 415-371-8500
Fax: 415-371-0500
wagstaffe@kerrwagstaffe.com
mvl@kerrwagstaffe.com

David M. Given
Nicholas A. Carlin
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

| | |
|---|---|
| 1 | 39 Mesa Street, Ste. 201 |
| | San Francisco, CA 94129 |
| 2 | Tel: 415-398-0900 |
| | Fax: 415-398-0911 |
| 3 | dmg@phillaw.com |
| | nac@phillaw.com |
| 4 | |
| | *Interim Co-Lead Counsel for Plaintiffs* |
| 5 | |
| | Carl F. Schwenker (admitted *pro hac vice*) |
| 6 | LAW OFFICES OF CARL F. SCHWENKER |
| | The Haehnel Building |
| 7 | 1101 East 11th Street |
| | Austin, TX 78702 |
| 8 | Tel: 512-480-8427 |
| | Fax: 512-857-1294 |
| 9 | cfslaw@swbell.net |
| 10 | *Plaintiffs' Liaison Counsel* |
| 11 | Jeff Edwards (admitted *pro hac vice*) |
| | EDWARDS LAW |
| 12 | The Haehnel Building |
| | 1101 East 11th Street |
| 13 | Austin, TX 78702 |
| | Tel: 512-623-7727 |
| 14 | Fax: 512-623-7729 |
| | jeff@edwards-law.com |
| 15 | |
| | Jennifer Sarnelli |
| 16 | GARDY & NOTIS, LLP |
| | 501 Fifth Avenue, Suite 1408 |
| 17 | New York, NY 10017 |
| | Tel: 212-905-0509 |
| 18 | Fax: 212-905-0508 |
| | jsarnelli@gardylaw.com |
| 19 | |
| | **ATTORNEYS FOR OPPERMAN PLAINTIFFS** |
| 20 | **AND CONDITIONAL CLASS COUNSEL** |

KERR
&
WAGSTAFFE
LLP

Case No.: 13-cv-00453-JST

2

ADMIN MOTION

## I. INTRODUCTION

On July 6, 2017, the Court entered an Order preliminarily approving the parties' proposed Settlement Agreement. *See* Preliminary Approval Order (ECF No. 894). That Settlement Agreement appointed a claims administrator—KCC Class Action Services, LLC ("KCC")—and made clear that it had sole discretion to identify eligible claims. Class Action Settlement Agreement (ECF No. 884) ("Settlement Agreement") at §§ 1.34 (appointment); 3.2 (sole discretion). After reviewing the submitted claims, KCC has identified 5,924 potentially fraudulent claims.

The potentially fraudulent claims all share one feature: they did not use the unique claim numbers provided with the email notice. In addition, each of the potentially fraudulent claims shares one or more of the following features:

- More than one claim appeared to be filed by the same person;
- The claims indicated attempts at camouflage with minor differences;
- The claims had different physical addresses but identical IP addresses;
- Numerous claims were submitted for the same physical address or from the same IP address.

Because the purpose of the Settlement Agreement is to provide a pro-rata distribution to eligible claimants, but it does not provide explicit provisions governing potentially fraudulent claims, Plaintiffs seek the Court's direction regarding the appropriate resolution. As set forth more fully below, Plaintiffs believe an order allowing KCC to immediately deny potentially fraudulent claims pursuant to its authority under the Settlement Agreement is appropriate. In the alternative, Plaintiffs offer a mechanism to provide notice to the potentially fraudulent claimants.

## II. RELEVANT FACTS

### A. TERMS OF THE SETTLEMENT AGREEMENT

As relevant here, the Settlement Agreement defines an Eligible Claimant as "a SETTLEMENT CLASS MEMBER who submitted an ELECTRONIC CLAIM FORM pursuant to the instructions on the Notice by the CLAIM FORM DEADLINE." Settlement Agreement § 1.10. A Settlement Class Member is an individual in the Settlement Class. *Id*. At § 1.35. The

Settlement Class is defined in Section 1.36 and has been preliminarily approved by the Court. *Id*. At § 1.36; ECF No. 894.

