1  DAVID M. GIVEN (SBN 142375)
2  NICHOLAS A CARLIN (SBN 112532)
   **PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**
3  39 Mesa Street, Suite 201
   San Francisco, CA 94129
4  Tel: (415) 398-0900
   Fax: (415) 398-0911
5  dmg@phillaw.com
   nac@phillaw.com
6
7  MICHAEL VON LOEWENFELDT (SBN 178665)
   JAMES M. WAGSTAFFE (SBN 95535)
8  FRANK BUSCH (SBN 258288)
   DANIEL J. VEROFF (SBN 291492)
9  **KERR & WAGSTAFFE LLP**
   101 Mission Street, 18th Floor
10 San Francisco, CA 94105
   Tel: (415) 371-8500
11 Fax: (415) 371-0500
12 mvl@kerrwagstaffe.com
   wagstaffe@kerrwagstaffe.com
13 busch@kerrwagstaffe.com
   veroff@kerrwagstaffe.com
14
15 *Class Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OPPERMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KONG TECHNOLOGIES, INC., et al. <br><br> Defendants. | Case No. 13-cv-00453-JST <br><br> **CLASS ACTION** <br><br> [PROPOSED] **JUDGMENT ON SETTLED CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)** <br><br> **THIS DOCUMENT RELATES TO ALL CASES** <br> *Hernandez v. Path, Inc.*, No. 12-cv-1515-JST (collectively, the "Related Actions") |

**[PROPOSED] PARTIAL JUDGMENT PURSUANT TO RULE 54(B)**

On March 27, 2018, the Court granted final approval of the class action settlement reached by Plaintiffs Allen Beuershausen, Giuliana Biondi, Lauren Carter, Stephen Dean, Stephanie Cooley, Jason Green, Claire Hodgins, Gentry Hoffman, Rachelle King, Nirali Mandalaywala, Claire Moses, Judy Paul, and Gregory Varner and Defendants Foodspotting, Inc. ("Foodspotting"), Foursquare Labs, Inc. ("Foursquare"), Gowalla, Inc. ("Gowalla"), Instagram, LLC ("Instagram"), Kik Interactive, Inc. ("Kik"), Kong Technologies, Inc. (formerly known as Path, Inc.) ("Path"), Twitter, Inc. ("Twitter"), and Yelp! Inc. ("Yelp"). (ECF No. 925.)

Final approval of that settlement, in combination with dismissals previously entered, resolves all claims in these actions except for claims brought by Plaintiff Stephen Dean against Apple Inc. for Violations of False and Misleading Advertising Law (FAL) California Business & Professions Code § 17500 et seq.; Violations of the Consumer Legal Remedies Act (CLRA): Misrepresentation California Civil Code, §1750 et seq.; Deceit, Violations of the California Civil Code § 1709 et seq.; and Violations of the Unfair Competition Law (UCL) California Business and Professions Code, § 17200 *et seq* as set forth in Counts Three through Six of the Second Consolidated Class Action Complaint. (ECF No. 478.)

Pursuant to Federal Rule of Civil Procedure 54(b), based on the parties' stipulation (ECF 913) and good cause appearing therefore, the Court finds that there is no just reason for delay in entering judgment as to all claims in these actions with respect to all parties in these actions except for the claims by Mr. Dean against Apple referenced in the preceding paragraph. *See Estakhrian v. Obenstine*, No. CV 11-3480 FMO (CWx), 2016 U.S. Dist. LEXIS 147105, at *36 (C.D. Cal. Oct. 24, 2016).