The Settlement Agreement establishes that KCC "will be solely responsible for . . . implementing the PLAN OF ALLOCATION." Settlement Agreement § 3.2. The Plan of Allocation expressly provides that "The NET SETTLEMENT PROCEEDS shall be distributed to all ELIGIBLE CLAIMANTS on a pro rata basis in the form selected by the ELIGIBLE CLAIMANT." *Id*. At § 7.4.

### B. THE POTENTIALLY FRAUDULENT CLAIMS

KCC's claims administration services include evaluation of submitted claims to identify potentially fraudulent submissions. Declaration of Lana Lucchesi ("Lucchesi Decl.") at ¶ 3. That evaluation uncovered no potential fraud in connection with claims submitted using the unique emailed claim numbers. However, with respect to the 46,682 claims submitted without claim numbers, KCC has identified 5,924 claims it believes are likely to be fraudulent. *Id*.

The first, and largest, group of claims were 5,419 claims submitted by a single IP address. Lucchesi Decl. ¶ 5. These claims were submitted from only six addresses, to which the submitter applied minor variations—such as differing apartment numbers—in an apparent attempt to avoid detection. *Id*. One example of this is that 976 of the claims from this IP address were submitted using various apartment numbers, going as high as apartment number 988, for the address of one single-family home (2422 Evans Street in Toledo, Ohio). These claims appear highly likely to be fraudulent. *Id*.

Beyond this large group, the remaining 505 claims were submitted by only eleven additional IP addresses. Lucchesi Decl. ¶ 6. KCC identified each of these groups of submissions as potentially fraudulent based upon five factors. *Id*. **First**, each IP address generated an unusually-large number of claims—between 16 and 143. *Id*. **Second**, nearly all of the claims submitted through these eleven IP addresses claimed the maximum number of applications, with the average exceeding 7.4 apps per claim for seven of them. *Id*. This is in contrast to the larger universe of claims, where an average of 3.7 apps per claim is claimed. *Id*. **Third**, many of the claims from one IP address used implausible first names like "NTXMK CHARLES" and

1  "VPVFF CHARLES" and another submitted claims using email addresses containing strings of
2  seven random characters. *Id.* **Fourth**, certain IP addresses appear to refer to only one person,
3  including one that uses the same first name, last name, and street address but incorporates typos
4  and special characters to avoid detection, including first names such as "DANNY," ":-
5  :DANNY," and "DANNY P." *Id.* **Fifth**, certain IP addresses are associated with prior
6  fraudulent claims and known to KCC for that reason. *Id.*
7       Based upon these factors, KCC has concluded that these 5,924 claims are unlikely to
8  have been submitted by Settlement Class Members, and therefore the submitting parties are not
9  Eligible Claimants entitled to participate in the Plan of Allocation. Lucchesi Decl. ¶ 7.

10 **III.    REQUEST FOR DIRECTION**

11      The Court has broad discretion to manage class actions. *In re Victor Techs. Sec. Litig.*,
12 792 F.2d 862, 864 (9th Cir. 1986) ("Obviously district courts must have broad discretion, resting
13 on the specific facts of each case, in framing procedures for class actions under Fed. R. Civ. P.
14 23."). Among other purposes, this power exists to protect the integrity of the class certification
15 process. *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2014 U.S. Dist. LEXIS 61066, at
16 *9 (N.D. Cal. May 1, 2014) ("The prophylactic power accorded to the court presiding over a
17 putative class action under Rule 23(d) is broad; the purpose of Rule 23(d)'s conferral of authority
18 is not only to protect class members in particular but to safeguard generally the administering of
19 justice and the integrity of the class certification process.").

20      The issues identified above regarding the potentially fraudulent claims implicate these
21 concerns, as payment would reduce the amount available to valid Settlement Class Members,
22 among other potential harms to the integrity of the class certification process. The Court's
23 guidance is therefore required to determine which of the following proposals is best suited to
24 resolve these claims.