Accordingly, the Court hereby ENTERS PARTIAL JUDGMENT pursuant to Federal Rule of Civil Procedure 54(b) as follows:

1.   Judgment is entered consistent with the Court's final approval order on the settled class claims (ECF 925) on all claims brought by and against all parties in this action *except for, and not including*, Plaintiff Stephen Dean's claims against Apple Inc. listed above that are set

1  forth in the Third, Fourth, Fifth, and Sixth causes of action in the Second Consolidated Class

2  Action Complaint (ECF No. 478).

3      2.    Pursuant to Federal Rule of Civil Procedure 23(c)(3), for the reasons stated in this

4  Court's prior final approval order (ECF No. 925), the following class of people was certified, had

5  notice directed to them, have not requested exclusion from the class, and are therefore class

6  members:

7      All natural persons in the United States who meet one or more of the following class

8      definitions:

- who received from Apple's App Store a copy of versions 2.5 through 3.1 of the iOS mobile application entitled Foodspotting, and activated via such App on their Apple iDevice the "Find iPhone Contacts" feature of the Foodspotting mobile application between August 9, 2011 and February 19, 2012;

- who received from Apple's App Store one or more of versions 1.1 through 4.2 of the iOS mobile application entitled Foursquare, and did one or both of the following between April 4, 2009 and February 14, 2012: (1) for versions 1.1 through 4.2, activated via such App on their Apple iDevice (iPhone, iPad, iPod Touch) the "Add Friends" feature of the Foursquare mobile application or (2) for versions 3.1 through 4.2, registered via their iDevice as a Foursquare user through the Foursquare mobile application;

- who received from Apple's App Store one or more of versions 1.5.0 through 4.1 of the iOS mobile application entitled Gowalla, and did one or both of the following within the Gowalla mobile application between February 23, 2010 and February 23, 2012: (1) selected a checkbox stating "Automatically connect with friends from my address book" and then depressed a "Let's Get Started" button; (2) depressed a "Find Friends" button and then depressed an "Address Book" button;

- (A) owned an Apple iDevice on which he or she registered an account for any of the versions 1.0.0 through 2.0.7 of the Instagram App obtained from the Apple App Store; (B) utilized the Find Friends feature of the Instagram App between October 6, 2010 and February 10, 2012; and (C) resided within the United States at the time he or she registered an Instagram account and used the Find Friends Feature;

- (A) owned an Apple iDevice on which he or she downloaded from Apple App Store, installed, and registered an account on the Kik App; (B) installed version 5.4.0 of the Kik App; (C) after installing version 5.4.0, utilized the Suggested Friends feature of the Kik App between December 22, 2011 and February 11, 2012; (D) as a result of such use of the Suggested Friends Feature, had contacts data uploaded to Kik's servers in non-hashed format; and (E) resided within the



United States at the time he or she registered a Kik account and used the Suggested Friends Feature;

- who received from Apple's App Store a copy of version 2.0 through 2.0.5 of the iOS mobile application entitled Path, and who were Path registrants and activated via such App on their Apple iDevice the Path mobile application between November 29, 2011 and February 7, 2012;

- who received preinstalled on an Apple iDevice and/or from Apple's App Store between March 11, 2011 and February 21, 2012 a copy of versions 3.3 through 4.0.1 of the iOS mobile application entitled Twitter, and activated via such App on their Apple iDevice the "Find Friends" feature of the Twitter mobile application; and/or

- who received from Apple's App Store a copy of versions 4.0.0 through 5.6.0 of the iOS mobile application entitled Yelp, and activated via such App on their Apple iDevice the "Find Friends" feature of the Yelp mobile application between January 16, 2010 and February 22, 2012.

Excluded from the Class are Defendants, any entities in which Defendants have a controlling interest or which have a controlling interest in Defendants, Defendants' respective officers, directors, employees, subsidiaries, affiliates, and attorneys, and the Judge presiding over the Action and any of their employees or immediate family members.  Also excluded from the Class are the persons who requested exclusion from the Class as listed on Exhibit C to the declaration filed by the claims administrator. (ECF Nos. 910-2 and 910-5).

IT IS SO ORDERED AND ADJUDGED.

Dated: April 18 , 2018

_____
THE HONORABLE JON S. TIGAR
United States District Judge