25
26
27
28



### A. PROPOSAL ONE: KCC EXERCISES ITS SOLE RESPONSIBILITY TO DENY FRAUDULENT CLAIMS

Pursuant to Sections 3.2 and 7.4 of the Settlement Agreement, KCC has the sole responsibility to administer the plan of allocation, which requires them to only distribute shares to Eligible Claimants. An order authorizing KCC to exercise that responsibility by determining that the potentially fraudulent claims were not made by Eligible Claimants, and denying them on that basis, would therefore protect the right of all Eligible Claimants to participate fairly in the plan of allocation. Given KCC's determination that these claims are fraudulent, and its experience as a claims administrator, justification would exist for denying the suspect claims outright (and particularly for the 5,419 submitted from one IP address).

### B. PROPOSAL TWO: KCC PROVIDES NOTICE TO POTENTIALLY FRAUDULENT CLAIMANTS AND DENIES UNSUPPORTED CLAIMS

If the Court does not believe Proposal One adequately safeguards the certification process, Plaintiffs propose an alternate solution: KCC provides a notice to the email address provided in connection with each potentially fraudulent claim with direction from this Court to provide proof of identity and residence at the claimed address, as follows:

To: _____

Class Member Identification Number: _____

From: _____

Re: LEGAL NOTICE REGARDING IOS APP SETTLEMENT

THIS NOTICE IS AUTHORIZED BY THE UNITED STATES DISTRICT COURT:

You submitted a claim in the above-referenced litigation. The *Opperman et al v. Kong Technologies* Claims Administrator has reviewed your claim and determined that additional information is required before it can approve your claim. Specifically, you are required to send via electronic mail to ADMIN ADDRESS a photocopy of a government issued ID verifying the name and address you used to submit a claim in this case. If your ID does not contain your current address, you may submit a copy of a utility bill. **YOU HAVE ONE WEEK FROM RECEIPT OF THIS EMAIL TO SUBMIT THE REQUIRED PROOF (by [DEADLINE**

1 **DATE]). If proof of identity is not received your claim will be denied without further**
2 **notice.**

3    A copy of the Court's order would also be posted on the Claims Administrator's website. KCC would be able to evaluate any submissions and approve any bona fide claims within two weeks of the submission deadline. In this way, all issues regarding the identification of Eligible Claimants can be resolved within a month of the Court's order on this motion and distribution to the Class will not be delayed.

**IV.  CONCLUSION**

   For the foregoing reasons, Plaintiffs request an order from the Court either (1) approving KCC's recommendation that the potentially fraudulent claims be denied or (2) approving the second proposal presented herein requiring verification of identity so that the issue may be resolved as promptly as possible.

Respectfully submitted,

Dated: November 30, 2017   **KERR & WAGSTAFFE LLP**

*/s/ Michael von Loewenfeldt*
James M. Wagstaffe (95535)
Michael von Loewenfeldt (178665)
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA 94105
Tel.: 415-371-8500
Fax: 415-371-0500
wagstaffe@kerrwagstaffe.com
mvl@kerrwagstaffe.com

David M. Given
Nicholas A. Carlin
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Ste. 201
San Francisco, CA 94129
Tel: 415-398-0900
Fax: 415-398-0911
dmg@phillaw.com
nac@phillaw.com

*Interim Co-Lead Counsel for Plaintiffs*

Carl F. Schwenker (admitted *pro hac vice*)
LAW OFFICES OF CARL F. SCHWENKER
The Haehnel Building

1101 East 11th Street
Austin, TX 78702
Tel: 512-480-8427
Fax: 512-857-1294
cfslaw@swbell.net

*Plaintiffs' Liaison Counsel*

Jeff Edwards (admitted *pro hac vice*)
EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel: 512-623-7727
Fax: 512-623-7729
jeff@edwards-law.com

Jennifer Sarnelli
GARDY & NOTIS, LLP
501 Fifth Avenue, Suite 1408
New York, NY 10017
Tel: 212-905-0509
Fax: 212-905-0508
jsarnelli@gardylaw.com

**ATTORNEYS FOR OPPERMAN PLAINTIFFS**